SEYFARTH SHAW LLP
Clifford 'Seth' Sethness (SBN 212975)
csethness@seyfarth.com
601 S. Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile:   (213) 270-9601

Dana L. Peterson (SBN 178499)
dpeterson@seyfarth.com
David J. Kim (SBN 349802)
dakim@seyfarth.com
Tabitha Kwon (SBN 365915)
tkwon@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendants
PACIFIC MARITIME ASSOCIATION; LBCT
LLC; APM TERMINALS PACIFIC LLC;
TOTAL TERMINALS INTERNATIONAL, LLC;
SSA TERMINALS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOCH GREENE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LONG BEACH CONTAINER TERMINAL, INC. a Corporation; PACIFIC MARITIME ASSOCIATION, a California Nonprofit Corporation; APM TERMINALS PACIFIC LLC, a Limited Liability Company; ILWU LOCAL 26, Union; TOTAL TERMINALS INTERNATIONAL LLC, a Limited Liability Company; SSA TERMINALS LLC, Limited Liability Company; MATSON NAVIGATION COMPANY INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 5:25-cv-01359-KK-AGR<br><br>HON. KENLY KIYA KATO<br><br>**DEFENDANTS PACIFIC MARITIME ASSOCIATION, LBCT LLC, APM TERMINALS PACIFIC LLC, TOTAL TERMINALS INTERNATIONAL, LLC, AND SSA TERMINALS, LLC'S NOTICE OF MOTION AND MOTION TO EXCLUDE PLAINTIFF'S EXPERTS RICHARD RUIZ AND DAVID WEINER**<br><br>Date:         July 2, 2026<br>Time:         9:30 a.m.<br>Location:    Courtroom 3, 3rd Floor<br><br>Complaint Filed:   June 2, 2025<br>FAC Filed:          June 20, 2025 |

NON-UNION DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE PLAINTIFF'S EXPERTS RICHARD RUIZ AND DAVID WEINER

326248260v.1

**TO THE COURT AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 2, 2026 at 9:30 a.m. in Courtroom 3, 3rd Floor of the United States District Court for the Central District of California, located at 3470 Twelfth Street, Riverside, CA, 92501, before the Honorable Kenly Kiya Kato, Defendants Pacific Maritime Association, LBCT LLC, APM Terminals Pacific LLC, Total Terminals International, LLC, and SSA Terminals, LLC (collectively, "Non-Union Defendants") will, and hereby do, move this Court for an order to exclude Plaintiff's retained experts Richard Ruiz and David Weiner[1].

On May 21, 2026, Defendants filed this Motion to Exclude Plaintiff's Experts Richard Ruiz and David Weiner.[2] (Dkt. No. 80.)  On May 26, 2026, the Court struck the Motion on the ground that the hearing information was missing, incorrect, or untimely. (Dkt. No. 82.)  Accordingly, Defendants re-notice this Motion to be heard on July 2, 2026, providing more than 28 days' notice as required by Local Rule 6-1.

Plaintiff failed to produce an expert report, which must contain "a complete statement of all opinions . . . and the basis and reasons for them" including "the fact or data considered by the witness in forming them[.]"  Fed. R. Civ. P. 26(a)(2)(B). This Motion is based on Federal Rule of Civil Procedure 37(c)(1), which states: "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Pursuant to Local Rule 7-3, on May 21, 2026, counsel for Plaintiff and counsel for Non-Union Defendants telephonically met and conferred to discuss the subject matter of this Motion.  (Declaration of Dana L. Peterson ("Peterson Decl."), ¶ 6.)  During the

---

[1] While a motion to exclude expert testimony are typically raised through a motion *in limine*, out of an abundance of caution, Defendants timely file this Motion to be heard on July 2, 2026 pursuant to Local Rule 6-1.

[2] Defendants filed the Motion on May 21, 2026, pursuant to Local Rule 37-3, to ensure it would be heard before the June 11, 2026 expert discovery cut-off, in the event the Motion was deemed a discovery motion.

1

NON-UNION DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE PLAINTIFF'S EXPERTS RICHARD RUIZ AND DAVID WEINER

326248260v.1

telephonic meet and confer, Plaintiff's counsel reiterated that Plaintiff intended to supplement Plaintiff's expert report, and shared that she had unanticipated health issues that had caused her to be out of the office for the preceding two weeks.  Non-Union Defendants reiterated that Plaintiff's expert disclosure served on May 7, 2026 was deficient because it did not contain a written report that contained the complete statement of Plaintiff's expert testimony, and as a result, Defendants were prejudiced because they were unable to determine whether a rebuttal expert was necessary and if so, timely retain their rebuttal expert(s) and have an expert report prepared by the May 21, 2026 deadline. (Peterson Decl., ¶ 6.)

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Dana L. Peterson, the pleadings and records on file, and any evidence or argument presented at the hearing.

DATED: May 29, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Dana Peterson*
Clifford 'Seth' Sethness
Dana L. Peterson
David J. Kim
Tabitha Kwon
Attorneys for Defendant
PACIFIC MARITIME ASSOCIATION, LBCT LLC, APM TERMINALS PACIFIC LLC, TOTAL TERMINALS INTERNATIONAL, LLC, and SSA TERMINALS, LLC

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Enoch Greene ("Plaintiff") disclosed that he has retained the services of Richard Ruiz and David Weiner of J.S. Held LLC to quantify the economic losses sustained by Plaintiff as a result of his allegations in this lawsuit. However, the "written report" produced concurrently with Plaintiff's designation of expert witness utterly fails to comply with the requirements of Fed. R. Civ. P. 26(a)(2) in that it fails to provide a complete statement of all opinions Richard Ruiz and David Weiner will express and the basis and reasons for them, the facts or data considered in forming the opinions, and exhibits that will be used to summarize or support them.

Accordingly, Defendants Pacific Maritime Association, LBCT LLC, APM Terminals Pacific LLC, Total Terminals International, LLC, and SSA Terminals, LLC (collectively, "Non-Union Defendants") respectfully request that this Court grant their Motion and exclude any evidence from Plaintiff's retained experts Richard Ruiz and David Weiner. In the alternative, should the Court decline to exclude the experts, Defendants request that the Court continue the rebuttal expert disclosure deadline and permit Defendants to submit a rebuttal expert disclosure no earlier than fourteen (14) days after Plaintiff serves a compliant expert report.

## II. STATEMENT OF FACTS

On June 20, 2025, Plaintiff filed the operative First Amended Complaint. (Dkt. No. 19.) On October 29, 2025, this Court issued the Civil Trial Scheduling Order, which set the following deadlines: Last Day to Serve Initial Expert Reports (5/7/2026), Last Day to Serve Rebuttal Expert Reports (5/21/2026), and Expert Discovery Cut-Off (including hearing of discovery motions) (6/11/2026). (Dkt. No. 66.)

On May 7, 2026, Plaintiff served Initial Designation of Expert Witness Report ("Initial Expert Designation"), wherein he designated Richard Ruiz, MBA, CFE and David Weiner, MBA, BS of J.S. Held LLC as retained experts. (Peterson Decl., ¶ 3.)

NON-UNION DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE PLAINTIFF'S EXPERTS RICHARD RUIZ AND DAVID WEINER

326248260v.1

Plaintiff's Initial Expert Designation further stated that he had attached Mr. Ruiz's signed written report as Exhibit A and that the report contained "[a] complete statement of all opinions to be expressed and the basis and reason for each opinion." (Peterson Decl., ¶ 3.) Mr. Ruiz's purported "signed written report" states as follows:

> We have been asked to quantify the economic losses sustained by Enoch Greene as a result of his placement on non-dispatch status by LBCT, LLC. Unfortunately, we have thus far received no documentation of Mr. Greene's earnings and benefits, and are consequently as yet unable to opine as to any losses suffered. Naturally, once we do receive pertinent materials, we will immediately analyze the data and provide a report of our conclusions.
>
> Additionally, we understand that part of our retention is for the purpose of reviewing any economic analyses prepared by financial experts for the defendants, and to comment on any areas with which we might disagree. Once we receive such reports, we will review them and be prepared to detail any differences we might have.
>
> A list of documents received by our office is attached as Appendix B.

(Peterson Decl., ¶ 3, Ex. A.) A review of Appendix B to the report shows that Mr. Weiner and Mr. Ruiz had reviewed a single document "Case Caption – Proof of Service" on May 6, 2026. (Peterson Decl., ¶ 3, Ex. A, Appendix B.)

Even after one week, Plaintiff did not serve an expert report. (Peterson Decl., ¶ 4.) On May 18, 2026, Defendants sent a meet and confer letter to Plaintiff, noting that they will move to exclude Plaintiff's experts Mr. Weiner and Mr. Ruiz on the grounds that Plaintiff had failed to attach an expert report that complies with Federal Rule of Civil Procedure 26. (Peterson Decl., ¶ 4.) On May 20, 2026, Plaintiff responded to the meet and confer claiming that the report produced sufficiently complied with Rule 26(a)(2)(B). (Peterson Decl., ¶ 5, Ex. C.) Notably, Plaintiff stated that he anticipates having a supplemental report on or by June 1, 2026. (Peterson Decl., ¶ 5, Ex. C.) This is more than one week *after* Defendants' deadline to designate rebuttal experts and provide the rebuttal expert's report.

On May 21, 2026, the Parties further met and conferred telephonically regarding the subject matter of this Motion. (Peterson Decl., ¶ 6.) During the telephonic meet and

4

NON-UNION DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE PLAINTIFF'S EXPERTS RICHARD RUIZ AND DAVID WEINER

326248260v.1

confer, Plaintiff's counsel reiterated that Plaintiff intended to supplement Plaintiff's expert report, and shared that she had had unanticipated health issues that had caused her to be out of the office for the preceding two weeks.  (Peterson Decl., ¶ 6.)  Non-Union Defendants reiterated that Plaintiff's expert disclosure served on May 7, 2026 was deficient because it did not contain a written report that contained the complete statement of Plaintiff's expert testimony, and as a result, Defendants were prejudiced because they were unable to determine whether a rebuttal expert was necessary and if so, timely retain their rebuttal expert(s) and have an expert report prepared by the May 21, 2026 deadline. (Peterson Decl., ¶ 6.)  The Parties were unable to resolve their dispute, necessitating this Motion.

On May 21, 2026, Defendants filed this Motion to Exclude Plaintiff's Experts Richard Ruiz and David Weiner.[3] (Dkt. No. 80.)  On May 26, 2026, the Court struck the Motion on the ground that the hearing information was missing, incorrect, or untimely. (Dkt. No. 82.)  Plaintiff has not supplemented her expert disclosures and, to date—22 days after serving her initial expert disclosures on May 7, 2026—Defendants have not received any supplemental report from Plaintiff.  Defendants therefore re-notice this Motion for hearing on July 2, 2026, providing more than 28 days' notice as required by Local Rule 6-1.

## III.    ARGUMENTS

### A.    Plaintiff's Experts Richard Ruiz And David Weiner Must Be Excluded Because Plaintiff Did Not Produce An Expert Report In Compliance With Fed. R. Civ. P. 26(a)(2)

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1); *see Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,

---

[3] Defendants filed the Motion on May 21, 2026, pursuant to Local Rule 37-3, to ensure it would be heard before the June 11, 2026 expert discovery cut-off, in the event the Motion is deemed a discovery motion.

NON-UNION DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE PLAINTIFF'S EXPERTS RICHARD RUIZ AND DAVID WEINER

326248260v.1

259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.").

Federal Rule of Civil Procedure 26(a)(2)(A) and (B) mandate that "a party must disclose to the other parties the identity of any witness it may use at trial" and, "[u]nless stipulated or otherwise ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case....The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.  Fed. R. Civ. P. 26(a)(2)(A) and (B).

Here, Plaintiff's written report utterly fails the requirements mandated by Rule 26(a)(2)(B) because it fails to provide a complete statement of any expert opinions, the bases and reasons for those opinions, or the data and methodology supporting them. Indeed, rather than setting forth any expert opinions, the report expressly concedes that the experts are "**unable to opine as to any losses suffered**" because they have not received Plaintiff's earnings or benefits information.  (Peterson Decl., ¶ 3, Ex. A.)  They further state that they will provide opinions only after receiving additional materials, rendering the report a placeholder that merely reserves the right to offer opinions in the future.  This falls short of the mandate that the expert report contain a "complete statement of all opinions" and the "basis and reasons for them."  Fed. R. Civ. P. 26(a)(2)(B)(i); *see Lumberman's Mut. Cas. Co. v. DFG Restaurants*, No. SACV0501190CJCMLGX, 2008 WL 5429585, at *1 (C.D. Cal. June 16, 2008) ("The

6

NON-UNION DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE PLAINTIFF'S EXPERTS RICHARD RUIZ AND DAVID WEINER

326248260v.1

expert report, therefore, must set forth how and why the expert reached his conclusion, and underlying data or facts used to reach that conclusion."); *accord Finwall v. City of Chicago*, 239 F.R.D. 494, 501 (N.D.Ill.2006) ("Expert reports must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions."); *Smith v. Ford Motor Co.*, 626 F.2d 784, 794 (10th Cir.1980) (requiring an expert report to explain the factual basis for its opinion so that the opposing attorney has "some idea of the basis of that opinion and the data relied upon").

**B.      Plaintiff's Failure To Produce An Expert Report Is Not Substantially Justified Or Harmless**

Rule 37(c)(1) enforces the disclosure requirements of Rule 26(a) by precluding the use of expert testimony that is not properly disclosed. *See Yeti by Molly*, 259 F.3d at 1106; *Hall v. Furest*, 2006 WL 2375677, at *1 (E.D. Mich. Aug. 16, 2006) ("[f]ailure to comply with Rule 26(a) gives rise to Fed. R. Civ. P. 37(c)(1), which 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified,'" quoting *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)); *SSS Enters., Inc. v. NOVA Petroleum Realty, LLC*, 524 F. App'x 321, 324 (4th Cir. 2013) (affirming exclusion where expert disclosures omitted required reports and stating that the Rule 37(c) advisory committee notes "emphasize that the automatic sanction of exclusion provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence").

**1.      Plaintiff's Failure To Produce A Written Report Is Not Substantially Justified Because Plaintiff Was In Possession Of His Earnings And Benefits Information**

Plaintiff cannot establish that the failure to comply with Rule 26(a) was harmless or substantially justified—indeed, Plaintiff has offered no explanation or justification for the noncompliance. "It is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with Rule 26 was either justified or harmless." *Yeti by Molly*, 259 F.3d at 1107. The Court has rejected attempts to justify noncompliance based on mistake or delay. *See id.* (rejecting explanation that the

7

326248260v.1

disclosing party was waiting for additional information); *see also Harris v. United States*, 132 F. App'x 183, 185 (9th Cir. 2005) (holding that a counsel's mistake was not substantially justified).

Plaintiff's failure here is not substantially justified because the information necessary to prepare a compliant expert report was within Plaintiff's possession, custody, or control. Plaintiff's claimed damages are based on his own alleged earnings and benefits, which were exchanged in discovery. The Court's scheduling order required Plaintiff to serve complete expert reports supported by available data by May 7, 2026. Despite having all information, Plaintiff chose to serve a placeholder disclosure on that deadline rather than a compliant report. This is not a circumstance of unavoidable delay or newly discovered evidence and cannot constitute substantial justification.

### 2. Plaintiff's Failure To Produce A Written Report Is Not Harmless Because Non-Union Defendants Have Been Severely Prejudiced

The burden to prove harmlessness rests on Plaintiff as the disclosing party. *See Yeti by Molly* at 1107. Courts considering whether a failure is harmless examine factors such as prejudice or surprise, the ability to cure, and the disclosing party's explanation. *See Southern States Rack & Fixture, Inc. v. Sherwin–Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). Each of those considerations weighs in favor of exclusion here.

First, Plaintiff has failed to provide a written report by his experts, leaving Defendants without any ability to evaluate the scope of the testimony to determine whether a rebuttal expert is needed, and if so, to retain the appropriate expert.  Even if Defendants retained an expert witness, that witness would have nothing upon which to base his/her rebuttal report. *See Southern States Rack & Fixture*, 318 F.3d at 598 ("rules of expert disclosure are designed to allow an opponent to examine an expert opinion for flaws and to develop counter-testimony through that party's own experts").  By providing only a placeholder promising future opinions, Plaintiff has deprived Defendant of a fair opportunity to respond by the May 21, 2026 deadline to disclose rebuttal experts.  *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011)

NON-UNION DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE PLAINTIFF'S EXPERTS RICHARD RUIZ AND DAVID WEINER

326248260v.1

(affirming exclusion where the defendant selected its experts before the plaintiff disclosed expert reports, resulting in "obvious prejudice" because Defendant lacked knowledge of the scope of those opinions)

Second, there is no meaningful ability to cure. Plaintiff stated that he anticipates providing a supplemental report by June 1, 2026. This is untimely and too late. This date is *after* Defendants' deadline to disclose their rebuttal expert and is only seven court days before the expert discovery cut-off of June 11, 2026. A failure to disclose expert information is not harmless where it deprives the opposing party of the opportunity to depose the expert or prepare a response. *See Harris*, 132 F. App'x at 185 (9th Cir. 2005) (affirming exclusion late disclosure left insufficient time for opposing party to depose or prepare for cross-examination). The inability to evaluate or prepare in advance cannot be cured by cross-examination at trial. *See Southern States Rack & Fixture*, 318 F.3d at 598 ("the ability to simply cross-examine an expert concerning a new opinion at trial is not the ability to cure").

Third, Plaintiff cannot rely on supplementation to fix that failure. Rule 26(e) supplementation is intended only "to add additional or corrective information," not to correct an earlier failure to provide a compliant expert report. *See SSS Enters*, 524 F. App'x at 324.

## IV.   CONCLUSION

Accordingly, because Plaintiff's disclosure fails to provide the opinions, bases, data, or analysis required by Rule 26(a)(2), the Court should exclude the report and any testimony by Richard Ruiz and David Weiner. In the alternative, should the Court decline to exclude the experts, Defendants request that the Court continue the rebuttal expert disclosure deadline and permit Defendants to submit a rebuttal expert disclosure no earlier than fourteen (14) days after Plaintiff serves a compliant expert report.

NON-UNION DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE PLAINTIFF'S EXPERTS RICHARD RUIZ AND DAVID WEINER

326248260v.1

DATED: May 29, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Dana L. Peterson*
    Clifford 'Seth' Sethness
    Dana L. Peterson
    David J. Kim
    Tabitha Kwon
    Attorneys for Defendant
    PACIFIC MARITIME
    ASSOCIATION, LBCT LLC, APM
    TERMINALS PACIFIC LLC, TOTAL
    TERMINALS INTERNATIONAL,
    LLC, and SSA TERMINALS, LLC

10

326248260v.1

## **Local Rule 11-6.2. Certification**

The undersigned, counsel of record for Non-Union Defendants, certifies that this brief contains 2,442 words, which complies with the word limit of L.R. 11-6.1.

By: */s/ Dana L. Peterson*
Dana L. Peterson

11

NON-UNION DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE PLAINTIFF'S EXPERTS RICHARD RUIZ AND DAVID WEINER

326248260v.1