NANCYROSE HERNANDEZ 312097
LAW OFFICE OF NANCYROSE HERNANDEZ APC
38975 Sky Canyon Drive, Suite 207
Murrieta, CA 92563
Tel: (951) 708-1497
Fax: (951) 905-1632
Email: nancyrose@nrhlawoffice.com

Attorney for Plaintiff, ENOCH GREENE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOCH GREENE, an individual;<br><br>Plaintiff,<br><br>vs<br><br>LBCT LLC, a Limited Liability Company; PACIFIC MARITIME ASSOCIATION, a California Nonprofit Corporation; APM TERMINALS PACIFIC LLC, a Limited Liability Company; ILWU LOCAL 26, Union; TOTAL TERMINALS INTERNATIONAL LLC, a Limited Liability Company; SSA TERMINALS LLC, a Limited Liability Company; MATSON NAVIGATION COMPANY  INC., a Corporation; and DOES 1 through 50, inclusive;<br><br>Defendants. | Case No. 5:25-cv-01359-KK-AGRx<br><br>**PLAINTIFF, ENOCH GREENE'S, SUPPLEMENT TO OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S EXPERTS RICHARD RUIZ AND DAVID WEINER**<br><br>Date: July 2, 2026<br>Time: 9:30a.m.<br>Location: Courtroom 3, 3rd Floor<br><br>Complaint Filed: June 2, 2025<br>FAC Filed: June 20, 2025 |

1

Case No.  5:25-cv-01359-KK-AGRx
PLAINTIFF, ENOCH GREENE'S, SUPPLEMENT TO
OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE
PLAINTIFF'S EXPERTS RICHARD RUIZ
AND DAVID WEINER

LAW OFFICE OF
NANCYROSE
HERNANDEZ

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendants ask this Court to impose the harshest sanction, exclusion of Plaintiff's retained economic experts Richard Ruiz and David Weiner, based on an asserted Federal Rule of Civil Procedure 26(a)(2)(B) defect in the initial economic damages disclosure. Exclusion is not warranted because any incompleteness was substantially justified and harmless within the meaning of Fed. R. Civ. P. 37(c)(1).

The record shows Plaintiff timely served an initial expert disclosure on May 7, 2026, identifying Richard Ruiz and David Weiner from J.S. Held, and providing the customary Rule 26 disclosures, including, *inter alia*, qualifications, compensation, and prior testimony materials. The report also transparently explained that the experts had not yet received necessary earnings and benefits documentation and therefore could not quantify economic loss at that time. Once Defendants raised concerns, Plaintiff promptly responded, explained that Defendants possess much of the required damages information, and committed to serving a supplemental report by June 1, 2026. Plaintiff subsequently served the Supplemental Report on June 1, 2026.

Defendants' claimed prejudice in difficulty deciding whether to retain a rebuttal expert by May 21, 2026, can be cured through reasonable case management measures far short of exclusion. If this Court determines additional disclosure is

2

LAW OFFICE OF
NANCYROSE
HERNANDEZ

necessary, the appropriate remedy is leave to supplement and a tailored extension of rebuttal deadlines, and, if needed, limited expert discovery time, not the extraordinary sanction of striking Plaintiff's experts.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The Scheduling Order set: (i) last day to serve initial expert reports: May 7, 2026; (ii) last day to serve rebuttal expert reports: May 21, 2026; and (iii) expert discovery cut-off: June 11, 2026.

Plaintiff served an Initial Designation of Expert Witnesses on May 7, 2026, designating Richard Ruiz and David Weiner of J.S. Held as retained economic damages experts. The accompanying J.S. Held report explained that the experts were retained to quantify Plaintiff's economic losses associated with Plaintiff's non-dispatch status and to review and rebut any defense economic analysis. It stated that the experts had not yet received documentation of Plaintiff's earnings and benefits and therefore were "as yet unable to opine as to any losses suffered." The report included appendices reflecting qualifications (CVs), records received, and prior testimony history, and disclosed compensation rates ($595/hour). The report also expressly reserved the right to amend figures as additional information became available.

On May 18, 2026, Defendants sent a meet-and-confer letter asserting the disclosure was a "placeholder" and threatening a Rule 37(c)(1) motion. On May

LAW OFFICE OF
NANCYROSE
HERNANDEZ

20, 2026, Plaintiff responded asserting the disclosure was timely and compliant and that any asserted deficiency would be cured shortly, committing to serve a supplemental report "on or by June 1, 2026." Plaintiff also noted that Defendants possess critical damages information needed for a complete valuation, including payroll records, benefits and retirement plan documentation, historical compensation data for similarly situated employees, and personnel and employment records relevant to Plaintiff's earnings trajectory. The parties further met and conferred by phone on May 21, 2026; Plaintiff's counsel explained that unanticipated health issues had resulted in a recent absence and reiterated the intent to supplement. Plaintiff provided Defendants with the Supplemental report on June 1, 2026.

Defendants now move to exclude Ruiz and Weiner under Rule 37(c)(1), arguing Plaintiff failed to provide a compliant Rule 26(a)(2)(B) report by May 7, 2026, and that Defendants were prejudiced because they purportedly could not decide whether to retain a rebuttal expert or prepare a rebuttal report by May 21, 2026.

## III.    LEGAL STANDARD

Fed. R. Civ. P. 37(c)(1) provides that if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence … unless the failure was

LAW OFFICE OF
NANCYROSE
HERNANDEZ

substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court also has discretion to order other appropriate measures in lieu of exclusion, including reopening discovery, allowing supplementation, or imposing other tailored conditions to cure any prejudice.

Defendants cite decisions emphasizing that Rule 37(c)(1) can be a "self-executing" sanction; however, those same authorities recognize the express textual exceptions, substantial justification and harmlessness, and the Court's broad discretion to fashion a remedy that fits the circumstances rather than imposing a case-dispositive penalty.

## IV.    ARGUMENT

A. Any alleged deficiency was substantially justified because the damages computation reasonably depended on earnings/benefits information and related data that Defendants possess and/or had not been provided in a usable form prior to the deadline for Initial Expert Disclosures.

The Ruiz/Weiner report did not conceal anything. It candidly disclosed that the experts could not yet quantify damages because they had not received the necessary earnings and benefits documentation. In employment damages matters, the economic calculation is data-driven. Final computations cannot be responsibly provided until payroll, benefits, retirement contributions, and comparable earnings information are available. At the time of submitting the initial Ruiz/Weiner report,

LAW OFFICE OF
NANCYROSE
HERNANDEZ

Plaintiff did not have all the data necessary for economic calculations, including complete hour and wage summary, union participation status report, deposition transcripts, complete payroll records, union statements indicating annual credited hours, vesting status, and estimate monthly pension benefit, to which Plaintiff requested. Upon receiving all data, the report was supplemented.

Plaintiff specifically identified that Defendants possess "the majority of the underlying data necessary for a complete valuation," including payroll records, benefits and retirement plan documentation, historical compensation data for similarly situated employees, and personnel and employment records relevant to Plaintiff's earnings trajectory. Additionally, the designated Experts require deposition transcripts, including Plaintiff's second deposition transcript, and retirement contributions which were not available at the time of the deadline, necessitating a supplement upon receipt of the documentation and information, which was supplemented on June 1, 2026. That is a substantial justification for why the report could not yet provide a final numeric quantification on May 7, 2026.

In addition, Plaintiff promptly responded to Defendants' letter and committed to a near-term supplementation by June 1, 2026. There is no showing of gamesmanship or bad faith, only a transparent disclosure of what was missing and what was needed to complete the analysis.

Case No.  5:25-cv-01359-KK-AGRx
PLAINTIFF, ENOCH GREENE'S, SUPPLEMENT TO
OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE
PLAINTIFF'S EXPERTS RICHARD RUIZ
AND DAVID WEINER

LAW OFFICE OF
NANCYROSE
HERNANDEZ

B. Any alleged deficiency was harmless because Defendants' claimed prejudice is curable through scheduling adjustments without disrupting trial.

Defendants' core claim of prejudice is that, without a fully quantified economic loss opinion by May 7, 2026, they could not decide whether a rebuttal expert was necessary to prepare a rebuttal report by May 21, 2026.

That argument overstates prejudice and ignores readily available cures, specifically Defendants were not "surprised" by the subject matter. From the outset, Defendants knew Plaintiff was seeking wage and benefit-related economic losses tied to Plaintiff's employment status, as an employee for the Defendants, and the J.S. Held disclosure stated their retention purpose and scope: quantifying economic losses and reviewing defense economic analysis. Additionally, Defendants knew that deposition transcripts were not complete, necessitating a supplemental report.

Any timing concern can be cured. If Defendants need additional time to retain and disclose a rebuttal expert after receiving Plaintiff's supplemental report, the Court can extend the rebuttal deadline and allow a limited extension of expert discovery solely as to economic experts.

No disruption of trial is shown. Defendants do not identify a firm trial date conflict or any imminent trial preparation that cannot accommodate a brief, targeted adjustment to expert deadlines. The only relevant near-term date is the

7

LAW OFFICE OF
NANCYROSE
HERNANDEZ

June 11, 2026, expert discovery cut-off, which can be modestly extended for this narrow issue if the Court deems it necessary.

Fed. R. Civ. P. 37(c)(1) does not require exclusion where any alleged prejudice can be cured with limited and practical remedies. Here, the requested "death penalty" sanction is disproportionate because Defendants' articulated concerns are precisely the type that courts regularly address through supplemental disclosure and reasonable extensions.

C. Fed. R. Civ. P. 26(e) supplementation and tailored relief, not exclusion, is the appropriate remedy.

Plaintiff has already committed to providing a supplemental economic report by June 1, 2026, *i.e.,* within a short time and within the existing expert discovery period (or within a limited extension, if needed). A supplemental report that provides the damages computation and identifies the additional materials considered will give Defendants all they need to evaluate rebuttal, depose the experts, and prepare any responsive economic analysis.

Defendants contend Fed. R. Civ. P. 26(e) cannot be used to "fix" an earlier disclosure. But the remedy Defendants themselves propose in the alternative, continuing rebuttal deadlines, implicitly recognizes that the correct approach is case management, not exclusion. In these circumstances, supplementation is a

Case No.  5:25-cv-01359-KK-AGRx
PLAINTIFF, ENOCH GREENE'S, SUPPLEMENT TO
OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE
PLAINTIFF'S EXPERTS RICHARD RUIZ
AND DAVID WEINER

LAW OFFICE OF
NANCYROSE
HERNANDEZ

practical and fair means to complete the computation once the necessary data is obtained and exchanged.

D. ALTERNATIVE RELIEF RESPECTFULLY REQUESTED

If the Court finds the May 7, 2026, submission did not fully satisfy Rule 26(a)(2)(B), Plaintiff respectfully requests the Court deny exclusion and instead order a curative schedule that addresses any asserted prejudice. Plaintiff proposes the following alternative relief: Plaintiff served a Fed. R. Civ. P. 26(a)(2)(B) compliant supplemental report for Ruiz and/or Weiner by June 1, 2026; Defendants' rebuttal expert disclosure/report deadline is extended to no earlier than fourteen (14) days after service of Plaintiff's compliant supplemental report; Expert discovery cut-off is extended solely as to economic experts; Defendants may depose Ruiz and/or Weiner after supplementation, and Plaintiff may depose any defense rebuttal economist, with reasonable limits on time and scope.

This alternative relief fully cures the asserted prejudice while preserving adjudication on the merits and ensuring a complete and reliable damages presentation at trial.

E. **CONCLUSION**

Defendants have not carried their burden to show that exclusion is warranted under Fed. R. Civ. P. 37(c)(1). Any perceived incompleteness in the initial economic damages report was substantially justified by the absence of necessary

9

LAW OFFICE OF
NANCYROSE
HERNANDEZ

earnings and benefits data and harmless because any prejudice can be cured with targeted scheduling relief. Plaintiff respectfully requests that the Court deny Defendants' motion. In the alternative, Plaintiff requests leave to supplement and a corresponding extension of rebuttal disclosure and limited expert discovery deadlines as set forth above.

Dated: June 8, 2026                    LAW OFFICE OF NANCYROSE HERNANDEZ


                              By: /s/ Nancyrose Hernandez
                                  Nancyrose Hernandez
                                  Attorney for Plaintiff
                                  ENOCH GREENE

Case No.  5:25-cv-01359-KK-AGRx
PLAINTIFF, ENOCH GREENE'S, SUPPLEMENT TO
OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE
PLAINTIFF'S EXPERTS RICHARD RUIZ
AND DAVID WEINER

LAW OFFICE OF
NANCYROSE
HERNANDEZ