SEYFARTH SHAW LLP
Clifford 'Seth' Sethness (SBN 212975)
csethness@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:  (213) 270-9600
Facsimile:(213) 270-9601

Dana L. Peterson (SBN 178499)
dpeterson@seyfarth.com
David J. Kim (SBN 349802)
dakim@seyfarth.com
Tabitha Kwon (SBN 365915)
tkwon@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:(310) 201-5219

Attorneys for Defendants
PACIFIC MARITIME ASSOCIATION, LBCT
LLC, APM TERMINALS PACIFIC LLC,
TOTAL TERMINALS INTERNATIONAL LLC,
and SSA TERMINALS LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOCH GREENE, an individual;, | Case No. 5:25-cv-01359-KK-CTS |
| Plaintiff, | HON. KENLY KIYA KATO |
| v. | **DEFENDANT TOTAL TERMINALS INTERNATIONAL LLC'S NOTICE OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** |
| LBCT LLC, a Limited Liability Company; PACIFIC MARITIME ASSOCIATION, a California Nonprofit Corporation; APM TERMINALS PACIFIC LLC, a Limited Liability Company; ILWU LOCAL 26, Union; TOTAL TERMINALS INTERNATIONAL LLC, a Limited Liability Company; SSA TERMINALS LLC, a Limited Liability Company; and DOES 1 through 50, inclusive;, | Date:       July 16, 2026<br>Time:       9:30 a.m.<br>Dept:       3 |
| Defendants. | Complaint Filed:   June 2, 2025<br>FAC Filed:          June 20, 2025<br>Trial Date:         September 28, 2026 |

TTI'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

326601016v.1

**TO THE COURT, PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 16, 2026 at 9:30 a.m., or as soon thereafter as the matter may be heard, in the above-captioned Court, located at 3470 12th Street, 3rd Floor, Courtroom 3, Riverside, California, before the Honorable Kenly Kiya Kato, Defendant Total Terminals International LLC, ("Defendant" or "TTI"), move the Court, pursuant to Federal Rule of Civil Procedure 56, for summary judgment in favor and against Plaintiff Enoch Greene ("Plaintiff"), for costs of suit incurred herein, and such other relief as may be just.  This motion is made on the ground that there are no triable issues of material fact as to any of Plaintiff's causes of action against TTI, and TTI is therefore, entitled to summary judgment as a matter of law.

Alternatively, if for any reason full summary judgment cannot be had, TTI moves for an order pursuant to Federal Rule of Civil Procedure 56(a), adjudicating that there is no merit as to each separate cause of action and claim contained in the operative First Amended Complaint (Dkt. No. 19), and as to the issues set forth below, and that the final judgment in this action shall, in addition to any matters determined at trial, award judgment in favor of TTI as established by such adjudication as to the following issues:

**FIRST CAUSE OF ACTION**

**Disability Discrimination In Violation Of FEHA/ADA**

**ISSUE NO. 1:** Plaintiff's first cause of action against TTI for disability discrimination in violation of the FEHA and the ADA fails as a matter of law because Plaintiff failed to timely exhaust administrative remedies.

**ISSUE NO. 2:**  Plaintiff's first cause of action against TTI for disability discrimination in violation of the FEHA and the ADA fails as a matter of law because the allegations in Plaintiff's EEOC charge do not concern TTI.

**ISSUE NO. 3**: Plaintiff's first cause of action against TTI for disability discrimination in violation of the FEHA and the ADA fails as a matter of law because Plaintiff cannot establish a *prima facie* case, as he did not suffer any adverse employment action by TTI.

1

326601016v.1

## SECOND CAUSE OF ACTION

### Harassment In Violation of FEHA/ADA

**ISSUE NO. 4**: Plaintiff's second cause of action against TTI for disability-based harassment in violation of the FEHA and the ADA fails as a matter of law because Plaintiff failed to timely exhaust administrative remedies.

**ISSUE NO. 5:** Plaintiff's second cause of action against TTI for disability-based harassment in violation of the FEHA and the ADA fails as a matter of law because the allegations in Plaintiff's EEOC charge do not concern TTI.

**ISSUE NO. 6**: Plaintiff's second cause of action against TTI for disability-based harassment in violation of the FEHA and the ADA fails as a matter of law because Plaintiff cannot establish a *prima facie* case of disability-based harassment against TTI.

## THIRD CAUSE OF ACTION

### Failure To Provide Reasonable Accommodation In Violation of FEHA/ADA

**ISSUE NO. 7**: Plaintiff's third cause of action against TTI for failure to accommodate in violation of the FEHA and ADA fails as a matter of law because Plaintiff failed to timely exhaust administrative remedies.

**ISSUE NO. 8**: Plaintiff's third cause of action against TTI for failure to accommodate in violation of the FEHA and ADA fails as a matter of law because the allegations in Plaintiff's EEOC charge do not concern TTI.

**ISSUE NO. 9**: Plaintiff's third cause of action against TTI for failure to accommodate in violation of the FEHA and ADA fails as a matter of law because Plaintiff was neither a TTI employee nor a job applicant at the time he requested accommodation.

## FOURTH CAUSE OF ACTION

### Failure To Engage In The Interactive Process In Violation of FEHA/ADA

**ISSUE NO. 10**: Plaintiff's fourth cause of action against TTI for failure to engage in the interactive process in violation of the FEHA and the ADA fails as a matter of law because Plaintiff failed to timely exhaust administrative remedies.

2

TTI'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

**ISSUE NO. 11**: Plaintiff's fourth cause of action against TTI for failure to engage in the interactive process in violation of the FEHA and the ADA fails as a matter of law because the allegations in Plaintiff's EEOC charge do not concern TTI.

**ISSUE NO. 12**: Plaintiff's fourth cause of action against TTI for failure to engage in the interactive process in violation of the FEHA and the ADA fails as a matter of law because Plaintiff was neither a TTI employee nor a job applicant at the time he requested accommodation.

## FIFTH CAUSE OF ACTION

### Retaliation In Violation of 42 U.S.C. § 12203 And Cal. Lab. Code § 1102.5

**ISSUE NO. 13:** Plaintiff's fifth cause of action against TTI for retaliation under 42 U.S.C. § 12203 fails as a matter of law because Plaintiff failed to timely exhaust administrative remedies.

**ISSUE NO. 14:** Plaintiff's fifth cause of action against TTI for retaliation under 42 U.S.C. § 12203 fails as a matter of law because the allegations in Plaintiff's EEOC charge do not concern TTI.

**ISSUE NO. 15**: Plaintiff's fifth cause of action against TTI for retaliation under California Labor Code § 1102.5 fails as a matter of law because it is barred by the applicable statute of limitations.

**ISSUE NO. 16**: Plaintiff's fifth cause of action against TTI for retaliation fails as a matter of law because Plaintiff cannot establish a *prima facie* case, as he did not engage in any protected activity during his employment with TTI.

**ISSUE NO. 17**: Plaintiff's fifth cause of action against TTI for retaliation fails as a matter of law because Plaintiff cannot establish a *prima facie* case, as he did not suffer any adverse employment action by TTI.

/ / /

/ / /

/ / /

/ / /

3

TTI'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

## SIXTH CAUSE OF ACTION

### Wrongful Termination In Violation of Public Policy

**ISSUE NO. 18**: Plaintiff's sixth cause of action against TTI for wrongful termination in violation of public policy fails as a matter of law because it is barred by the applicable statute of limitations.

**ISSUE NO. 19**: Plaintiff's sixth cause of action against TTI for wrongful termination in violation of public policy fails as a matter of law because it is purely derivative of Plaintiff's underlying ADA and FEHA claims, which fail as a matter of law.

### REQUEST FOR PUNITIVE DAMAGES

**ISSUE NO. 20**: Plaintiff's request for punitive damages fails as a matter of law because no TTI officer, director, or managing agent personally engaged in oppressive, fraudulent, or malicious conduct toward Plaintiff.

**Local Rule 7-3 Certification.**  Pursuant to the Central District Local Rule 7-3, Defendants Pacific Maritime Association, LBCT LLC, APM Terminals Pacific LLC, TTI, and SSA Terminals LLC (collectively, "Non-Union Defendants"), certify that on June 11, 2026, counsel for all Parties, including Plaintiff and Defendant ILWU Local 26, met and conferred via telephone to advise that they would be filing a motion for summary judgment on all six causes of action raised in Plaintiff's operative First Amended Complaint, including his request for punitive damages, and discussed the grounds on which the Motion would be made.  (Declaration of Dana L. Peterson, ¶ 4.)

During the call, Non-Union Defendants asked Plaintiff whether Plaintiff sought to continue prosecuting all six causes of action, or if he would abandon any claims before they filed their Motion.  (Peterson Decl. ¶ 4.)  Plaintiff stated that he would oppose Non-Union Defendants' Motion for Summary Judgment.  (Peterson Decl. ¶ 4.)  Therefore, the Parties were unable to reach a resolution that eliminates the necessity for a hearing on this Motion, and TTI now files the Motion on the grounds set forth above.  (Peterson Decl. ¶ 4.)

TTI's Motion will be and is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities in support thereof; the

TTI'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

326601016v.1

accompanying Separate Statement of Undisputed Material Facts in support thereof; the accompanying Compendium of Evidence in support thereof; Declaration of Dana L. Peterson in support thereof; Declaration of Blake Glassco in support thereof; Declaration of Evelyn Ceja in support thereof; Request for Judicial Notice, and [Proposed] Order Granting Defendant TTI's Motion, and any such further matters, evidence, objections to evidence, briefs or arguments that may be presented at or before the hearing of this Motion.

For all of the reasons stated above, the Court should summarily adjudicate all causes of action for which Plaintiff has failed to establish triable issue of material fact and which fail as a matter of law.

DATED: June 17, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Dana L. Peterson*
Clifford D. Sethness
Dana L. Peterson
David J. Kim
Tabitha Kwon
Attorneys for Defendants
PACIFIC MARITIME
ASSOCIATION, LBCT LLC, APM
TERMINALS PACIFIC LLC, TOTAL
TERMINALS INTERNATIONAL
LLC, and SSA TERMINALS LLC

\

5

TTI'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

326601016v.1