SEYFARTH SHAW LLP
Clifford 'Seth' Sethness (SBN 212975)
csethness@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:  (213) 270-9600
Facsimile: (213) 270-9601

Dana L. Peterson (SBN 178499)
dpeterson@seyfarth.com
David J. Kim (SBN 349802)
dakim@seyfarth.com
Tabitha Kwon (SBN 365915)
tkwon@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
PACIFIC MARITIME ASSOCIATION, LBCT
LLC, APM TERMINALS PACIFIC LLC,
TOTAL TERMINALS INTERNATIONAL, LLC,
and SSA TERMINALS LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOCH GREENE, an individual;, <br><br> Plaintiff, <br><br> v. <br><br> LBCT LLC, a Limited Liability Company; PACIFIC MARITIME ASSOCIATION, a California Nonprofit Corporation; APM TERMINALS PACIFIC LLC, a Limited Liability Company; ILWU LOCAL 26, Union; TOTAL TERMINALS INTERNATIONAL LLC, a Limited Liability Company; SSA TERMINALS LLC, a Limited Liability Company; and DOES 1 through 50, inclusive;, <br><br> Defendants. | Case No. 5:25-cv-01359-KK-CTS <br><br> HON. KENLY KIYA KATO <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TOTAL TERMINALS INTERNATIONAL, LLC'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT** <br><br> Date:      July 16, 2026 <br> Time:      9:30 a.m. <br> Dept:      3 <br><br> Trial Date: September 28, 2026 <br> Date Action Filed:      June 2, 2025 <br> FAC Filed:      June 20, 2025 |

326601418v.1

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...............................................................................................1

II. FACTUAL BACKGROUND...............................................................................1

    A.    Defendant TTI and Plaintiff Enoch Greene .............................................1

    B.    Plaintiff Last Worked at TTI Nearly Seven Years Ago.............................2

    C.    TTI Has Reasonable Accommodation and Other Policies in Place Prohibiting Unlawful Discrimination, Harassment and Retaliation .............2

III. SUMMARY JUDGMENT STANDARD .............................................................5

IV. ALL OF PLAINTIFF'S CLAIMS AGAINST TTI ARE BARRED BY A FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES OR BY THE STATUTE OF LIMITATIONS...................................................................................6

    A.    All ADA and FEHA Claims Are Barred Because Plaintiff Did Not Timely Exhaust Administrative Remedies ................................................6

        1.    Plaintiff Filed His Charge with EEOC Years Too Late ......................6

        2.    The Allegations in Plaintiff's Charge Have Nothing to do with TTI...7

    B.    Plaintiff's 1102.5 Retaliation Claim Is Time Barred .....................................9

    C.    Plaintiff's Wrongful Termination Claim Is Time Barred ..............................9

V. PLAINTIFF CANNOT STATE A *PRIMA FACIE* CASE OF DISABILITY DISCRIMINATION ...............................................................................................9

VI. PLAINTIFF'S SECOND CAUSE OF ACTION FOR DISABILITY-BASED HARASSMENT IN VIOLATION OF ADA AND FEHA FAILS........................10

VII. PLAINTIFF'S THIRD CAUSE OF ACTION FOR FAILURE TO ACCOMMODATE IN VIOLATION OF ADA AND FEHA FAILS....................11

VIII. PLAINTIFF'S FOURTH CAUSE OF ACTION FOR FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS FAILS ........................................................12

IX. PLAINTIFF'S FIFTH CAUSE OF ACTION FOR RETALIATION FAILS ........13

X. PLAINTIFF'S SIXTH CAUSE OF ACTION FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY FAILS ......................14

XI. PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES FAILS .......................14

XII. CONCLUSION..................................................................................................15

326601418v.1

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abelleira v. District Court of Appeal, Third Dist.*,
17 Cal. 2d 280 (1941) ............................................................................................ 6

*Anthony v. Trax Int'l Corp.*,
955 F.3d 1123 (9th Cir. 2020) .............................................................................. 12

*Arakji v. Abbott Labs.*,
No. 5:24-cv-02202-EJD, 2024 U.S. Dist. LEXIS 175115 (N.D. Cal. Sept.
26, 2024) ............................................................................................................ 6, 8

*B.K.B. v. Maui Police Dept.*,
276 F.3d 1091 (9th Cir. 2002), *abrogated on other grounds by Fort Bend
County, Texas v. Davis*, 587 U.S. 541 (2019) ...................................................... 7

*Basich v. Allstate Insurance Co.*,
87 Cal. App. 4th 1112 (2001) .............................................................................. 15

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)............................................................................................... 5

*City of Whittier v. Everest Nat'l Ins. Co.*,
97 Cal. App. 5th 895 (2023) ................................................................................ 13

*Floyd v. Lee*,
968 F. Supp. 2d 308 (D.D.C. 2013)...................................................................... 10

*Fox v. Gen. Motors Corp.*,
247 F.3d 169 (4th Cir. 2001) ............................................................................... 11

*George Arakelian Farms, Inc. v. Agricultural Labor Relations Bd.*,
40 Cal. 3d 654 (1985) ............................................................................................ 6

*Green v. State of California*,
42 Cal. 4th 254 (2007) ......................................................................................... 10

*Guz v. Bechtel Nat'l, Inc.*,
24 Cal. 4th 317 (2000) ........................................................................................... 9

326601418v.1

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) ...................................................................... 5

*Harris v. Forklift Sys., Inc.*,
  510 U.S. 17 (1993) ..................................................................................... 10

*Horn v. Cushman & Wakefield Western, Inc.*,
  72 Cal. App. 4th 798 (1999) ........................................................................ 9

*Jackson v. Simon Prop. Grp., Inc.*,
  795 F. Supp. 2d 949 (N.D. Cal. 2011) ....................................................... 14

*Lyle v. Warner Bros. Television Prods.*,
  38 Cal. 4th 264 (2006) ............................................................................... 11

*Martin v. Bd. of Trustees of Cal. State Univ.*,
  97 Cal. App. 5th 149 (2023) (quoting *Nazir v. United Airlines, Inc.*, 178
  Cal. App. 4th 243, 263 (2009)) .................................................................. 10

*Matsushita Electric Industry Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986) ..................................................................................... 5

*Mofrad v. United Parcel Serv., Inc.*,
  No. 23-CV-01899-AMO, 2025 WL 2308492 (N.D. Cal. Aug. 11, 2025),
  modified, No. 23-CV-01899-AMO, 2025 WL 2374111 (N.D. Cal. Aug.
  15, 2025) .................................................................................................... 14

*Nadaf-Rahrov v. Neiman Marcus Group, Inc.*,
  166 Cal. App. 4th 952 ................................................................................ 12

*Olea v. Trojan Battery Co., LLC*,
  No. 2:20-cv-08004-VAP-(PDx), 2021 WL 12312932 (C.D. Cal. Sept. 21,
  2021) .......................................................................................................... 13

*Pardi v. Kaiser Found. Hosps.*,
  389 F.3d 840 (9th Cir. 2004) ..................................................................... 13

*Patterson v. Domino's Pizza, LLC*,
  60 Cal. 4th 474 (2014) ............................................................................... 11

*Prue v. Brady Co. / San Diego, Inc.*,
  242 Cal. App. 4th 1367 (2015) .................................................................... 9

4

326601418v.1

*Raytheon Co. v. Hernandez*,
 540 U.S. 44 (2003)............................................................................................9

*Romano v. Rockwell Internat., Inc.*,
 14 Cal. 4th 479 (1996) .....................................................................................6

*Sanders v. Arneson Prods., Inc.*,
 91 F.3d 1351 (9th Cir. 1996) .........................................................................10

*Scotch v. Art Inst. of California*,
 173 Cal. App. 4th 986 (2009) ....................................................................11, 13

*Shephard v. Loyola Marymount Univ.*,
 102 Cal. App. 4th 837 (2002) .........................................................................12

*Sneddon v. ABF Freight Sys.*,
 489 F. Supp. 2d 1124 (S.D. Cal. 2007).............................................................14

*White v. Ultramar, Inc.*,
 21 Cal. 4th 563 (1999) ....................................................................................15

**Statutes**

42 U.S.C. § 2000e-5............................................................................................6

42 U.S.C. § 2000e-5, subd. (e)(1) .......................................................................7

42 U.S.C. § 12112, subd. (b)(5)(A) ...................................................................11

42 U.S.C. § 12117(a) ..........................................................................................6

42 U.S.C. § 12203 ...............................................................................................1

Americans with Disability Act of 1990 .......................................................*passim*

Cal. Civ. Code § 3294(b) ...................................................................................15

Cal. Code. Civ. Pro. § 335.1 ...............................................................................9

Cal. Code Civ. Pro. § 338, subd. (a) ....................................................................9

Cal. Code Civ. Pro. § 340, subd. (a) ....................................................................9

Cal. Gov. Code 12960(e)(5)................................................................................7

Cal. Gov. Code § 12940(j)(1) ............................................................................10

MEMORANDUM OF POINTS AND AUTHORITIES ISO TTI'S MSJ

326601418v.1

Cal. Gov. Code § 12940, subd. (h) ................................................................................ 12

Cal. Gov. Code § 12940, subd. (m)(1)........................................................................... 11

Cal. Lab. Code § 1102.5 ...................................................................................1, 8, 9, 13

FEHA ...................................................................................................................*passim*

**Other Authorities**

29 C.F.R. 1601.12, subd. (a)........................................................................................... 7

Federal Rule of Civil Procedure 56(a)............................................................................ 5

MEMORANDUM OF POINTS AND AUTHORITIES ISO TTI'S MSJ

326601418v.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff should never have filed this lawsuit against Defendant Total Terminals International, LLC ("TTI").  Plaintiff last worked at TTI in July 2019.  Plaintiff admits that at no time since July 2019, did he attempt to work at TTI and get turned away for any reason.  This case has nothing to do with TTI.  Plaintiff complains that other employers, not TTI, failed to provide a reasonable accommodation for his disability beginning in April 2023–years after Plaintiff last worked for TTI.  All his complaints in this case are about conduct that occurred between April 2023 and December 2024, years after he last worked for TTI.

Nevertheless, Plaintiff has refused to dismiss TTI from this lawsuit, which alleges the following, long time-barred claims against it: (1) Disability Discrimination in Violation of FEHA/ADA; (2) Harassment in Violation of FEHA/ADA; (3) Failure to Provide Reasonable Accommodation in Violation of FEHA/ADA; (4) Failure to Engage in the Interactive Process in Violation of FEHA/ADA; (5) Retaliation in Violation of 42 U.S.C. § 12203 and Cal. Lab. Code § 1102.5; and (6) Wrongful Termination in Violation of Public Policy.

Each of these claims fails as a matter of law.  TTI respectfully requests the Court grant summary judgment in its favor and dismiss it from this lawsuit.

### II.   FACTUAL BACKGROUND

#### A.   Defendant TTI and Plaintiff Enoch Greene

TTI is a full-service marine terminal operator with operations at the Port of Long Beach. (Glassco Decl.[1], ¶ 2.)  Operating a marine terminal involves loading and unloading cargo ships, moving shipping containers and non-containerized cargo via heavy equipment within the terminal, loading and unloading trucks operated by third party companies with inbound and outbound cargo, and other related activities.  (Glassco Decl., ¶ 2.)

---

[1] "Glassco Decl." refers to the Declaration of Blake Glassco in support of TTI's Motion for Summary Judgment concurrently filed herewith.

MEMORANDUM OF POINTS AND AUTHORITIES ISO TTI'S MSJ

326601418v.1

TTI employs "Watchmen" to perform security functions. (Separate Statement of Uncontroverted Facts ("UF") 8.) Watchmen are represented by ILWU Local 26 ("Local 26"). (Glassco Decl., ¶ 3.) TTI does not have a collective bargaining agreement ("CBA") directly with Local 26. (Glassco Decl., ¶ 4.) Rather, TTI is a member of the Pacific Maritime Association ("PMA"), a multi-employer association comprised of over seventy companies (including TTI) that negotiates, bargains, and administers the CBAs it enters into on behalf of PMA's member companies. (Glassco Decl., ¶ 4.) PMA negotiated the ILWU Local 26 Watchmen's Agreement (the "CBA") on behalf of its members who employ Watchman, including TTI. (Glassco Decl., ¶ 4.)

TTI does not employ Watchmen "indefinitely" or in an otherwise traditional manner. (UF 9.) Rather, like other PMA member companies, TTI offers work on a per-shift basis that Watchmen can opt to be dispatched for. (UF 9.) TTI does not select which Watchmen will be dispatched to work at their terminal. (UF 9.) The Watchmen select both the shift time and the employer they want to work for. (UF 9.)

Until a Watchman accepts a work dispatch to TTI, they are not considered an employee of TTI. (UF 10.) Once a Watchman accepts a work dispatch, the Watchman remains employed for the duration of that dispatched shift. (UF 10.) Once that shift ends/is completed, the employment relationship between that Watchman and TTI ends, and they are not employed by TTI again until they accept another work dispatch at TTI. (UF 10.)

**B.    Plaintiff Last Worked at TTI Nearly Seven Years Ago**

Plaintiff admits that he last worked at TTI in July 2019. (UF 3.) Plaintiff admits that, at no time since July 2019, did he attempt to work at TTI and get turned away for any reason. (UF 4.)

**C.    TTI Has Reasonable Accommodation and Other Policies in Place Prohibiting Unlawful Discrimination, Harassment and Retaliation**

TTI policy requires the reasonable accommodation of qualified individuals with disabilities. (UF 11.) TTI's reasonable accommodations policies provide:

2

MEMORANDUM OF POINTS AND AUTHORITIES ISO TTI'S MSJ

326601418v.1

**1.4 Reasonable Accommodations**

TTI strives to comply with the Americans with Disabilities Act (ADA), as amended by the ADA Amendments Act, and all applicable state or local laws, including without limitation the California Fair Employment and Housing Act ("FEHA"). Consistent with those requirements, TTI encourages anyone who believes they may need one or more reasonable accommodations to request them. TTI will reasonably accommodate qualified individuals with a disability or medical condition, if such accommodation would allow the individual to perform the essential functions of their job position, unless doing so would create an undue hardship or pose a threat to the health or safety of the individual seeking the accommodation or others. TTI will also, where appropriate, provide reasonable accommodations for a job applicant's or employee's religious beliefs or practices.

If you believe you need an accommodation, please notify your manager or TTI's Human Resources personnel. If someone notifies you that they believe they need an accommodation, you must immediately notify Human Resources of the request. Once notified of a need for reasonable accommodation, TTI's Human Resources Department will contact you to begin the process of understanding the condition for which an accommodation is sought, including any limitations the condition may impose, to determine if an accommodation is appropriate and, if so, what accommodations may be reasonable to enable you to perform the essential functions of your job position. If you are seeking a reasonable accommodation, you are expected to participate in good faith in this interactive process, which may include requests that you provide certain information from your healthcare providers. Failure to participate in good faith in the interactive process may result in denial of your accommodation and/or other adverse action. The interactive process will continue until your condition has been successfully accommodated or it is determined that there is no reasonable accommodation that will enable you to perform the essential functions of your job position without causing undue hardship or posing a threat to the health or safety of you or others.

[…]

**3.8 Disability Accommodation**

TTI is committed to complying fully with the Americans with Disabilities Act (ADA) and applicable state law, and to ensure equal opportunity in employment for qualified persons with disabilities. All employment practices and activities are conducted on a non-discriminatory basis.

3

MEMORANDUM OF POINTS AND AUTHORITIES ISO TTI'S MSJ

326601418v.1

Reasonable accommodations for qualified individuals with known disabilities will be made unless to do so would impose an undue hardship on the Company. All employment decisions are based on the merits of the situation in accordance with defined criteria, not the disability of the individual.

Qualified individuals with disabilities are entitled to equal pay and other forms of compensation (or changes in compensation) as well as in job assignments, classifications, organizational structures, position descriptions, lines of progression and seniority lists. Leave of all types will be available to all employees on an equal basis. TTI also prohibits discrimination against any qualified employees or applicants because they are related to or associated with a person with a disability. TTI will follow any state or local law that provides disabled persons greater protection than the ADA.

Employees who believe that they have a protected disability and feel the need for a reasonable accommodation must advise Human Resources, either verbally or in writing. After receiving your oral or written request, TTI will engage in an interactive dialogue with you to determine the precise limitations of your disability and explore potential reasonable accommodations, if any, that would enable you to perform the essential functions of your position without imposing an undue hardship on the Company. TTI encourages you to suggest specific reasonable accommodations that you believe would allow you to perform your job. However, TTI is not required to make the specific accommodation requested by you and may provide an alternative, effective accommodation, to the extent any reasonable accommodation can be made without imposing an undue hardship on the Company.

If your disability or need for accommodation is not obvious, and the you have not already provided TTI with reasonable medical documentation confirming the existence of the disability and the need for reasonable accommodation, TTI may require you to provide such reasonable medical documentation. TTI will keep confidential any medical information that it obtains in connection with your request for a reasonable accommodation This policy is neither exhaustive nor exclusive.

TTI is committed to taking all other actions necessary to ensure equal employment opportunity for persons with disabilities in accordance with the ADA and all other applicable federal, state, and local laws.

(UF 11.)

4

MEMORANDUM OF POINTS AND AUTHORITIES ISO TTI'S MSJ

326601418v.1

Had Plaintiff attempted to work at TTI, TTI would have gone through the interactive process with Plaintiff to determine whether or not there were any reasonable accommodations it could put in place to address his visual impairment.  (UF 12.)

TTI also prohibits unlawful discrimination, harassment, and retaliation based upon disability, medical condition, or other protected status or participation in protected conduct. (UF 13.)

## III.    SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) aims to dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). To demonstrate a genuine issue, Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts. ... Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industry Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

Summary judgment is appropriate against a party who cannot "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Id.* at 323.  Summary judgment does not require the absence of any factual dispute whatsoever. Rather, summary judgment is warranted where the record taken as a whole could not lead a rationale trier of fact to find in favor of the non-moving party. *See, e.g., Hanon v. Dataproducts Corp.*, 976 F.2d 497, 500 (9th Cir. 1992) ("[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986))).

MEMORANDUM OF POINTS AND AUTHORITIES ISO TTI'S MSJ

326601418v.1

## IV. ALL OF PLAINTIFF'S CLAIMS AGAINST TTI ARE BARRED BY A FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES OR BY THE STATUTE OF LIMITATIONS

### A. All ADA and FEHA Claims Are Barred Because Plaintiff Did Not Timely Exhaust Administrative Remedies

Plaintiff's First, Second, Third, Fourth, and Fifth Causes of Action all purport to allege ADA and FEHA claims against TTI for which Plaintiff failed to exhaust his administrative remedies.

Similarly, with respect to FEHA claims, "where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act." *Abelleira v. District Court of Appeal, Third Dist.*, 17 Cal. 2d 280, 292 (1941). "When an administrative tribunal is created by the Legislature, the requirement of exhaustion of administrative remedies is jurisdictional" and a bar to legal proceedings. *George Arakelian Farms, Inc. v. Agricultural Labor Relations Bd.*, 40 Cal. 3d 654, 661 (1985).

### 1. Plaintiff Filed His Charge with EEOC Years Too Late

ADA and FEHA claims both require timely exhaustion of administrative remedies through an administrative charge filed with relevant administrative agency before a lawsuit may be filed. *See Romano v. Rockwell Internat., Inc.*, 14 Cal. 4th 479, 492 (1996) ("The timely filing of an administrative complaint is a prerequisite to the bringing of a civil action for damages under the FEHA"); *Arakji v. Abbott Labs.*, No. 5:24-cv-02202-EJD, 2024 U.S. Dist. LEXIS 175115, *10-*11 (N.D. Cal. Sept. 26, 2024) (under FEHA and the ADA, an employee-plaintiff alleging discrimination must also exhaust their administrative remedies prior to bringing a civil action in court by filing a timely charge with the appropriate administrative agency (cit. omitted)).

The ADA incorporates Title VII's procedures, limitations period and remedies. 42 U.S.C. § 12117(a) (incorporating by reference several provisions of Title VII including 42 U.S.C. § 2000e-5). Under these procedures, an aggrieved individual who wishes to file a charge concerning an unlawful employment practice must do so within

6

326601418v.1

either 180-days or 300-days of the alleged unlawful employment practice. *See* 42 U.S.C. § 2000e-5, subd. (e)(1)).

Plaintiff filed his EEOC Charge No. 4380-2024-02584 on May 16, 2024. (UF 1.) Based upon his last date worked at TTI of July 19, 2019, the May 16, 2024, charge Plaintiff filed with the EEOC concerning TTI was **years** too late.

The charge Plaintiff filed with the EEOC makes no mention of FEHA. (Ceja Decl.[2], ¶ 2, Ex. A.) Even if it had, however, it too was filed **years** too late to preserve a FEHA claim. A complaint alleging a violation of FEHA "shall not be filed after the expiration of three years from the date upon which the unlawful practice or refusal to cooperate occurred." Cal. Gov. Code 12960(e)(5). Here, Plaintiff waited nearly five (5) years after the last date he worked at TTI to file his charge with the EEOC. (UFs 1, 2, 3, 4.)

### 2.    The Allegations in Plaintiff's Charge Have Nothing to do with TTI

A charge filed with the EEOC should contain "[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices[.]" 29 C.F.R. 1601.12, subd. (a). "In determining whether a plaintiff has exhausted claims that were not specified in an administrative charge, it is crucial that there is a factual relationship between the two, and it is appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, ... any locations at which discrimination is alleged to have occurred, and whether the claims are consistent with the plaintiff's original theory of the case." *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1100 (9th Cir. 2002) (cit. omitted; cleaned up), *abrogated on other grounds by Fort Bend County, Texas v. Davis*, 587 U.S. 541 (2019).

---

[2] "Ceja Decl" refers to Declaration of Evelyn Ceja in support of TTI's Motion for Summary Judgment concurrently filed herewith.

7

326601418v.1

"The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision." *B.K.B., supra,* 276 F.3d at 1099 (cit. omitted; cleaned up).  "The scope of a subsequent civil action is confined by the scope of the administrative complaint." *Arakji, supra,* 2024 U.S. Dist. LEXIS 175115 at *10-*11 (concerning ADA and FEHA disability discrimination claims).  "Accordingly, 'unlawful conduct not included in an administrative complaint is not considered by a court unless the conduct is like or reasonably related to the allegations in the administrative complaint, or can reasonably be expected to grow out of an administrative investigation.'" *Id.* (cit. omitted).

The particulars alleged in Plaintiff's EEOC charge have nothing to do with TTI.  Plaintiff's EEOC charge alleges:

I.  I began my employment in August 2004 and last held the position of Watchman.  On or about April 29, 2023, I disclose my disability to Ryan Williams, Labor Relations Representative and Andrew Prickett, asst. area director.  On or about April 29, 2023, I requested a reasonable accommodation to be removed from diving buses; I requested to be accommodated in classes, to be provided with a magnifier, to be provided with an escort when the terminal lights were turned off, and to have any correspondence forwarded by email to expand.  From on or about April 29, 2023, and continuing to the present, I have been denied reasonable accommodation.

II.  No reason has been given to me for failing to provide me with an accommodation.

III. I believe I have been discriminated against due to my disability, in violation of the Americans with Disability Act of 1990, as amended.

(UF 6.)  However, by Plaintiff's own admission, he last worked at TTI on July 2019, and at no time since then did he ever attempt to work at TTI.  (UFs 3, 4.)  Further, the individuals he claims he spoke to on April 29, 2023, are not TTI employees and were not working for TTI in April 2023.  (UFs 6, 7.)  In short, the allegations in his charge of discrimination against TTI have nothing to do with TTI and no investigation of those allegations would ever disclose any unlawful conduct by TTI.

8

MEMORANDUM OF POINTS AND AUTHORITIES ISO TTI'S MSJ

326601418v.1

**B.      Plaintiff's 1102.5 Retaliation Claim Is Time Barred**

In addition to alleging retaliation under the ADA, Plaintiff's Fifth Cause of Action alleges a claim of retaliation pursuant to Section 1102.5 of the California Labor Code ("Section 1102.5").  Section 1102.5 claims are subject to either a one-year statute of limitations to the extent penalties are sought and otherwise are subject to a three-year statute of limitations.  Cal. Code Civ. Pro. § 340, subd. (a) (one year statute of limitations for an action upon a statute for a penalty or forfeiture); Cal. Code Civ. Pro. § 338, subd. (a) (three year statute of limitations of action upon liability created by statute).

Because Plaintiff last worked at TTI in July 2019, his Complaint filed on June 2, 2025, was filed years too late. (*See* Dkt No. 1.)

**C.      Plaintiff's Wrongful Termination Claim Is Time Barred**

Plaintiff's Sixth Cause of Action alleges a common law claim for wrongful termination in violation of public policy.  Wrongful termination claims are subject to California's two-year statute of limitations for personal injury actions.  Cal. Code. Civ. Pro. § 335.1; *Prue v. Brady Co. / San Diego, Inc.*, 242 Cal. App. 4th 1367, 1382 (2015).

Because the last date Plaintiff worked at TTI was in July 2019, his wrongful termination claim first filed against TTI on June 2, 2025, was nearly six years too late. Plaintiff's wrongful termination claim against TTI is time-barred.  (UFs 1-7.)

**V.      PLAINTIFF CANNOT STATE A *PRIMA FACIE* CASE OF DISABILITY DISCRIMINATION**

There is a three-stage burden shifting test for discrimination claims established by the United States Supreme Court.  *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 354 (2000).  Plaintiff must first establish a *prima facie* case of discrimination, which the employer may rebut with a legitimate, non-discriminatory reason for the adverse action, and then plaintiff must show with substantial evidence that the employer's proffered reason was actually a pretext for discrimination.  *Id.* at 354-56; *see Raytheon Co. v. Hernandez*, 540 U.S. 44, 50 n.3 (2003) (applying the three-stage burden shifting test for ADA discrimination claim; "Under *McDonnell Douglas*, a plaintiff must first establish a prima

9

326601418v.1

facie case of discrimination. The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its employment action."); *see Horn v. Cushman & Wakefield Western, Inc.*, 72 Cal. App. 4th 798, 807 (1999) ("To avoid summary judgment, [plaintiff] 'must do more than establish a prima facie case and deny the credibility of the [defendant's] witnesses.' [He] must produce 'specific, substantial evidence of pretext.'").

To state a *prima facie* case under the ADA and the FEHA, "a plaintiff must prove that he is a qualified individual with a disability who suffered an adverse employment action because of his disability." *Sanders v. Arneson Prods., Inc.*, 91 F.3d 1351, 1353 (9th Cir. 1996); *Green v. State of California*, 42 Cal. 4th 254, 258 (2007) ("we conclude the FEHA requires employees to prove that they are qualified individuals under the statute just as the federal ADA requires"). Putting aside the question of whether or not Plaintiff was in fact a "qualified" individual, there is no evidence that Plaintiff suffered an adverse employment action during the time he worked at TTI, much less an adverse action because of his disability. By his own admission, he last worked at TTI on July 19, 2019, and then never attempted to work there again. (UFs 3, 4.) His EEOC charge alleges that he was subjected to disability discrimination in April 2023 by people who did not work for TTI. (UFs 6, 7.) Plaintiff cannot state a *prima facie* case of disability discrimination against TTI under either the ADA or FEHA.

## VI. PLAINTIFF'S SECOND CAUSE OF ACTION FOR DISABILITY-BASED HARASSMENT IN VIOLATION OF ADA AND FEHA FAILS

To prevail on a disability-based harassment claim under FEHA or the ADA, Plaintiff must show that he was subjected to unwelcome conduct because of his disability that was "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993); Cal. Gov. Code § 12940(j)(1); *Martin v. Bd. of Trustees of Cal. State Univ.*, 97 Cal. App. 5th 149, 170 (2023) (FEHA is violated "[w]hen the workplace is permeated with discriminatory intimation, ridicule and insult that is sufficiently severe or pervasive

10

326601418v.1

to alter the conditions of the victim's employment and create an abusive working environment" (quoting *Nazir v. United Airlines, Inc.*, 178 Cal. App. 4th 243, 263 (2009))); *Floyd v. Lee*, 968 F. Supp. 2d 308, 329 (D.D.C. 2013) (same standard under ADA).  Plaintiff must show that he "subjectively perceived his workplace environment as hostile, but also that a reasonable person would so perceive it, *i.e.*, that it was objectively hostile." *Fox v. Gen. Motors Corp.*, 247 F.3d 169, 178 (4th Cir. 2001).  Courts assess hostility by examining the totality of the circumstances, including the frequency and severity of the conduct.  *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 283 (2006).

Plaintiff's EEOC charge contains no allegations of disability-based harassment. (UF 6.)  To the extent Plaintiff contends his charge does reflect allegations of disability-based harassment, his charge still has nothing to do with TTI as it pertains to a time period he did not work at TTI and names persons who did not work for TTI.  (UFs 2, 3, 4, 7.)  Plaintiff cannot state a *prima facie* case of disability-based harassment against TTI under either the ADA or FEHA.

## VII.    PLAINTIFF'S THIRD CAUSE OF ACTION FOR FAILURE TO ACCOMMODATE IN VIOLATION OF ADA AND FEHA FAILS

The elements of a failure to accommodate claim are (1) the plaintiff has a disability, (2) the plaintiff is qualified to perform the essential functions of the position, and (3) the **employer** failed to reasonably accommodate the plaintiff's disability.  *Scotch v. Art Inst. of California*, 173 Cal. App. 4th 986, 1009-10 (2009).  The person seeking accommodation from an employer must have been either an employee or an applicant at the time accommodation is requested.  *See* Cal. Gov. Code § 12940, subd. (m)(1) (obligation under FEHA to accommodate only "an applicant or employee"); 42 U.S.C. § 12112, subd. (b)(5)(A) (obligation under ADA to accommodate only a qualified individual "who is an applicant or employee").  "Essential to plaintiff's statutory claims is the existence of an employment relationship." *Patterson v. Domino's Pizza, LLC,* 60 Cal. 4th 474, 499 (2014) (cit. and int. quotes omitted).

11

MEMORANDUM OF POINTS AND AUTHORITIES ISO TTI'S MSJ

326601418v.1

Plaintiff's EEOC charge contends that on April 29, 2023, he requested and was refused an accommodation. (UF 6.) By Plaintiff's own admission, he was neither a TTI employee nor a job applicant in April 2023. (UFs 3, 4, 9, 10.) Plaintiff admits he last worked at TTI in July 2019 and that, at no time since July 2019, did he attempt to work at TTI and get turned away for any reason. (UFs 3, 4.) Moreover, the persons to whom he claims he made his request for accommodation were not TTI employees. (UFs 6, 7.)

Finally, TTI has reasonable accommodation policies. (UF 11.) Had Plaintiff attempted to work at TTI in 2023, TTI would have engaged in the interactive process with him to determine whether there was a reasonable accommodation that would permit him to perform the essential functions of the job position. (UF 12.) Plaintiff's failure to accommodate claim fails.

## VIII.  PLAINTIFF'S FOURTH CAUSE OF ACTION FOR FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS FAILS

To prevail on a failure-to-engage claim under FEHA, Plaintiff must prove that: (1) he had a disability known to the employer; (2) he requested, or the employer otherwise became aware of, the need for accommodation; (3) the employer failed to engage in a timely, good-faith interactive process; and (4) this failure resulted in harm to the employee. *Nadaf-Rahrov v. Neiman Marcus Group, Inc.*, 166 Cal. App. 4th 952, 979-981. An employer is only required to engage in the interactive process with employees and applicants. Cal. Gov. Code § 12940, subd. (h); *Shephard v. Loyola Marymount Univ.*, 102 Cal. App. 4th 837, 842 (2002) ("[T]o recover under the discrimination in employment provisions of the FEHA, the aggrieved plaintiff must be an employee."); *Anthony v. Trax Int'l Corp.*, 955 F.3d 1123, 1134 (9th Cir. 2020) (under the ADA the duty to accommodate applies only to employees and applicants; the interactive process is similarly limited).

The analysis here is the same as the analysis of Plaintiff's failure to accommodate claim. Again, Plaintiff's EEOC charge contends that on April 29, 2023, he requested and was refused an accommodation. (UF 6.) By Plaintiff's own admission, he was neither a

12

MEMORANDUM OF POINTS AND AUTHORITIES ISO TTI'S MSJ

326601418v.1

TTI employee nor a job applicant in April 2023.  (UF 3, 4, 9, 10.)  Plaintiff admits he last worked at TTI in July 2019 and that, at no time since July 2019, did he attempt to work at TTI and get turned away for any reason.  (UFs 3, 4.)   Moreover, the persons to whom he claims he made his request for accommodation were not TTI employees.  (UFs 6, 7.)

Finally, TTI has reasonable accommodation policies.  (UF 11.)  Had Plaintiff attempted to work at TTI in 2023, TTI would have engaged in the interactive process with him to determine whether there was a reasonable accommodation that would permit him to perform the essential functions of the job position.  (UF 12.)  As such, Plaintiff's interactive process claim fails.

## IX.    PLAINTIFF'S FIFTH CAUSE OF ACTION FOR RETALIATION FAILS

The *prima facie* case for retaliation claims under ADA requires Plaintiff to establish that: (1) he engaged in a protected activity; (2) he suffered an adverse action; and (3) a causal connection exists between the protected activity and the adverse action. *See Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004); *Scotch v. Art Inst. of California-Orange Cty., Inc.*, 173 Cal. App. 4th 986, 1020 (2009) (same).  To establish a *prima facie* case for retaliation under Lab. Cd. § 1102.5, plaintiff "must prove that he engaged in protected activity, such as a disclosure under subdivision (b) or a refusal to participate under subdivision (c), that he was subjected to adverse employment action by his employer, and that there was a causal link between the [protected activity] and the adverse action." *City of Whittier v. Everest Nat'l Ins. Co.*, 97 Cal. App. 5th 895, 907 (2023), as modified on denial of reh'g (Dec. 26, 2023)

Courts have held that when an employee's disability discrimination claim fails, such as here, the employee's retaliation claim also fails.  *See, e.g., Olea v. Trojan Battery Co., LLC,* No. 2:20-cv-08004-VAP-(PDx), 2021 WL 12312932, at *7 (C.D. Cal. Sept. 21, 2021) (granting summary judgment as to disability claims under the FEHA, including retaliation; "Olea's failure to establish a prima facie case for disability discrimination is fatal to his remaining claims…. The Court therefore finds that no triable questions of fact remain as to Olea's claims for retaliation, failure to prevent discrimination and retaliation,

MEMORANDUM OF POINTS AND AUTHORITIES ISO TTI'S MSJ
326601418v.1

failure to accommodate and to engage in an interactive process, wrongful termination in violation of California public policy, and declaratory judgment"); *Jackson v. Simon Prop. Grp., Inc.*, 795 F. Supp. 2d 949, 962 (N.D. Cal. 2011) ("the Court finds that Plaintiff has not made out a prima facie case of disability discrimination. This failure is fatal to Plaintiff's claims for disability discrimination, retaliation, and failure to engage in the interactive process.").

Just as Plaintiff cannot establish a *prima facie* case of disability discrimination, Plaintiff cannot establish a *prima facie* case of retaliation. He cannot establish that he engaged in any protected activity while working at TTI, nor can he establish that he suffered an adverse action while working at TTI. Plaintiff has not worked at TTI since July 2019. (UFs 2, 3, 4.) His EEOC charge pertains to alleged actions he took on April 29, 2023, involving persons not employed by TTI. (UFs 6, 7.) There is no basis whatsoever for a retaliation claim against TTI.

## X. PLAINTIFF'S SIXTH CAUSE OF ACTION FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY FAILS

Plaintiff's wrongful termination claim is premised on his ADA and FEHA claims. Because his ADA and FEHA claims fail, his derivative claim for wrongful termination also fails. *See, e.g.*, *Sneddon v. ABF Freight Sys.*, 489 F. Supp. 2d 1124, 1131 (S.D. Cal. 2007) ("[I]f the claim for . . . discrimination fails, plaintiff's cause of action for wrongful termination in violation of public policy fails because it is derivative of plaintiff's statutory claim…."); *Mofrad v. United Parcel Serv., Inc.*, No. 23-CV-01899-AMO, 2025 WL 2308492, at *9 (N.D. Cal. Aug. 11, 2025), modified, No. 23-CV-01899-AMO, 2025 WL 2374111 (N.D. Cal. Aug. 15, 2025) (granting summary judgment as to wrongful termination premised on ADA claim because the company was "entitled to summary judgment on [the ADA] failure to accommodate claim.").

## XI. PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES FAILS

Plaintiff's claim for punitive damages fails as a matter of law. For TTI to be liable for punitive damages, Plaintiff must prove by clear and convincing evidence that one of

14

MEMORANDUM OF POINTS AND AUTHORITIES ISO TTI'S MSJ

326601418v.1

TTI's officers, directors, or managing agents personally engaged in oppressive, fraudulent or malicious conduct towards Plaintiff.  Cal. Civ. Code § 3294(b); *Basich v. Allstate Insurance Co.*, 87 Cal. App. 4th 1112, 1121 (2001) (clear and convincing evidence must be shown even in opposition to a motion for summary adjudication of punitive damages); *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 566-67 (1999) (The "clear and convincing" standard "requires a finding of high probability . . . so clear as to leave no substantial doubt; sufficiently strong to command the unhesitating assent of every reasonable mind.")

Here, no such facts exist.  (*See* UFs 1-13.)  Plaintiff cannot show—by clear and convincing evidence—that any of TTI's officers, directors or managing agents personally engaged in oppressive, fraudulent or malicious conduct towards Plaintiff.  Thus, Plaintiff's punitive damages claim fails as a matter of law.

## XII.   CONCLUSION

For the foregoing reasons, TTI respectfully requests that the Court grant its Motion for Summary Judgment in its entirety.

DATED: June 17, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Dana L. Peterson*
Clifford 'Seth' Sethness
Dana L. Peterson
David J. Kim
Tabitha Kwon
Attorneys for Defendants
PACIFIC MARITIME ASSOCIATION, LBCT LLC, APM TERMINALS PACIFIC LLC, TOTAL TERMINALS INTERNATIONAL LLC, and SSA TERMINALS LLC

15

MEMORANDUM OF POINTS AND AUTHORITIES ISO TTI'S MSJ

326601418v.1

## **Local Rule 11-6.2 Certification**

The undersigned, counsel of record for SSAT, certifies that this brief contains 5,040 words, which complies with the word limit of L.R. 11-6.1.

By: */s/ Dana L. Peterson*

Dana L. Peterson

16

MEMORANDUM OF POINTS AND AUTHORITIES ISO TTI'S MSJ

326601418v.1