SEYFARTH SHAW LLP
Clifford 'Seth' Sethness (SBN 212975)
csethness@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile:   (213) 270-9601

Dana L. Peterson (SBN 178499)
dpeterson@seyfarth.com
David J. Kim (SBN 349802)
dakim@seyfarth.com
Tabitha Kwon (SBN 365915)
tkwon@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendants
PACIFIC MARITIME ASSOCIATION, LBCT
LLC, APM TERMINALS PACIFIC LLC,
TOTAL TERMINALS INTERNATIONAL LLC,
and SSA TERMINALS LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOCH GREENE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LBCT LLC, a Limited Liability Company; PACIFIC MARITIME ASSOCIATION, a California Nonprofit Corporation; APM TERMINALS PACIFIC LLC, a Limited Liability Company; ILWU LOCAL 26, Union; TOTAL TERMINALS INTERNATIONAL LLC, a Limited Liability Company; SSA TERMINALS LLC, a Limited Liability Company; and DOES 1 through 50, inclusive;,<br><br>Defendants. | Case No. 5:25-cv-01359-KK-CTS<br><br>Hon. Kenly Kiya Kato<br><br>**SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF DEFENDANT TOAL TERMINALS INTERNATIONAL LLC'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**<br><br>Date:       July 16, 2026<br>Time:       9:30 a.m.<br>Dept:       3<br><br>Date Action Filed: June 2, 2025<br>FAC Filed:             June 20, 2025<br>Trial Date:            September 28, 2026 |

SEPARATE STATEMENT OF UNCONTROVERTED FACTS ISO TTI'S MSJ

Defendant Total Terminals International LLC ("Defendant" or "TTI") hereby submits its Separate Statement of Uncontroverted Facts in support of its Motion for Summary Judgment or in the Alternative, Partial Summary Judgment ("SSUF").

**PLAINTIFF'S FIRST CAUSE OF ACTION**

<u>**Issue 1**</u>:  **Plaintiff's First Cause Of Action Against TTI For Disability Discrimination In Violation Of The FEHA And The ADA Fails As A Matter Of Law Because Plaintiff Failed To Timely Exhaust Administrative Remedies.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 1.    Plaintiff filed his EEOC Charge No. 4380-2024-02584 against TTI on May 16, 2024.<br><br>(Ceja Decl.[1] ¶ 2.) | |
| 2.    The last date Plaintiff worked at TTI was July 22, 2019.  Plaintiff has not worked at TTI since that date.  TTI has no record that Plaintiff was dispatched to or requested dispatch to TTI after July 22, 2019.<br><br>(Ceja Decl. ¶ 3.) | |
| 3.    Plaintiff admits that he last worked at TTI in July 2019.<br><br>(Peterson Decl. [2] ¶ 2, Ex. A, Pl. Dep. 53:23-54:4.) | |
| 4.    Plaintiff admits that, at no time since July 2019, did he attempt to work at TTI and get turned away for any reason.<br><br>(Peterson Decl. ¶ 2, Ex. A, Pl. Dep. 54:5-11.) | |

---

[1] "Ceja Decl." refers to Declaration of Evelyn Ceja in support of TTI's Motion for Summary Judgment filed concurrently herewith.

[2] "Peterson Decl." refers to the Declaration of Dana L. Peterson in support of TTI's Motion for Summary Judgment filed concurrently herewith.

1

SEPARATE STATEMENT OF UNCONTROVERTED FACTS ISO TTI'S MSJ

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 5.       Plaintiff filed his Complaint in this case on June 2, 2025.<br><br>(Dkt. No. 1.) | |

## PLAINTIFF'S FIRST CAUSE OF ACTION

## Issue 2: Plaintiff's First Cause Of Action Against TTI For Disability Discrimination In Violation Of The FEHA And The ADA Fails As A Matter Of Law Because The Allegations In Plaintiff's EEOC Charge Do Not Concern TTI.

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 2-4, as if set forth herein. | |
| 6.       Plaintiff's EEOC charge against TTI alleges:<br><br>I.       I began my employment in August 2004 and last held the position of Watchman.  On or about April 29, 2023, I disclose my disability to Ryan Williams, Labor Relations Representative and Andrew Prickett, asst. area director. On or about April 29, 2023, I requested a reasonable accommodation to be removed from diving buses; I requested to be accommodated in classes, to be provided with a magnifier, to be provided with an escort when the terminal lights were turned off, and to have any correspondence forwarded by email to expand. From on or about April 29, 2023, and continuing to the present, I have | |

2

SEPARATE STATEMENT OF UNCONTROVERTED FACTS ISO TTI'S MSJ

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| been denied reasonable accommodation.<br><br>II.    No reason has been given to me for failing to provide me with an accommodation.<br><br>III.    I believe I have been discriminated against due to my disability, in violation of the Americans with Disability Act of 1990, as amended.<br><br>(Ceja Decl. ¶ 2, Ex. A.) | |
| 7.    Individuals identified in Plaintiff's EEOC charge, Ryan Williams, Labor Relations Representative and Andrew Prickett, Asst. Area Director, are not TTI employees and were not TTI employees in April 2023, when Plaintiff claims he interacted with them.<br><br>(Ceja Decl. ¶ 4.) | |

**Issue 3:  Plaintiff's First Cause Of Action Against TTI For Disability Discrimination In Violation Of The FEHA And The ADA Fails As A Matter Of Law Because Plaintiff Cannot Establish A *Prima Facie* Case, As He Did Not Suffer Any Adverse Employment Action By TTI.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 2-4, as if set forth herein. | |
| 8.    TTI employs "Watchmen" to perform security functions.<br><br>(Glassco Decl. ¶ 3.) | |

3

SEPARATE STATEMENT OF UNCONTROVERTED FACTS ISO TTI'S MSJ

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 9. TTI does not employ Watchmen "indefinitely" or in an otherwise traditional manner.  Rather, like other PMA member companies, TTI offers work on a per-shift basis that Watchmen can opt to be dispatched for.  TTI does not select which Watchmen will be dispatched to work at their terminal.  The Watchmen select both the shift time and the employer they want to work for.<br><br>(Glassco Decl. ¶ 5.) | |
| 10. Until a Watchman accepts a work dispatch to TTI, they are not considered an employee of TTI.  Once a Watchman accepts a work dispatch, the Watchman remains employed for the duration of that dispatched shift.  Once that shift ends/is completed, the employment relationship between that Watchman and TTI ends, and they are not employed by TTI again until they accept another work dispatch at TTI.<br><br>(Glassco Decl. ¶ 6.) | |
| 11. TTI policy requires the reasonable accommodation of qualified individuals with disabilities.  TTI's reasonable accommodations policies provide:<br><br>**1.4 Reasonable Accommodations**<br><br>TTI strives to comply with the Americans with Disabilities Act (ADA), as amended by the ADA Amendments Act, and all applicable state or local laws, including without limitation the California Fair Employment and Housing Act ("FEHA"). Consistent with those requirements, TTI encourages anyone who believes they may need one or more reasonable accommodations to request them. TTI will reasonably accommodate qualified individuals with a disability or medical condition, if such accommodation would allow the individual to perform the essential functions of their job position, | |

4

SEPARATE STATEMENT OF UNCONTROVERTED FACTS ISO TTI'S MSJ

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| unless doing so would create an undue hardship or pose a threat to the health or safety of the individual seeking the accommodation or others. TTI will also, where appropriate, provide reasonable accommodations for a job applicant's or employee's religious beliefs or practices.<br><br>If you believe you need an accommodation, please notify your manager or TTI's Human Resources personnel. If someone notifies you that they believe they need an accommodation, you must immediately notify Human Resources of the request. Once notified of a need for reasonable accommodation, TTI's Human Resources Department will contact you to begin the process of understanding the condition for which an accommodation is sought, including any limitations the condition may impose, to determine if an accommodation is appropriate and, if so, what accommodations may be reasonable to enable you to perform the essential functions of your job position. If you are seeking a reasonable accommodation, you are expected to participate in good faith in this interactive process, which may include requests that you provide certain information from your healthcare providers. Failure to participate in good faith in the interactive process may result in denial of your accommodation and/or other adverse action. The interactive process will continue until your condition has been successfully accommodated or it is determined that there is no reasonable accommodation that will enable you to perform the essential functions of your job position without causing undue hardship or posing a threat to the health or safety of you or others.<br><br>**3.8 Disability Accommodation**<br><br>TTI is committed to complying fully with the Americans with Disabilities Act (ADA) and applicable state law, and to ensure equal opportunity in employment for qualified persons with disabilities. All | |

5

SEPARATE STATEMENT OF UNCONTROVERTED FACTS ISO TTI'S MSJ

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| employment practices and activities are conducted on a non-discriminatory basis. Reasonable accommodations for qualified individuals with known disabilities will be made unless to do so would impose an undue hardship on the Company. All employment decisions are based on the merits of the situation in accordance with defined criteria, not the disability of the individual.<br><br>Qualified individuals with disabilities are entitled to equal pay and other forms of compensation (or changes in compensation) as well as in job assignments, classifications, organizational structures, position descriptions, lines of progression and seniority lists. Leave of all types will be available to all employees on an equal basis.  TTI also prohibits discrimination against any qualified employees or applicants because they are related to or associated with a person with a disability. TTI will follow any state or local law that provides disabled persons greater protection than the ADA.<br><br>Employees who believe that they have a protected disability and feel the need for a reasonable accommodation must advise Human Resources, either verbally or in writing. After receiving your oral or written request, TTI will engage in an interactive dialogue with you to determine the precise limitations of your disability and explore potential reasonable accommodations, if any, that would enable you to perform the essential functions of your position without imposing an undue hardship on the Company. TTI encourages you to suggest specific reasonable accommodations that you believe would allow you to perform your job. However, TTI is not required to make the specific accommodation requested by you and may provide an alternative, effective accommodation, to the extent any reasonable accommodation can be made without imposing an undue hardship on the Company. | |

6

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| If your disability or need for accommodation is not obvious, and the you have not already provided TTI with reasonable medical documentation confirming the existence of the disability and the need for reasonable accommodation, TTI may require you to provide such reasonable medical documentation. TTI will keep confidential any medical information that it obtains in connection with your request for a reasonable accommodation This policy is neither exhaustive nor exclusive.<br><br>TTI is committed to taking all other actions necessary to ensure equal employment opportunity for persons with disabilities in accordance with the ADA and all other applicable federal, state, and local laws.<br><br>(Peterson Decl. ¶ 3, Ex. B, Glassco Dep. 15:12-16, 28:19-21, 34:7-17, Ex. 124, pp. 8-9, 47.) | |
| 12.    Had Plaintiff attempted to work at TTI, TTI would have gone through the interactive process with Plaintiff to determine whether or not there were any reasonable accommodations it could put in place to address his visual impairment.<br><br>(Peterson Decl. ¶ 3, Ex. B, Glassco Dep. 14:11-15:7, 28:22-29:8.) | |
| 13.    TTI policy also prohibits unlawful discrimination, harassment, and retaliation based upon disability, medical condition, or other protected status or participation in protected conduct.<br><br>(Peterson Decl. ¶ 3, Ex. B, Glassco Dep. 30:15-21, 30:25-31:4, 34:7-17, Ex. 124, pp. 9-12, 23-24.) | |

7

SEPARATE STATEMENT OF UNCONTROVERTED FACTS ISO TTI'S MSJ

## PLAINTIFF'S SECOND CAUSE OF ACTION

**Issue 4:  Plaintiff's Second Cause Of Action Against TTI For Disability-Based Harassment In Violation Of The FEHA And The ADA Fails As A Matter Of Law Because Plaintiff Failed To Timely Exhaust Administrative Remedies.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
| --- | --- |
| Defendant incorporates herein SSUF Nos. 1-5, as if set forth herein. | |

**Issue 5:  Plaintiff's Second Cause Of Action Against TTI For Disability-Based Harassment In Violation Of The FEHA And The ADA Fails As A Matter Of Law Because The Allegations In Plaintiff's EEOC Charge Do Not Concern TTI.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
| --- | --- |
| Defendant incorporates herein SSUF Nos. 2-4, 6, and 7, as if set forth herein. | |

**Issue 6:  Plaintiff's Second Cause Of Action Against TTI For Disability-Based Harassment In Violation Of The FEHA And The ADA Fails As A Matter Of Law Because Plaintiff Cannot Establish A *Prima Facie* Case Of Disability-Based Harassment Against TTI.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
| --- | --- |
| Defendant incorporates herein SSUF Nos. 2-4, 6, 7, and 13, as if set forth herein. | |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

8

SEPARATE STATEMENT OF UNCONTROVERTED FACTS ISO TTI'S MSJ

# PLAINTIFF'S THIRD CAUSE OF ACTION

**Issue 7:  Plaintiff's Third Cause Of Action Against TTI For Failure To Accommodate In Violation Of The FEHA And The ADA Fails As A Matter Of Law Because Plaintiff Failed To Timely Exhaust Administrative Remedies.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
| --- | --- |
| Defendant incorporates herein SSUF Nos. 1-5, as if set forth herein. | |

**Issue 8:  Plaintiff's Third Cause Of Action Against TTI For Failure To Accommodate In Violation Of The FEHA And The ADA Fails As A Matter Of Law Because The Allegations In Plaintiff's EEOC Charge Do Not Concern TTI.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
| --- | --- |
| Defendant incorporates herein SSUF Nos. 2-4, 6, and 7, as if set forth herein. | |

**Issue 9:  Plaintiff's Third Cause Of Action Against TTI For Failure To Accommodate In Violation Of The FEHA And The ADA Fails As A Matter Of Law Because Plaintiff Was Neither A TTI Employee Nor A Job Applicant At The Time He Requested Accommodation.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
| --- | --- |
| Defendant incorporates herein SSUF Nos. 2-4, 6, 7, 9, and 10, as if set forth herein. | |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

9

SEPARATE STATEMENT OF UNCONTROVERTED FACTS ISO TTI'S MSJ

## PLAINTIFF'S FOURTH CAUSE OF ACTION

**Issue 10:  Plaintiff's Fourth Cause Of Action Against TTI For Failure To Engage In The Interactive Process In Violation Of The FEHA And The ADA Fails As A Matter Of Law Because Plaintiff Failed To Timely Exhaust Administrative Remedies.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 1-5, as if set forth herein. | |

**Issue 11:  Plaintiff's Fourth Cause Of Action Against TTI For Failure To Engage In The Interactive Process In Violation Of The FEHA And The ADA Fails As A Matter Of Law Because The Allegations In Plaintiff's EEOC Charge Do Not Concern TTI.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 2-4, 6, and 7, as if set forth herein. | |

**Issue 12:  Plaintiff's Fourth Cause Of Action Against TTI For Failure To Engage In The Interactive Process In Violation Of The FEHA And The ADA Fails As A Matter Of Law Because Plaintiff Was Neither A TTI Employee Nor A Job Applicant At The Time He Requested Accommodation.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 2-4, 6, 7, 9, and 10, as if set forth herein. | |

/ / /

/ / /

/ / /

/ / /

SEPARATE STATEMENT OF UNCONTROVERTED FACTS ISO TTI'S MSJ

## PLAINTIFF'S FIFTH CAUSE OF ACTION

**Issue 13:** Plaintiff's Fifth Cause Of Action Against TTI For Retaliation Under 42 U.S.C. § 12203 Fails As A Matter Of Law Because Plaintiff Failed To Timely Exhaust Administrative Remedies.

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 1-5, as if set forth herein. | |

**Issue 14:** Plaintiff's Fifth Cause Of Action Against TTI For Retaliation Under 42 U.S.C. § 12203 Fails As A Matter Of Law Because The Allegations In Plaintiff's EEOC Charge Do Not Concern TTI.

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 2-4, 6, and 7, as if set forth herein. | |

**Issue 15:** Plaintiff's Fifth Cause Of Action Against TTI For Retaliation Under California Labor Code § 1102.5 Fails As A Matter Of Law Because It Is Barred By The Applicable Statute Of Limitations.

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 1-7, as if set forth herein. | |

**Issue 16:** Plaintiff's Fifth Cause Of Action Against TTI For Retaliation Fails As A Matter Of Law Because Plaintiff Cannot Establish A *Prima Facie* Case, As He Did Not Engage In Any Protected Activity During His Employment With TTI.

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 3-13, as if set forth herein. | |

11

SEPARATE STATEMENT OF UNCONTROVERTED FACTS ISO TTI'S MSJ

**Issue 17:  Plaintiff's Fifth Cause Of Action Against TTI For Retaliation Fails As A Matter Of Law Because Plaintiff Cannot Establish A *Prima Facie* Case, As He Did Not Suffer Any Adverse Action By TTI.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 2-4 and 8-13, as if set forth herein. | |

### PLAINTIFF'S SIXTH CAUSE OF ACTION

**Issue 18:  Plaintiff's Sixth Cause Of Action Against TTI For Wrongful Termination In Violation Of Public Policy Fails As A Matter Of Law Because It Is Barred By The Applicable Statute Of Limitations.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 1-7, as if set forth herein. | |

**Issue 19:  Plaintiff's Sixth Cause Of Action Against TTI For Wrongful Termination In Violation Of Public Policy Fails As A Matter Of Law Because It Is Purely Derivative Of Plaintiff's Underlying ADA And FEHA Claims, Which Fail As A Matter Of Law.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 1-13, as if set forth herein. | |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

12

SEPARATE STATEMENT OF UNCONTROVERTED FACTS ISO TTI'S MSJ

**PLAINTIFF'S PRAYER FOR RELIEF—PUNITIVE DAMAGES**

**Issue 20:**  Plaintiff's Request For Punitive Damages Fails As A Matter Of Law Because No TTI Officer, Director, Or Managing Agent Personally Engaged In Oppressive, Fraudulent, Or Malicious Conduct Toward Plaintiff.

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 1-13, as if set forth herein. | |

DATED:  June 17, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Dana L. Peterson*
    Clifford D. Sethness
    Dana L. Peterson
    David J. Kim
    Tabitha Kwon
    Attorneys for Defendants
    PACIFIC MARITIME ASSOCIATION, LBCT LLC, APM TERMINALS PACIFIC LLC, TOTAL TERMINALS INTERNATIONAL LLC, and SSA TERMINALS LLC

13

SEPARATE STATEMENT OF UNCONTROVERTED FACTS ISO TTI'S MSJ