SEYFARTH SHAW LLP
Clifford 'Seth' Sethness (SBN 212975)
csethness@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:  (213) 270-9600
Facsimile: (213) 270-9601

Dana L. Peterson (SBN 178499)
dpeterson@seyfarth.com
David J. Kim (SBN 349802)
dakim@seyfarth.com
Tabitha Kwon (SBN 365915)
tkwon@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
PACIFIC MARITIME ASSOCIATION, LBCT
LLC, APM TERMINALS PACIFIC LLC,
TOTAL TERMINALS INTERNATIONAL LLC,
and SSA TERMINALS LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOCH GREENE, an individual;, | Case No. 5:25-cv-01359-KK-CTS |
| Plaintiff, | HON. KENLY KIYA KATO |
| v. | **APPENDIX OF EVIDENCE IN SUPPORT OF DEFENDANT TOTAL TERMINALS INTERNATIONAL LLC'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** |
| LBCT LLC, a Limited Liability Company; PACIFIC MARITIME ASSOCIATION, a California Nonprofit Corporation; APM TERMINALS PACIFIC LLC, a Limited Liability Company; ILWU LOCAL 26, Union; TOTAL TERMINALS INTERNATIONAL LLC, a Limited Liability Company; SSA TERMINALS LLC, a Limited Liability Company; and DOES 1 through 50, inclusive;, | Date:     July 16, 2026<br>Time:     9:30 a.m.<br>Dept:     3 |
| Defendants. | Complaint Filed:   June 2, 2025<br>FAC Filed:   June 20, 2025<br>Trial Date:   September 28, 2026 |

326632892v.1

Defendant Total Terminals International LLC ("Defendant" or "TTI") hereby submits its Appendix of Evidence in support of its Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment.

| EVIDENCE | TAB |
|---|---|
| **DECLARATION OF DANA L. PETERSON**<br><br>Exhibit A:   Excerpts from Deposition of Plaintiff Enoch Greene, Vol. I<br><br>Exhibit B:   Excerpts from Deposition of TTI's Person Most Knowledgeable, Blake Glassco | **1** |
| **DECLARATION OF EVELYN CEJA**<br><br>Exhibit A:   April 23, 2025 Email from EEOC Investigator Erika Ribota-De La Concha with Two Attachments: (a) Charge of Discrimination Against TTI, Charge No. 480-2024-02584 dated May 16, 2024; and (b) Notice of Charge of Discrimination dated May 23, 2024 | **2** |
| **DECLARATION OF BLAKE GLASSCO** | **3** |

DATED: June 17, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Dana L. Peterson*
    Clifford D. Sethness
    Dana L. Peterson
    David J. Kim
    Tabitha Kwon
    Attorneys for Defendants
    PACIFIC MARITIME ASSOCIATION, LBCT LLC, APM TERMINALS PACIFIC LLC, TOTAL TERMINALS INTERNATIONAL LLC, and SSA TERMINALS LLC

1

APPENDIX OF EVIDENCE ISO TTI'S MOTION FOR SUMMARY JUDGMENT

326632892v.1

# TAB 1

SEYFARTH SHAW LLP
Clifford 'Seth' Sethness (SBN 212975)
csethness@seyfarth.com
601 S. Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile:   (213) 270-9601

Dana L. Peterson (SBN 178499)
dpeterson@seyfarth.com
David J. Kim (SBN 349802)
dakim@seyfarth.com
Tabitha Kwon (SBN 365915)
tkwon@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendants
PACIFIC MARITIME ASSOCIATION; LBCT
LLC; APM TERMINALS PACIFIC LLC;
TOTAL TERMINALS INTERNATIONAL, LLC;
SSA TERMINALS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOCH GREENE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LONG BEACH CONTAINER TERMINAL, INC. a Corporation; PACIFIC MARITIME ASSOCIATION, a California Nonprofit Corporation; APM TERMINALS PACIFIC LLC, a Limited Liability Company; ILWU LOCAL 26, Union; TOTAL TERMINALS INTERNATIONAL LLC, a Limited Liability Company; SSA TERMINALS LLC, Limited Liability Company; MATSON NAVIGATION COMPANY INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 5:25-cv-01359-KK-CTS<br><br>HON. KENLY KIYA KATO<br><br>**DECLARATION OF DANA L. PETERSON IN SUPPORT OF DEFENDANT TOTAL TERMINALS INTERNATIONAL LLC'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date:          July 16, 2026<br>Time:          9:30 a.m.<br>Location:    Courtroom 3, 3rd Floor<br><br>Complaint Filed:     June 2, 2025<br>FAC Filed:             June 20, 2025 |

DECLARATION OF DANA L. PETERSON IN SUPPORT OF TTI'S MSJ

326632999v.1

# DECLARATION OF DANA L. PETERSON

I, Dana L. Peterson, declare as follows:

1.    I am an attorney licensed to practice law in the State of California, and I am admitted to appear before this Court.  I am a partner with the law firm of Seyfarth Shaw LLP.  I am one of the attorneys representing Defendants Pacific Maritime Association, LBCT LLC, APM Terminals Pacific LLC, Total Terminals International, LLC ("TTI"), and SSA Terminals, LLC (collectively, "Non-Union Defendants") in the above-captioned matter, filed by Plaintiff Enoch Greene ("Plaintiff").  All of the pleadings, discovery, and correspondence in this lawsuit are maintained in our office in the ordinary course of business under my direction and control.  I have reviewed the pleadings, discovery, and correspondence in preparing this Declaration.

2.    On March 18, 2026 and April 22, 2026, I took the deposition of Plaintiff. Attached hereto as **Exhibit A** is a true and correct copy of excerpts from Plaintiff's deposition transcript and exhibits referenced in TTI's Motion for Summary Judgment or Partial Summary Judgment ("MSJ").

3.    On April 22, 2026, Plaintiff took the deposition of TTI's Person Most Knowledgeable ("PMK").  I defended the deposition.  Attached hereto as **Exhibit B** is a true and correct copy of excerpts from TTI's PMK deposition transcript and exhibits referenced in TTI's MSJ.

4.    To comply with Local Rule 7-3, on June 11, 2026, counsel for all Parties, including Plaintiff and Defendant ILWU Local 26, met and conferred via telephone to advise that they would be filing a motion for summary judgment on all six causes of action raised in Plaintiff's operative First Amended Complaint, including his request for punitive damages, and discussed the grounds on which the Motion would be made. During the call, Defendants asked Plaintiff whether Plaintiff sought to continue prosecuting all six causes of action, or if he would abandon any claims before they filed their Motion.  Plaintiff stated that he would oppose Defendants' Motion for Summary Judgment.  Therefore, the Parties were unable to reach a resolution that eliminates the

1

DECLARATION OF DANA L. PETERSON IN SUPPORT OF TTI'S MSJ

326632999v.1

necessity for a hearing on this Motion, and TTI now files the Motion on the grounds set forth above.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on June 17, 2026 at Los Angeles, California.

/s/ Dana L. Peterson
Dana L. Peterson

DECLARATION OF DANA L. PETERSON IN SUPPORT OF TTI'S MSJ

326632999v.1

# EXHIBIT A



# Transcript of Enoch Greene

**Date:** March 18, 2026
**Case:** Greene -v- Long Beach Container Terminal, Inc., et al.

**Planet Depos**
**Phone:** 888.433.3767
**Email:** clientservices@planetdepos.com
**planetdepos.com**
**Michigan #8598 | Nevada #089F | New Mexico #566**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


ENOCH GREENE, an individual,      )
                                  )
            Plaintiff,            )
                                  )
vs.                               )   Case No. 5:25-cv-
                                  )   01359-KK-SHK
LONG BEACH CONTAINER TERMINAL,    )
INC., a Corporation; PACIFIC      )
MARITIME ASSOCIATION, a           )
California Nonprofit              )
Corporation; APM TERMINALS        )
PACIFIC LLC, a Limited            )
Liability Company; ILWU LOCAL     )
26, Union; TOTAL TERMINALS        )
INTERNATIONAL LLC, a Limited      )
Liability Company; SSA            )
TERMINALS LLC, a Limited          )
Liability Company; MATSON         )
NAVIGATION COMPANY INC., a        )
Corporation; and DOES 1           )
through 50, inclusive,            )
                                  )
            Defendants.           )
_____


VOLUME 1

VIDEOTAPED DEPOSITION OF

ENOCH GREENE

LOS ANGELES, CALIFORNIA

WEDNESDAY, MARCH 18, 2026



Reported by:  Aileen Neitzert, CSR No. 5318
Job No.:      624990

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ENOCH GREENE, an individual,       )
                                   )
              Plaintiff,           )
                                   )
vs.                                )    Case No. 5:25-cv-
                                   )    01359-KK-SHK
LONG BEACH CONTAINER TERMINAL,     )
INC., a Corporation; PACIFIC       )
MARITIME ASSOCIATION, a            )
California Nonprofit               )
Corporation; APM TERMINALS         )
PACIFIC LLC, a Limited             )
Liability Company; ILWU LOCAL      )
26, Union; TOTAL TERMINALS         )
INTERNATIONAL LLC, a Limited       )
Liability Company; SSA             )
TERMINALS LLC, a Limited           )
Liability Company; MATSON          )
NAVIGATION COMPANY INC., a         )
Corporation; and DOES 1            )
through 50, inclusive,             )
                                   )
              Defendants.          )
_____

        VIDEOTAPED DEPOSITION OF ENOCH GREENE, taken on

behalf of the Defendants Pacific Maritime Association,

LBCT LLC, APM Terminals Pacific LLC, Total Terminals

International LLC, and SSA Terminals LLC, at 2029

Century Park East, Suite 3500, Los Angeles, California,

beginning at 10:34 a.m., on Wednesday, March 18, 2026,

before Aileen Neitzert, Certified Shorthand Reporter

No. 5318.

Transcript of Enoch Greene
Conducted on March 18, 2026                                    3

APPEARANCES:


FOR THE PLAINTIFF:

    LAW OFFICES OF NANCYROSE HERNANDEZ
    By:  NANCYROSE HERNANDEZ, ATTORNEY AT LAW
         JEANNE MONTE, ATTORNEY AT LAW
    38975 Sky Canyon Drive, Suite 207
    Murrieta, California 92563
    (951) 708-1497
    nancyrose@nrhlawoffice.com
    jeanne@nrhlawoffice.com

FOR THE DEFENDANTS PACIFIC MARITIME ASSOCIATION, LBCT
LLC, APM TERMINALS PACIFIC LLC, TOTAL TERMINALS
INTERNATIONAL LLC, AND SSA TERMINALS LLC:

    SEYFARTH SHAW LLP
    By:  DANA L. PETERSON, ATTORNEY AT LAW
         DAVID J. KIM, ATTORNEY AT LAW
         TABITHA KWON, ATTORNEY AT LAW (appearing
         remotely)
    2029 Century Park East, Suite 3500
    Los Angeles, California 90067-3021
    (310) 277-7200
    dpeterson@seyfarth.com
    dakim@seyfarth.com


FOR THE DEFENDANT ILWU LOCAL 26:

    LAW OFFICES OF MARC COLEMAN
    By:  MARC COLEMAN, ATTORNEY AT LAW
    100 Oceangate, Suite 1200
    Long Beach, California 90802
    (562) 432-8188
    marc@marccolemanlaw.com


FOR THE DEFENDANT TOTAL TERMINALS INTERNATIONAL LLC:

    VEDDER
    By:  ALINA Y. WAN, ATTORNEY AT LAW
         (appearing remotely)
    1 Post Street, Suite 2400
    San Francisco, California 94104
    (415) 749-9500

Transcript of Enoch Greene
Conducted on March 18, 2026                    4

APPEARANCES (continued):

Also Present:

    Jerry Butler, Videographer

    Appearing remotely:

    Eric Naefke, in-house counsel, Long Beach
    Container Terminal, Inc.

    Kristin Oliveira, in-house counsel, Pacific
    Maritime Association

    Michael Scott, in-house counsel, APM Terminals
    Pacific LLC

    Kira Johal, in-house counsel, SSA Terminals LLC

    Luisa Gratz, ILWU Local 26 representative

                              INDEX

                                                          PAGE

EXAMINATION BY MS. PETERSON                                 7


                            EXHIBITS

                                                          PAGE

1        Letter To whom it may concern, from Anne        20
         L. Coleman, MD, dated January 11, 2023

2        Letter To whom it may concern, from Anne        23
         L. Coleman, MD, PhD, dated April 15, 2023

3        Email to Luisa Gratz, Tyro B., Andrew           57
         Prickett, Ryan Williams, and Enoch Greene,
         from Enoch Greene, sent April 29, 2023

4        Letter to Enoch Greene, from Joint Port         58
         Watchmen's Labor Relations Committee,
         dated May 5, 2023,

5        Email to Luisa Gratz, Ryan Williams,            72
         Andrew Prickett, and Enoch Greene, from
         Enoch Green, sent May 10, 2023

6        Letter To whom it may concern, from Anne        84
         L. Coleman, MD, PhD, dated May 25, 2023

7        Email chain to Michael Grant and Enoch         134
         Greene, from Enoch Greene, sent October 4,
         2023

8        Email chain to Ryan Williams and Luisa         151
         Gratz, from Enoch Greene, sent November
         16, 2024

Transcript of Enoch Greene
Conducted on March 18, 2026                53

are any other representatives affiliated with the

dispatch committee representative, then, yes.

And also the dispatching company.  I'm not sure

of the current name of the dispatching company at this

time, but they are, I believe, an outside company.

Q.   Do you recall the name of the company when you

were working as a watchman at the terminals?

A.   If my memory serves me right, I believe it may

have been AmCom, but -- or they may have changed it,

but that's the name that come to my memory right now.

Q.   Do you recall when the last time was that you

worked for TTI?

A.   Not off the top of my head.

Q.   Does your ex-wife work there?

A.   I don't know.

Q.   Did she ever?

A.   I don't know.

Q.   Did she work in some capacity at the ports or

the terminals at any time, to your knowledge?

A.   Yes.

Q.   In what capacity?

A.   A watchman.

Q.   So the records listing all of the various

employers that you worked for since you began as a

watchman until the last day that you worked as a

Transcript of Enoch Greene
Conducted on March 18, 2026                    54

watchman shows that the last time you worked for TTI was in July of 2019.  Do you have any reason to dispute that?

A.    No.

Q.    Since July of 2019, have you ever attempted to work at TTI but been turned away for any reason?

A.    Repeat that question, please.

Q.    At any time since July of 2019, have you attempted to work at the -- at TTI and been turned away for any reason?

A.    No.  Not that I can remember, no.

Q.    So describe for me how your shifts on any given day were assigned.  It starts with you going to the dispatch hall or the union hall?

A.    Wake up in the morning, check in for work at the dispatch call center.  I believe it's between the hours of 6:00 to 10:30 a.m. or 6:30 to 10:00 a.m. Provide a list of terminals that I'm available and willing to work out of my -- out of the options of my preference.  And I believe it's about 11:00 -- between the hours of 11:00 to 12:30 we call back in to see if assignments are available or if jobs were assigned based on the preferences, and if they were, I will receive that information and report to that terminal for work.

STATE OF CALIFORNIA      )
                         )
COUNTY OF LOS ANGELES    )


     I, AILEEN NEITZERT, do hereby certify:


     That I am a duly qualified Certified Shorthand Reporter, in and for the State of California, holder of certificate number 5318, which is in full force and effect, and that I am authorized to administer oaths and affirmations;

     That the foregoing deposition testimony of the herein named witness was taken before me at the time and place herein set forth;

     That prior to being examined, the witness named in the foregoing deposition, was duly sworn or affirmed by me, to testify the truth, the whole truth, and nothing but the truth;

     That the testimony of the witness and all objections made at the time of the examination were recorded stenographically by me and were thereafter transcribed under my direction and supervision;

     That review and correction by the witness was requested.

     That the foregoing pages contain a full, true, and accurate record of the proceedings and testimony to

the best of my skill and ability;

I further certify that I am not a relative or employee or attorney or counsel of any of the parties, nor am I financially interested in the outcome of this action.

IN WITNESS WHEREOF, I have subscribed my name this 30th day of March, 2026.

_____
AILEEN NEITZERT, CSR NO. 5318                    12:33:34

# EXHIBIT B

# Deposition Transcript

Case Number: 5:25-cv-01359-KK-AGRx

Date: April 22, 2026

In the matter of:

# ENOCH GREENE v LBCT LLC, et al.

# BLAKE GLASGOW - PMK



**CERTIFIED COPY**

Reported by:
Tammy Bales

Steno
Agency, Inc.

315 West 9th Street
Suite 807
Los Angeles, CA 90015
concierge@steno.com
(888) 707-8366
NV: Firm #108F

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ENOCH GREENE, an individual;  )      Case No.
                              ) 5:25-cv-01359-KK-AGRx
                              )
        Plaintiff,            )
                              )
  vs.                         )
                              )
LBCT LLC, a Limited Liability )
Company; PACIFIC MARITIME     )
ASSOCIATION, a California     )
Nonprofit Corporation; APM    )
TERMINALS PACIFIC LLC, a      )
Limited Liability Company;    )
ILWU LOCAL 26, Union; TOTAL   )
TERMINALS INTERNATIONAL LLC, a)
Limited Liability Company; SSA)
TERMINALS LLC, a Limited      )
Liability Company; MATSON     )
NAVIGATION COMPANY INC., a    )
Corporation; and DOES 1       )
through 50, inclusive;.       )
                              )
        Defendants.           )
_____)

DEPOSITION OF

BLAKE GLASGOW, PMK

April 22, 2026

2:46 p.m.

Via Remote Videoconference

REPORTED BY:

Tammy L. Bales, CCR, CVR
Certified Verbatim Reporter

APPEARANCES

FOR THE PLAINTIFF:

      LAW OFFICES OF NANCYROSE APC
BY:  NANCYROSE HERNANDEZ
    38975 Sky Canyon Drive
Suite 207
    Murrieta, California 92563
(951) 708-1497
    Nancyrose@nrhlawoffice.com
Appeared Via Videoconference

FOR THE DEFENDANTS PACIFIC MARITIME ASSOCIATION;
LBTC LLC; APM TERMINALS PACIFIC LLC; TOTAL TERMINALS
INTERNATIONAL LLC; and SSA TERMINALS LLC:

    SEYFARTH SHAW LLP
      BY:  DANA L. PETERSON
    2029 Century Park East
      Suite 3500
    Los Angeles, California 90067
      (310) 277-7200
    Dpeterson@seyfarth.com
      Appeared Via Videoconference

FOR DEFENDANT ILWU Local 26:

    LAW OFFICES OF MARC COLEMAN
BY: MARC COLEMAN
    100 Oceangate
Suite 1200
    Long Beach, California 90802
(562) 432-8188
    Marc@marccolemanlaw.com
      Appeared Via Videoconference

ALSO PRESENT:

    JEANNE MONTE
KRISTIN OLIVEIRA, ESQ.
    CHERYL SABNIS, ESQ.

INDEX

WITNESS                                                              PAGE

BLAKE GLASGOW

Examination by Ms. Hernandez ...................6

Examination by Mr. Coleman ....................86

INDEX TO EXHIBITS

PLAINTIFF'S EXHIBITS   DESCRIPTION                         PAGE

Exhibit 124   TTI Employee Handbook ................34

Exhibit 125   Local 26 0005 ........................39

Exhibit 126   TTI_GREENE 002813 ....................42

Exhibit 127   LBCT_GREENE 002039 ...................55

Exhibit 128   LBCT_GREENE 000936 ...................58

Exhibit 129   PMA_GREENE 002812 ....................64

Exhibit 130   LOCAL 26 0411 ........................69

Exhibit 131   LOCAL 26 0420 ........................71

Exhibit 132   LOCAL 26 0585 ........................77

Exhibit 133   GREENE 000394 ........................81

that you've had with legal counsel.

WITNESS:  Okay.  I don't recall who specifically told me I was going to be the PMK. I believe it might have been our HR department.

BY MS. HERNANDEZ:

Q.    Who would be the representative in your HR department?

A.    Evelyn Sayha (phonetic).

Q.    Do you know her position?

A.    Vice President of Human Resources.

Q.    And did you have any communications with Evelyn Sayha regarding Mr. Greene at -- at any point since 2023?

MS. PETERSON:  Objection.  Vague and ambiguous.

WITNESS:  I -- I probably informed her after an LRC in preparation, in the event that Enoch were to get a job at TTI.

BY MS. HERNANDEZ:

Q.    And what do you believe you told her?

A.    Something to the effect that a guard with visual impairment is having issues at other terminals.  He has not worked at our terminal in some years.  However, at any point he could be dispatched here and how we would like to best

BLAKE GLASGOW - PMK
APRIL 22, 2026

JOB NO. 2625597

accommodate?

Q.   Do you recall Evelyn's response?

A.   That TTI has an obligation to go through the process.  For ADA, the interactive process to make sure that, you know, if there are any accommodations we can make, we would attempt to provide.

Q.   And did you ever go through that process with Mr. Greene?

A.   No.  He, like I said, has not worked at her terminal for many years before and since.

Q.   You said that there is an accommodation process with TTI, is that a written policy?

A.   It is.

Q.   Where is that located?

A.   It's in our employee handbook.

Q.   And is that provided to Local 26 watchmen?

A.   Not to my knowledge.

Q.   Did you ever provide that employee handbook to Mr. Greene after you became aware that he was requesting accommodations?

MR. COLEMAN:  Objection.  Foundation.

MS. PETERSON:  Join.

BY MS. HERNANDEZ:

Q.   It was an objection; you can answer.

BY MS. HERNANDEZ:

Q.   Okay, let's try it again.   When did you first meet Mr. Greene?

A.   It would have been at PMA's office at -- at an LRC.

Q.   Do you believe that was in May of 2023?

A.   I believe that's correct.

Q.   And you stated that Mr. Greene has previously worked at TTI, but it's been some time, correct?

A.   Correct.

Q.   Do you know the last time he worked at TTI?

A.   I believe it was December of 2018.   But I'm not positive on that.   It was many years prior.

Q.   Do you know if Mr. Greene received any employer complaints from TTI?

A.   Not to my knowledge.

Q.   You stated that the employee handbook has a reasonable accommodation policy, correct?

A.   Yes, it does.

Q.   In 2023, who is responsible for administering that reasonable accommodation policy?

MS. PETERSON:   Objection.   Exceeds the scope of the PMK deposition topics.   He can't

testify as the PMK.  He can testify in his individual capacity, if he has personal knowledge.

WITNESS:  In the event that there were accommodations requested, I would have elevated this to our HR department and we would have had a plan going forward on whether we can make the requested accommodations or not.

BY MS. HERNANDEZ:

Q.   So in 2023, would you work with the employee and HR to go through this process?

MS. PETERSON:  Objection.  Exceeds the scope of the PMK depo topics.  He can't answer on behalf of -- as the PMK, but he can answer in his individual capacity, if he has personal knowledge.

WITNESS:  I'm sorry.  Repeat the question.

BY MS. HERNANDEZ:

Q.   Would you work with the employee and HR to go through this reasonable accommodation policy that's written in the employee handbook?

MS. PETERSON:  Same objections.  He can answer in his individual capacity.

WITNESS:  Yeah.  Being that I never went through that process, I -- I would have leaned

on our HR department to guide me through it.
However, I -- I would likely be the one dealing with the employee directly with the advice of our human resources department.

BY MS. HERNANDEZ:

Q.   Have you ever gone through the reasonable accommodation policy with any employee?

MS. PETERSON:  Objection.  Exceeds the scope of the -- of the person most knowledgeable depo topics he can can't answer as the PMK.  He can answer in his individual capacity, if he has personal knowledge.

MR. COLEMAN:  I have not.

BY MS. HERNANDEZ:

Q.   Okay.  Do you know if TTI has anti-discrimination policies in effect?

A.   We do.

Q.   I missed that.

A.   We do.

Q.   And where -- where would I find those?

A.   Also in the employee handbook.

Q.   And is that employee handbook provided to Local 26 watchmen?

A.   It is not.

Q.   Does TTI have anti-retaliation policies

written?

A.    We do.

Q.    And where are those located?

A.    The employee handbook.

Q.    Did you provide the Anti-retaliation policy to Mr. Greene at any time?

A.    I did not.

Q.    Has TTI provided you with any training on the reasonable accommodation policy?

MS. PETERSON:  Object to the extent it exceeds the PMK depo topics he's testified -- he's designated to testify to.  He can answer in his individual capacity, but not as the PMK for TTI.

WITNESS:  Have I been trained on what specifically?

BY MS. HERNANDEZ:

Q.    The reasonable accommodation policy that's written in the employee handbook?

A.    I --

MS. PETERSON:  Same objections.

WITNESS:  I'm aware -- I'm aware of them. I have not been trained individually.  As mentioned prior, I would have leaned on our HR department to guide me through this in the

that we have minutes for.

BY MS. HERNANDEZ:

Q.   Did you ever have any meetings with a representative from the Local 26 union in regard to Mr. Greene requesting reasonable accommodations?

A.   I did not.

MS. HERNANDEZ:  Okay.  I'm going to show our next exhibit.  We're going to mark it as Exhibit 124.  Give her one moment.  She'll make that bigger for you.

(Whereupon, Plaintiff's Exhibit No. 124, is marked for identification.)

BY MS. HERNANDEZ:

Q.   Are you familiar with this document?

A.   I am.

Q.   What is this document?

A.   This is the employee handbook for TTI.

Q.   And who -- who receives this employee handbook from TTI?

MS. PETERSON:  Objection.  Exceeds the scope of the PMK deposition topics you can't answer as the PMK.  If he has personal knowledge, he can answer in his individual capacity questions.  Question's also vague and ambiguous.

CERTIFICATE OF REPORTER

I, Tammy L. Bales, CCR, CVR, do hereby declare:

That prior to being examined, the witness named in the foregoing deposition was by me duly sworn pursuant to Section 30(f)(1) of the Federal Rules of Civil Procedure and the deposition is a true record of the testimony given by the witness.

That said deposition was taken down by me in shorthand at the time and place therein named and thereafter reduced to text under my direction.

__XX__       That the witness requested to review the transcript and make any changes to the transcript as a result of that review pursuant to Section 30(e) of the Federal Rules of Civil Procedure.

_____       Signature is waived.

_____       The changes made by the witness are appended to the transcript.

_____       No request was made that the transcript be reviewed pursuant to Section 30(e) of the Federal Rules of Civil Procedure.

I further declare that I have no interest in the event or the action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Witness my hand this 5th day of May, 2026.

_____
Tammy L. Bales, CCR, CVR

B. GLASGOW - PMK
4.22.26

**Exhibit 124**

Tammy L. Bales



# TOTAL TERMINALS INTERNATIONAL, LLC

# EMPLOYEE HANDBOOK

TTI_GREENE 002751

Issued:  2022

2

TTI_GREENE 002752

## TABLE OF CONTENTS

**INTRODUCTORY STATEMENT** ........................................................................................... 7

**GENERAL EMPLOYMENT INFORMATION** ................................................................. 8

    **1.1 At-Will Nature of Employment** ..................................................................... 8

    **1.2 Keeping TTI a Great Place to Work** ............................................................. 8

    **1.3 Equal Employment Opportunity/Non-Discrimination**................................. 8

    **1.4 Reasonable Accommodations** ........................................................................ 8

    **1.5 Prohibition Against Unlawful Discrimination, Harassment, and Retaliation**............. 9

    **1.6 Discrimination, Harassment, and Retaliation Complaint and Investigation Procedure**................................................................................................. 11

    **1.7 Prohibition on Consensual Dating/Sexual Relationships Between Managers and Employees.**............................................................................................ 12

    **1.8 Employment Categories** ............................................................................... 13

    **1.9 Compensation**............................................................................................... 13

    **To Report Concerns or Obtain More Information**............................................ 15

    **1.10    Work Schedules**................................................................................... 15

    **1.11    Meal and Rest Periods** ...................................................................... 15

    **1.12    Lactation Accommodation** ................................................................ 16

    **1.13    Paydays** ............................................................................................... 17

    **1.14    Pay Advances**...................................................................................... 17

    **1.15    Administrative Pay Corrections** ....................................................... 17

    **1.16    Legally Required Pay Deductions** ..................................................... 17

    **1.17    Performance Evaluations** ................................................................... 18

    **1.18    Salary Administration** ....................................................................... 18

    **1.19    Business Expenses**.............................................................................. 18

TTI_GREENE 002753

1.20    Travel Expenses ..................................................................................................... 18

1.21    Employment of Relatives......................................................................................... 19

1.22    Immigration Law Compliance................................................................................. 19

1.23    Access to Personnel Files ........................................................................................ 20

1.24    Personnel Data Changes........................................................................................... 20

1.25    Employment Reference Checks................................................................................ 20

1.26    Job Posting................................................................................................................ 20

1.27    Social Security Number / Protected Health Information ........................................ 21

1.28    Employment Termination ........................................................................................ 21

1.29    Resignation .............................................................................................................. 22

1.30    Return of Property.................................................................................................... 22

1.31    Communication / Problem Resolution ..................................................................... 22

TTI's EXPECTATIONS ........................................................................................................ 23

2.1 Employee Conduct and Work Rules............................................................................. 23

2.2 Alcohol & Drug-Free Workplace ................................................................................. 25

2.3 Business Ethics and Conduct ........................................................................................ 27

2.4 Conflict of Interest ........................................................................................................ 27

2.5 Outside Employment ..................................................................................................... 28

2.6 Confidentiality and Non-Disclosure ............................................................................. 29

2.7 Attendance and Punctuality........................................................................................... 30

2.8 Personal Appearance ..................................................................................................... 30

2.9 Safety.............................................................................................................................. 31

2.10    Security .................................................................................................................... 32

2.11    TWIC Card (Transportation Worker Identification Credential)........................... 33

2.12    Visitors in the Workplace........................................................................................ 33

TTI_GREENE 002754

2.13   **Workplace Monitoring** ....................................................................... 33

2.14   **Cell Phone Usage** ................................................................................ 33

2.15   **Computer and Email Usage** ................................................................ 34

2.16   **Internet Usage** .................................................................................... 35

2.17   **Social Media** ...................................................................................... 36

2.18   **Use of Equipment and Vehicles** .......................................................... 37

2.19   **Smoke-Free Workplace** ....................................................................... 37

2.20   **Workplace Violence Prevention** .......................................................... 38

2.21   **Solicitation and Distribution** .............................................................. 39

**BENEFITS** ............................................................................................... 39

**3.1 Employee Benefits** ................................................................................ 39

**3.2 Benefits Continuation (COBRA)** ......................................................... 40

**3.3 Employee Assistance Program** ............................................................ 40

**3.4 Workers' Compensation Insurance** ..................................................... 41

**3.5 Education Assistance** ........................................................................... 41

**3.6 Paid Time Off (PTO)** ........................................................................... 42

**3.7 Holidays** .............................................................................................. 46

**3.8 Disability Accommodation** .................................................................. 47

**3.9 Leaves of Absence - Medical, Family Care, Military Exigency and Military Care Giver Leave** ............................................................................... 47

**ELIGIBILITY** .......................................................................................... 48

**4.1 FMLA/CFRA Leaves** ........................................................................... 48

**4.2 Other Employee Medical Leaves Not Covered by FMLA/CFRA** .......... 48

**4.3 Permissible Uses of FMLA and CFRA Leave** ...................................... 48

**4.4 Notice Requirements for Requests for Leave Based on Medical or Family Need** ..................................................................................................... 49

TTI_GREENE 002755

**AMOUNT OF LEAVE** ........................................................................................... **50**

    **5.1 Family Care, Medical and Military Exigency Leave Under FMLA/CFRA** .............. **50**

    **5.2 Military Caregiver Leave** ..................................................................................... **50**

    **5.3 Intermittent Leave under FMLA/CFRA** ................................................................ **50**

    **5.4 Pregnancy Disability Leave** .................................................................................. **51**

    **5.5 Other Medical Leaves not covered by FMLA, CFRA, or PDL** ................................ **51**

    **5.6 Leave's Effect on Pay** ........................................................................................... **51**

    **5.7 Leave's Effect on Benefits** .................................................................................... **52**

    **5.8 Verification of Basis for Leave Requests** .............................................................. **52**

    **5.9 Recertification** .................................................................................................... **53**

    **5.10    Returning to Work** ......................................................................................... **54**

    **5.11    Requests for Extension of Leave Beyond the Leave Expiration Date** .................. **54**

    **5.12    Personal Leave** .............................................................................................. **55**

    **5.13    Military Leave** ................................................................................................ **55**

    **5.14    California Military Leave** ................................................................................. **57**

    **5.15    California Military Spouse or Domestic Partner Leave** ...................................... **57**

    **5.16    Crime Victims Leave** ...................................................................................... **57**

    **5.17    Domestic Violence or Sexual Assault Victim Leave** ........................................... **58**

    **5.18    Bereavement Leave** ........................................................................................ **58**

    **5.19    Jury Duty and Court Appearance** ................................................................... **59**

    **5.20    Time Off to Vote** ............................................................................................ **59**

    **5.21    Miscellaneous Leave.** ..................................................................................... **60**

**Conclusion** ....................................................................................................... **60**

TTI_GREENE 002756

## INTRODUCTORY STATEMENT

This Employee Handbook is designed to acquaint you with expectations all Total Terminals International, LLC ("TTI") employees are expected to live up to and to outline certain policies, programs, and benefits available to eligible employees.  You are expected to read and familiarize yourself with all provisions of the Employee Handbook.  It describes many of your responsibilities as an employee and outlines the programs designed to benefit you as an employee.  TTI is committed to providing a work environment that is conducive to both personal and professional growth.

Neither this handbook nor any other verbal or written communication by TTI representative is an agreement or contract of employment, express or implied, nor is it a promise of treatment in any particular manner in any given situation.  **Your employment with TTI is "at-will," which means that either you or TTI may terminate the employment relationship at any time, with or without cause or notice, for any lawful reason or no reason at all.**  Your at-will employment status cannot be modified except by a separate written contract, signed by both you and the Chief Executive Officer of TTI, which expressly states its purpose is to modify your at-will employment status.

Nothing in this policy is intended to preclude, discourage, or dissuade employees from engaging in any activities permitted under, or exercising any rights protected by the National Labor Relations Act and other applicable federal, state, or local law, including, without limitation, employees' rights to form, join, or organize a labor union, bargain collectively through representatives of their choosing, discuss wages, benefits or terms and conditions of employment, raise complaints about working conditions for their and their fellow employees' mutual aid or protection, and engage in other concerted employment activities protected by applicable law.

While every attempt has been made to create these personalized policies consistent with federal, state and local law, if an inconsistency arises between any policy herein and applicable law, the policy will be enforced in a manner that is consistent with the applicable law and only to the extent permitted under applicable law.

No Employee Handbook can anticipate every circumstance or question that might arise concerning the matters to which it pertains.  Accordingly, TTI reserves the right to revise, supplement, or rescind any policies or portion of the Employee Handbook from time to time as it deems appropriate in its sole and absolute discretion.

TTI_GREENE 002757

## GENERAL EMPLOYMENT INFORMATION

**1.1  At-Will Nature of Employment**

Employment with Total Terminals International, LLC ("TTI" or the "Company") is "at-will." Both you and TTI are free to end the employment relationship at any time, with or without advance notice, for any reason that is not prohibited by applicable law or for no reason at all.

Your at-will employment status cannot be modified except by a separate written contract, signed by both you and the Chief Executive Officer of TTI, which expressly states its purpose is to modify your at-will employment status.

**1.2  Keeping TTI a Great Place to Work**

We are committed to keeping TTI a great place to work. To that end, we review our wage and benefits packages periodically in an effort to remain competitive with other companies in our area and industry. When we see that changes are appropriate and will help TTI remain a great place to work, we will make them.

If employees have concerns about work conditions, compensation, or any other issues, they are strongly encouraged to voice these concerns as soon as possible directly to their supervisor or TTI's Human Resources personnel. When employees raise concerns as soon as they arise, they help ensure the concerns are addressed promptly and appropriately and also helps TTI maintain a healthy and productive work environment.

**1.3  Equal Employment Opportunity/Non-Discrimination**

TTI does not discriminate against any person because of race, color, religious creed, sex (including pregnancy, childbirth, breastfeeding and/or related medical conditions), gender, gender identity, gender expression, sexual orientation, national origin, ancestry, disability (mental and/or physical), medical condition, genetic information, age, marital status, military or veteran status, or any other characteristic protected by federal, state, or local law (referred to as "protected status"). This nondiscrimination policy extends to all terms, conditions and privileges of employment as well as the use of company facilities, participation in company-sponsored activities, and all personnel actions such as promotions, compensation, benefits and termination of employment. Anyone who has questions or concerns about any type of discrimination in the workplace is encouraged to bring these issues promptly to the attention of TTI's Human Resources personnel. Employees can and should raise concerns and make reports without fear of reprisal. Anyone found to be engaging in any type of unlawful discrimination or harassment, or engaging in retaliation against anyone who brought forth or participates in the investigation of such a concern, will be subject to disciplinary action, up to and including termination of employment.

**1.4  Reasonable Accommodations**

TTI strives to comply with the Americans with Disabilities Act (ADA), as amended by the ADA Amendments Act, and all applicable state or local laws, including without limitation the California Fair Employment and Housing Act ("FEHA"). Consistent with those requirements, TTI encourages anyone who believes they may need one or more reasonable accommodations to

8

TTI_GREENE 002758

request them.  TTI will reasonably accommodate qualified individuals with a disability or medical condition, if such accommodation would allow the individual to perform the essential functions of their job position, unless doing so would create an undue hardship or pose a threat to the health or safety of the individual seeking the accommodation or others.  TTI will also, where appropriate, provide reasonable accommodations for a job applicant's or employee's religious beliefs or practices.

If you believe you need an accommodation, please notify your manager or TTI's Human Resources personnel.  If someone notifies you that they believe they need an accommodation, you must immediately notify Human Resources of the request.  Once notified of a need for reasonable accommodation, TTI's Human Resources Department will contact you to begin the process of understanding the condition for which an accommodation is sought, including any limitations the condition may impose, to determine if an accommodation is appropriate and, if so, what accommodations may be reasonable to enable you to perform the essential functions of your job position.  If you are seeking a reasonable accommodation, you are expected to participate in good faith in this interactive process, which may include requests that you provide certain information from your healthcare providers.  Failure to participate in good faith in the interactive process may result in denial of your accommodation and/or other adverse action.  The interactive process will continue until your condition has been successfully accommodated or it is determined that there is no reasonable accommodation that will enable you to perform the essential functions of your job position without causing undue hardship or posing a threat to the health or safety of you or others.

## 1.5     Prohibition Against Unlawful Discrimination, Harassment, and Retaliation

TTI has **zero tolerance** for any behavior that constitutes unlawful discrimination, harassment or retaliation.  TTI prohibits harassment of and discrimination against any individual on the basis of any protected status under applicable federal, state, or local law, including, without limitation, race, color, religious creed, sex (including pregnancy, childbirth, breastfeeding and/or related medical conditions), gender, gender identity, gender expression, sexual orientation, national origin, ancestry, disability (mental and/or physical), medical condition, genetic information, age, marital status, military or veteran status, or any other characteristic protected by federal, state, or local law.

Please note that there is a wide range of behavior that could be considered inappropriate under this policy, even though such behavior may not rise to the level of illegal discrimination, harassment, or retaliation.  For this reason, a violation of this policy may lead to disciplinary action up to and including termination of employment whether or not the conduct at issue violates the law.  No person in this organization is exempt from this policy.

### Sexual Harassment

Sexual harassment is illegal.  TTI prohibits employees, as well as third parties with whom TTI does business, from harassing TTI employees and other covered persons based on that individual's sex or gender (including pregnancy, childbirth, breastfeeding and/or related medical conditions), sexual orientation, gender expression, or gender identity.  Sexual harassment means any harassment based on someone's sex or gender, sexual orientation, gender expression, or gender identity.  It includes harassment that is not sexual in nature (for example, offensive remarks about

9

or because of an individual's sex, gender, sexual orientation, gender expression, or gender identity), as well as any unwelcome sexual advances, requests for sexual favors, or other conduct of a sexual or sexualized nature, including sexual stereotyping.

Sexual harassment may take the form of:

- **Quid Pro Quo Harassment**: Conditioning or basing employment decisions, promotions, or other work benefits, explicitly or implicitly, on the submission to a sexual advance or request; or

- **Hostile Work Environment Harassment**: Creating a hostile, intimidating or offensive work environment by subjecting an employee to unwanted sexual advances, requests or other unwelcome or offensive conduct related to a person's sex, gender, sexual orientation, gender expression, or gender identity, with the purpose or effect of substantially or unreasonably interfering with an employee's work performance.

Prohibited sexual harassment may take many forms, including, without limitation:

- **Verbal conduct**, such as epithets, derogatory statements, slurs or jokes of a sexual nature, comments about a person's body, sexually-related, suggestive, or obscene statements, comments, or jokes, unwanted sexual advances, or requests for sexual favors.

- **Visual/Written Conduct**, such as displaying sexually suggestive posters, cartoons, objects, or drawings, sending inappropriate adult-themed cards or gifts, leering or making sexual gestures, sending graphic, vulgar, or obscene e-mails, notes, or other messages, or sending written messages of any form containing, or unwanted sexual advances, requests, or statements.

- **Physical Conduct**, such as inappropriate physical contact or touching, or blocking or impeding the movements of another.

- Offering employment, promotion, or other benefit in exchange for sexual favors; and

- Differential treatment based upon the individual's response to sexual advances or because a consensual relationship has ended.

Further information about sexual harassment is available here https://sexual-harassment-prevention-training.dfeh.ca.gov/NonSupervisoryEnglish/story.html (for non-supervisory employees) and here https://sexual-harassment-prevention-training.dfeh.ca.gov/SupervisoryEnglish/story.html (for supervisory employees).

### Other Types of Harassment

TTI's anti-harassment policy applies equally to other unlawful harassment based on an employee's protected status, including race, color, religious creed, sex (including pregnancy, childbirth, breastfeeding and/or related medical conditions), gender, gender identity, gender expression, sexual orientation, national origin, ancestry, disability (mental and/or physical), medical condition,

10

TTI_GREENE 002760

genetic information, age, marital status, military or veteran status, or any other characteristic protected by federal, state, or local law.  Harassment based upon protected status is also illegal.

Such harassment often takes a similar form to sexual harassment and includes conduct that is:

- **Verbal**, including, for example epithets, derogatory statements, slurs, derogatory comments or jokes related to or implicating a protected characteristic, whether stated verbally or written.

- **Physical,** including, for example, assault or inappropriate physical contact, horseplay, blocking, or impeding the movements of others.

- **Visual**, including, for example, derogatory posters, cartoons, videos, drawings or derogatory gestures.

This list is illustrative only, and not exhaustive. No form of harassment will be tolerated whether or not it rises to the level of illegal harassment.

### Supervisor & Manager Responsibilities

Supervisors and managers have an obligation to report sexual or other harassment, discrimination, or retaliation of which they become aware.  They hold this responsibility regardless of whether they have direct supervisory responsibility for the individuals involved and regardless of whether they actually observe the allegedly inappropriate behavior.  Supervisors and managers who observe such conduct or who receive any complaints of misconduct must immediately report the conduct or complaint to TTI's Human Resources Department at (562) 256-2884 so the Company can investigate the matter and take appropriate action.

**1.6    Discrimination, Harassment, and Retaliation Complaint and Investigation Procedure**

TTI is committed to maintaining a workplace free of unlawful discrimination, harassment, and retaliation.  The effectiveness of TTI's prevention efforts depends on employees telling TTI about inappropriate workplace conduct, even if they are not sure it rises to the level of unlawful conduct.  If you feel that you or someone else may have been subjected to discriminatory, harassing, retaliatory or other unlawful conduct, you should promptly report the conduct to TTI by contacting any of the following persons, either orally or in writing: (a) your direct supervisor; (b) if the conduct involves your direct supervisor or you are otherwise not comfortable discussing the issue with your direct supervisor, any TTI manager or supervisor; or (c) Human Resources at (562) 256-2884.

Upon receipt of any complaint of discrimination, harassment, or retaliation, TTI will timely respond and promptly appoint qualified personnel to conduct a fair, thorough, impartial, and timely investigation that provides those involved appropriate due process and reaches reasonable conclusions based on the evidence collected.  TTI will preserve the confidentiality of the details of employee complaints to the extent possible; however, in many cases, it will be necessary to share details with certain witnesses and TTI personnel to conduct an adequate investigation.  TTI shall appropriately track and document the investigation's process.  If, after completing the

TTI_GREENE 002761

investigation, TTI finds that a party has engaged in prohibited conduct, appropriate remedial/corrective measures will be taken, and may include disciplinary action up to and including termination.

### No Retaliation

**TTI strictly prohibits any form of discipline, reprisal, intimidation or retaliation for good faith reports or complaints of incidents of discrimination of any kind, pursuing any discrimination claim or cooperating in related investigations**. If you believe that any employee of TTI has retaliated against you for making a protected complaint to management or HR under this policy, immediately report such conduct to HR so that appropriate investigative, and, if appropriate, remedial action can be taken under this policy.

### Government Resources

In addition to the resources available internally within TTI, you may also file a complaint regarding any unlawful discriminatory, harassing, or retaliatory conduct to the United States Equal Employment Opportunity Commission, or the applicable state agency charged with enforcing anti-discrimination laws in the state in which you are employed.  Civil remedies for harassment are damages for emotional distress, hiring or reinstatement, back pay or promotion, and/or changes to the employer's policies and practices.  The contact information for the United States Equal Employment Opportunity Commission and other state agencies is included below:

- U.S. Equal Employment Opportunity Commission: 1-800-669-4000, http://www.eeoc.gov/.

- The California Department of Fair Employment and Housing: 1-800-884-1684, http://www.dfeh.ca.gov/.

- Arizona Attorney General's Office, Civil Rights Division, https://www.azag.gov/complaints/civil-rights

TTI will not retaliate against you for filing a complaint with, or otherwise participating in an investigation, proceeding, or hearing conducted by TTI, the U.S. Equal Employment Opportunity Commission, or any state agency.

**1.7    Prohibition on Consensual Dating/Sexual Relationships Between Managers and Employees.**

Officers, managers and other employees with supervisory responsibility may not have a dating, romantic, or sexual relationship with any individual that they supervise or for whom they can influence employment, compensation or other personnel decisions without promptly advising the Human Resources Department of such a relationship.  While TTI will endeavor to work with both individuals to ensure appropriate arrangements and protections are in place to prevent an adverse impact in the workplace, TTI cannot guarantee that it will be able to do so.  Failure to disclose a dating, romantic, or sexual relationship impacting the workplace to TTI's Human Resources Department may result in adverse action up to and including termination of employment.

12

TTI_GREENE 002762

If a situation occurs when employees believe that a condition of employment or a decision affecting them is unjust or inequitable, they are encouraged to reach out to their supervisor, any member of management of TTI, and/or Human Resources.

Not every problem can be resolved to everyone's total satisfaction, but only through understanding and discussion of mutual problems can employees and management develop confidence in each other. This confidence is important to the operation of an efficient and harmonious work environment.

## TTI'S EXPECTATIONS

### 2.1    Employee Conduct and Work Rules

To ensure orderly operations and provide the best possible work environment, TTI expects employees to follow rules of conduct that will protect the interests and safety of all employees and the organization.

It is not possible to list all the forms of behavior that are considered unacceptable in the workplace. The following are examples of infractions of rules of conduct that may result in disciplinary action, up to and including termination of employment:

- Theft or inappropriate removal or possession of property

- Falsification of timekeeping records

- Being under the influence of alcohol or illegal drugs

- Possession, distribution, sale, transfer, or use of alcohol or illegal drugs or abuse of prescription drugs in the workplace, while on duty, or while operating employer-owned vehicles or equipment

- Fighting or threatening violence

- Horseplay or disruptive activity

- Negligence or improper conduct leading to damage of the company's or customer- owned property

- Disrespectful conduct

- Unethical or illegal conduct

- Violation of safety or health rules

- Smoking in prohibited areas

- Sexual harassment or discrimination or unlawful harassment or discrimination based upon any other protected status

23

TTI_GREENE 002773

- Verbal or physical harassment of any person, including employees, contractors, job applicants, customers, and visitors, on the basis of any characteristic prohibited by law or TTI policy

- Retaliation against any employee for engaging in protected conduct, including making a good faith report of harassment, discrimination or retaliation or reporting or opposing conduct the employee reasonably believes to be unlawful.

- Possession of dangerous or unauthorized materials, such as explosives or firearms, in the workplace

- Excessive absenteeism or tardiness or any absence without notice

- Unauthorized disclosure of business "secrets" or confidential proprietary information

- Making or publishing false or malicious statements concerning an employee, supplier, client, competitor, or TTI

- Violation of TTI's personnel policies

- Unsatisfactory performance of, or failure to perform job duties

- Failure to report to work (without notice to supervisor or Human Resources) for two (2) consecutive working days

- Sleeping or loitering while on duty

- Unauthorized use of TTI equipment or supplies, including office machines, telephones, operating equipment, cars, etc.

- Dishonesty, falsifying information, providing misleading information or making material omission on an employment application, time sheets or other company forms

- Violation of the company's Conflict of Interest policy (Section 2.4).

Employment with TTI is at-will and at the mutual consent of Total Terminals International and the employee, and either party may terminate that relationship at any time, with or without reason or cause, and with or without advance notice. Nothing in this policy is intended to preclude, discourage, or dissuade employees from engaging in any activities permitted under, or exercising any rights protected by the National Labor Relations Act and other applicable federal and state law, including, without limitation, employees' rights to form, join, or organize a labor union, bargain collectively through representatives of their choosing, discuss wages, benefits or terms and conditions of employment, raise complaints about working conditions for their and their fellow employees' mutual aid or protection, and engage in other concerted employment activities protected by applicable law.

24

TTI_GREENE 002774

is required to work on a recognized holiday, those holiday hours will be added to their PTO bank, and will be available to be used as PTO.

## 3.8    Disability Accommodation

TTI is committed to complying fully with the Americans with Disabilities Act (ADA) and applicable state law, and to ensure equal opportunity in employment for qualified persons with disabilities.  All employment practices and activities are conducted on a non-discriminatory basis.

Reasonable accommodations for qualified individuals with known disabilities will be made unless to do so would impose an undue hardship on the Company.  All employment decisions are based on the merits of the situation in accordance with defined criteria, not the disability of the individual.

Qualified individuals with disabilities are entitled to equal pay and other forms of compensation (or changes in compensation) as well as in job assignments, classifications, organizational structures, position descriptions, lines of progression and seniority lists.  Leave of all types will be available to all employees on an equal basis.

TTI also prohibits discrimination against any qualified employees or applicants because they are related to or associated with a person with a disability. TTI will follow any state or local law that provides disabled persons greater protection than the ADA.

Employees who believe that they have a protected disability and feel the need for a reasonable accommodation must advise Human Resources, either verbally or in writing.  After receiving your oral or written request, TTI will engage in an interactive dialogue with you to determine the precise limitations of your disability and explore potential reasonable accommodations, if any, that would enable you to perform the essential functions of your position without imposing an undue hardship on the Company. TTI encourages you to suggest specific reasonable accommodations that you believe would allow you to perform your job.  However, TTI is not required to make the specific accommodation requested by you and may provide an alternative, effective accommodation, to the extent any reasonable accommodation can be made without imposing an undue hardship on the Company.

If your disability or need for accommodation is not obvious, and the you have not already provided TTI with reasonable medical documentation confirming the existence of the disability and the need for reasonable accommodation, TTI may require you to provide such reasonable medical documentation.  TTI will keep confidential any medical information that it obtains in connection with your request for a reasonable accommodation

This policy is neither exhaustive nor exclusive.  TTI is committed to taking all other actions necessary to ensure equal employment opportunity for persons with disabilities in accordance with the ADA and all other applicable federal, state, and local laws.

## 3.9    Leaves of Absence - Medical, Family Care, Military Exigency and Military Care Giver Leave

Employees may take leave in accordance with the following guidelines, which are intended to and will be interpreted to accomplish compliance with applicable federal and state law.

TTI_GREENE 002797

# TAB 2

SEYFARTH SHAW LLP
Clifford 'Seth' Sethness (SBN 212975)
csethness@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

Dana L. Peterson (SBN 178499)
dpeterson@seyfarth.com
David J. Kim (SBN 349802)
dakim@seyfarth.com
Tabitha Kwon (SBN 365915)
tkwon@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
PACIFIC MARITIME ASSOCIATION, LBCT
LLC, APM TERMINALS PACIFIC LLC,
TOTAL TERMINALS INTERNATIONAL, LLC,
and SSA TERMINALS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOCH GREENE, an individual;, <br><br> Plaintiff, <br><br> v. <br><br> LBCT LLC, a Limited Liability Company; PACIFIC MARITIME ASSOCIATION, a California Nonprofit Corporation; APM TERMINALS PACIFIC LLC, a Limited Liability Company; ILWU LOCAL 26, Union; TOTAL TERMINALS INTERNATIONAL LLC, a Limited Liability Company; SSA TERMINALS LLC, a Limited Liability Company; and DOES 1 through 50, inclusive;, <br><br> Defendants. | Case No. 5:25-cv-01359-KK-SHK <br><br> HON. KENLY KIYA KATO <br><br> **DECLARATION OF EVELYN CEJA IN SUPPORT OF DEFENDANT TOTAL TERMINALS INTERNATIONAL, LLC'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT** <br><br> Date:       July 16, 2026 <br> Time:      9:30 a.m. <br> Dept:      3 <br><br> Trial Date: September 28, 2026 <br> Date Action Filed:      June 2, 2025 <br> FAC Filed:      June 20, 2025 |

CEJA DECLARATION IN SUPPORT OF DEFENDANT TTI'S MOTION FOR SUMMARY JUDGMENT OR
ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT

## DECLARATION OF EVELYN CEJA

I, Evelyn Ceja, declare as follows:

1.      I am Vice President, Human Resources for Total Terminals International, LLC ("TTI") and have been employed with TTI as part of its Human Resources team since July 2017.  I make this declaration in support of TTI's Motion for Summary Judgment or, Alternatively, Partial Summary Judgment.  I am familiar with the contents of this declaration which is based upon my personal knowledge and review of records maintained in the ordinary course of TTI's business.  I am competent to make this declaration.  If called to testify, I could and would testify under oath to the facts set forth herein.

2.      Attached hereto as **Exhibit A** is a true and correct copy of an email dated April 23, 2025, that I received from EEOC Investigator Erika Ribota-De La Concha and its two attachments (a) a Charge of Discrimination against TTI assigned EEOC Charge No. 480-2024-02584 filed by Mr. Enoch M. Greene and dated May 16, 2024 (the "Charge"), and (b) a Notice of Charge of Discrimination dated May 23, 2024, addressed to me.  Ms. Ribota-De La Concha's April 23, 2025, email to me was the first notice I or anyone else at TTI received of Mr. Greene's Charge.

3.      The last date Mr. Greene worked at TTI was July 22, 2019.  He has not worked at TTI since that date.  TTI has no record that Mr. Greene was dispatched to or requested dispatch to TTI after July 22, 2019.

4.      Mr. Greene's Charge against TTI identifies two persons "Ryan Williams, Labor Relations Representative" and "Andrew Prickett, asst. area director."  Mr. Williams and Mr. Pricket are not TTI employees and were not TTI employees in April 2023, when Mr. Greene claims he interacted with them.

5.      As Vice President, Human Resources for TTI, one of my responsibilities is to oversee and ensure compliance with TTI's policies and applicable law relating to employee relations matters.  This responsibility includes overseeing and ensuring

1

compliance with TTI's policies of reasonable accommodation, disability accommodation, anti-discrimination, anti-harassment, and anti-retaliation.  I understand Mr. Greene has a visual impairment.  Had Mr. Greene attempted to work at TTI, TTI would have gone through the interactive process with Mr. Greene to determine whether or not there were any reasonable accommodation it could put in place to address his visual impairment, consistent with its policies.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 11th day of June 2026 in Long Beach, California.

Evelyn Ceja

2

# EXHIBIT A

## Sabnis, Cheryl A.

| | |
|---|---|
| **From:** | ERIKA RIBOTA DE LA CONCHA <ERIKA.RIBOTADELACONCHA@EEOC.GOV> |
| **Sent:** | Wednesday, April 23, 2025 2:37 PM |
| **To:** | Evelyn Ceja |
| **Subject:** | [EXTERNAL] EEOC Charge No. 480-2024-02584 Greene v TTI |
| **Attachments:** | 480-2024-02584_ChargeOfDiscrimination.pdf; 480-2024-02584 _NoticeOfChargeOfDiscrimination.pdf |

Dear Ms. Ceja,

My name is Erika Ribota-De La Concha. I am the EEOC investigator assigned to the charge of discrimination Mr. Enoch Greene filed with the U.S. Equal Employment Opportunity Commission (EEOC) on May 16, 2024. I am contacting you because our records indicate that we have not received TTI's response to the above-mentioned charge.

EEOC attempted to deliver charge related notices on May 23, 2024, ad May 28, 2024. I am reaching out due to the lack of response to inquire whether there has been a change in the point of contact. Please be advised that because EEOC has not received a response to the Request for Information or a Position Statement, further investigation including a fact-finding conference, on-site visit, or an additional request for information may be required in order that a proper determination as to merits of the charges can be made. If TTI is willing to participate in a settlement conference and discuss the matter further, I can coordinate with your team and the Charging Party to narrow down a suitable date and time for a virtual meeting. I kindly ask that you respond to this message by close of business 4/24/25. Please let me know if you have any questions.

For your convenience, I have attached the charge files which require review and response by the organization.

Thank you for your attention to this matter.

Respectfully,

**Erika Ribota-De La Concha**
Equal Opportunity Investigator
U.S. Equal Employment Opportunity Commission
255 E. Temple St., 4th Floor
Los Angeles, CA 90012
**Email:** erika.ribotadelaconcha@eeoc.gov
**Telephone:** (213) 785-3071

*Notice of Confidentiality: This email may contain privileged and confidential information, including information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited and may be unlawful. If you are not the intended recipient, please contact (213) 785-3071 and destroy all copies of the original message and attachments. Thank you.*

**Caution:** This email originated from outside of the organization. Please take care when clicking links or opening attachments. When in doubt, contact your IT Department

1

EEOC Form 5 (11.09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC FEPA | 480-2024-02584 |

| California Civil Rights Department | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| I Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)* | Home Phone | Year of Birth |
|---|---|---|
| Mr. Enoch M. Greene · | 562-234-9982 | |

Street Address

2436 E. 4TH Street #1212

LONG BEACH, CA 90814

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| TOTAL TERMINALS INTERNATIONAL LLC | 101 - 200 Employees | (562) 256-2832 |

Street Address

301 MEDITERRANEAN WAY

Long Beach, CA 90802

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest                    Latest |
| Disability | 04/29/2023                04/29/2023 |
| | Continuing Action |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.I began my employment in August 2004 and last held the position of Watchman. On or about April 29, 2023, I disclose my disability to Ryan Williams, Labor Relations Representative and Andrew Prickett, asst. area director. On or about April 29, 2023, I requested a reasonable accommodation to be removed from driving buses; I requested to be accommodated in classes, to be provided with a magnifier, to be provided with an escort when the terminal lights were turned off, and to have any correspondence forwarded by email to expand. From on or about April 29, 2023, and continuing to the present, I have been denied reasonable accommodation.

II.No reason has been given to me for failing to provide me with an accommodation.

III.I believe I have been discriminated against due to my disability, in violation of the Americans with Disability Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally Signed By: Mr. Enoch M. Greene** 05/16/2024 | SUBSCRIBED   AND   SWORN   TO   BEFORE   ME   THIS   DATE *(month, day, year)* |
| *Charging Party Signature* | |

Page 1 of 2

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Los Angeles District Office
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

## NOTICE OF CHARGE OF DISCRIMINATION

(This Notice replaces EEOC FORM 131)

05/23/2024

**To:** Evelyn Ceja
Senor Director of Human Resouces
Toal Terminal International, LLC.
301 MEDITERRANEAN WAY

Long Beach, CA 90802

This is notice that a charge of employment discrimination has been filed with the EEOC against your organization by Enoch M Greene under: The Americans With Disabilities Act of 1990 (ADA). The circumstances of the alleged discrimination are based on Disability, and involve issues of Reasonable Accommodation that are alleged to have occurred on or about 04/29/2023.

The Digital Charge System makes investigations and communications with charging parties and respondents more efficient by digitizing charge documents. The charge is available for you to download from the EEOC Respondent Portal, the EEOC's secure online system.

Please follow these instructions to view the charge within ten (10) days of receiving this Notice:

1. Access the EEOC's secured online system at https://arc.eeoc.gov/rsp/login.jsf
2. Enter this EEOC Charge No.: 480-2024-02584
3. Enter this password: TwCbfDUT

Once you log into the system, you can view and download the charge, and electronically submit documents to EEOC, including a position statement. The system will also advise you of possible actions or responses and identify your EEOC point of contact for this charge.

The EEOC encourages you to raise in your position statement any factual or legal defenses that you believe are applicable. The EEOC carefully evaluates any asserted defenses, including those based on religion, status as a Tribal entity or bona fide private membership club, or other defenses at any time during the EEOC's administrative process.

If you are unable to log into the EEOC Respondent Portal or have any questions regarding it, you may send an email to LADOACT@eeoc.gov.

## Preservation of Records Requirement When a Charge has Been Filed

The EEOC regulations require respondents to preserve all payroll and personnel records relevant to the charge until final disposition of the charge or litigation. 29 CFR §1602.14. For more information on your obligation to preserve records, see https://www.eeoc.gov/employers/recordkeeping-requirements.

## Non-Retaliation Requirements

The laws enforced by the EEOC prohibit retaliation against any individual because s/he has filed a charge, testified, assisted or participated in an investigation, proceeding or hearing under these laws. Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify the EEOC if any attempt at retaliation is made. For more information, see http://www.eeoc.gov/laws/types/facts-retal.cfm.

## Legal Representation

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please provide the attorney's contact information when you log in to the online system.

Please retain this notice for your records.

 **U.S. Equal Employment Opportunity Commission**

# FEDERAL INVESTIGATION:
## REQUEST FOR POSITION STATEMENT
## AND SUPPORTING DOCUMENTARY EVIDENCE

The EEOC hereby requests that your organization submit within 30 days a Position Statement setting forth all facts which pertain to the allegations in the charge of discrimination under investigation, as well as any other facts which you deem relevant for the EEOC's consideration of the Charging Party's allegations and any defenses you decide to raise.

We recommend you review the EEOC's resource guide on "Effective Position Statements" as you prepare your response to this request.

### Fact-Based Position Statement

This is your opportunity to raise any and all defenses, legal or factual, in response to each of the allegations of the charge. The position statement should set forth all of the facts relevant to respond to the allegations in the charge, as well as any other facts the Respondent deems pertinent to the EEOC's consideration. The position statement should only refer to, but not identify, information that the Respondent asserts is sensitive medical information, or confidential commercial or financial information.

The EEOC encourages you to raise in your position statement any factual or legal defenses that you believe are applicable. The EEOC carefully evaluates any asserted defenses, including those based on religion, status as a Tribal entity or bona fide private membership club, or other defenses at any time during the EEOC's administrative process.

The EEOC also requests that you submit all evidence, including documents, that you believe is responsive to the allegations of the charge or supports any defenses you have raised. If you submit only arguments, unsupported by evidence, the EEOC may conclude that Respondent has no evidence to support its defense to the allegations of the charge.

The EEOC may release your position statement and non-confidential attachments to the Charging Party and their representative and allow them to respond to enable the EEOC to assess the credibility of the information provided by both parties. It is in the Respondent's interest to provide an effective position statement that focuses on the facts and any defenses you have asserted. The EEOC will not release the Charging Party's response, if any, to the Respondent.

If no response is received to this request, the EEOC may proceed directly to a determination on the merits of the charge based on the information at its disposal.

### Signed by an Authorized Representative

The Position Statement should be signed by an officer, agent, or representative of Respondent authorized to speak officially on its behalf in this federal investigation.

### Segregate Confidential Information into Separately Designated Attachments

If you rely on confidential medical or commercial information in the position statement, you should provide such information in separate attachments to the position statement labeled "Sensitive Medical Information," "Confidential Commercial or Financial Information," or "Trade Secret Information" as applicable. Provide an explanation justifying the confidential nature of the information contained in the attachments. Medical information about the Charging Party is not sensitive or confidential medical information in relation to the EEOC's investigation.

Segregate the following information into separate attachments and designate them as follows:

a. Sensitive medical information, except the Charging Party's medical information

b. Social Security Numbers

c. Confidential commercial or financial information

d. Trade secrets information

e. Non-relevant personally identifiable information of witnesses, comparators or third parties, for example, social security numbers, dates of birth in non-age cases, home addresses, personal phone numbers and email addresses, etc.

f. Any reference to charges filed against the Respondent by other charging parties

**Requests for an Extension**

If Respondent believes it requires additional time to respond, it must, at the *earliest possible time* in advance of the due date, make a written request for extension, explain why an extension is necessary, and specify the amount of additional time needed to reply. Submitting a written request for extension of time does not automatically extend the deadline for providing the position statement.

**Upload the Position Statement and Attachments into the Respondent Portal**

You can upload your position statement and attachments into the Respondent Portal using the **+ Upload Documents** button. Select the "Position Statement" Document Type and click the **Save Upload** button to send the Position Statement and attachments to EEOC. Once the Position Statement has been submitted,

you will not be able to retract it via the Portal.



# U.S. Equal Employment Opportunity Commission
## Los Angeles District Office
255 East Temple St 4th Floor
Los Angeles, CA 90012
(213) 785-3090

Dear Small Business Manager:

The Equal Employment Opportunity Commission (EEOC) is the federal agency with primary responsibility for enforcing our nation's equal employment opportunity (EEO) laws. The laws we enforce prohibit job discrimination based on race, color, religion, sex (including on the basis of pregnancy, gender identity, or sexual orientation), pregnancy (including pregnancy accommodations), national origin, age (40 or older), disability, retaliation and genetic information.

The attached Fact Sheet provides an overview of the EEOC's procedures from the time a charge of employment discrimination is filed to the point that it is resolved.

We encourage you to visit our online Small Business Resource Center, which provides a wealth of information designed to help small businesses. We offer tips and short videos on key employment topics including what to do when you receive a charge of discrimination.

In most cases, as our first step in processing a charge, we offer mediation as a neutral, voluntary and confidential way to achieve a mutually satisfactory resolution for all parties. Seventy-five percent of charges that are mediated are successfully resolved. In an independent study, 96% of employers who tried the EEOC's mediation program said they would use it again if the need arose.

In addition to the EEOC representative identified on the Notice of Charge of Discrimination, each of our district offices has a Small Business Liaison to provide technical assistance and help employers resolve questions about the laws we enforce, our mediation program, and the charge process. You can find the names and contact information of our Small Business Liaisons on our web site.

We encourage you to contact the Small Business Liaison in your area to answer any questions you may have and assure you that any inquiry or request for information will not adversely affect the investigation of the charge that has been filed.

Sincerely,

U.S. Equal Employment Opportunity Commission

*Find the Answers at EEOC's Small Business Resource Center*

The EEOC's <u>Small Business Resource Center | U.S. Equal Employment Opportunity Commission (eeoc.gov)</u> (http://<u>www.eeoc.gov/employers/small-business</u>) is filled with useful information for small businesses and can connect you with EEOC staff in your area who can help you.

- *Have a question? Need training for your staff or one-on-one assistance?*

  To request information about the EEOC, training on federal employment discrimination laws or an explanation of the charge process, contact your local EEOC Small Business Liaison. We are here to help.

- *Want quick information online?*

  The EEOC's Small Business Liaisons have created <u>videos</u> with the small business owner in mind and the simple straightforward information that you need most. For example, you may need to know what questions you shouldn't ask in a job interview, and other tips for the hiring process.

  Also see our <u>Frequently Asked Questions</u>.

- *Need an employment policy or practical tips on preventing job discrimination?*

  See <u>10 Quick Tips for Small Business</u>.

- *Need to know more about EEOC's charge process?*

  We have a video on <u>Responding to a Charge of Discrimination</u>.

- *What is mediation?*

  The EEOC's <u>mediation program</u> offers a free, voluntary, confidential and informal resolution process for many charges of discrimination. Mediations are conducted by a neutral mediator. If mediation is successful, there is no investigation.

- *Want information about a specific topic?*

  Our <u>Resources</u> page explains the types of employment discrimination covered by the EEOC's laws as well as the legal requirements you need to know.

  We can also direct you to <u>other federal agencies</u> for information on issues such as minimum wage and overtime pay or family and medical leave. The <u>Resources</u> page gives a link to small business assistance from the <u>SBA</u> and provides information on the Small Business Regulatory Enforcement Fairness Act (SBREFA), which allows small businesses to comment on federal agency enforcement actions to the <u>SBA Ombudsman</u>.

You can order our <u>Publications</u> online free of charge or print them for use. You can also order the EEOC's poster, "EEO Is The Law," <u>here</u>.

**For more information and assistance call the EEOC toll-free at 1-800-669-4000 or use our sign language access line at 1-844-234-5122 (ASL Video Phone and Hard of Hearing callers only.)**

# TAB 3

SEYFARTH SHAW LLP
Clifford 'Seth' Sethness (SBN 212975)
csethness@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile: (213) 270-9601

Dana L. Peterson (SBN 178499)
dpeterson@seyfarth.com
David J. Kim (SBN 349802)
dakim@seyfarth.com
Tabitha Kwon (SBN 365915)
tkwon@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
PACIFIC MARITIME ASSOCIATION, LBCT
LLC, APM TERMINALS PACIFIC LLC,
TOTAL TERMINALS INTERNATIONAL, LLC,
and SSA TERMINALS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOCH GREENE, an individual;, <br><br> Plaintiff, <br><br> v. <br><br> LBCT LLC, a Limited Liability Company; PACIFIC MARITIME ASSOCIATION, a California Nonprofit Corporation; APM TERMINALS PACIFIC LLC, a Limited Liability Company; ILWU LOCAL 26, Union; TOTAL TERMINALS INTERNATIONAL LLC, a Limited Liability Company; SSA TERMINALS LLC, a Limited Liability Company; and DOES 1 through 50, inclusive;, <br><br> Defendants. | Case No. 5:25-cv-01359-KK-SHK <br><br> HON. KENLY KIYA KATO <br><br> **DECLARATION OF BLAKE GLASSCO IN SUPPORT OF DEFENDANT TOTAL TERMINALS INTERNATIONAL, LLC'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT** <br><br> Date:      July 16, 2026 <br> Time:     9:30 a.m. <br> Dept:     3 <br><br> Trial Date: September 28, 2026 <br> Date Action Filed:      June 2, 2025 <br> FAC Filed:      June 20, 2025 |

GLASSCO DECLARATION IN SUPPORT OF DEFENDANT TTI'S MOTION FOR SUMMARY JUDGMENT OR
ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT

## DECLARATION OF BLAKE GLASSCO

I, Blake Glassco, declare as follows:

1. I make this declaration in support of TTI's Motion for Summary Judgment or, Alternatively, Partial Summary Judgment. I am familiar with the contents of this declaration which is based upon my personal knowledge and review of records maintained in the ordinary course of TTI's business. I am competent to make this declaration. If called to testify, I could and would testify under oath to the facts set forth herein.

2. Total Terminals International, LLC ("TTI") is a full-service marine terminal operator with operations at the Port of Long Beach. Operating a marine terminal involves loading and unloading cargo ships, moving shipping containers and non-containerized cargo via heavy equipment within the terminal, loading and unloading trucks operated by third party companies with inbound and outbound cargo, and other related activities.

3. I am a Senior Operations Manager for TTI and since starting employment with TTI have worked at its terminal at the Port of Long Beach. I began employment with TTI in March 2105. In January 2023, I became the Facility Security Officer ("FSO") for TTI at its Port of Long Beach Terminal. In the FSO role, my responsibilities included managing the Watchmen dispatched to TTI by ILWU Local 26 ("Local 26"). TTI employs "Watchmen" to perform security functions. Watchmen are represented by ILWU Local 26 ("Local 26").

4. TTI does not have a collective bargaining agreement ("CBA") directly with Local 26. Rather, TTI is a member of the Pacific Maritime Association ("PMA"), a multi-employer association comprised of over seventy companies (including TTI) that negotiates, bargains, and administers the CBAs it enters into on behalf of PMA's member companies. PMA negotiated the ILWU Local 26 Watchmen's Agreement (the "CBA") on behalf of its members who employ Watchman, including TTI.

1

GLASSCO DECLARATION IN SUPPORT OF DEFENDANT TTI'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT

5.      TTI does not employ Watchmen "indefinitely" or in an otherwise traditional manner.  Rather, like other PMA member companies, TTI offers work on a per-shift basis that Watchmen can opt to be dispatched for.  TTI does not select which Watchmen will be dispatched to work at their terminal.  The Watchmen select both the shift time and the employer they want to work for.

6.      Until a Watchman accepts a work dispatch to TTI, he/she is not considered an employee of TTI.  The Watchman then remains employed for the duration of that dispatched shift.  Once that shift ends/is completed, the employment relationship between that Watchman and TTI ends, and they are not employed by TTI again until they accept another work dispatch at TTI.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 11th day of June 2026 in Long Beach, California.

_____
Blake Glassco

2

GLASSCO DECLARATION IN SUPPORT OF DEFENDANT TTI'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT