SEYFARTH SHAW LLP
Clifford 'Seth' Sethness (SBN 212975)
csethness@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile:    (213) 270-9601

Dana L. Peterson (SBN 178499)
dpeterson@seyfarth.com
David J. Kim (SBN 349802)
dakim@seyfarth.com
Tabitha Kwon (SBN 365915)
tkwon@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendants
PACIFIC MARITIME ASSOCIATION, LBCT
LLC, APM TERMINALS PACIFIC LLC,
TOTAL TERMINALS INTERNATIONAL LLC,
and SSA TERMINALS LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOCH GREENE, an individual;, | Case No. 5:25-cv-01359-KK-SHK |
| Plaintiff, | HON. KENLY KIYA KATO |
| v. | **DEFENDANT PACIFIC MARITIME ASSOCIATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT** |
| LBCT LLC, a Limited Liability Company; PACIFIC MARITIME ASSOCIATION, a California Nonprofit Corporation; APM TERMINALS PACIFIC LLC, a Limited Liability Company; ILWU LOCAL 26, Union; TOTAL TERMINALS INTERNATIONAL LLC, a Limited Liability Company; SSA TERMINALS LLC, a Limited Liability Company; and DOES 1 through 50, inclusive;, | Date:      July 16, 2026<br>Time:     9:30 a.m.<br>Dept:     3, 3rd Floor |
| Defendants. | Complaint Filed:   June 2, 2025<br>FAC Filed:         June 20, 2025<br>Trial Date:        September 28, 2026 |

PMA'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

326561087v.2

**TO THE COURT, PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 16, 2026 at 9:30 a.m., or as soon thereafter as the matter may be heard, in the above-captioned Court, located at 3470 12th Street, 3rd Floor, Courtroom 3, Riverside, California, before the Honorable Kenly Kiya Kato, Defendant Pacific Maritime Association, ("Defendant" or "PMA"), move the Court, pursuant to Federal Rule of Civil Procedure 56, for summary judgment in favor and against Plaintiff Enoch Greene ("Plaintiff") for costs of suit incurred herein and such other relief as may be just. This motion is made on the ground that there are no triable issues of material fact as to any of Plaintiff's causes of action against PMA, and PMA is therefore, entitled to summary judgment as a matter of law.

Alternatively, if for any reason full summary judgment cannot be had, PMA moves for an order pursuant to Federal Rule of Civil Procedure 56(a), adjudicating that there is no merit as to each separate cause of action and claim contained in the operative First Amended Complaint (Dkt. No. 19), and as to the issues set forth below, and that the final judgment in this action shall, in addition to any matters determined at trial, award judgment in favor of PMA as established by such adjudication as to the following issues:

## FIRST CAUSE OF ACTION

### Disability Discrimination In Violation Of FEHA/ADA

**ISSUE NO. 1:** Plaintiff's first cause of action against PMA for disability discrimination in violation of the FEHA and the ADA fails as a matter of law because no employment relationship existed between Plaintiff and PMA, PMA did not jointly employ Plaintiff, and PMA had no authority to, or engaged in any FEHA- or ADA-regulated activities on behalf of its member companies.

**ISSUE NO. 2**: Plaintiff's first cause of action against PMA for disability discrimination in violation of FEHA and the ADA fails as a matter of law because Plaintiff was not subjected to adverse employment action by PMA.

/ / /

/ / /

1

PMA'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

326561087v.2

## SECOND CAUSE OF ACTION

### Harassment In Violation Of FEHA/ADA

**ISSUE NO. 3**: Plaintiff's second cause of action against PMA for harassment in violation of FEHA and the ADA fails as a matter of law because no employment relationship existed between Plaintiff and PMA, PMA did not jointly employ Plaintiff, and PMA had no authority to, or engaged in any FEHA- or ADA-regulated activities on behalf of its member companies.

**ISSUE NO. 4**: Plaintiff's second cause of action against PMA for harassment in violation of FEHA and the ADA fails as a matter of law because Plaintiff cannot show that any PMA employee engaged in any harassing behavior based upon his disability.

## THIRD CAUSE OF ACTION

### Failure To Provide Reasonable Accommodation In Violation Of FEHA/ADA

**ISSUE NO. 5**: Plaintiff's third cause of action against PMA for failure to provide reasonable accommodation in violation of FEHA and the ADA fails as a matter of law because no employment relationship existed between Plaintiff and PMA, PMA did not jointly employ Plaintiff, and PMA had no authority to, or engaged in any FEHA- or ADA-regulated activities on behalf of its member companies.

**ISSUE NO. 6**: Plaintiff's third cause of action against PMA for failure to provide reasonable accommodation in violation of FEHA and the ADA fails as a matter of law because PMA granted Plaintiff's requests for accommodation that were within PMA's power to provide.

## FOURTH CAUSE OF ACTION

### Failure To Engage In The Interactive Process In Violation Of FEHA/ADA

**ISSUE NO. 7**: Plaintiff's fourth cause of action against PMA for failure to engage in the interactive process in violation of FEHA and the ADA fails as a matter of law because no employment relationship existed between Plaintiff and PMA, PMA did not jointly employ Plaintiff, and PMA had no authority to, or engaged in any FEHA- or ADA-regulated activities on behalf of its member companies.

2

PMA'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

**ISSUE NO. 8**: Plaintiff's fourth cause of action against PMA for failure to engage in the interactive process in violation of FEHA and the ADA fails as a matter of law because PMA granted Plaintiff's request for accommodation that were within PMA's power to provide.

## FIFTH CAUSE OF ACTION

### Retaliation In Violation Of 42 U.S.C. § 12203 And Cal. Lab. Code § 1102.5

**ISSUE NO. 9:** Plaintiff's fifth cause of action against PMA for retaliation in violation of 42 U.S.C. § 12203 and California Labor Code § 1102.5 fails as a matter of law because no employment relationship existed between Plaintiff and PMA and PMA did not jointly employ Plaintiff.

**ISSUE NO. 10**: Plaintiff's fifth cause of action against PMA for retaliation in violation of 42 U.S.C. § 12203 and California Labor Code § 1102.5 fails as a matter of law because Plaintiff was not subjected to adverse employment action by PMA.

## SIXTH CAUSE OF ACTION

### Wrongful Termination In Violation Of Public Policy

**ISSUE NO. 11:** Plaintiff's sixth cause of action against PMA for wrongful termination in violation of public policy fails as a matter of law because no employment relationship existed between Plaintiff and PMA, PMA did not jointly employ Plaintiff, and PMA had no authority to, or engaged in any FEHA- or ADA-regulated activities on behalf of its member companies.

**ISSUE NO. 12**: Plaintiff's sixth cause of action against PMA for wrongful termination in violation of public policy fails as a matter of law because it is purely derivative of Plaintiff's underlying claims for disability discrimination and retaliation, and thus fails for the same reasons.

## REQUEST FOR PUNITIVE DAMAGES

**ISSUE NO. 13**: Plaintiff's prayer for punitive damages against PMA fails as a matter of law because no employment relationship existed between Plaintiff and PMA, and PMA did not jointly employ Plaintiff.

3

326561087v.2

**ISSUE NO. 14:** Plaintiff's prayer for punitive damages fails as a matter of law because no PMA officer, director, or managing agent personally engaged in oppressive, fraudulent, or malicious conduct against Plaintiff.

**Local Rule 7-3 Certification.** Pursuant to the Central District Local Rule 7-3, Defendants PMA, LBCT LLC, APM Terminals Pacific LLC, Total Terminals International LLC, and SSA Terminals LLC (collectively, "Non-Union Defendants"), certify that on June 11, 2026, counsel for all Parties, including Plaintiff and Defendant ILWU Local 26, met and conferred via telephone to advise that they would be filing a motion for summary judgment on all six causes of action raised in Plaintiff's operative First Amended Complaint, including his request for punitive damages, and discussed the grounds on which the Motion would be made.  (Declaration of Dana L. Peterson, ¶ 5.)

During the call, Non-Union Defendants asked Plaintiff whether Plaintiff sought to continue prosecuting all six causes of action, or if he would abandon any claims before they filed their Motion.  Plaintiff stated that he would oppose Non-Union Defendants' Motion for Summary Judgment.  (Peterson Decl. ¶ 5.)  Therefore, the Parties were unable to reach a resolution that eliminates the necessity for a hearing on this Motion, and PMA now files the Motion on the grounds set forth above.  (Peterson Decl. ¶ 5.)

PMA's Motion will be and is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the accompanying Separate Statement of Uncontroverted Facts; the accompanying Appendix of Evidence in support thereof; Declaration of Dana L. Peterson in support thereof; Declaration of William Bartelson in support thereof; Declaration of Ryan Williams in support thereof; Request for Judicial Notice in support thereof; and [Proposed] Order Granting Defendant PMA's Motion, and any such further matters, evidence, objections to evidence, briefs or arguments that may be presented at or before the hearing of this Motion.

For all of the reasons stated above, the Court should summarily adjudicate all causes of action for which Plaintiff has failed to establish triable issue of material fact and which fail as a matter of law.

4

326561087v.2

DATED: June 18, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Dana L. Peterson*
    Clifford D. Sethness
    Dana L. Peterson
    David J. Kim
    Tabitha Kwon
    Attorneys for Defendants
    PACIFIC MARITIME
    ASSOCIATION; LBCT LLC; APM
    TERMINALS PACIFIC LLC; TOTAL
    TERMINALS INTERNATIONAL,
    LLC; SSA TERMINALS, LLC

5

326561087v.2