SEYFARTH SHAW LLP
Clifford 'Seth' Sethness (SBN 212975)
csethness@seyfarth.com
601 S. Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile:   (213) 270-9601

Dana L. Peterson (SBN 178499)
dpeterson@seyfarth.com
David J. Kim (SBN 349802)
dakim@seyfarth.com
Tabitha Kwon (SBN 365915)
tkwon@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendants
PACIFIC MARITIME ASSOCIATION; LBCT
LLC; APM TERMINALS PACIFIC LLC;
TOTAL TERMINALS INTERNATIONAL, LLC;
SSA TERMINALS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOCH GREENE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LONG BEACH CONTAINER TERMINAL, INC. a Corporation; PACIFIC MARITIME ASSOCIATION, a California Nonprofit Corporation; APM TERMINALS PACIFIC LLC, a Limited Liability Company; ILWU LOCAL 26, Union; TOTAL TERMINALS INTERNATIONAL LLC, a Limited Liability Company; SSA TERMINALS LLC, Limited Liability Company; MATSON NAVIGATION COMPANY INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 5:25-cv-01359-KK-CTS<br><br>HON. KENLY KIYA KATO<br><br>**DEFENDANTS PACIFIC MARITIME ASSOCIATION, LBCT LLC, APM TERMINALS PACIFIC LLC, TOTAL TERMINALS INTERNATIONAL, LLC, AND SSA TERMINALS, LLC'S REPLY TO PLAINTIFF ENOCH GREENE'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERTS RICHARD RUIZ AND DAVID WEINER**<br><br>Date:       July 2, 2026<br>Time:       9:30 a.m.<br>Location:   Courtroom 3, 3rd Floor<br><br>Complaint Filed:  June 2, 2025<br>FAC Filed:       June 20, 2025 |

REPLY TO PLAINTIFF ENOCH GREENE'S SUPPLEMENT TO OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERTS RICHARD RUIZ AND DAVID WEINER

326516352v.1

## I.    INTRODUCTION

Plaintiff does not dispute that his May 7, 2026 expert disclosure failed to provide a complete statement of opinions, the bases for them, or the facts considered, as required by Rule 26(a)(2)(B).  The report itself states that the experts were "as yet unable to opine as to any losses suffered."  Appendix B to the report shows that, as of May 7, 2026, the experts had reviewed one document: a "Case Caption – Proof of Service."

Plaintiff instead argues that (1) his failure was substantially justified because the experts needed more data, and (2) any prejudice was cured by a "Supplemental Report" served on June 1, 2026—eleven days after Defendants' rebuttal deadline and ten days before the expert discovery cut-off.  Neither argument satisfies Plaintiff's burden under Rule 37(c)(1).

Plaintiff's failure was not substantially justified.  The earnings and benefits information his experts purportedly needed was in Plaintiff's own possession and had been exchanged in discovery.  Plaintiff's failure was not harmless.  By the time Plaintiff served his "Supplemental Report," Defendants' rebuttal deadline had already passed, and the expert discovery cut-off was ten days away.  And Rule 26(e) supplementation cannot be used to provide opinions that should have been in the initial report.

The Court should exclude Mr. Ruiz and Mr. Weiner.  In the alternative, the Court should continue the rebuttal expert disclosure deadline and permit Defendants to submit a rebuttal disclosure no earlier than fourteen (14) days after Plaintiff serves a compliant expert report.

## II.   PLAINTIFF'S INITIAL DESIGNATION OF EXPERT WITNESSES ON MAY 7, 2026 WAS WHOLLY DEFICIENT

Plaintiff argues that her initial expert disclosure served on May 7, 2026 was "the customary Rule 26 disclosures, including, *inter alia*, qualifications, compensation, and prior testimony materials."  (Opp. 1.)  This argument is disingenuous. because Plaintiff knows that

1

REPLY TO PLAINTIFF ENOCH GREENE'S SUPPLEMENT TO OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERTS RICHARD RUIZ AND DAVID WEINER

326516352v.1

## III.    PLAINTIFF'S FAILURE WAS NOT SUBSTANTIALLY JUSTIFIED

Plaintiff contends that the May 7, 2026 disclosure was substantially justified because his experts lacked the data needed to compute damages, and that Defendants possess "the majority of the underlying data necessary for a complete valuation."  (Opp. at 6.)  The record shows otherwise.

First, the core damages data was available to Plaintiff well before the May 7 deadline. Plaintiff filed this case on June 2, 2025—nearly a year before the May 7 deadline. (Dkt. No. 1.) That is more than enough time for Plaintiff to gather basic earnings and benefits information and provide it to his experts. In addition, Defendants produced Plaintiff's payroll records from Pacific Maritime Association and the Collective Bargaining Agreement with International Longshore and Warehouse Union Local 26 (the "CBA") during discovery. The CBA sets the wage rates, contractual wage increases, and 401(k) employer contribution rates for Plaintiff's position. Plaintiff's supplemental report confirms that the experts relied on both documents as core sources. (See Supp. Rpt. Appendix B at 4–5; Supp. Rpt. Appendix C.)

Second, the delay was internal to Plaintiff's side.  Appendix C of Plaintiff's supplemental report shows that Plaintiff's counsel did not forward the payroll records to the experts until May 26, 2026—nearly three weeks after the May 7 disclosure deadline and five days after Defendants' May 21 rebuttal deadline.  (Supp. Rpt. Appendix C.) Many of the other documents the experts relied on were equally within Plaintiff's accessibility, including Plaintiff's paystubs, 401(k) account statements, and welfare plan enrollment records.  The experts could not opine on May 7 not because Defendants withheld data, but because Plaintiff had not provided readily accessible data to them.

Third, the remaining items Plaintiff identifies as missing were within Plaintiff's responsibility.  Plaintiff's own deposition transcripts (Opp. at 6) are not Defendants' to produce, and both depositions occurred before the May 7 deadline.  As to "historical

2

REPLY TO PLAINTIFF ENOCH GREENE'S SUPPLEMENT TO OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERTS RICHARD RUIZ AND DAVID WEINER

326516352v.1

compensation data for similarly situated employees" (Opp. at 6), Plaintiff does not explain why data about other employees' pay is necessary to calculate Plaintiff's own lost earnings. Plaintiff's damages claim is based on his own alleged earnings, not anyone else's.

Plaintiff's counsel's medical issues beginning May 1, 2026 do not change the result. The experts at J.S. Held are independent professionals whose work product did not depend on counsel's availability, and counsel's health issues do not explain why Plaintiff did not seek a stipulated extension.

## IV.    PLAINTIFF'S FAILURE WAS NOT HARMLESS

Plaintiff bears the burden of showing harmlessness. *Yeti by Molly, 259 F.3d* at 1107. Plaintiff argues that any prejudice can be cured by extending the rebuttal and expert discovery deadlines. (Opp. at 7–8.) However, that is not a cure. Plaintiff's late disclosure caused Defendants to miss the Court's rebuttal deadline, and giving Plaintiff additional time would reward the noncompliance.

First, Defendants had no basis to evaluate whether a rebuttal expert was needed. Plaintiff argues that Defendants were not "surprised" because they knew Plaintiff was seeking wage and benefit-related losses. (Opp. at 7.) But Rule 26(a)(2)(B) requires disclosure of the opinions and bases, not just the subject matter. Knowing the topic is not knowing the opinions. Plaintiff's placeholder left Defendants without any ability to evaluate the scope of the testimony to determine whether a rebuttal expert is needed, and if so, to retain the appropriate expert. *See Southern States Rack & Fixture Inc. v. Sherwin–Williams Co.*, 318 F.3d 592, 598 (4th Cir. 2003) ("rules of expert disclosure are designed to allow an opponent to examine an expert opinion for flaws and to develop counter-testimony through that party's own experts").

Second, the June 1, 2026 Supplemental Report did not cure the prejudice. The Supplemental Report came eleven days after Defendants' May 21 rebuttal deadline and ten days before the June 11 expert discovery cut-off. Defendants had no meaningful

3

time to depose Mr. Ruiz or Mr. Weiner, retain a rebuttal expert, and have that expert prepare and serve a report. *See Southern States Rack & Fixture*, 318 F.3d at 598 ("rules of expert disclosure are designed to allow an opponent to examine an expert opinion for flaws and to develop counter-testimony through that party's own experts" and "the ability to simply cross-examine an expert concerning a new opinion at trial is not the ability to cure.").

Third, Plaintiff's "no disruption to trial" argument misses the point. Plaintiff argues there is no harm because Defendants have not identified a firm trial date conflict. (Opp. at 7.)  But Rule 37(c)(1)'s harmlessness inquiry is not limited to trial disruption. Disruption to the Court's schedule and to Defendants' ability to prepare within that schedule is itself prejudice. *See Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005) ("Disruption to the schedule of the court and other parties... is not harmless. Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to.").

### A.    Rule 26(e) Does Not Permit Plaintiff To Use "Supplementation" To Cure A Disclosure That Contained No Opinions

Plaintiff argues that Rule 26(e) supplementation is the appropriate way to resolve any deficiency, and that the June 1, 2026 Supplemental Report cures any defect in the May 7 disclosure.  (Opp. at 8.)  It does not.

Rule 26(e) allows a party to "add additional or corrective information" to a disclosure that was compliant when made.  It does not allow a party to use the label "supplement" to provide the opinions and bases that should have been in the initial report. *See SSS Enters., Inc. v. NOVA Petroleum Realty, LLC*, 524 F. App'x 321, 324 (4th Cir. 2013). Rule 26(e) "is intended only 'to add additional or corrective information,' not to correct an earlier failure to provide a compliant expert report." *Id.* (stating that the Rule 37(c) advisory committee notes "emphasize that the automatic sanction of exclusion provides a strong inducement for disclosure of material that the

4

REPLY TO PLAINTIFF ENOCH GREENE'S SUPPLEMENT TO OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERTS RICHARD RUIZ AND DAVID WEINER

326516352v.1

disclosing party would expect to use as evidence"). Plaintiff's June 1 Supplemental Report is not a supplement. It is the initial report Plaintiff should have served on May 7.

Plaintiff also argues that Defendants' alternative request to extend the rebuttal deadline shows that case management, not exclusion, is the right approach. (Opp. at 8.) It does not. Defendants' alternative request applies only if the Court declines to exclude. It does not change Defendants' primary position that exclusion is required under Rule 37(c)(1).

### B.    Exclusion Is The Appropriate Remedy

Plaintiff argues that exclusion is the "harshest sanction" and disproportionate, and that the Court should instead extend the rebuttal and expert discovery deadlines. (Opp. at 2, 8–9.) Plaintiff is wrong.

Rule 37(c)(1) "gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly*, 259 F.3d at 1106. Exclusion is the default sanction, not an extraordinary one. Because Plaintiff has shown neither substantial justification nor harmlessness, exclusion is required. And it is limited: it bars only Mr. Ruiz's and Mr. Weiner's untimely opinions, not Plaintiff's case or his other damages evidence.

Should the Court decline to exclude the experts, Defendants request that the Court continue the rebuttal expert disclosure deadline and permit Defendants to submit a rebuttal disclosure no earlier than fourteen (14) days after Plaintiff serves a compliant expert report.

### V.    CONCLUSION

Because Plaintiff's disclosure fails to provide the opinions, bases, data, or analysis required by Rule 26(a)(2), the Court should exclude the report and any testimony by Richard Ruiz and David Weiner. In the alternative, the Court should continue the rebuttal expert disclosure deadline and permit Defendants to submit a rebuttal expert

REPLY TO PLAINTIFF ENOCH GREENE'S SUPPLEMENT TO OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERTS RICHARD RUIZ AND DAVID WEINER

326516352v.1

disclosure no earlier than fourteen (14) days after Plaintiff serves a compliant expert report.

DATED: June 18, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Dana L. Peterson*
Clifford 'Seth' Sethness
Dana L. Peterson
David J. Kim
Tabitha Kwon
Attorneys for Defendant
PACIFIC MARITIME ASSOCIATION, LBCT LLC, APM TERMINALS PACIFIC LLC, TOTAL TERMINALS INTERNATIONAL, LLC, and SSA TERMINALS, LLC

6

326516352v.1

## **Local Rule 11-6.2. Certification**

The undersigned, counsel of record for Non-Union Defendants, certifies that this brief contains 1593 words, which complies with the word limit of L.R. 11-6.1.

By: */s/ Dana L. Peterson*
Dana L. Peterson

7

REPLY TO PLAINTIFF ENOCH GREENE'S SUPPLEMENT TO OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERTS RICHARD RUIZ AND DAVID WEINER

326516352v.1