SEYFARTH SHAW LLP
Clifford 'Seth' Sethness (SBN 212975)
csethness@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile:    (213) 270-9601

Dana L. Peterson (SBN 178499)
dpeterson@seyfarth.com
David J. Kim (SBN 349802)
dakim@seyfarth.com
Tabitha Kwon (SBN 365915)
tkwon@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendants
PACIFIC MARITIME ASSOCIATION, LBCT
LLC, APM TERMINALS PACIFIC LLC,
TOTAL TERMINALS INTERNATIONAL LLC,
and SSA TERMINALS LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOCH GREENE, an individual;, | Case No. 5:25-cv-01359-KK-CTS |
| Plaintiff, | HON. KENLY KIYA KATO |
| v. | **DEFENDANT APM TERMINALS PACIFIC LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT** |
| LBCT LLC, a Limited Liability Company; PACIFIC MARITIME ASSOCIATION, a California Nonprofit Corporation; APM TERMINALS PACIFIC LLC, a Limited Liability Company; ILWU LOCAL 26, Union; TOTAL TERMINALS INTERNATIONAL LLC, a Limited Liability Company; SSA TERMINALS LLC, a Limited Liability Company; and DOES 1 through 50, inclusive;, | Date:    July 16, 2026
Time:    9:30 a.m.
Dept:    3, 3rd Floor |
| Defendants. | Complaint Filed:   June 2, 2025
FAC Filed:    June 20, 2025
Trial Date:    September 28, 2026 |

APMT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

326601055v.1

**TO THE COURT, PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 16, 2026 at 9:30 a.m., or as soon thereafter as the matter may be heard, in the above-captioned Court, located at 3470 12th Street, 3rd Floor, Courtroom 3, Riverside, California, before the Honorable Kenly Kiya Kato, Defendant APM Terminals Pacific LLC, ("Defendant" or "APMT"), moves the Court, pursuant to Federal Rule of Civil Procedure 56, for summary judgment in favor and against Plaintiff Enoch Greene ("Plaintiff"), for costs of suit incurred herein, and such other relief as may be just.  This motion is made on the ground that there are no triable issues of material fact as to any of Plaintiff's causes of action against APMT, and APMT is therefore, entitled to summary judgment as a matter of law.

Alternatively, if for any reason full summary judgment cannot be had, APMT moves for an order pursuant to Federal Rule of Civil Procedure 56(a), adjudicating that there is no merit as to each separate cause of action and claim contained in the operative First Amended Complaint (Dkt. No. 19), and as to the issues set forth below, and that the final judgment in this action shall, in addition to any matters determined at trial, award judgment in favor of APMT as established by such adjudication as to the following issues:

**FIRST CAUSE OF ACTION**

**Disability Discrimination In Violation Of FEHA/ADA**

**ISSUE NO. 1:** Plaintiff's first cause of action against APMT for disability discrimination in violation of the ADA and FEHA fails as a matter of law because Plaintiff is not a qualified individual with a disability, as he cannot perform the essential functions of a Watchman with or without a reasonable accommodation.

**ISSUE NO. 2**: Plaintiff's first cause of action against APMT for disability discrimination in violation of the ADA and FEHA fails as a matter of law because Plaintiff cannot safely perform the essential functions of a Watchman and poses a direct threat to the safety of himself and others.

2

326601055v.1

**ISSUE NO. 3**: Plaintiff's first cause of action for disability discrimination in violation of the ADA and FEHA fails as a matter of law because APMT had a legitimate, non-discriminatory reason for the alleged adverse employment action, and Plaintiff has no specific or substantial evidence of pretext.

## SECOND CAUSE OF ACTION

### Harassment In Violation of FEHA/ADA

**ISSUE NO. 4**: Plaintiff's second cause of action against APMT for disability-based harassment in violation of the ADA and FEHA fails as a matter of law because the alleged conduct does not rise to the level of severe or pervasive harassment.

**ISSUE NO. 5**: Plaintiff's second cause of action for disability-based harassment in violation of the ADA and FEHA fails as a matter of law because the alleged conduct is not attributable to APMT.

**ISSUE NO. 6**: Plaintiff's second cause of action for disability-based harassment in violation of the ADA and FEHA fails as a matter of law because the alleged conduct constitutes legitimate personnel management actions and safety-driven decisions that do not constitute harassment as a matter of law.

## THIRD CAUSE OF ACTION

### Failure To Provide Reasonable Accommodation In Violation Of FEHA/ADA

**ISSUE NO. 7**: Plaintiff's third cause of action against APMT for failure to accommodate in violation of the ADA and FEHA fails as a matter of law because Plaintiff cannot perform the essential functions of the Watchman position with or without reasonable accommodation.

**ISSUE NO. 8**: Plaintiff's third cause of action against APMT for failure to accommodate in violation of the ADA and FEHA fails as a matter of law because Plaintiff's requested accommodation is unreasonable *per se* because it would require APMT to violate the Collective Bargaining Agreement.

**ISSUE NO. 9**: Plaintiff's third cause of action against APMT for failure to accommodate in violation of the ADA and FEHA fails as a matter of law because

3

APMT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

Plaintiff's requested accommodation is unreasonable *per se* because it would require APMT to remove essential job duties.

**ISSUE NO. 10**: Plaintiff's third cause of action against APMT for failure to accommodate in violation of the ADA and FEHA fails as a matter of law because APMT provided temporary accommodations to Plaintiff.

### FOURTH CAUSE OF ACTION

### Failure To Engage In The Interactive Process In Violation Of FEHA/ADA

**ISSUE NO. 11**: Plaintiff's fourth cause of action against APMT for failure to engage in the interactive process in violation of the ADA and FEHA fails as a matter of law because Plaintiff cannot perform the essential functions of the Watchman position with or without reasonable accommodation.

**ISSUE NO. 12**: Plaintiff's fourth cause of action against APMT for failure to engage in the interactive process in violation of the ADA and FEHA fails as a matter of law because Plaintiff cannot identify any actual, available accommodation that could have arisen from the interactive process that would have allowed him to perform all of the essential functions of his job, including driving a bus/shuttle bus.

**ISSUE NO. 13**: Plaintiff's fourth cause of action against APMT for failure to engage in the interactive process in violation of the ADA and FEHA fails as a matter of law because APMT engaged in the interactive process and provided temporary accommodations to Plaintiff.

### FIFTH CAUSE OF ACTION

### Retaliation In Violation Of 42 U.S.C. § 12203 And Cal. Lab. Code § 1102.5

**ISSUE NO. 14:** Plaintiff's fifth cause of action against APMT for retaliation fails as a matter of law because Plaintiff cannot establish a causal link between his alleged protected activity and any adverse employment action by APMT.

**ISSUE NO. 15**: Plaintiff's fifth cause of action against APMT for retaliation fails as a matter of law because APMT had a legitimate, non-retaliatory reason for the alleged

4

adverse employment action, and Plaintiff has no specific or substantial evidence of pretext.

### SIXTH CAUSE OF ACTION

### Wrongful Termination In Violation Of Public Policy

**ISSUE NO. 16**: Plaintiff's sixth cause of action against APMT for wrongful termination in violation of public policy fails as a matter of law because it is purely derivative of Plaintiff's underlying claims for disability discrimination and retaliation, and thus fails for the same reasons.

### REQUEST FOR PUNITIVE DAMAGES

**ISSUE NO. 17**: Plaintiff's request for punitive damages fails as a matter of law because no APMT officer, director, or managing agent personally engaged in oppressive, fraudulent, or malicious conduct against Plaintiff.

**Local Rule 7-3 Certification.**  Pursuant to the Central District Local Rule 7-3, Defendants Pacific Maritime Association, LBCT LLC, APMT, Total Terminals International LLC, and SSA Terminals LLC (collectively, "Non-Union Defendants"), certify that on June 11, 2026, counsel for all Parties, including Plaintiff and Defendant ILWU Local 26, met and conferred via telephone to advise that they would be filing a motion for summary judgment on all six causes of action raised in Plaintiff's operative First Amended Complaint, including his request for punitive damages, and discussed the grounds on which the Motion would be made.  (Declaration of Dana L. Peterson, ¶ 5.)

During the call, Non-Union Defendants asked Plaintiff whether Plaintiff sought to continue prosecuting all six causes of action, or if he would abandon any claims before they filed their Motion.  Plaintiff stated that he would oppose Non-Union Defendants' Motion for Summary Judgment.  (Peterson Decl. ¶ 5.)  Therefore, the Parties were unable to reach a resolution that eliminates the necessity for a hearing on this Motion, and APMT now files the Motion on the grounds set forth above.  (Peterson Decl. ¶ 5.)

APMT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

326601055v.1

APMT's Motion will be and is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities in support thereof; the accompanying Separate Statement of Undisputed Material Facts in support thereof; the accompanying Compendium of Evidence in support thereof; Declaration of Dana L. Peterson in support thereof; Declaration of Kurt Sulzbach in support thereof; Declaration of Charles Gray in support thereof; Declaration of Ryan Williams in support thereof; and [Proposed] Order Granting Defendant APMT's Motion, and any such further matters, evidence, objections to evidence, briefs or arguments that may be presented at or before the hearing of this Motion.

For all of the reasons stated above, the Court should summarily adjudicate all causes of action for which Plaintiff has failed to establish triable issue of material fact and which fail as a matter of law.

DATED: June 18, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By:_____
    Clifford D. Sethness
    Dana L. Peterson
    David J. Kim
    Tabitha Kwon
    Attorneys for Defendants,
PACIFIC MARITIME ASSOCIATION, LBCT LLC, APM TERMINALS PACIFIC LLC, TOTAL TERMINALS INTERNATIONAL LLC, and SSA TERMINALS LLC

\

APMT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

326601055v.1