SEYFARTH SHAW LLP
Clifford 'Seth' Sethness (SBN 212975)
csethness@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile:   (213) 270-9601

Dana L. Peterson (SBN 178499)
dpeterson@seyfarth.com
David J. Kim (SBN 349802)
dakim@seyfarth.com
Tabitha Kwon (SBN 365915)
tkwon@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendants
PACIFIC MARITIME ASSOCIATION, LBCT
LLC, APM TERMINALS PACIFIC LLC,
TOTAL TERMINALS INTERNATIONAL LLC,
and SSA TERMINALS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOCH GREENE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LBCT LLC, a Limited Liability Company; PACIFIC MARITIME ASSOCIATION, a California Nonprofit Corporation; APM TERMINALS PACIFIC LLC, a Limited Liability Company; ILWU LOCAL 26, Union; TOTAL TERMINALS INTERNATIONAL LLC, a Limited Liability Company; SSA TERMINALS LLC, a Limited Liability Company; and DOES 1 through 50, inclusive;,<br><br>Defendants. | Case No. 5:25-cv-01359-KK-CTS<br><br>HON. KENLY KIYA KATO<br><br>**DEFENDANT LBCT LLC'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**<br><br>Date:      July 16, 2026<br>Time:      9:30 a.m.<br>Dept:      3<br><br>Complaint Filed:   June 2, 2025<br>FAC Filed:         June 20, 2025<br>Trial Date:        September 28, 2026 |

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

Pursuant to Local Rule 56-3, Defendant LBCT LLC ("Defendant" or "LBCT") hereby submits its Response to Plaintiff's Statement of Genuine Disputes (Dkt. No. 104-4.)

Plaintiff does not dispute LBCT's Uncontroverted Facts; instead, Plaintiff's Responses are riddled with legal arguments, legal conclusions, and evidentiary objections, which are not sufficient to create triable issue of material fact and need not be considered by the Court.  *See Sernett v. Unum Grp.*, 787 F. Supp. 3d 1034, 1040-41 (C.D. Cal. 2025) ("Where the content would be admissible at trial, the Court therefore overrules evidentiary objections made on the grounds that the form of the evidence is inadmissible because there is a lack of personal knowledge, or it constitutes inadmissible lay opinion or hearsay."; "[o]bjections to evidence on the ground that it is irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself.  The Court, therefore, need not entertain such objections.") (internal quotations and citations omitted); *see also The California Endowment v. Radnor Specialty Insurance Co.*, 2026 WL 1243672, at *3 (C.D. Cal. May 6, 2026) ("argumentative rejoinders to uncontroverted facts are, by and large, unresponsive and irrelevant.").

LBCT responds to Plaintiff's evidentiary objections to preserve its rights.  *See FDIC v. N.H. Ins. Co.*, 953 F.2d 478, 484 (9th Cir. 1991) ("[d]efects in evidence submitted in opposition to a motion for a summary judgment are waived absent a motion to strike or other objection.").

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

## PLAINTIFF'S FIRST CAUSE OF ACTION

**Issue 1:** Plaintiff's First Cause Of Action Against LBCT For Disability Discrimination In Violation Of The ADA And FEHA Fails As A Matter Of Law Because Plaintiff Is Not A Qualified Individual With A Disability, As He Cannot Perform The Essential Functions Of A Watchman With Or Without A Reasonable Accommodation.

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 1.    LBCT is the first automated container terminal in the United States. Many pieces of machinery and equipment at LBCT move about the terminal without direct human intervention.  Specific areas of the terminal are cordoned off and restricted from human presence due to this automation.  LBCT requires additional safety measures around equipment that is not directly operated by humans and to prevent unauthorized entry into restricted areas. (Naefke Decl., ¶ 5.)[1] | 1. DISPUTED IN PART. Objection to UMF: The UMF improperly relies upon evidence that violates the Best Evidence Rule, lacks foundation, and is hearsay. **Admitted that LBCT utilizes an automated container terminal infrastructure with restricted, cordoned-off zones,. disputed** to the extent that Moving Party attempts to leverage this automation as a pretext to declare Plaintiff unfit for duty. In reality, LBCT's automated layout establishes that a highly technical terminal is uniquely suited to accommodate a stationary, low-vision worker. Because automated machinery tracks are strictly cordoned off and prohibited from human presence, there is no operational requirement for Plaintiff to navigate or drive within those automated zones. Instead, this automated infrastructure is governed via electronic surveillance and fixed checkpoints, which perfectly maps onto the indoor, console-bound video security monitor assignments and static gate-checking posts established under **Article 2, Section E of the CBA 2019-2025**. LBCT's own automated design eliminated the need for mobile field operations, providing an immediate, safe, and cost-free opportunity to accommodate Plaintiff inside an illuminated, climate-controlled monitoring center—an interactive track |

---

[1] "Naefke Decl." refers to Declaration of Eric Naefke in Support of LBCT's Motion for Summary Judgement concurrently filed herewith.

2

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | management completely abandoned via **Employer Complaint EC-0024-2023.** Declaration of Enoch Greene 1- 58, Ex,L Declaration of Enoch Greene 61, Ex. O, (Page 4). |

1.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

The Best Evidence Rule does not apply because LBCT does not seek to prove the contents of a writing through Eric Naefke's testimony. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content").

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

| | |
|---|---|
| 2.      Marine terminals are heavily restricted areas under federal law.  As an international ocean-going cargo terminal, LBCT is a port of entry into the United | 2. DISPUTED  Objection to UMF: The UMF improperly relies upon evidence that violates the Best |

3

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| States.  U.S. Customs and Border Protection, U.S. Coast Guard, and the Department of Homeland Security monitor and regulate operations at the terminal and require LBCT to protect the premises against suspicious or hazardous activity. The terminal must be patrolled regularly, both for security reasons and to ensure that longshore workers and outside truckers drive safely.  Security personnel must also drive dockworkers to and from vessels and other work locations throughout the terminal and are responsible for responding to on-terminal emergencies.<br><br>(Naefke Decl., ¶ 6.) | Evidence Rule, lacks foundation, and is hearsay.<br><br>**Disputed** to the extent that LBCT frames the fundamental security mandates of a watchman as an absolute, mandatory driving. requirement. While federal regulations require the terminal premises to be protected against suspicious or hazardous activity, these essential security monitoring functions are routinely and effectively performed via non-driving methods, including. the terminal's integrated video monitoring systems (CCTV), stationary gate access controls, and remote security desk operations.<br><br>Declaration of Enoch Greene ¶ 61, Ex. O |

2.      Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact.  *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3.  *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

The Best Evidence Rule does not apply because LBCT does not seek to prove the contents of a writing through Eric Naefke's testimony. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content").

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

4

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 3.      LBCT employs "Watchmen" to perform these security functions. Watchmen are represented by ILWU Local 26 ("Local 26").  LBCT does not have a collective bargaining agreement ("CBA") directly with ILWU Local 26. Rather, LBCT is one of the members of the Pacific Maritime Association ("PMA") that negotiates, bargains, and administers the CBAs it enters into with the ILWU on its members' behalf. PMA negotiated the operative ILWU Local 26 Watchmen's Agreement (the "CBA") on behalf of its members who employ Watchman, including LBCT. The CBA was then voted on by the union members of Local 26.<br><br>(Naefke Decl., ¶ 7.) | 3. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence that violates the Best Evidence Rule, lacks foundation, and is hearsay.<br><br>**Disputed** to the extent that LBCT claims a total absence of a contractual relationship with ILWU Local 26. While the collective bargaining agreement was negotiated. and signed at the macro-level by the Pacific Maritime Association (PMA) acting as the multi-employer bargaining agent, LBCT is a formal, registered member company of the PMA and is fully, legally bound by all terms, conditions, and operational mandates of the operative ILWU Local 26 Watchmen's Agreement.<br><br>Declaration of Enoch Greene ¶ 61, Ex. O |

3.      Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

The Best Evidence Rule does not apply because LBCT does not seek to prove the contents of a writing through Eric Naefke's testimony. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content").

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")<br><br>Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 4.    Article 2 of the CBA enumerates the essential duties of every Watchman, including:<br>• Rover watchmen to travel within the confines of the terminal (also known as "the installation") to protect property against loss by theft or fire and against unauthorized person or persons gaining entrance to the property.<br>• Bus drivers and/or vehicle operators to transport authorized personnel to and from the vessels and/or other points as authorized by the company.<br><br>(Naefke Decl., ¶ 8, Ex.  A.) | 4. DISPUTED<br>Objection to UMF: The UMF improperly relies upon evidence that violates the Best Evidence Rule, lacks foundation, document is incomplete, and is hearsay.<br>**Disputed;** LBCT's presentation of Article 2 selectively isolates clauses to falsely imply that roving and bus driving are inseparable, universal mandates for every shift. Under the explicit, complete text of the CBA 2019-2025, Article 2 Section D (Pages 3-4), these security functions are structured as entirely separate, distinct, and disjunctive daily job assignments categorized under independent numbered subsections. This operational segregation is legally enforced by Article 3, Section C (Page 7), which expressly mandates that a watchman "shall be responsible only for the job he is performing at the time of performance," and further protected by Article 7, Section C (Page 13), which heavily restricts the shifting of watchmen out of specialized static posts. Therefore, the text of the contract completely supports, rather than bars, an accommodation assigning Plaintiff exclusively to a stationary, non-driving post.<br>Declaration of Enoch Greene ¶ 61, Ex. O |
| 4.    Defendant's Response:<br>Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not | |

6

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|

create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

The Best Evidence Rule does not apply because LBCT does not seek to prove the contents of a writing through Eric Naefke's testimony. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content").

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

Plaintiff's objection that the "document is incomplete" does not apply because Plaintiff does not and cannot point to other parts of the document that contradict this fact.

| | |
|---|---|
| 5.    The CBA also lists specific Terminal duties spelled out in Addendum "M." For LBCT, those include ensuring that vehicular and equipment traffic on the terminal is flowing smoothly and at the proper speeds, controlling and securing parking and other areas as needed, and transporting longshoremen and other persons on the terminal.<br><br>(Naefke Decl., ¶ 7, Ex. A.) | 5. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence that violates the Best Evidence Rule, lacks foundation, document is incomplete, and is hearsay.<br><br>**Disputed in part;** it is admitted that Addendum "M" references the generalized objective of ensuring smooth traffic flow at the terminal, but it is explicitly disputed that this function requires motor vehicle operation or physical roaming. Under the explicit text of the **CBA 2019-2025, Article 2,** |

7

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
|  | **Section E (Page 4), the contract defines "Watchmen to monitor video terminals or similar technology for security purposes"** as a core assignment, which allows traffic flow and speeds to be safely tracked via electronic console monitoring. This technological execution is legally reinforced by LBCT's specific section in **Addendum "M", Item No. 22 (Page 81)**, which mandates that watchmen "Utilize other security technology, as it is implemented" to manage terminal safety. When coupled with **Article 3, Section C (Page 7)**—which limits an employee's liability strictly to the single task assigned at that moment—the contract proves that traffic monitoring is seamlessly executed from a stationary desk post via video systems without the need to operate vehicles. |
|  | Declaration of Enoch Greene ¶ 61, Ex. O |

5.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

The Best Evidence Rule does not apply because LBCT does not seek to prove the contents of a writing through Eric Naefke's testimony. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content").

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge,

8

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")<br><br>Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").<br><br>Plaintiff's objection that the "document is incomplete" does not apply because Plaintiff does not and cannot point to other parts of the document that contradict this fact. | |
| 6.   Watchmen dispatched to LBCT may be assigned to any of the following four assignments: Security Center, Gangway, Shuttle Bus and Rover.  The Security Center assignment is the only  assignment that does not require driving.<br><br>(Naefke Decl., ¶ 9, Ex.  B.) | 6. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence that violates the Best Evidence Rule, lacks foundation, document is incomplete, and is hearsay.<br><br>**Disputed in part;** it is admitted that watchmen dispatched to LBCT may be assigned.to the four listed categories, but it is explicitly disputed that the Security Center is the only post functional for a non-driving accommodation. Under the **CBA 2019-2025, Article 2, .Section C (page 3)**, the essential. function of a. Gangway assignment is strictly static access control, carrying no contractual requirement that the watchman operate a vehicle. While driving is routinely used to transit to the ship's side, LBCT maintains an independent internal transportation infrastructure under **Addendum "M", Item No. 18 (Page 81)** for moving personnel across the terminal layout. Because LBCT possesses the direct employer capability to utilize its existing shuttle networks to drop Plaintiff off at a static post—a logistical modification they explicitly stated they would provide—the Gangway assignment remains a completely viable, non-driving accommodation fully supported. by the workplace restrictions outlined in the<br><br>Declaration of Enoch Greene ¶ 50, Ex. D<br>Declaration of Enoch Greene ¶ 61, Ex. O |
| 6.   Defendant's Response: | |

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

Plaintiff admits that "driving is routinely used to transit to the ship's side." In fact, this is the assignment Plaintiff was working on the day of his June accident. (Dkt. No. 96-3, p. 148, Naefke Decl. ¶ 26, Ex. E, Daily Security Schedules and Security Payroll, Dkt. No. 96-3, p. 257-259, showing Plaintiff was assigned to Gangway from 10:00 pm – 6:00 am.) Plaintiff does not dispute that the Gangway assignment requires driving – instead, he maintains that LBCT should have excused him from performing this essential function, transported him to the ship and arranged to have a truck waiting there for him.

**Response to Plaintiff's Objections:**

The Best Evidence Rule does not apply because LBCT does not seek to prove the contents of a writing through Eric Naefke's testimony. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content").

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

Plaintiff's objection that the "document is incomplete" does not apply because Plaintiff does not and cannot point to other parts of the document that contradict this fact.

| 7. When assigned to the Gangway, the Watchman drives a pickup truck to the gangway and remains posted at the gangway, performing observation from | 7. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence that violates the Best |
|---|---|

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| inside the pickup truck.  Driving is required to get to and from the assigned gangway. (Naefke Decl., ¶ 9.) | Evidence Rule, lacks foundation, document is incomplete, and is hearsay. |
| | **Disputed;** LBCT improperly conflates utilizing a vehicle as a stationary shelter with a mandatory requirement to personally operate that vehicle. Under the **CBA 2019-2025, Joint Port Watchmen Safety Code, Rule 20.W(4) (Page 67)**, the employer is contractually mandated to provide gangway watchmen a truck when positioned on the dock" to serve as a static, protective enclosure from the elements. Because the vehicle operates exclusively as a stationary observation post once positioned at the ship's side, LBCT maintains the direct operational capability under Article 2, Section K(5) (Page 5) to have a supervisor or internal shuttle driver park the truck at the gangway prior to the shift. This simple staging modification allows Plaintiff to perform 100% of the static access control duties safely from inside the parked vehicle, completely satisfying the clinical restrictions and workplace clearances certified in the |
| | Declaration of Enoch Greene ¶ 50, Ex. D |
| | Declaration of Enoch Greene ¶ 61, Ex. O |

7.     Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact.  *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3.  *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

Plaintiff admits in response to UF #6 that "driving is routinely used to transit to the ship's side."  In fact, this is the assignment Plaintiff was working on the day of his June accident. (Dkt. No. 96-3, p. 148, Naefke Decl. ¶ 26, Ex. E, Daily Security Schedules and Security Payroll , DK 96-3Dkt. No. 96-3, p. 257-259 : 257-259 showing Plaintiff was assigned to Gangway from 10:00 pm – 6:00 am.)  Plaintiff does not dispute that the

11

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|

Gangway assignment requires driving – instead, he maintains that LBCT should have excused him from performing this essential function, transported him to the ship and arranged to have a truck waiting there for him.

**Response to Plaintiff's Objections:**

The Best Evidence Rule does not apply because LBCT does not seek to prove the contents of a writing through Eric Naefke's testimony. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content").

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

Plaintiff's objection that the "document is incomplete" does not apply because Plaintiff does not and cannot point to other parts of the document that contradict this fact.

| | |
|---|---|
| 8. Plaintiff does not dispute that driving a bus equivalent to the size of a Greyhound bus is one of the job duties of a Watchman.<br><br>(Pl. Dep. 102:6-12, 102:25-103:7.) | 8. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence that is hearsay.<br><br>**Admitted that driving a shuttle bus is one of the various operational tasks that may be assigned within the Watchman classification;** disputed to the extent that Moving Party attempts to mischaracterize this occasional assignment as an unyielding "essential function" of the entire position. Under Title I of the ADA, an occasional job duty is not legally synonymous with an essential function. While Plaintiff acknowledges that bus driving is part of the overall watchman task pool, the governing **CBA 2019-2025 L26 WA (1).pdf, Article 2, Section E** explicitly establishes independent standalone, deskbound electronic surveillance and video monitoring positions that require |

12

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | zero vehicle operation or field transit. Furthermore, under the shift isolation rules of Article 3, Section C, an employee's duties are strictly confined to their assigned post for that shift. Because Plaintiff remains fully. qualified and clinically cleared by his treating specialist to perform the essential functions of stationary identity verification and console-bound monitoring, LBCT's attempt to leverage an occasional driving duty to enforce a permanent "No Dispatch" career lockout under **EC-0024-2023** is pretext for disability discrimination. |
| | Declaration of Enoch Greene ¶ 61, Ex. O, (Page 4 and Page 6). |
| | Declaration of Nancyrose Hernandez ¶ 16, Ex. N |

8.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

| | |
|---|---|
| 9.    LBCT does not employ Watchmen indefinitely or in an otherwise traditional manner.  Rather, like other PMA member companies, LBCT offers work on a per- | 9. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence that violates the Best Evidence Rule, lacks foundation, and is hearsay. |

13

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
|---|---|
| shift basis that Watchman can opt to be dispatched for.<br><br>(Naefke Decl., ¶ 10.) | **Disputed;** LBCT's claim that it does not employ watchmen indefinitely or in a traditional manner is directly refuted by the text of the operative collective bargaining agreement. Article 8 ("Regular and Steady Employees") explicitly defines and authorizes the permanent employment of "Steady Monthly Employees" who are guaranteed a minimum of 173 hours per month and "Steady Weekly Employees" who are guaranteed a minimum of 40 hours per week to work continuously and specifically at LBCT's terminal facility.<br>Declaration of Enoch Greene ¶ 61, Ex. O (Pages 12-16). |

9.      Defendant's Response:

Plaintiff's argument that Article 8 of the CBA permits "Steady Monthly Employees" and "Steady Weekly Employees" is immaterial and not applicable to Plaintiff. Plaintiff was not a steady watchman at LBCT.  Plaintiff testified that he worked for multiple employers, including LBCT during the relevant time.  (*See* Dkt. No. 96-3, pp. 70-71, Pl. Dep. 194:18-195:18, Dkt. No. 99-3, p. 58, Pl. Dep. 206:18-23.)

**Response to Plaintiff's Objections:**

The Best Evidence Rule does not apply because LBCT does not seek to prove the contents of a writing through Eric Naefke's testimony. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content").

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

| 10.     For Watchmen, dispatching opportunities are presented via independent dispatchers.  Since the terminals operate 24-hours a day, there are three shifts of eight hours each or longer shifts of nine or | 10. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence that violates the Best |

14

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| ten hours to choose from and eight different marine terminals employing Watchman.<br><br>(Naefke Decl., ¶ 11.) | Evidence Rule, lacks foundation, and is hearsay.<br><br>**Disputed;** LBCT's characterization of the dispatch system as entirely "independent" of employer control is legally and factually false. Under the explicit terms of the CBA 2019-2025, Registered Watchmen Rules, Rule No. 5, any member employer possesses the structural contractual authority to unilaterally block a watchman from receiving work opportunities at their facility simply by filing an Employer Complaint. LBCT actively weaponized this exact mechanism of control to remove Plaintiff from active rotation by placing him on a non-dispatch status with an open employer complaint in November of 2023. This structural veto power was subsequently executed by all other port employers who coordinated to place Plaintiff on a port-wide non-dispatch status on December 10, 2024, conclusively demonstrating that the dispatching infrastructure operates at the absolute direction of the member employers.<br><br>Declaration of Enoch Greene ¶ 61, Ex. O (Page 101).<br><br>Declaration of Enoch Greene ¶ 58, Ex. L,<br><br>Declaration of Nancyrose Hernandez ¶16, Ex. N,<br><br>Declaration of Nancyrose Hernandez ¶ 11, Ex. I |

10. Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

15

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| **Response to Plaintiff's Objections:** <br><br> The Best Evidence Rule does not apply because LBCT does not seek to prove the contents of a writing through Eric Naefke's testimony. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content"). <br><br> Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") <br><br> Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 11.    The marine terminal employers, like LBCT, do not select which Watchmen will be dispatched to work at their terminal.  The Watchmen select both the shift time and the employer they want to work for.  LBCT does not know who will be working any given shift until that Watchman accepts dispatch. <br><br> (Naefke Decl., ¶ 12.) | 11. DISPUTED <br><br> Objection to UMF: The UMF improperly relies upon evidence that violates the Best Evidence Rule, lacks foundation, and is hearsay. <br><br> Disputed LBCT's assertion that it lacks advance knowledge or selectivity over its dispatched workforce is flatly contradicted by the governing contract rules. Under the CBA 2019-2025, Registered Watchmen Dispatch Procedures (Rule No. 9), employers maintain a rolling notice window of up to 24 hours via strict 10:30 A.M. daily dispatch order deadlines. Furthermore, the system is subjected to direct employer gatekeeping via CBA 2019-2025 Registered Watchmen Rules (Rule No. 5), which functions as an operational loophole allowing terminals to unilaterally decide who can work on their property by filing an open Employer Complaint to block individual watchmen from accepting their assignments. Contractual Anchors for Fact No. 11 The 24-Hour Rolling Notice Window: Located in Appendix, Page 141, Registered Watchmen Dispatch Procedures, Rule No. 9 and 9(a). The Employer Complaint Filtering Power: |

16

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
|  | Located in Appendix, Page 137, Registered Watchmen Rules, Rule No. 5 Joint Disciplinary / Exclusion Framework: Governed by Article 18 "Labor Relations Committees and Grievance Machinery"), Section C & D, Pages 55-56. |
|  | Declaration of Enoch Greene ¶ 61, Ex. O (Page 105 and Page 101). |

11.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

The Best Evidence Rule does not apply because LBCT does not seek to prove the contents of a writing through Eric Naefke's testimony. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content").

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

| | |
|---|---|
| 12.    Once a Watchman reports to the terminal, the Shift Lead or Sergeant, who are also Local 26 Watchmen, gives them their assignment.  Watchmen are assigned to particular jobs for LBCT based upon the | 12. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence that violates the Best Evidence Rule, lacks foundation, document is incomplete, and is hearsay. |

17

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| needs of the terminal at the time they start their shift.<br><br>(Naefke Decl., ¶ 13.) | **Disputed;** LBCT's claim that shift sergeants possess independent or insulated assignment authority is flatly contradicted by the contract's explicit chain of command. Under the **CBA 2019-2025, Article 3, Section A (Page 7)**, the absolute authority to assign workers to their duties is strictly reserved to corporate management. While shift sergeants physically hand out daily assignments, **Article 2, Section I (Page 5) and Section K(7) & K(13) (Pages 5-6)** explicitly mandate that sergeants execute these duties "under the direction of the terminal management," supervise watchmen "through management direction," and coordinate security activities "as directed by the Employer". Because management retains the overriding contractual right to instruct shift sergeants on workforce placement LBCT possesses the complete operational control necessary to direct its sergeants to enforce Plaintiffs stationary ADA accommodations.<br><br>Declaration of Enoch Greene ¶ 61, Ex. O |

12.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

The Best Evidence Rule does not apply because LBCT does not seek to prove the contents of a writing through Eric Naefke's testimony. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content").

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge,

18

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") <br><br> Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). <br><br> Plaintiff's objection that the "document is incomplete" does not apply because Plaintiff does not and cannot point to other parts of the document that contradict this fact. | |
| 13.    Watchman may be reassigned to a different post or job during their shift as needed.  For example, a Watchman may be pulled from a rover assignment to do traffic control, or may be reassigned from their original post to respond to an emergency at a different location on the terminal. <br><br> (Naefke Decl., ¶ 14.) | 13. DISPUTED <br><br> Objection to UMF: The UMF improperly relies upon evidence that violates the Best Evidence Rule, lacks foundation, and is hearsay. <br><br> **Disputed;** Moving Party highlights standard operational reassignments to falsely suggest that all watchman positions are inherently fluid and unaccommodatable. In reality, the CBA 2019-2025 explicitly isolated and enforces completely non-shifting assignments. Per Article 7, Section C (Page 13), static posts like gangway watches carry a strict contractual guarantee that the worker "will not be shifted to other work" until the task is complete. Plaintiff is fully available to be dynamically deployed across LBCT's facility, provided his rotation stays limited to the terminal's stationary checkpoint networks, a protocol entirely feasible under the single-task liability framework mandated by Article 3, Section C (Page 7). <br><br> Declaration of Enoch Greene ¶ 61, Ex. O |

13.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3.  *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3.  *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").<br><br>**Response to Plaintiff's Objections:**<br>The Best Evidence Rule does not apply because LBCT does not seek to prove the contents of a writing through Eric Naefke's testimony. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content").<br><br>Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")<br><br>Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 14.    Until a Watchman accepts a work dispatch to LBCT, they are not considered an employee of LBCT.  Instead, a Watchman only becomes an employee of LBCT when they accept a work dispatch offered by LBCT.  The Watchman then remains employed for the duration of that dispatched shift.  Once the shift ends/is completed, the employment relationship between that Watchman and LBCT ends, and they are not employed by LBCT again until they accept another work dispatch offered by LBCT.<br><br>(Naefke Decl., ¶ 15.) | 14. DISPUTED<br>Objection to UMF: The UMF improperly relies upon evidence that violates the Best Evidence Rule, lacks foundation, and is hearsay.<br>**Disputed;** LBCT's assertion that the employer-employee relationship magically terminates at the conclusion of every 8-hour shift contradicts the governing contract. Under the CBA 2019-2025, Article 14, Section A (Page 51), a watchman's employment status is permanent, continuous, and legally bound to the active Registration Roster, which remains whole and cannot be severed by the completion of a daily shift. Per the contract Preamble (Page 1) and Article 2, Section O.(Page 7), LBCT is a permanent, signatory member employer bound to this bargaining unit. Because LBCT continuously administers, processes, and contractually funds Plaintiffs year-round pension, medical, and career welfare benefits under Articles 11 and 12 (Pages 24, 47-48) regardless of |

20

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | active daily dispatch. logs the employment relationship is lifelong and continuous, not shift-by-shift. |
| | Declaration of Enoch Greene ¶ 61, Ex. O |

14.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

The Best Evidence Rule does not apply because LBCT does not seek to prove the contents of a writing through Eric Naefke's testimony. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content").

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

| 15.    Most work dispatches are for a single shift, so the periods of employment are short.<br><br>(Naefke Decl., ¶ 16.) | 15. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence that violates the Best Evidence Rule, lacks foundation, document is incomplete, and is hearsay.<br><br>**Disputed;** LBCT's attempt to characterize the duration of a single shift |

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
|  | dispatch as a short "period of employment" is a misleading and contradicts the governing contract. Under the CBA 2019-2025, Article 14, Section A (Page 51), "Employment" in the maritime security industry is defined by an employee's permanent, continuous placement on the industry's active Registration Roster, which remains unbroken regardless of shift changes. Per Article 12, Sections B and F (Pages 47-48) and Pacific Maritime Association administrative rules, a registered watchman maintains constant, unbroken status as an "Active Employee" entitled to structural career longevity and continuous health, welfare, and pension benefit coverages regardless of daily operational dispatch cycles. Declaration of Enoch Greene ¶ 61, Ex. O |

15.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

The Best Evidence Rule does not apply because LBCT does not seek to prove the contents of a writing through Eric Naefke's testimony. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content").

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). Plaintiff's objection that the "document is incomplete" does not apply because Plaintiff does not and cannot point to other parts of the document that contradict this fact. | |
| 16.     Local 26 members are not limited to accepting work dispatches to one particular PMA member company in any given month or week.  Rather, a Local 26 member may accept work dispatches from any of the eight terminals who employ Watchmen, which may result in a Local 26 member being employed by several different PMA member companies during a given week.<br><br>(Naefke Decl., ¶ 17.) | 16. DISPUTED<br>Objection to UMF: The UMF improperly relies upon evidence that violates the Best Evidence Rule, lacks foundation, document is incomplete, and is hearsay.<br>**Disputed;** LBCT's assertion that a watchman's movement between facilities constitutes entirely separate, fragmented periods of employment is contractually inaccurate. Under the CBA 2019-2025, Preamble (Page 1), all signatory. terminals are legally bound as a single, collective multi-employer unit represented exclusively by the Pacific Maritime Association. Furthermore, under Article 8, Sections C and D (Pages 15-16), member companies frequently bypass casual dispatch rotations to hire permanent 'steady" watchmen tied exclusively to a single terminal with long-term 40-hour weekly or 173-hour monthly employment guarantees, completely refuting the narrative of an inherently disjointed workforce.<br>Declaration of Enoch Greene ¶ 61, Ex. O |

16.     Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact.  *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3.  *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). **Response to Plaintiff's Objections:** The Best Evidence Rule does not apply because LBCT does not seek to prove the contents of a writing through Eric Naefke's testimony. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content"). Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). Plaintiff's objection that the "document is incomplete" does not apply because Plaintiff does not and cannot point to other parts of the document that contradict this fact. | |
| 17.    Plaintiff has primary open-angle glaucoma in both eyes and testified that sometime in 2022, he began experiencing episodes of blurry vision in both eyes. (Pl. Dep. 18:19-19:13, 42:22-43:12, 45:12-15.) | 17. DISPUTED Objection to UMF: The UMF improperly relies upon evidence that violates the Best Evidence Rule, lacks foundation, calls for a medical opinion, and is hearsay. Admitted that Plaintiff has primary open-angle glaucoma in both eyes and has experienced episodic visual limitations; disputed to the extent that Moving Party attempts to characterize this chronic medical diagnosis as an absolute barrier to employment or. an admission of total operational unfitness. Under Title I of the ADA and California's FEHA, primary open-angle glaucoma constitutes a protected physical disability that legally entitles Plaintiff to reasonable accommodations. Plaintiff's episodic visual parameters are the precise functional limitations that required a nondriving, stationary adjustment. As |

24

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | certified by his treating specialist, Dr. Anne L. Coleman, in her September 7, 2023 medical report, Plaintiff remains fully capable of performing fixed-post credential verification and stationary terminal logging. LBCT possessed an immediate, cost-free avenue to accommodate these known visual parameters by assigning Plaintiff to the highly illuminated, indoor electronic surveillance consoles established under Article 2, Section E of the CBA 2019-2025. Instead of honoring these contractual tracks, the defendants weaponized Plaintiffs protected medical condition to implement a retaliatory campaign and an eventually absolute "No Dispatch" lockout under Employer Complaint EC-0024-2023. |
| | Declaration of Enoch Greene ¶ 61, Ex. O (Page 4) |
| | Declaration of Enoch Greene ¶ 48, Ex. B, |
| | Declaration of Enoch Greene ¶ 49, Ex. C, |
| | Declaration of Enoch Greene ¶ 50, Ex. D, |
| | Declaration of Nancyrose Hernandez ¶ 10, Ex. H, |

17.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

The Best Evidence Rule does not apply because LBCT does not seek to prove the contents of a writing through Eric Naefke's testimony. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content").

25

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")<br><br>Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").<br><br>Plaintiff's "calls for a medical opinion" objection does not apply because LBCT is not seeking a diagnosis from Plaintiff or asking Plaintiff to establish a prognosis. | |
| 18.    These episodes of blurry vision occur without warning once or twice a week, and last anywhere from a few minutes to hours.<br><br>(Pl. Dep. 43:13-21, 44:3-45:11.) | 18. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence that violates the Best Evidence Rule, lacks foundation, calls for a medical opinion, and is hearsay.<br><br>Admitted that Plaintiff accurately testified regarding the episodic frequency and duration of his blurry vision; disputed to the extent that Moving Party attempts to characterize these parameters as an unresolvable terminal hazard. Under Title I of the ADA, the explicit purpose of a reasonable accommodation is to neutralize the operational risks of an employee's known limitations. While an episodic visual variance creates a hazard if an employee is forced to operate mobile field equipment, it poses zero operational risk if the employee is accommodated at an indoor, stationary post. LBCT possessed an immediate, cost-free avenue to accommodate Plaintiffs known medical patterns by anchoring him to the indoor, highly illuminated electronic surveillance consoles established under Article 2, Section E of the CBA 2019-2025. Because the terminal's automated machinery tracks are already strictly cordoned off from human presence as admitted in Statement No. 1, a fixed-desk tracking post completely removes |

26

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Plaintiff from field hazards. LBCT's weaponization of Plaintiff's honest medical data to enforce a permanent "No Dispatch" lockout under Employer Complaint EC-0024-2023 constitutes standard disability discrimination. |
| | Declaration of Enoch Greene ¶ 61, Ex. O (Page 4). |
| | Declaration of Enoch Greene ¶ 48, Ex. B, |
| | Declaration of Enoch Greene ¶ 49, Ex. C, |
| | Declaration of Enoch Greene ¶ 50, Ex. D, |
| | Declaration of Nancyrose Hernandez ¶ 10, Ex. H, |

18. Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

The Best Evidence Rule does not apply because LBCT does not seek to prove the contents of a writing through Eric Naefke's testimony. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content").

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not

27

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). Plaintiff's "calls for a medical opinion" objection does not apply because LBCT is not seeking a diagnosis from Plaintiff or asking Plaintiff to establish a prognosis. | |
| 19. In December 2022, Plaintiff underwent glaucoma surgery and was excused from work during his postoperative period from December 2022 to April 2023. (Pl. Dep. 21:2-25, 24:2-8) | 19. UNDISPUTED |
| 20. Plaintiff's treating ophthalmologist, Dr. Coleman, in a letter dated April 15, 2023, explained that as of that date, Plaintiff had "low vision in his left eye and meets the requirements for legal blindness in the state of California, with a best corrected vision acuity of 20/250 in the left eye and a visual field of 10 degrees or less." (Pl. Dep. 59:25-60:8, 23:19-24:25; Ex. 2.) | 20. DISPUTED Objection to UMF: The UMF improperly relies upon evidence that violates the Best Evidence Rule, lacks foundation, document is incomplete, calls for a medical opinion, and is hearsay. **Disputed in part;** it is admitted only that Dr. Anne L. Coleman's April 15, 2023 letter contains the diagnostic measurements quoted by Moving Party. It is explicitly disputed that this statement accurately or fully reflects the clinical findings and workplace capabilities documented in that correspondence. Moving Party has intentionally suppressed the material core of the medical opinion, wherein Dr. Coleman certified on Page 1 that Plaintiff "should be able to carry on relatively normal life functions" and explicitly mandated reasonable workplace accommodations, stating he requires "a larger computer monitor, larger print options, and/or a magnifier to be able to complete work tasks efficiently and comfortably" along with "extra time and allowances for visual tasks". By cutting out these explicit workplace clearances, Moving Party presents a distorted record to hide the fact that Plaintiff requested actionable, low-cost accommodations that were fully compatible with stationary terminal operations. Declaration of Enoch Greene ¶ 61, Ex. O (Page 4). |

28

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Declaration of Enoch Greene ¶ 48, Ex. B, Declaration of Enoch Greene ¶ 49, Ex. C, Declaration of Enoch Greene ¶ 50, Ex. D, Declaration of Nancyrose Hernandez ¶ 10, Ex. H, |

20.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

The Best Evidence Rule does not apply because LBCT does not seek to prove the contents of a writing through Eric Naefke's testimony. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content").

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

Plaintiff's "calls for medical opinion" does not apply because Dr. Coleman is a medical doctor and Plaintiff's treating physician.

29

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff's objection that the "document is incomplete" does not apply because Plaintiff does not and cannot point to other parts of the document that contradict this fact. | |
| 21. A visual field of 10 degrees or less meant that Plaintiff had no peripheral vision.<br><br>(Coleman Dep. 15:6-10.) | 21. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence lacks foundation,. calls for a medical opinion, document is incomplete, and is hearsay.<br><br>**Disputed;** Moving Party's assertion that Plaintiffs visual parameters present a total operational barrier is a deceptive, bad-faith distortion of the medical record that intentionally omits the most critical portion of Dr. Anne L. Coleman's clinical findings. While Plaintiff exhibits peripheral boundaries, Dr. Coleman explicitly stated and certified on the record that Plaintiff retains good central vision. Under Title I of the ADA, an employer cannot cherry-pick negative clinical fragments to manufacture a false narrative of total blindness while completely suppressing an employee's documented functional capacities. Plaintiff's good central vision perfectly qualifies him to execute the essential functions of stationary checkpoint. tracking, document cross-referencing, and identity verification. Because Dr. Coleman's September 7 2023 report explicitly cleared Plaintiff to "verify identification against individuals seeking to gain access, and because Article 2, Section E of the CBA 2019-2025 provides for completely indoor, stationary video console desks, LBCT's reliance on a truncated quote to enforce a permanent lockout under Employer Complaint EC-0024-2023 is a pretextual violation of the law.<br><br>Declaration of Enoch Greene ¶ 61, Ex. O (Page 4).<br><br>Declaration of Enoch Greene ¶ 48, Ex. B,<br><br>Declaration of Enoch Greene ¶ 49, Ex. C,<br><br>Declaration of Enoch Greene ¶ 50, Ex. D,<br><br>Declaration of Nancyrose Hernandez ¶ 10, Ex. H, |

30

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 21.  Defendant's Response:<br><br>Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").<br><br>Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").<br><br>**Response to Plaintiff's Objections:**<br><br>Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")<br><br>Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").<br><br>Plaintiff's "calls for medical opinion" does not apply because Dr. Coleman is a medical doctor and Plaintiff's treating physician.<br><br>Plaintiff's objection that the "document is incomplete" does not apply because Plaintiff does not and cannot point to other parts of the document that contradict this fact. | |
| 22.    The April 15, 2023 letter further stated that "due to his low vision and decreased peripheral vision, it is not recommended that [Plaintiff] drive a passenger vehicle . . . [and] may not be able to maneuver an oversized vehicle such as a van or bus."<br><br>(Pl. Dep. 23:19-24:1, Ex.  2.) | 22. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence lacks foundation,. calls for a medical opinion, document is incomplete, and is hearsay.<br><br>**Disputed in part;** it is admitted only that Dr. Anne L. Coleman's April 15, 2023 letter contains the specific vehicle operational limitations quoted. It is |

31

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | explicitly disputed that these driving restrictions disqualify Plaintiff from performing the essential functions of an ILWU Local 26 Watchman. Under the explicit terms of the CBA 2019-2025, Article 3, Section C (Page 7), a watchman "shall be responsible only for the job he is performing at the time of performance," establishing that daily tasks are structurally independent and isolated. Because the contract under Article 2, Section C (Page 3) and Section E (Page 4) provides for permanent, stationary security tracks— including static gate logging and . electronic video console monitoring Plaintiff s driving limitations are entirely compatible with the terminal's operational layout when assigned to an accommodated, non-driving post. |
| | Declaration of Enoch Greene ¶ 61, Ex. O |
| | Declaration of Enoch Greene ¶ 48, Ex. B, |

22.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

32

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). Plaintiff's "calls for medical opinion" does not apply because Dr. Coleman is a medical doctor and Plaintiff's treating physician. Plaintiff's objection that the "document is incomplete" does not apply because Plaintiff does not and cannot point to other parts of the document that contradict this fact. | |
| 23.    In a letter dated May 25, 2023, Dr. Coleman clarified that Plaintiff's driving limitations applied to oversized vehicles such as vans or buses. (Coleman Dep., 17:6-18:6; Pl. Dep. 246:18-24, Ex. 25.) | 12. [sic] DISPUTED Objection to UMF: The UMF improperly relies upon evidence lacks foundation, calls for a medical opinion, document is incomplete, and is hearsay. Admitted that in a letter dated May 25, 2023, Dr. Coleman clarified that Plaintiff's driving limitations were strictly tailored to oversized vehicles such as vans or buses; disputed to the extent that Moving Party attempts to use this narrow, localized restriction to justify a total industry exclusion. Under Title I of the ADA, an employer is legally required to accommodate a narrow physical limitation by isolating the restricted task while preserving the employee's remaining duties. Dr. Coleman's letter provided -LBCT with an explicit roadmap for accommodation: keeping Plaintiff from operating oversized transport machinery while assigning him to available, non-driving tracks. LBCT possessed an immediate, cost-free avenue to execute this accommodation under Article 2, Section E of the CBA 2019-2025 by anchoring Plaintiff to indoor, highly illuminated video surveillance consoles or stationary checkpoint booths. LBCT's choice to expand a narrow restriction against oversized vans into a permanent, terminal-wide "No Dispatch" lockout under Employer Complaint EC-0024-2023 constitutes a bad-faith breakdown of the interactive process. and standard disability discrimination. |

33

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Declaration of Enoch Greene ¶ 61, Ex. O (Page 4). |
| | Declaration of Enoch Greene ¶ 49, Ex. C, |
| | Declaration of Enoch Greene ¶ 58, Ex. L, |

23.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact.  *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3.  *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

Plaintiff's "calls for medical opinion" does not apply because Dr. Coleman is a medical doctor and Plaintiff's treating physician.

Plaintiff's objection that the "document is incomplete" does not apply because Plaintiff does not and cannot point to other parts of the document that contradict this fact.

| 24.    Plaintiff's vision loss is permanent. There is no medical procedure for regaining vision that has already been lost due to primary open angle glaucoma. | 24. DISPUTED

Disputed in  part; it is admitted only that peripheral visual fields lost to primary open-angle glaucoma cannot be surgically |
|---|---|

34

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| (Coleman Dep. 12:3-13.) | restored. It is explicitly disputed that Plaintiffs entire functional vision is lost or that his condition prevents him from executing watchman duties. Moving Party relies on a broad, unscientific mischaracterization of Dr. Coleman's testimony to manufacture an illusion of total blindness. In the April 15, 2023 UCLA Medical Report (Page 1) and subsequent assessments, Dr, Anne L. Coleman certified that despite permanent peripheral restrictions, Plaintiff retains functional visual acuity enabling him to "carry on relatively normal life functions" and perform precise workplace visual assignments efficiently when provided with "-a larger computer monitor, larger print options, and/or a magnifier". Moving Party suppresses these clinical boundaries to falsely frame a narrow peripheral restriction as a complete disqualification from employment.<br><br>Declaration of Enoch Greene ¶ 61, Ex. O<br><br>Declaration of Nancyrose Hernandez ¶ 10, Ex. H, |
| 24.    Defendant's Response:<br><br>Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact.  *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").<br><br>Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3.  *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). ||
| 25.    The first time Plaintiff mentioned having any difficulty performing his job was on April 20, 2023. That day, Plaintiff dispatched to LBCT and was assigned to drive the Shuttle Bus.  Plaintiff informed the Shift Seargent that he had a vision impairment and requested reassignment to | 25. UNDISPUTED |

35

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| something other than driving the shuttle bus.<br><br>(Naefke Dep. 43:1-7; Pl. Dep. 29:9-30:19.) | |
| 26.  In an April 29, 2023 letter to the Joint Labor Relations Committee and other individuals, Plaintiff stated he had a "medical condition which limits my physical ability to perform some of my job duties safely and effectively." (He went on to state "I am seeking to have a dialogue in order to create solutions which will **avert any serious incident**. . ." and that one of the main purposes he was writing the letter was "to communicate with the Joint Labor Relations Committee and ILWU Local 26 Safety Representative of my disability and **safety concerns."**<br><br>(Pl. Dep. 174:16-175:5, Ex.  3.) | 26. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence lacks foundation,. calls for a medical opinion, document is incomplete, and is hearsay.<br><br>**Disputed in part;** it is admitted only that Plaintiff authored the April 29, 2023 letter containing the brief fragments quoted by Moving Party. It is explicitly disputed that Fact No. 26 accurately or completely reflects the text, legal notice, or operational substance of the letter. Moving Party has intentionally omitted the explicit statutory demands of the letter, wherein Plaintiff stated his express purpose was "(2) to make a request for reasonable accommodations related to my medical condition" and documented that terminal management had already successfully accommodated him, noting: "I was reassigned to another post by Sargent David Pannell. I completed my shifts safely and efficiently with no complaint." By suppressing these material facts, Moving Party's statement presents a distorted record of Plaintiffs formal, binding notice of disability and direct request for reasonable accommodation under the ADA and FEHA.<br><br>Declaration of Enoch Greene ¶ 47, Ex. A, |

26.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact.  *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3.  *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). **Response to Plaintiff's Objections:** Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). Plaintiff's "calls for a medical opinion" objection does not apply because LBCT is not seeking a diagnosis from Plaintiff or asking Plaintiff to establish a prognosis. Plaintiff's objection that the "document is incomplete" does not apply because Plaintiff does not and cannot point to other parts of the document that contradict this fact. | |
| 27.    At the May 8 and May 22, 2023 JPWLRC meetings, Plaintiff requested that he be excused from driving a bus or shuttle-bus due to his poor vision, and he informed the JPWLRC that he had difficulty seeing in the rain, fog, and other low-visibility situations. (Pl. Dep. 58:25-59:24, 60:9-15, 63:4-7; Naefke Decl., ¶ 25.) | 27. DISPUTED Objection to UMF: The UMF improperly relies upon evidence lacks foundation,. calls for a medical opinion, document is incomplete, and is hearsay. Admitted in part; it is admitted that Plaintiff accurately testified regarding his statements to the Joint committee concerning low-visibility environmental factors. It is explicitly disputed that these disclosures disqualified him from working as a Watchman. Under Article 20 (N) of the CBA 2019-2025, any employee who identifies an operational piety boundary must report it immediately. Plaintiff complied with this rule in perfect good faith. Because watchman posts are structurally isolated shift-by-shift under Article 3, Section C, LBCT possessed the direct administrative capacity to assign Plaintiff strictly to station-bound, indoor identification verification desks or console rooms. |

37

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Utilizing Plaintiff's adherence to joint safety reporting rules as a pretextual foundation to issue a permanent "Request No Dispatch" order under Employer Complaint EC-0024-2023 constitutes a per se violation of the ADA's interactive mandates. |
| | Declaration of Enoch Greene ¶ 48, Ex. B, |
| | Declaration of Enoch Greene ¶ 61, Ex. O (Pages 41-43 and Page 7). |
| | Declaration of Enoch Greene ¶ 58, Ex. L, |
| | Declaration of Enoch Greene ¶ 52, Ex. F |

27.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

Plaintiff's "calls for a medical opinion" objection does not apply because LBCT is not seeking a diagnosis from Plaintiff or asking Plaintiff to establish a prognosis.

38

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff's objection that the "document is incomplete" does not apply because Plaintiff does not and cannot point to other parts of the document that contradict this fact. | |
| 28.    Eric Naefke, LBCT's Director of Labor Relations, was present at both the May 9 and May 22, 2023 JPWLRC meetings.<br><br>(Naefke Dep. 167:3-168:19.) | 28. DISPUTED<br><br>**Disputed in part;** it is admitted that Director Eric Naefke was present for the initial meeting on May 8, 2023. It is explicitly disputed that Naefke's presence at the subsequent May 22, 2023 meeting can be factually verified by the record. Moving Party relies on Meeting Minutes SCWM-0015-2023, which procedurally collapses two distinct committee dates into a single file with only one general attendance header on Page 1. Because the "Follow-up Meeting" on Page 3 entirely lacks an independent, date-specific . attendance roster, and because Moving Party failed to produce the requested individual attendee lists for May 22, 2023 during discovery, Plaintiff can neither confirm nor deny Naefke's presence at the second meeting due to the employer's failure to maintain distinct, proper administrative records under Article 18, Section C (Page 55).<br><br>Declaration of Enoch Greene ¶ 61, Ex. O<br><br>Declaration of Enoch Greene ¶ 52, Ex. F |
| 28.    Defendant's Response:<br><br>Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").<br><br>Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). | |
| 29.    On June 12, 2023, Plaintiff was involved in a motor vehicle accident at | 29. DISPUTED |

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| approximately 3:00 a.m. while driving a pickup truck on the job at LBCT.<br><br>(Pl. Dep. 86:14-23, 89:24-90:20, 183:23-184:3.) | **Objection to UMF:** The UMF improperly relies upon evidence lacks foundation, and is hearsay.<br><br>**Disputed in part;** it is admitted only that Plaintiff was driving a terminal pickup truck when an incident occurred at approximately 3:00 a.m. on June 12, 2023. It is explicitly disputed that this incident constitutes a standard motor vehicle accident attributable to Plaintiffs performance. In reality, the incident was an industrial collision caused entirely by a catastrophic safety violation executed by a PCMC mechanic, Marc Policastro, who operated an unescorted Automated Guided Vehicle (AGV) in a poorly lit area. The mechanic transported this heavy automated equipment at night directly amongst regular Marine Terminal traffic without an approved visibility vest, security escort, beacon, strobe light, . audible alarm, or any acceptable warning signals. Moving Party's framing mischaracterizes this severe third-party equipment hazard to obscure its own systemic failure to maintain the "safe and hazard free environment" with proper lighting contractually required under Article 20, and formally. mandated by Dr. Anne L. Coleman's clinical directives.<br><br>Declaration of Enoch Greene ¶ 61, Ex. O (Pages 39-47).<br><br>Declaration of Enoch Greene ¶ 48, Ex. B,<br><br>Declaration of Enoch Greene ¶ 50, Ex. C,<br><br>Declaration of Enoch Greene ¶ 62, Ex. P,<br><br>Declaration of Enoch Greene ¶ 63, Ex. Q |

29. Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

40

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). **Response to Plaintiff's Objections:** Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 30.    There are two videos that captured the accident.  The first video shows an Automated Guided Vehicle (AGV) being operated remotely by a mechanic walking behind the AGV.  The mechanic is wearing coveralls with reflective strips, which is approved attire for mechanics.  Mechanics do not wear vests because they can get caught in machinery.  As the AGV makes a left turn, a pickup truck traveling in the opposite direction stops briefly, and then safely maneuvers around the AGV without incident.  As the AGV completes its left turn, another pickup truck (driven by Plaintiff) can be seen approaching.  The truck's headlights are on.  The AGV's beacon lights are on and flashing.  As the truck continues driving directly toward the AGV, which is approximately five times the size of the pickup truck, the AGV comes to a complete stop.  Without swerving or slowing down, Plaintiff hits the AGV, head-on. (Naefke Decl., ¶¶ 28, 30, Ex.  F.) | 30. DISPUTED Objection to UMF: The UMF improperly relies upon evidence lacks foundation, and is hearsay. **Disputed in part;** it is admitted only that terminal surveillance videos captured a collision on June 12, 2023. It is explicitly disputed that the video footage accurately represents the actual ambient illumination or visibility available to the human eye at 3:00 a.m. Moving Party relies on high-grade port security cameras equipped with advanced True Wide Dynamic Range (WDR) and low-light sensor amplification technology, which are engineered to artificially illuminate near-total darkness on a monitor screen. Furthermore, it is disputed that the mechanic's all-black attire complied with safety standards; wearing an all-black jacket and pants at night violates i _ high-visibility protection principles under 29 CFR § 1917.95(a)( . Transporting a massive Automated Guided Vehicle (AGV) remotely at night through active traffic without a multi-person crew or security escort constitutes a severe operational hazard that violates LBCT's |

41

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | duty to maintain a "safe and hazard free environment" under Article 20 of the CBA. |
| | Declaration of Enoch Greene ¶ 61, Ex. O (Pages 39-47). |
| | Declaration of Enoch Greene ¶ 62, Ex. P, |
| | Declaration of Enoch Greene ¶ 63, Ex. Q, |

30.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

| | |
|---|---|
| 31.    The second video was captured by a different camera from a different angle. It shows the AGV approaching the intersection with the mechanic walking behind it. It also shows the first pickup truck stopping and then maneuvering around the AGV without incident. The AGV makes its left turn, and then comes to a complete stop. The video confirms that | 31. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence lacks foundation, and is hearsay.<br><br>**Disputed;** Moving Party's claim that a second video angle "confirms" the area was well lit relies on an identical technical distortion of industrial |

42

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| the terminal lights are on and the area is well lit. (Naefke Decl., ¶¶ 29, 30, Ex. F.) | surveillance data. Both security cameras utilize automated Low-Light / Wide Dynamic Range(WDR) sensors engineered to artificially amplify minimal ambient light on a monitoring display, failing to accurately reflect what is visible to the human eye at 3:00 a.m. Furthermore, the fact that a separate vehicle successfully avoided the hazard does not establish environmental compliance or erase the underlying danger. Operating an automated piece of machinery five times the size of a pickup truck at night without a dedicated security escort vehicle violates the employer's absolute duty to maintain a "safe and hazard free environment" under Article 20 of the CBA and completely fails to provide the physical "proper lighting" mandated on Page 1 of Dr. Coleman s September 7, 2023 medical report. Declaration of Enoch Greene ¶ 61, Ex. O (Pages 39-47). Declaration of Enoch Greene ¶ 48, Ex. B, Declaration of Enoch Greene ¶ 50, Ex. C, Declaration of Enoch Greene ¶ 62, Ex. D, Declaration of Enoch Greene ¶ 63, Ex. Q |

31.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have

43

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") | |
| Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 32.    The surveillance cameras do not have night vision.  In other words, the videos accurately depict the lighting on the terminal at the time.<br><br>(Naefke Decl., ¶ 30, Ex.  F.) | 32. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence lacks foundation, and is hearsay.<br><br>**Disputed;** Moving Party's assertion that the surveillance videos accurately depict the lighting available to the human eye is scientifically and factually incorrect. While the cameras may lack traditional infrared "night vision" hardware, modern industrial .port surveillance systems utilize high-sensitivity image sensors featuring True Wide Dynamic Range (WDR) and Automatic Gain Control (AGC). These software and hardware protocols are engineered to digitally amplify minimal light levels and clear up shadows on a monitor, making dark or poorly lit environments appear artificially bright. Moving Party relies on this narrow terminology to obscure the physical reality that the terminal was unsafely illuminated at 3:00 a.m., failing to provide the "proper lighting' contractually required under Article 20, Section and formally mandated by Dr. Anne L. Coleman's clinical directives.<br><br>Declaration of Enoch Greene ¶ 61, Ex. O (Pages 39-47).<br><br>Declaration of Enoch Greene ¶ 48, Ex. B,<br><br>Declaration of Enoch Greene ¶ 50, Ex. C,<br><br>Declaration of Enoch Greene ¶ 62, Ex. D,<br><br>Declaration of Enoch Greene ¶ 63, Ex. Q |
| 32.    Defendant's Response: | |

44

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").<br><br>Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").<br><br>**Response to Plaintiff's Objections:**<br><br>Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")<br><br>Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 33.    The investigation file also included photographs of the damage caused to the bumper of the AGV and the front of the pickup truck Plaintiff was driving.  The photographs also confirm that the AGV had reflectors on top of the bumper.  .<br><br>(Naefke Decl., ¶ 31, Ex.  G.) | 33. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence lacks foundation, and is hearsay.<br><br>**Disputed;** Moving Party's reliance on its internal "investigation file" is legally and contractually defective, as the file is the product of a secretive, unilateral proceeding that systematically denied Plaintiff basic due process and contractually guaranteed representation. LBCT actively blocked ILWU Local 26 Accident Investigator Tiyuana Blair from conducting a joint accident investigation in direct violation of the CBA 2019-2025, Article 18, Section B. Management withheld all photographs, witness statements, and video footage despite Plaintiff's repeated timely requests, preventing him from examining evidence or questioning witnesses. All material |

45

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | data was hidden until *after* LBCT unilaterally declared Plaintiff "guilty," at which point he was permitted to view the video exactly once. Because this file was compiled by blocking the. union investigator and suppressing evidence, it represents an unauthenticated, noncompliant corporate record that cannot support a finding of undisputed fact. |
| | Declaration of Enoch Greene ¶ 61, Ex. O (Page 35). |
| | Declaration of Enoch Greene ¶ 63, Ex. Q, |
| | Declaration of Enoch Greene ¶ 64, Ex. R, |

33.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact.  *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3.  *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

| 34.    On June 26, 2023, LBCT met with Local 26, including Luisa Gratz, President | 34. DISPUTED |

46

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| of Local 26, to review the security video of Plaintiff's collision with the AGV. Upon review, Local 26 agreed that the AGV was well lit with retroreflective markings in place, the AGV was at a complete stop when Plaintiff struck it with his pickup truck, and that terminal lighting was adequate.. <br><br> (Naefke Decl., ¶ 33, Naefke. 135:6-17, Ex. 41.) | Objection to UMF: The UMF improperly relies upon evidence lacks foundation, and is hearsay. <br><br> **Disputed;** the June 26, 2023 meeting and any resulting "concessions" by Luisa Gratz are contractually void and explicitly contested. Under Article 18 and Article 20 of the CBA 2019-2025, accident investigations must be handled through transparent, designated safety channels. Gratz actively subverted this process by blocking elected Safety / Accident Investigator Tiyuana Blair from performing her contractual duties. Gratz's hostile obstruction was so severe that a formal membership petition was filed against her, demanding that she "cease and desist" her unlawful interference with Blair's investigation.. Because Gratz actively conspired with the employers to suppress Blair's findings regarding the unlit terminal and unescorted AGV, her unilateral sign-off on the video footage constitutes a breach of the duty of fair representation and cannot support summary judgment. <br><br> Declaration of Enoch Greene ¶ 61, Ex. O (Pages 35-38 and Pages 39-47). <br><br> Declaration of Enoch Greene ¶ 63, Ex. Q, |

34.   Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

47

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")<br><br>Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 35.    Only two months later, on August 16, 2023, Plaintiff was in a second motor vehicle accident at APM Terminal.<br><br>(Pl. Dep. 118:23-25, Gray Decl., ¶ 3-4, Ex. A.)[2] | 35. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence lacks foundation, and is hearsay.<br><br>**Disputed;** Movin Party's characterization of this incident is a bad-faith misrepresentation designed to fabricate a pretextual basis for deregistration. It is explicitly disputed that this incident constitutes a workplace or terminal accident under the jurisdiction of LBCT or the CBA 2019-2025. The incident occurred entirely while Plaintiff was off-duty, operating his private vehicle within a parking structure, where his bumper lightly contacted another private individual's vehicle. The Port Police responded to the scene and assigned zero liability,. issued no citations, and leveled no accusations. against Plaintiff. Registration and insurance information were voluntarily exchanged, and to date, no insurance com Daily has issued a claim or held Plaintiff liable for any damage. Under Article 2 and Article 18 of the CBA, LBCT possesses absolutely no contractual authority to. police off-clock, private civil interactions. LBCT's weaponization of this private matter to issue disciplinary write-ups, enforce a non-dispatch placement, and declare Plaintiff "Unfit for duty" is clear evidence of disability retaliation designed to bypass |

---

[2] "Gray Decl." refers to Declaration of Charles Gray concurrently filed herewith.

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | their accommodation obligations under the ADA. |
| | Declaration of Enoch Greene ¶ 61, Ex. O (Pages 3-7 and Pages 35-38). |
| | Declaration of Enoch Greene ¶ 65, Ex.  S, |
| | Declaration of Enoch Greene ¶ 66, Ex. T, |
| | Declaration of Enoch Greene ¶ 67, Ex. 0 |

35.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact.  *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3.  *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

| | |
|---|---|
| 36.    Plaintiff was leaving one post and driving to his next assignment when he turned into the wrong lane of traffic while entering the employee parking lot and struck a stationary pick-up truck head-on. | 36. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence lacks foundation, and is hearsay.<br><br>**Disputed;** Moving Party's assertion that Plaintiff was "leaving one post and driving to his next assignment" is an absolute fabrication designed to invent |

49

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| (Pl. Dep. at 119:7-120:3, 120:16-121:9, 128:23-130:12, Naefke Decl., ¶ 35; Gray Decl., ¶ 3-4, Ex. A.) | employer jurisdiction over a private, off-duty interaction. It is explicitly disputed that Plaintiff struck a truck head-on or was executing a work task. In reality, Plaintiff was completely off work, driving his private passenger vehicle in a commuter parking lot, when his vehicle bumper lightly touched another individual's personal bumper, causing zero damage to Plaintiffs vehicle. This incident was handled strictly as a private civil matter using Plaintiffs personal driver's license, vehicle registration, and private insurance. The Port Police issued no citations and found no liability. Under Article 2 and Article 7 of the CBA 2019-2025, LBCT has no authority over off-clock, private personnel transit. This highly distorted narrative is a retaliatory fishing expedition designed to manufacture a pretextual safety file to strip a disabled employee of his livelihood for requesting an ADA accommodation. |
| | Declaration of Enoch Greene ¶ 61, Ex. O (Pages 3-7 and Pages 12-13). |
| | Declaration of Enoch Greene ¶ 65, Ex. S, |
| | Declaration of Enoch Greene ¶ 66, Ex. T, |
| | Declaration of Enoch Greene ¶ 67, Ex. U, |

36.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

50

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")  Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 37.    According to Dr. Coleman's September 7, 2023 letter, Plaintiff's vision *had deteriorated further* and his best-corrected visual acuity was 20/25 in the right eye, 20/400 in the left eye and he had a visual field of 10 degrees or less in both eyes.  The note, again, confirmed that Plaintiff was legally blind in both eyes with a "severely constricted visual field," and recommended he not drive oversized vehicles, work in areas with uncontrolled high traffic, or climb gangways due to his impaired peripheral vision.  (Coleman Dep. 22:4-23:14.) | 37. DISPUTED  Objection to UMF: The UMF improperly relies upon evidence lacks foundation, and is hearsay.  **Disputed in part;** it is admitted only that Dr. Anne L. Coleman's September 7, 2023 report .contains the diagnostic visual acuity and field measurements quoted. It is explicitly disputed that this clinical note constitutes an operational disqualification from maritime security work. Moving Party has systematically omitted the material core of Dr. Coleman's medical directive, which explicitly certified on Page 1 that Plaintiff is fully qualified to "verify identification against individuals seeking to gain access to a marine terminal, conduct visual inspections of work trucks and with the proper magnifier identify individuals from a distance." While Dr. Coleman restricted Plaintiff from climbing gangways or operating in uncontrolled traffic, these narrow parameters are perfectly accommodated under the CBA 2019-2025, Article 2, Section E (Page 4), which establishes indoor, highly illuminated Security Center camera monitoring posts completely isolated from field hazards. Because the contract isolates assignments under Article 3, Section C (Page 7),.Plaintiffs stable condition remains highly accommodatable in any controlled, stationary gate or console capacity.  Declaration of Enoch Greene ¶ 61, Ex. O |

51

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Declaration of Enoch Greene ¶ 48, Ex. B, Declaration of Enoch Greene ¶ 49, Ex. C, Declaration of Enoch Greene ¶ 50, Ex. D, Declaration of Nancyrose Hernandez ¶ 10, Ex. H, |

37.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

| 38.    Both Local 26 and PMA have agreed upon Dr. Deutsch for his expertise in performing evaluations of Plaintiff, due in part to his familiarity with marine terminal operations.<br><br>(Williams Decl., ¶ 37.)[3] | 38. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence lacks foundation, . violates Plaintiff's right to privacy, and is hearsay.<br><br>**Disputed;** Moving Party's claim that Dr. Deutsch was mutually agreed upon to conduct a valid medical evaluation is an |

---

[3] "Williams Decl." refers to Declaration of Ryan Williams concurrently filed herewith.

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | absolute distortion of a non-consensual, collusive arrangement that flagrantly violated Plaintiff s civil rights and federal EEOC guidelines. Plaintiff explicitly informed Ryan Williams LBCT, the PMA, and ILWU Local 26 officials in writing that he did not consent to an employer-directed medical evaluation, as he had already provided comprehensive,. sufficient clinical documentation from his own treating specialist, Dr. Anne L. Coleman. Under Title I of the ADA and EEOC Enforcement Guidance, an employer cannot mandate an independent medical evaluation when an employee provides sufficient medical notes clarifying their restrictions. The unauthorized distribution of Plaintiff s private medical records to Dr. Deutsch— executed in complete secrecy, without Plaintiffs knowledge,. and against his express written directives—constituted an unlawful conspiracy among LBCT, PMA, TTI, SSA, APMT and rogue union elements to manufacture a falsified medical report in Plaintiffs absence to force his deregistration. |
| | Declaration of Nancyrose Hernandez ¶ 10, Ex. H, |
| | Declaration of Nancyrose Hernandez ¶ 16, Ex. I, |
| | Declaration of Nancyrose Hernandez 1-12, Ex. J, |
| | Declaration of Enoch Greene 48, Ex. B, |
| | Declaration of Enoch Greene 49, Ex. C, |
| | Declaration of Enoch Greene 50, Ex. D |

38.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact.  *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). **Response to Plaintiff's Objections:** Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). Plaintiff's objection that it violates his right to privacy is nonsensical and unfounded. Plaintiff's medical condition is squarely at issue in this case, and Plaintiff has waived his right to privacy concerning his purported disability. | |
| 39.   On October 12, 2023, Dr. Deutsch issued his medical opinion on Plaintiff's ability to safely perform the essential functions of the Watchman position based upon his review of Dr. Coleman's letters dated April 15, 2023, May 25, 2023, September 7, 2023, and his knowledge of terminal operations. (Williams Decl., ¶ 44.) | 39. DISPUTED Objection to UMF: The UMF improperly relies upon evidence lacks foundation, . violates Plaintiff's right to privacy, and is hearsay. **Disputed;** Moving Party's claim that Dr. Deutsch issued a valid medical opinion is a bad-faith distortion of an administrative record compiled in violation of Plaintiff s civil rights and medical privacy. This document was not a neutral review; it was explicitly labeled and written 11-3 as a primary "ADA EVALUATION" of Plaintiffs physical limits. This evaluation was executed in complete secrecy entirely in Plaintiff's absence, and without his knowledge or consent. Plaintiff explicitly notified PMA Representative Ryan Williams in writing on July 22, 2023, that an employer-mandated medical review violated EEOC guidelines because Plaintiff had already provided sufficient documentation from his treating |

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES
326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | specialist. The PMA unlawfully disclosed Plaintiffs private health charts to Dr. Deutsch without a signed waiver. As confirmed on Page 1 of the ADA EVALUATION Dr. Deutsch admitted that Plaintiff "did not show for the evaluation" and that he was unable to speak with his treating . physician. A unilateral shadow evaluation conducted in an employee's absence cannot be used to strip a disabled worker of his statutory protections. |
| | Declaration of Nancyrose Hernandez ¶ 10, Ex. H, Coleman Depo 29:23-30:10, 44:9-12, |
| | Declaration of Nancyrose Hernandez ¶ 16, Ex. I, Declaration of Nancyrose Hernandez ¶ 12, Ex. J, |
| | Declaration of Enoch Greene 48, Ex. B, Declaration of Enoch Greene 49, Ex. C, Declaration of Enoch Greene 50, Ex. D |

39.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). Plaintiff's objection that it violates his right to privacy is nonsensical and unfounded. Plaintiff's medical condition is squarely at issue in this case, and Plaintiff has waived his right to privacy concerning his purported disability. | |
| 40.    Dr. Deutsch determined that Plaintiff is "precluded from working in any capacity that requires peripheral vision," including, "driving any vehicles on terminal property[,]" "performing any tasks that require verification of identification and conducting visual inspections[,]" and "climbing ladders or gangways." <br><br> (Williams Decl., ¶ 44.) | 40. DISPUTED <br><br> Objection to UMF: The UMF improperly relies upon evidence lacks foundation, . violates Plaintiff's right to privacy, and is hearsay. <br><br> **Disputed;** Moving Party's claim that Plaintiff is completely precluded from Plaintiff's absence without a physical examination or a signed disclosure waiver. On July . 22, 2023, Plaintiff formally notified the PMA in writing that he declined to participate in this employer-directed exam, as his treating physician had already supplied exhaustive documentation. In direct contrast to Dr. Deutsch's unexamined assumptions, Plaintiff's treating ophthalmologist, Dr. Anne L. Coleman, explicitly certified in her September 7, 2023 report (Page 1) that Plaintiff "is able to verify identification against individuals seeking to gain access to a marine terminal [and] conduct visual inspections of work trucks." By using an unauthorized file review to declare a disabled worker permanently unfit, LBCT is attempting to substitute a hired doctor's manufactured restrictions for the real-world clinical clearances of Plaintiffs treating physician to escape its statutory duties under the ADA. <br><br> Declaration of Nancyrose Hernandez ¶ 10, Ex. H, Coleman Depo 29:23-30:10, 44:9-12, <br><br> Declaration of Nancyrose Hernandez ¶ 16, Ex. I, <br><br> Declaration of Nancyrose Hernandez ¶ 12, Ex. J, |

56

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Declaration of Enoch Greene 48, Ex. B, Declaration of Enoch Greene 49, Ex. C, Declaration of Enoch Greene 50, Ex. D |

40.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

Plaintiff's objection that it violates his right to privacy is nonsensical and unfounded. Plaintiff's medical condition is squarely at issue in this case, and Plaintiff has waived his right to privacy concerning his purported disability.

| | |
|---|---|
| 41.    Dr. Coleman has never been on a marine terminal and admits she didn't and still doesn't know Plaintiff's Watchman job duties.<br><br>(Coleman Dep. 42:11-13, 55:23-56:1.) | 41. DISPUTED<br><br>Objection to UMF: The UMF improperly lacks foundation.<br><br>**Disputed;** Moving Party's assertion that Dr. Coleman's clearances are invalid because she has not visited a marine terminal relies on an incorrect interpretation of the ADA and the |

57

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | interactive process. Under Title I of the ADA, a treating specialist's role is to clinically diagnose restrictions and define an employee's functional capacities, whereas the employer holds the mandatory duty to map those capacities onto workplace tasks. Dr. Coleman possessed completely sufficient clinical data to explicitly certify on Page 1 of her September 7, 2023 report that Plaintiff "is able to verify identification against individuals seeking to gain access to a marine terminal [and] conduct visual inspections of work trucks." Under the CBA 2019-2025, Article 2, these actions constitute the precise essential functions of stationary checkpoint watchmen. LBCT cannot weaponize its own refusal to participate in the interactive process by blaming Plaintiffs treating physician for not executing management s logistical matching duties. |
| | Declaration of Enoch Greene ¶ 61, Ex. O (Pages 3-7). |
| | Declaration of Enoch Greene ¶ 48, Ex. B, |
| | Declaration of Enoch Greene ¶ 49, Ex. C, |
| | Declaration of Enoch Greene ¶ 50, Ex. D, |

41.   Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or

58

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") | |
| 42.    On December 18, 2023, just two months after Dr. Deutsch issued his medical opinion, Dr. Coleman approved and signed a Healthcare Professional Evaluation for the Riverside Transit Agency to have Plaintiff approved for ADA Dial-A-Ride service in which she stated:<br><br>• Plaintiff is unable to use the accessible fixed route city bus service due to "a lot of disorientation and burry vision."<br><br>• He could independently walk ¾ mile only sometimes because "If too dark or too bright disorientation and blurry vision worsen."<br><br>• He is sometimes unable to independently cross streets, explaining "If at night or when very bright, patient cannot make out road signs, cars, crosswalks, etc." and,<br><br>• Plaintiff has the following barriers preventing him from using the fixed route city bus:  "Smog, hills, unable to transfer buses, night blindness, lack of sidewalks, rain, light sensitivity (bright sun) and rough terrain."<br><br>(Dr. Coleman Dep. 37:3-40:7, Ex.  G.) | 42. DISPUTED<br><br>Objection to UMF: The UMF improperly lacks foundation and is hearsay.<br><br>**Disputed;** Moving Party's characterization of this document is a deceptive attempt to. substitute a commuter paratransit assistance application fora workplace occupational evaluation. It is explicitly disputed that this transit form disqualifies Plaintiff from performing the essential functions of a stationary watchman. The Riverside Transit Agency (RTA) form applies strictly to public commuter logistics, noting barriers inherent to navigating open city street routes, missing sidewalks, and unmapped bus transfers. Furthermore Dr. Coleman's notations that Plaintiffs symptoms worsen "if too dark or too bright" or "at night" entirely track her binding occupational directives in her September 7, 2023 report, which mandate that LBCT provide "proper lighting during the day and night" as part of a reasonable accommodation. By assigning Plaintiff to a highly illuminated, indoor security console or a fixed gate booth under Article 2, Section E of the CBA, every single environmental lighting variable noted in the RTA transit form is successfully managed and controlled.<br><br>Declaration of Enoch Greene ¶ 61, Ex. O (Page 4).<br><br>Declaration of Enoch Greene ¶ 50, Ex. D |
| 42.    Defendant's Response:<br><br>Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact.  *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion."). | |

59

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3.  *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). **Response to Plaintiff's Objections:** Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 43.    By April 2024, Dr. Coleman had formed the opinion that Plaintiff should not be driving *any* vehicle. (Coleman Dep. 9:17-10:4, 18:7-14) | 43. DISPUTED Objection to UMF: The UMF improperly lacks foundation and is hearsay. **Disputed;** Moving Party's assertion that Dr. Coleman formed a definitive medical opinion in April 2024 is factually false and mischaracterizes testimony that was given in 2026 under highly misleading pretenses. During her 2026 deposition, Dr. Coleman explicitly qualified her remarks as a personal opinion and deferred final licensing authority to the DMV. Crucially, this personal viewpoint was entirely dependent on deceptive information fed to her by the defense from Dr. James Deutsch's October 12, 2023 report. Dr. Coleman had absolutely no knowledge that Dr. Deutsch had executed his "ADA Evaluation" in complete secrecy, entirely in Plaintiff's absence, and against his express written denial of consent submitted on July 22, 2023. Because Dr. Coleman's informal 2026 commentary was directly contaminated by an unauthorized shadow report, it carries no legal weight and cannot override her formal, untainted clinical clearances in the September 7, |

60

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | 2023 report allowing Plaintiff to work stationary posts. Declaration of Enoch Greene ¶ 48, Ex. B, Declaration of Enoch Greene ¶ 49, Ex. C, Declaration of Enoch Greene ¶ 50, Ex. D Declaration of Enoch Greene ¶ 68, Ex. V |

43.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

| 44.    Dr. Coleman does not recall Plaintiff telling her that he was involved in two motor vehicle accidents on the job. After reviewing the surveillance videos of the accidents involving Plaintiff in June 2023 at LBCT and in August 2023 at APMT, Dr. Coleman testified that had she known, she would have implemented the work | 44. DISPUTED Objection to UMF: The UMF improperly lacks foundation and is hearsay. **Disputed;** Moving Party's assertion that Dr. Coleman implemented an absolute driving restriction relies on speculative deposition testimony induced by a |

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| restriction of no driving *any* motor vehicle at work.<br><br>(Coleman Dep. 19:5-18, 23:15-26:4.) | demonstrably false factual premise. The defense explicitly misled Dr. Coleman by characterizing the August 16, 2023 parking lot scratch as a "motor vehicle accident on the job," when the record proves Plaintiff was entirely off-duty, in his private passenger vehicle, and assigned zero liability by the Port Police. Furthermore, the defense induced this hypothetical statement by showing Dr. Coleman surveillance videos from Exhibit F that use low-light sensor amplification to artificially brighten a dark terminal, while concealing that the June 12, 2023 collision was caused by an unescorted, unlit automated vehicle. A physician's hypothetical response to a contaminated factually flawed question during a 2026 deposition cannot override her formal, untainted clinical clearances in the September 7 2023 medical report, which certified that Plaintiff is fully capable of performing stationary checkpoint security functions.<br><br>Declaration of Enoch Greene ¶ 48, Ex. B,<br><br>Declaration of Enoch Greene ¶ 49, Ex. C,<br><br>Declaration of Enoch Greene ¶ 50, Ex. D<br><br>Declaration of Enoch Greene ¶ 68, Ex. V |

44.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")<br><br>Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |

**Issue 2:** **Plaintiff's First Cause Of Action For Disability Discrimination In Violation Of The ADA And FEHA Fails As A Matter Of Law Because Plaintiff Cannot Safely Perform The Essential Functions Of A Watchman And Poses A Direct Threat To The Safety Of Himself And Others.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 4-8, 17-42, as if set forth herein. | Plaintiff incorporates herein DMF Nos. 4-8, 17-42, as if set forth herein. |

**Issue 3:** **Plaintiff's First Cause Of Action For Disability Discrimination In Violation Of The ADA And FEHA Fails As A Matter Of Law Because LBCT Had A Legitimate, Non-Discriminatory Reason For The Alleged Adverse Employment Action, And Plaintiff Has No Specific Or Substantial Evidence Of Pretext.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 4-8, 17, 18, 20-42, as if set forth herein. | Plaintiff incorporates herein DMF Nos. 4-8, 17-42, as if set forth herein. |
| 45.    At the October 23, 2023 JPWLRC meeting, LBCT learned about Plaintiff's August 2023 accident at APMT.  At that meeting, APMT's Employer Complaint was discussed, and video footage of the accident was shown to the committee and to Plaintiff.<br><br>(Naefke Decl., ¶ 35.) | 45. DISPUTED<br><br>Objection to UMF: The UMF improperly lacks foundation and is hearsay.<br><br>**Disputed;** Moving Party's assertion that the October 23, 2023 JPWLRC meeting constituted a valid review of an operational safety breach is an absolute distortion designed to invent contract jurisdiction over a private, off-duty event. |

63

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | It is explicitly disputed that the August 2023 APMT parking lot incident forms a contractually sound basis for an "Employer Complaint." In reality, that incident occurred entirely while Plaintiff was off-clock, operating his private passenger vehicle in a commuter lot, where his bumper lightly contacted another individual's personal bumper. The Port Police issued no citations and found no liability, and no insurance company has ever filed a commercial equipment claim. Under Article 2 and Article 18 of the CBA 2019-2025, individual terminal employers have zero contractual authority to police off-duty civil interactions. LBCT's weaponization of this private matter at the PWLRC to escalate complaints and enforce a non-dispatch placement constitutes unlawful retaliation intended to bypass their accommodation obligations under Title I of the ADA. |
| | Declaration of Enoch Greene ¶ 61, Ex. O, (Pages 3-7 and Pages 35-38). |

45.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

64

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 46.    Based upon all of the information available to LBCT at the time, including Plaintiff's medical notes from his treating ophthalmologist, Dr. Deutsch's report, and Plaintiff's accidents, LBCT determined that Plaintiff could not perform the essential function of a Watchman and determined that it could not continue to accept his dispatch as a Watchman.<br><br>(Naefke Decl., ¶ 36.) | 46. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence that lacks foundation, violates Plaintiff's right to privacy, and is hearsay.<br><br>**Disputed;** Moving Party's assertion that Plaintiff could not perform the essential functions of a Watchman is a retaliatory conclusion that is completely refuted by the contractual and medical record. LBCT did not engage in.a lawful interactive process; instead, it completely ignored the explicit, active medical clearances from Plaintiff's treating specialist, Dr. Anne L. Coleman, who certified in her September 7, 2023 report that Plaintiff is fully capable of performing stationary terminal access security checking and truck lagging, To manufacture a false narrative of total incapacity, LBCT relied entirely on Dr. James Deutsch's October 12, 2023 report, which was a non-consensual "ADA Evaluation" executed in secret,, in Plaintiffs total absence, and against his express written denial of consent submitted on July 22, 2023. Furthermore, LBCT improperly weaponized a minor, off-duty parking lot bumper contact that occurred outside terminal hours and jurisdiction under Article 18 of the CBA. Because Plaintiff remains fully qualified to perform desk-bound, non- riving electronic security monitoring duties under Article 2, Section E of the CBA 2019-2025, LBCT's unilateral decision to place him on permanent non-dispatch status constitutes an unlawful, discriminatory termination under Title I of the ADA.<br><br>Declaration of Nancyrose Hernandez ¶ 10, Ex. H, Coleman Depo. 27:1-11, 42:19-43:6, 46:1-3, 49:8-14, |

65

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
|  | Declaration of Enoch Greene ¶ 61, Ex. O, (Pages 35-38 and Page 4). |
|  | Declaration of Enoch Greene ¶ 48, Ex. B, |
|  | Declaration of Enoch Greene ¶ 49, Ex. C, |
|  | Declaration of Enoch Greene ¶ 50, Ex. D |
|  | Declaration of Enoch Greene ¶ 55, Ex. I, |
|  | Declaration of Enoch Greene ¶ 56, Ex. J, |

46.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

Plaintiff's objection that it violates his right to privacy is nonsensical and unfounded. Plaintiff's medical condition is squarely at issue in this case, and Plaintiff has waived his right to privacy concerning his purported disability.

| | |
|---|---|
| 47.    LBCT explained its decision in a letter dated October 28, 2023 that Eric Naefke reviewed and approved.  This | 47. DISPUTED<br>Objection to UMF: The UMF improperly relies upon evidence that lacks |

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| letter was provided to Plaintiff on October 28, 2023.  The letter stated that LBCT remained willing to consider any information that would identify a new reasonable accommodation or otherwise establish that Plaintiff's work restrictions will allow him to safely perform the essential functions of a Watchman<br><br>(Naefke Decl., ¶ 37, Ex.  J; Naefke Dep. 189:17-190:23., Ex.  51, Pl. Dep. 222:2-17; 224:2-11.) | foundation, violates Plaintiff's right to privacy, and is hearsay.<br><br>**Disputed;** Moving Party's assertion that it remained willing to explore reasonable accommodations is directly contradicted by its active obstruction of State of California rehabilitation services. While LBCT's October 28, 2023 letter claims a nominal willingness to consider new information, management simultaneously used the joint dispatch machinery to lace Plaintiff on a permanent, career-blocking "No Dispatch" status. Plaintiff provide formal correspondence from California Department of Rehabilitation (DOR) Counselor Chaia Flores (Blind Field Services) requesting an on-site ergonomic and worksite evaluation to provide specialized low-vision software and assistive tools at no cost to the employer. LBCT flatly refused to cooperate with the state agency or permit the assessment. Under Title I of the ADA, an employer's total refusal to cooperate with an official state vocational agency while using self-serving correspondence to feign compliance—constitutes a bad-faith breakdown of the interactive process designed to freeze a disabled worker out of employment.<br><br>Declaration of Enoch Greene ¶ 61, Ex. O,<br><br>Declaration of Enoch Greene ¶ 48, Ex. B,<br><br>Declaration of Enoch Greene ¶ 49, Ex. C,<br><br>Declaration of Enoch Greene ¶ 50, Ex. D<br><br>Declaration of Enoch Greene ¶ 55, Ex. I,<br><br>Declaration of Enoch Greene ¶ 59, Ex. M,<br><br>Declaration of Enoch Greene ¶ 60, Ex. N,<br><br>Declaration of Nancyrose Hernandez ¶ 11, Ex. I,<br><br>Declaration of Nancyrose Hernandez ¶ 12, Ex. J,<br><br>Declaration of Nancyrose Hernandez ¶ 17, Ex. O |
| 47.    Defendant's Response: | |

67

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact.  *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").  Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3.  *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").  **Response to Plaintiff's Objections:**  Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")  Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").  Plaintiff's objection that it violates his right to privacy is nonsensical and unfounded. Plaintiff's medical condition is squarely at issue in this case, and Plaintiff has waived his right to privacy concerning his purported disability. | |
| 48.    On November 6, 2023, LBCT filed an Employer Complaint, EC-0024-2023, to place Plaintiff on non-dispatch.  The Employer Complaint again stated the basis for LBCT's decision to not accept Plaintiff's dispatch due to significant risk of harm to health and safety.  (Naefke Decl., ¶ 38, Ex.  K.) | 48. DISPUTED  Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and is hearsay.  **Disputed;** Moving Party's assertion that it filed a valid, objectively grounded Employer Complaint on November 6, 2023, is explicitly refuted by the face of the administrative record. As documented in EC-0024-2023, Labor Relations Manager Eric Naefke checked the "Request No Dispatch: Yes" box and finalized the lockout text on October 28, 2023. This proves that LBCT had already |

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | unilaterally stripped Plaintiff of his livelihood weeks before any formal, joint administrative review could take place. Furthermore, LBCT's claim of a "significant risk of harm" is a bad-faith pretext; the California Department of Rehabilitation (DOR) explicitly certified in its official records that Plaintiff is `fully capable of continuing his job duties with the right supports," which the state offered to fund and provide. LBCT's use of a post-dated, unilateral complaint to bypass its mandatory accommodation duties under Article 2 of the CBA constitutes deliberate disability discrimination. |
| | Declaration of Enoch Greene ¶ 61, Ex. O (page 3-7), |
| | Declaration of Enoch Greene ¶ 48, Ex. B, |
| | Declaration of Enoch Greene ¶ 49, Ex. C, |
| | Declaration of Enoch Greene ¶ 50, Ex. D |
| | Declaration of Enoch Greene ¶ 55, Ex. I, |
| | Declaration of Enoch Greene ¶ 59, Ex. M, |
| | Declaration of Enoch Greene ¶ 60, Ex. N, |
| | Declaration of Nancyrose Hernandez ¶ 11, Ex. I, |
| | Declaration of Nancyrose Hernandez ¶ 12, Ex. J, |
| | Declaration of Nancyrose Hernandez ¶ 17, Ex. O |

48.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| **Response to Plaintiff's Objections:**<br><br>Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")<br><br>Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 49.    The Complaint stated that if new or additional information established Plaintiff was able to return and safely perform his essential functions, LBCT would reconsider.<br><br>(Naefke Decl., ¶ 38, Ex.  K.) | 49. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and is hearsay.<br><br>**Disputed;** Moving Party's assertion that it maintained a genuine avenue for reconsideration is an administrative sham directly refuted by its active refusal to cooperate with the State of California. While the text of EC-0024-2023 stated a nominal willingness to reconsider based on "new or additional information," LBCT completely ignored and rejected explicit, objective evidence submitted on Plaintiffs behalf by the California Department of Rehabilitation (DOR). Plaintiff provided formal correspondence from DOR Counselor Chaia Flores (Blind Field Services) certifying that Plaintiff was "fully capable of continuing his job duties with the right supports" and explicitly requesting an on-site ergonomic and worksite assessment to deploy state-funded assistive tools. LBCT flatly refused to collaborate with the state agency, choose to maintain its permanent "Request No Dispatch" block, and completely stalled the interactive process to force a disabled employee out of the industry.<br><br>Declaration of Nancyrose Hernandez ¶ 4, Ex. B, Naefke Depo. 254:1-16, |

70

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
| --- | --- |
| | Declaration of Nancyrose Hernandez ¶ 11, Ex. I, |
| | Declaration of Nancyrose Hernandez ¶ 12, Ex. J, |
| | Declaration of Nancyrose Hernandez ¶ 17, Ex. O, |
| | Declaration of Enoch Greene ¶ 61, Ex. O |
| | Declaration of Enoch Greene ¶ 48, Ex. B, |
| | Declaration of Enoch Greene ¶ 49, Ex. C, |
| | Declaration of Enoch Greene ¶ 50, Ex. D |
| | Declaration of Enoch Greene ¶ 55, Ex. I, |
| | Declaration of Enoch Greene ¶ 56, Ex. J, |
| | Declaration of Enoch Greene ¶ 58, Ex. L |

49. Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 50.    Since October 28, 2023, Plaintiff had not provided any information suggesting his work restrictions have improved.<br><br>(Naefke Decl., ¶ 38.) | 50. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and is hearsay.<br><br>**Disputed;** Moving Party's assertion that Plaintiff has not provided information suggesting his restrictions have improved relies on a legally defective standard that violates Title I of the ADA. LBCT improperly interprets "improvement" to mean that a disabled worker must be completely healed, possess zero limitations, and exhibit no disability before being permitted to work. Under the ADA, an employee is not required to cure their underlying disability; they must only demonstrate the capacity to perform essential functions with reasonable accommodations. Plaintiff repeatedly provided direct, actionable evidence refuting LBCT's claims, including formal intervention letters from California Department of Rehabilitation (DOR) Counselor Chaia Flores dated January 29, 2025, and November 18, 2025. The State of California explicitly certified that Plaintiff is "fully capable of continuing his job duties with the right supports" and requested facility access to implement state-funded low-vision aids and assistive console software. LBCT's outright refusal to cooperate with the DOR proves that management used Employer Complaint EC-0024-2023 to enforce a discriminatory lockout based on Plaintiffs refusal to waive his statutory right to an accommodated stationary post.<br><br>Declaration of Nancyrose Hernandez ¶ 4, Ex. B, Naefke Depo. 254:1-16,<br><br>Declaration of Nancyrose Hernandez ¶ 10, Ex. H, Coleman Depo. 27:1-11, 42:19-43:6, 46:1-3, 49:8-14,<br><br>Declaration of Nancyrose Hernandez ¶ 12, Ex. J,<br><br>Declaration of Nancyrose Hernandez ¶ 17, Ex. O,<br><br>Declaration of Enoch Greene ¶ 58, Ex. L |

72

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 50.    Defendant's Response:<br><br>Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact.  *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").<br><br>Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3.  *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").<br><br>**Response to Plaintiff's Objections:**<br><br>Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")<br><br>Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |

## PLAINTIFF'S SECOND CAUSE OF ACTION

**Issue 4:  Plaintiff's Second Cause Of Action Against LBCT For Disability-Based Harassment In Violation Of The ADA And FEHA Fails As A Matter Of Law Because The Alleged Conduct Attributable to LBCT Does Not Rise To The Level Of Severe Or Pervasive Harassment.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 9-11, 14-16, as if set forth herein. | Plaintiff incorporates herein DMF Nos. 9-11, 14-16, as if set forth herein. |

73

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 51.    Plaintiff alleges that he was subject to "harassment" based on the following events:<br><br>• Plaintiff was followed on the job by fellow Local 26 member Sergeant David Pannell while working at LBCT, who allegedly stated, "you shouldn't be down here because you can't see" and was sent home after showing up for work (Pl. Dep. 72:16-24, 81:17-22);<br><br>• Plaintiff heard from several coworkers that Ryan Williams and Luisa Gratz showed up to a union training at the training center, asked for Plaintiff, and informed the Watchmen that they would start checking driver's licenses. (Pl. Dep. 76:1-19);<br><br>• Luisa Gratz informed some union members that Plaintiff could not perform the duties of a Watchman due to his condition (Pl. Dep. 74:10-19);<br><br>• Luisa Gratz put out a posting on APMT's bulletin board stating that Plaintiff was involved in an accident. (Pl. Dep. 76:20-77:10.)<br><br>• Plaintiff received write-ups from LBCT and PMA, but Plaintiff later clarified that the write-ups were Employer Complaints he received for accidents at LBCT and APMT. (Pl. Dep. 78:11-79:6.)<br><br>• Another Local 26 member Tiyuana Blair was not permitted to investigate Plaintiff's accident at LBCT by both Luisa Gratz and LBCT management (Pl. Dep. 79:12-18, 182:6-11);<br><br>• Plaintiff was asked to be evaluated by the Joint Port Medical Specialist (Pl. Dep. 82:15-83:5, 297:10-13.); and | 51. DISPUTED<br><br>**Disputed;** Moving Party's attempt to minimize these coordinated actions as isolated incidents is legally. and factually invalid. These events constitute a severe, pervasive, and highly orchestrated campaign of disability-based harassment, defamation, and retaliation executed through direct collusion between LBCT management, the PMA, and Local 26 President Luisa Gratz in violation of Title I of the ADA and Article 15 of the CBA 2019-2025. The defense openly admits to a hostile pattern where Plaintiff was stalked on the terminal by supervisors shouting discriminatory slurs ("you shouldn't be down here because you can't see"); targeted by name at wide-scale union training events by Ryan Williams and Luisa Gratz to implement punitive driver's license checking; and publicly defamed via public bulletin board notices posted by Gratz at APMT to destroy his professional reputation. This harassment was directly leveraged to execute an administrative lockout, including. blocking elected Accident Investigator Tiyuana Blair from reviewing the June 2023 incident, unlawfully distributing private medical charts to force a nonconsensual shadow evaluation in Plaintiffs absence, and weaponizing an off-duty, private commuter parking lot scratch to issue pretextual "No Dispatch" complaints. These coordinated behaviors far exceed standard management operations and establish an actionable hostile work environment intended to force a disabled employee to abandon his career.<br><br>Declaration of Enoch Greene ¶ 61, Ex. O, (Page 34).<br><br>Declaration of Enoch Greene ¶ 51, Ex. E,<br><br>Declaration of Enoch Greene ¶ 52, Ex. F,<br><br>Declaration of Enoch Greene ¶ 53, Ex. G,<br><br>Declaration of Enoch Greene ¶ 54, Ex. H,<br><br>Declaration of Enoch Greene ¶ 55, Ex. I, |

74

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| • APMT's Safety Manager stated to Plaintiff, "You have a history of getting in accidents" (Pl. Dep. 125:20-126:17).<br><br>(Dkt. No. 19; Pl. Dep. 72:16-24, 76:1-19, 74:10-19, 76:20-77:10, 78:11-79:6, 79:12-18, 81:17-22, 82:15-83:5, 125:20-126:17, 182:6-11, 297:10-13.) | Declaration of Enoch Greene ¶ 56, Ex. J,<br>Declaration of Enoch Greene ¶ 57, Ex. K,<br>Declaration of Enoch Greene ¶ 58, Ex. L,<br>Declaration of Enoch Greene ¶ 63, Ex. Q,<br>Declaration of Enoch Greene ¶ 64, Ex,R,<br>Declaration of Enoch Greene ¶ 65, Ex.  S,<br>Declaration of Enoch Greene ¶ 66, Ex. T,<br>Declaration of Enoch Greene ¶ 67, Ex. U, |

51.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

| 52.    Luisa Gratz is the President of ILWU Local 26.<br><br>(Pl. Dep. 231:6-9.) | 52. DISPUTED<br><br>**Disputed;** Moving Party's attempt to minimize these coordinated actions as isolated incidents is legally and factually invalid. These events constitute a severe, pervasive, and highly orchestrated campaign of disability-based harassment, defamation, and retaliation executed through direct collusion between LBCT management, the PMA, and Local 26 President Luisa Gratz in violation of Title I of the ADA and Article 15 of the CBA 2019-2025. The defense openly admits to a hostile pattern where Plaintiff was stalked on the terminal by supervisors shouting discriminatory slurs ("you shouldn't be down here because you can't see"); targeted by name at wide-scale union training events by Ryan Williams and Luisa Gratz to implement punitive driver's license checking; and publicly defamed via public bulletin board notices |

75

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | posted by Gratz at APMT to destroy his professional reputation. This harassment was directly leveraged to execute an administrative lockout, including. blocking elected Accident Investigator Tiyuana Blair from reviewing the June 2023 incident, unlawfully distributing private medical charts to force a nonconsensual shadow evaluation in Plaintiffs absence, and weaponizing an off-duty, private commuter parking lot scratch to issue pretextual "No Dispatch" complaints. These coordinated behaviors far exceed standard management operations and establish an actionable hostile work environment intended to force a disabled employee to abandon his career. |
| | Declaration of Enoch Greene ¶ 61, Ex. O, (Page 34). |
| | Declaration of Enoch Greene ¶ 51, Ex. E, |
| | Declaration of Enoch Greene ¶ 52, Ex. F, |
| | Declaration of Enoch Greene ¶ 53, Ex. G, |
| | Declaration of Enoch Greene ¶ 54, Ex. H, |
| | Declaration of Enoch Greene ¶ 55, Ex. I, |
| | Declaration of Enoch Greene ¶ 56, Ex. J, |
| | Declaration of Enoch Greene ¶ 57, Ex. K, |
| | Declaration of Enoch Greene ¶ 58, Ex. L, |
| | Declaration of Enoch Greene ¶ 63, Ex. Q, |
| | Declaration of Enoch Greene ¶ 64, Ex,R, |
| | Declaration of Enoch Greene ¶ 65, Ex.  S, |
| | Declaration of Enoch Greene ¶ 66, Ex. T, |
| | Declaration of Enoch Greene ¶ 67, Ex. U, |

52.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). | |
| 53.    Ryan Williams is employed by Pacific Maritime Association. (Williams Decl., ¶ 1.) | 53. DISPUTED Admitted that Ryan Williams is employed by the Pacific Maritime Association (PMA l; disputed to the extent that Moving Party attempts to use his formal employment line to isolate LBCT from liability for a coordinated, retaliatory campaign. Under Title I of the ADA and California law, the PMA and individual terminal operators like LBCT act as joint employers who co-manage the port's labor pool through unified grievance and dispatch machinery. Williams did not act in a vacuum; he actively collaborated with LBCT's Director of Labor Relations to execute a discriminatory campaign designed to bypass statutory interactive mandates. This collusion is documented by Williams' targeted actions at wide-scale training events to enforce punitive driver's license checks against Plaintiff, and the rapid enforcement of the permanent "No Dispatch" lockout under Employer Complaint EC-0024-2023. LBCT cannot utilize the PMA's corporate boundary as a legal shield to escape liability for a joint, bad-faith breakdown of the interactive process under Article 18 of the CBA. Declaration of Enoch Greene ¶ 61, Ex. O, (Pages 35-38). Declaration of Enoch Greene ¶ 58, Ex. L, |

53.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

77

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). | |
| 54.    Plaintiff claimed that Mr. Pannell was following him around the terminal and made a comment about Plaintiff not being able to see.<br><br>(Naefke Decl., ¶ 27.) | 54. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and misstates the testimony. **Disputed;**. Moving Party's attempt to dismiss this severe supervisor harassment as an unverified "claim" or a routine traffic review is a bad-faith distortion directly refuted by direct admissions on the record. It is admitted that Shift Sergeant David Pannell subjected Plaintiff to targeted, hostile hyper-surveillance. It is explicitly disputed that this was a routine operational action. In reality, Sergeant Pannell explicitly informed Plaintiff that terminal management had directly ordered him to watch and monitor Plaintiff. This top-down corporate-directive was issued immediately .following Plaintiffs formal accommodation requests at the May joint meetings. While Plaintiff operated his vehicle in strict compliance with the terminal's mandatory 10 mph speed limit, Pannell executed management's tracking order and launched an explicit discriminatory slur, telling Plaintiff that he "shouldn't be down here because you can't see." Under Title I of the ADA and California law, a premeditated corporate command to hunt and profile a disabled worker, resulting in supervisory slurs, constitutes direct evidence of a hostile, retaliatory work environment. Because LBCT's Director of Labor Relations engineered the very tracking campaign he later claimed to "investigate" in secret, LBCT is strictly liable.<br><br>Declaration of Enoch Greene ¶ 69, Ex. W, |
| 54.    Defendant's Response:<br><br>Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not | |

78

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|

create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's objection that it misstates the testimony is unfounded. Plaintiff does not identify any testimony that contradicts this fact.

| | |
|---|---|
| 55.    SSE (Safety, Security and Environmental) and Eric Naefke conducted an investigation into Plaintiff's claim and found Plaintiff's allegations unsubstantiated.<br><br>(Naefke Decl., ¶ 27.) | 55. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and is hearsay.<br><br>**Disputed;** Moving Party's assertion that the Safety, Security, and Environmental (SSE) department and Eric Naefke conducted a valid, objective investigation is explicitly denied. :This purported review was a bad-faith, unilateral administrative rubber-stamp executed in complete secrecy to cover tip ongoing disability discrimination. LBCT completely excluded Plaintiff from the process: at no point was Plaintiff ever contacted, consulted, informed or asked a single question regarding his allegations, nor was he notified that an investigation had been launched or concluded. Plaintiff first learned of this secret internal review during his deposition in 2026. An employer cannot rely on a one-sided, discriminatory investigation that intentionally isolates and excludes the complaining disabled employee to declare |

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | harassment claims "unsubstantiated" and evade liability under Title I of the ADA. |
| | Declaration of Enoch Greene ¶ 62, Ex. P, |
| | Declaration of Enoch Greene ¶ 63, Ex. Q, |

55.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact.  *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3.  *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 56.    One of Mr. Pannell's job duties as a Watchman is to make sure all vehicles are being driven safely on the terminal.  In Pannell's opinion, Plaintiff was driving too slowly and he claimed that Plaintiff drove under a working crane, which is very dangerous.  Mr. Pannell was doing his job when he was following Plaintiff . <br><br> (Naefke Decl., ¶ 27.) | 56. DISPUTED <br><br> Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and is hearsay. <br><br> **Disputed;** Moving Party's assertion that Sergeant David Pannell was executing standard safety duties because Plaintiff was driving "too slowly" is a bad-faith fabrication directly refuted by terminal operating regulations. The mandatory, legally enforced speed limit within the terminal yard is strictly 10 mph. Plaintiffs |

80

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
|  | safe, cautious operation of his vehicle at or below this low-speed safety baseline constitutes strict compliance with industrial terminal rules, not an operational deficiency. Pannell's weaponization of Plaintiffs weaponization of Plaintiffs lawful driving speed to brand him a hazard— while simultaneously tracking him to hurl discriminatory slurs ("you shouldn't be down here because you can't see") proves that the defense's claims are post-hoc, retaliatory pretexts. LBCT's reliance on an unrecorded, subjective verbal grievance to cover up a per se violation of Article 15 of the CBA 2019-2025 fails to support summary judgment. |
|  | Declaration of Enoch Greene ¶ 61, Ex. O, (Page 34).summary judgment. |
|  | Declaration of Enoch Greene ¶ 61, Ex. O, (Page 34). |

56.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty.*

81

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| *Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Issue 5:  Plaintiff's Second Cause Of Action For Disability-Based Harassment In Violation Of The ADA And FEHA Fails As A Matter Of Law Because The Alleged Conduct Attributable to LBCT Constitutes Legitimate Personnel Management Actions And Safety-Driven Decisions That Do Not Constitute Harassment As A Matter Of Law.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 9-11, 14-16, 48-53, as if set forth herein. | Plaintiff incorporates herein DMF Nos. 9-11, 14-16, 48-53, as if set forth herein. |

**PLAINTIFF'S THIRD CAUSE OF ACTION**

**Issue 6:  Plaintiff's Third Cause Of Action Against LBCT For Failure To Accommodate In Violation Of The ADA And FEHA Fails As A Matter Of Law**

82

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

**Because Plaintiff Cannot Perform The Essential Functions Of The Watchman Position With Or Without Reasonable Accommodation.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 1-42, , as if set forth herein. | Plaintiff incorporates herein DMF Nos. 1-42, as if set forth herein. |

**Issue 8: Plaintiff's Third Cause Of Action Against LBCT For Failure To Accommodate In Violation Of The ADA And FEHA Fails As A Matter Of Law Because Plaintiff's Requested Accommodation Is Unreasonable *Per Se* Because It Would Require LBCT To Violate The Collective Bargaining Agreement.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 2-5, as if set forth herein. | Defendant incorporates herein DMF Nos. 2-5, as if set forth herein. |

**Issue 9: Plaintiff's Third Cause Of Action Against LBCT For Failure To Accommodate In Violation Of The ADA And FEHA Fails As A Matter Of Law Because Plaintiff's Request That Defendant Remove Essential Job Functions As An Accommodation Is *Per Se* Unreasonable.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 2-8, 22-27. Defendant incorporates herein SSUF Nos.  as if set forth herein. | 2-8, 22-27. Defendant incorporates herein DMF Nos.  as if set forth herein. |
| 57.    On April 20, 2023, Plaintiff dispatched to LBCT and was assigned to drive the Shuttle Bus.  Plaintiff informed the Shift Seargent that he had a vision impairment and requested reassignment to something other than driving the shuttle bus. (Naefke Dep. 43:1-7; Pl. Dep. 29:9-30:19.) | 57. DISPUTED Admitted that on April 20, 2023, Plaintiff was dispatched to LBCT, transparently disclosed his vision impairment to the Shift Sergeant, and requested a safe, non-driving reassignment; disputed to the extent that Moving Party attempts to frame this event as an isolated operational request rather than the formal triggering event of the employer's mandatory interactive duties under the ADA. Plaintiff's clear, proactive disclosure placed LBCT on direct notice of his protected disability. Under Title I of the |

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | ADA and Article 15 of the CBA 2019-2025, this notification legally obligated LBCT to engage in a good-faith interactive process to place Plaintiff into available, non-driving, stationary watchman positions-such as the indoor Security Center console monitoring posts established under Article 2, Section E. Instead of accommodating this request seamlessly via the task isolation rules of Article 3, Section. C, LBCT management utilized this notice to initiate a retaliatory campaign of hyper-surveillance, nonconsensual shadow evaluations, and an eventual bad-faith lockout.<br><br>Declaration of Enoch Greene ¶ 61, Ex. O, (Page 34, Page 4, and Page 7). |
| 57.    Defendant's Response:<br><br>Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact.  *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").<br><br>Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3.  *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). | |
| 58.    At the May 8, 2023 JPWLRC meeting, Plaintiff requested that he be excused from driving buses or shuttle buses.<br><br>(Pl. Dep. 58:25–59:24, 60:9-15, 63:4-7 | 58. DISPUTED<br><br>Admitted that at the May 8, 2023 JPWLRC meeting, Plaintiff formally requested an accommodation to be excused from driving buses or shuttle buses; disputed to the extent that Moving Party attempts to frame this event as an isolated administrative note rather than an official, multi-employer trigger of the mandatory interactive process under the ADA. This formal request placed the PMA, LBCT, and ILWU Local 26 on direct joint notice of Plaintiffs protected disability and his explicit need for an accommodation. Under Title I of the ADA, this notification legally obligated the employers to engage in a continuous, |

84

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
|  | good-faith interactive process to assign Plaintiff to completely non-driving, stationary watchman tracks-such as the indoor Security Center console monitoring posts established under Article 2, Section E of the CBA 2019-2025. Instead of executing these readily available contractual accommodations, the defendants ultimately used this disclosure to implement a retaliatory campaign of hyper-surveillance, non-consensual shadow medical evaluations, and an eventual bad-faith lockout. |
|  | Declaration of Enoch Greene ¶ 61, Ex. O, (Page 4). |
|  | Declaration of Enoch Greene ¶ 51, Ex. E, |
|  | Declaration of Enoch Greene ¶ 47, Ex. A, |

58.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Issue 10: Plaintiff's Third Cause Of Action Against LBCT For Failure To Accommodate In Violation Of The ADA And FEHA Fails As A Matter Of Law Because LBCT Provided Temporary Accommodations.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 59.    The first time Plaintiff mentioned having any difficulty performing his job was on April 20, 2023. That day, Plaintiff dispatched to LBCT and was assigned to drive the Shuttle Bus.  Plaintiff informed | 59. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and is hearsay. |

85

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| the Shift Seargent that he had a vision impairment and requested reassignment to something other than driving the shuttle bus.<br><br>(Naefke Dep. 43:1-7; Pl. Dep. 29:9-30:19.) | Admitted that on April 20, 2023, Plaintiff transparently disclosed his visual impairment to the Shift Sergeant and formally requested a safe, non-shuttle bus reassignment; disputed to the extent that Moving Party attempts to frame this event as a late disclosure rather than the exact chronological trigger of their mandatory statutory duties. Under Title I of the ADA and California's FEHA, Plaintiff's clear disclosure placed LBCT on immediate, direct legal notice of a protected physical disability. This notice instantly obligated the employer to engage in a timely, continuous, and good-faith interactive process to map Plaintiff's known visual parameters onto compatible, non-driving tracks. LBCT possessed an immediate, cost-free avenue to execute this accommodation under Article 2, Section E of the CBA 2019-2025 L26 WA (1).pdf by permanently anchoring Plaintiff to indoor, highly illuminated video surveillance consoles or stationary gate-checking booths. Instead of seamlessly implementing these available contractual tracks, management utilized this disclosure to launch a retaliatory campaign of hyper-surveillance, non-consensual shadow evaluations, and an eventual bad-faith lockout under **Employer Complaint EC-0024-2023.**<br>Declaration of Enoch Greene ¶ 61, Ex. O, (Page 4).<br>Declaration of Enoch Greene ¶ 58, Ex. L |

59.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). **Response to Plaintiff's Objections:** Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 60.   Plaintiff acknowledges LBCT temporarily addressed the situation by having Plaintiff work in either the Security Center or Gangway. (Pl. Dep. 30:20-31:2.) | 60. DISPUTED **Disputed in part;** it is admitted that LBCT possessed the operational infrastructure to assign Plaintiff to safe, non-driving posts like the Security Center and Gangway, confirming these accommodations were readily available. However, it is explicitly disputed that LBCT "addressed the situation" through a legally sufficient or consistent accommodation framework. In reality, LBCT granted these stationary assignments as a mere token gesture approximately two to three times total. The terminal completely failed to provide these placements consistently, choosing instead to leave Plaintiff exposed to . hazardous driving rotations or blocking his livelihood entirely via a permanent "No Dispatch" order. Under Title I of the ADA, an employer cannot cite a handful of isolated, temporary assignments to escape liability for failing to implement a permanent, stable accommodation track that perfectly. matches the employee's known clinical boundaries. Declaration of Nancyrose Hernandez ¶ 4, Ex. B, Naefke Depo. 24:19-26:9, 236:17-237:16, Q:22-63:21, 228:2-229:2 |
| 60.   Defendant's Response: | |

87

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion."). Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). | |
| 61.    According to Plaintiff, Gangway security is like being a Buckingham palace guard. The only requirement is to "stand post" while seated in a parked vehicle. (Pl. Dep. 103:8-18; 194:21-195:13.) | 61. DISPUTED **Disputed;** Moving Party's characterization of Plaintiff's deposition testimony is a deceptive distortion that alters his exact words to present a false narrative to the Court. Plaintiff never testified that the only requirement is to "sit in a parked vehicle." As documented in the verbatim transcript text, Plaintiff used the analogy of a Buckingham Palace guard to describe the formal, high responsibility nature of **"standing post"** to secure foreign vessels under federal maritime mandates. Plaintiff explicitly testified that this stationary assignment entails critical security functions, including **"checking paperwork to make sure anyone who's leaving the ship have their proper U.S. credentials to get off the ship."** This stationary, checkpoint-based identification verification perfectly matches the explicit medical clearances issued by Plaintiff's treating specialist, Dr. Anne L. Coleman, in her **September 7, 2023 report**. LBCT intentionally fabricated the phrase *"while seated in a parked vehicle"* and stripped Plaintiff's testimony of its context to conceal that gangway assignments are stationary positions that can be seamlessly accommodated. Declaration of Nancyrose Hernandez ¶ 9, Ex.G, Pl.Dep. 103:8-106:3; 194:21-195:18, |

88

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Declaration of Enoch Greene ¶ 50, Ex.D, |

61.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

| | |
|---|---|
| 62.    On April 29, Plaintiff sent a letter to the Joint Labor Relations Committee regarding what happened at LBCT and stating that he had a "medical condition which limits my physical ability to perform some of my job duties safely and effectively." He went on to state: | 62. DISPUTED |
| | Admitted that on April 29, Plaintiff sent a formal written letter to the Joint Labor Relations Committee explicitly requesting reasonable accommodations, disclosing his disability, and seeking a good-faith dialogue to avert terminal safety incidents; disputed to the extent that Moving Party attempts.to mischaracterize this proactive communication as an admission of total operational unfitness. Under Title I of the ADA, Plaintiff's letter constitutes an exemplary, legally sufficient trigger of the employer's mandatory, non-delegable duty.to engage in a timely, continuous interactive process. Plaintiff proactively identified his functional limitations and sought a structural layout solution—such as permanent assignment to the indoor, stationary electronic surveillance consoles defined under Article 2, Section E of the CBA 2019-2025 L26 WA (1).pdf. LBCT and the PIVIA's subsequent failure to engage in a genuine matching process, choice to force a non-consensual 'shadow evaluation" in Plaintiffs absence, and total refusal to cooperate with the California Department of Rehabilitation's worksite integration offers establish that the defendants intentionally breached the very interactive dialogue Plaintiff initiated. |

I am seeking to have a dialogue in order to create solutions which will avert any serious incident.

My three main purpose for writing this letter is: (1) to communicate with the Joint Labor Relations Committee and ILWU Local 26 Safety Representative of my disability and safety concerns; (2) to make a request for reasonable accommodations related to my medical condition and (3) to advise that I will also communicate my disability and request a reasonable accommodation from each shift Sargent at the various terminals as needed."

(Pl. Dep. 57:24-58:19, 174:16-175:5, Ex. 3.)

89

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Article 2, Section E of the CBA 2019-2025 L26 WA (1).pdf. |
| | Declaration of Enoch Greene ¶ 61, Ex. O, (Page 4). |
| | Declaration of Enoch Greene ¶ 56, Ex. J, |
| | Declaration of Nancyrose Hernandez ¶ 9, Ex. G, |
| | Declaration of Nancyrose Hernandez ¶ 12, Ex. J, |
| | Declaration of Nancyrose Hernandez ¶ 17, Ex. O, |

62.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

| 63.    According to Plaintiff, the May 8, 2023 and May 22, 2023 meetings with the JPWLRC were interactive process meetings scheduled after he sent the April 29, 2023 email.<br><br>(Pl. Dep. 57:24-58:19.) | 63. DISPUTED<br><br>Admitted that Plaintiff accurately testified that the May 8 and May 22, 2023 JPWLRC sessions were scheduled as interactive process meetings following his proactive April 29 correspondence; disputed to the extent that Moving Party attempts to frame the mere scheduling of these meetings as absolute fulfillment of their statutory duties. Under Title I of the ADA, an interactive dialogue must be executed in continuous good faith; an employer cannot cite a formal meeting to insulate itself from liability if it simultaneously utilizes that session to build a retaliatory profile. While Plaintiff participated transparently to map his visual boundaries onto available indoor, highly illuminated video monitoring consoles under Article 2, Section E of the |

90

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | CBA 2019-2025 L26, the defendants weaponized the data. Following these sessions, management ordered top-down field tracking executed by Shift Sergeant David Pannell, forced a non-consensual shadow medical evaluation, and ultimately enacted a permanent "No Dispatch" lockout under Employer Complaint EC-0024-2023. Merely holding a meeting while actively engineering a bad-faith breakdown of the accommodation track constitutes standard disability discrimination. |
| | Declaration of Enoch Greene ¶ 61, Ex. O, (Page 4). |
| | Declaration of Enoch Greene ¶ 58, Ex. L, |

63.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

| 64.    May 8, 2023 was the first time LBCT learned the extent of Plaintiff's visual impairment and doctor issued work restrictions.<br><br>(Naefke Decl., ¶ 25.) | 64. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and is hearsay.<br><br>**Disputed;** Moving Party's assertion that May 8, 2023, was the first time LBCT learned of Plaintiffs visual impairment and operational boundaries is factually false and directly contradicted by the defense's own moving papers. As explicitly admitted by the Moving Party in Statement of Fact No. 57, Plaintiff placed LBCT on direct, lawful notice on April 20, 2023, when he informed the Shift Sergeant of his visual impairment and formally requested a non-driving assignment. Plaintiff further reinforced |

91

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
|  | this notice via a formal written letter detailed in Statement of Fact No. 62 on April 29, 2023. Under Title I of the ADA, formal notice to a shift supervisor or a written submission to the labor relations framework constitutes immediate legal notice to the employer. LBCT's attempt to manipulate the timeline to claim it was unaware of Plaintiffs restrictions until May 8 is a bad-faith effort to obscure its initial failure to immediately trigger the mandatory interactive process. |
|  | Declaration of Enoch Greene ¶ 47, Ex. A, Plaintiff's First Amended Complaint ¶ 31 |

64.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

| 65.    Plaintiff testified that he was asked about Dr. Coleman's April 15, 2023, letter and the committee discussed Plaintiff's visual impairment and requested | 65. DISPUTED  Admitted that at the JPWLRC meeting, Plaintiff transparently discussed his visual |

92

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| accommodations, including his request that he be excused from driving a bus or shuttle-bus due to his poor vision, and he informed the JPWLRC that he had difficulty seeing in the rain, fog, and other low-visibility situations. <br><br> (Pl. Dep. 58:25–59:24, 60:9-15, 63:4-7.) | parameters and noted functional difficulties navigating outdoor field operations during specific environmental conditions like rain or fog; disputed to the extent that Moving Party attempts to characterize this honest disclosure as an admission of total operational unfitness. Under Title I of the ADA and Article 20, Section N of the CBA 2019-2025, Plaintiff was contractually and legally mandated to disclose his specific functional boundaries to ensure workplace safety. This proactive disclosure provided LBCT and the PMA with an exact blueprint for a reasonable accommodation: mapping Plaintiffs stable limitations onto the indoor, highly illuminated, and climate-controlled Security Center video surveillance console tracks established under Article 2, Section E, which require zero. exposure to outdoor weather or field driving. LBCT's choice to weaponize Plaintiff's contractually mandated honesty to claim he is a permanent terminal hazard, while ignoring the explicit stationary clearances in Dr. Coleman's subsequent September 7, 2023 medical report, establishes a bad-faith breakdown of the interactive process. |
| | Article 20, Section N of the CBA 2019-2025, P |
| | Article 2, Section E |
| | Declaration of Enoch Greene ¶ 61, Ex. O, (Pages 41-43 and Page 4). |

65.   Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). | |
| 66.    Starting May 8, 2023, whenever Plaintiff dispatched to LBCT, he was assigned to either the Gangway or the Security Center, except on one occasion when he was assigned to rover patrol. (Naefke Decl., ¶26, Ex. E.) | 66. DISPUTED Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and is hearsay. **Disputed;** Moving Party's assertion that Plaintiff was consistently accommodated in the Security Center or Gangway from May 8, 2023, onward is factually false and directly contradicted by the operational record. LBCT completely mischaracterizes the frequency and consistency of these assignments. In reality, these safe, stationary placements were granted as a haphazard, token gesture approximately two to three times total during Plaintiffs entire tenure. The terminal routinely failed to honor Plaintiffs documented visual boundaries, regularly forcing him into mobile field rotations and hazardous rover patrols rather than stabilizing his tracking. Under Title I of the ADA, an employer cannot fabricate a retroactive history of continuous compliance to cover up an erratic assignment pattern that ultimately culminated in a permanent, discriminatory "-No Dispatch" lockout under Employer Complaint EC-0024-2023. Declaration of Enoch Greene ¶ 58, Ex. L |

66.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| **<u>Response to Plaintiff's Objections:</u>**<br><br>Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")<br><br>Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 67.   Plaintiff claims that sometime around June 12, 2023, Shift Sergeant Dennis Williams pulled him off his assigned gangway shift and reassigned him to drive the shuttle bus.<br><br>(Pl. Dep. 301:6-303:15.) | 67. DISPUTED<br>**Disputed;**. Moving Party's attempt to dismiss this severe operational breach as an unverified "claim is factually false and legally defective. It is admitted that on the shift in question, Plaintiff was already safely on-post executing a stationary, non-driving gangway assignment that perfectly accommodated his known visual parameters. It is explicitly disputed that Shift Sergeant Dennis sudden directive to remove him from this post was a routine reassignment. In reality Sergeant Williams pulled Plaintiff off an active, safe accommodation to force him into a hazardous mobile shuttle bus operation—the exact task explicitly barred by Plaintiff's treating specialist, Dr. Anne L. Coleman, in her May 25, 2023 medical clarification letter. Under Title I of the ADA, an employer cannot unilaterally dismantle an active, functioning accommodation to force a disabled employee into a hazardous, restricted duty. Furthermore, this sudden swap directly violated the mandatory shift task-isolation rules of Article 3, Section C of the CBA 2019-2025 L26 WA (1).pdf. LBCT's choice to disrupt a stable accommodation and force a disabled worker into an unsafe operational exposure constitutes direct evidence of a bad-faith breakdown of the interactive process. |

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Declaration of Enoch Greene ¶ 48, Ex. B, Declaration of Enoch Greene ¶ 49, Ex. C, Declaration of Enoch Greene ¶ 61, Ex. O, (Page 7). |
| 67.    Defendant's Response:<br><br>Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").<br><br>Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). | |
| 68.    According to the Daily Security Schedules, the only time Plaintiff worked with Dennis Williams as the Shift Seargeant in June 2023 was on June 9th and Plaintiff was assigned Rover Patrol.<br><br>(Naefke Decl., ¶26, Ex.  E.) | 68. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and is hearsay.<br><br>**Disputed;** Moving Party's assertion that Plaintiff only worked under Shift Sergeant Dennis Williams on a single occasion in June 2023 is factually inaccurate and structurally directly . refuted by real-time terminal operations. LBCT improperly relies on static, predetermined "Daily Security Schedules" that completely fail to account for actual hours worked, shift extensions, and overtime operational realities. In reality, Plaintiff regularly worked consecutive shifts where his second-shift assignments extended directly into the third shift—the specific operational window commanded by Shift Sergeant Dennis Williams. Because these shifts actively intersected and overlapped, Plaintiff was routinely subjected to Williams' operational supervision and command far beyond the single date listed in Exhibit E. Moving Party cannot rely on a incomplete, rigid scheduling spreadsheet to erase documented |

96

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | workplace interactions hide supervisor profiling, or escape liability under Title I of the ADA. |

68.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

| | |
|---|---|
| 69.    Despite his pledge in his April 29, 2023 letter to "communicate my disability and request a reasonable accommodation from each shift Sargent at the various terminals as needed," Plaintiff admits that he didn't tell Sergeant Dennis Williams that he had work restrictions precluding him from driving the bus, didn't turn down or refuse the  assignment, and never spoke with LBCT management about the issue.<br><br>(Pl. Dep. 57:24-58:19,174:16-175:5, 301:6-303:15, Ex.  3.) | 69. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and is hearsay.<br><br>**Disputed;** Moving Party's assertion that Plaintiff abandoned his accommodation request is a deceptive mischaracterization that masks a hostile, retaliatory work environment. It is admitted that on the shift in question, Plaintiff did not verbally re-disclose his restrictions to Sergeant Dennis Williams. However, it is explicitly disputed that this constituted a waiver of his rights. In reality, Plaintiff was |

97

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | exhausted by continuous corporate pushback, having already been written up, fired, and summarily sent home for disclosing his disability. Terrified of further immediate termination, Plaintiff was waiting for management to implement the permanent safety adjustments formally established at the May 8th and May 22nd joint meetings. Furthermore, Sergeant Williams explicitly informed Plaintiff that management had failed to communicate any restrictions or medical data down the chain of command, stating he had to use Plaintiff on the bus. Under Title I of the ADA, an employer cannot hide its own failure to distribute approved medical accommodations to its shift supervisors, force a vulnerable worker into a choice between a hazardous task or an insubordination write-up, and then claim the employee consented to the exposure. |
| | Declaration of Enoch Greene ¶ 48, Ex. B, Declaration of Enoch Greene ¶ 49, Ex. C, Declaration of Enoch Greene ¶ 61, Ex. O, Declaration of Enoch Greene ¶ 51, Ex. E, Declaration of Enoch Greene ¶ 52, Ex. F, |

69.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")<br><br>Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |

## PLAINTIFF'S FOURTH CAUSE OF ACTION

**Issue 11:** **Plaintiff's Fourth Cause Of Action Against LBCT For Failure To Engage In The Interactive Process In Violation Of The ADA And FEHA Fails As A Matter Of Law Because Plaintiff Cannot Perform The Essential Functions Of The Watchman Position With Or Without Reasonable Accommodation.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 2-8, 17-42, as if set forth herein. | Defendant incorporates herein DMF Nos. 2-8, 17-42, as if set forth herein. |

**Issue 12:** **Plaintiff's Fourth Cause Of Action Against LBCT For Failure To Engage In The Interactive Process In Violation Of The ADA And FEHA Fails As A Matter Of Law Because Plaintiff Cannot Identify Any Actual, Available Accommodation That Could Have Arisen From The Interactive Process That Would Have Allowed Him To Perform All Of The Essential Job Duties Of A Watchman, Including Driving A Bus/Shuttle Bus.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 1-8,17-42, 54, 55, as if set forth herein. | Defendant incorporates herein DMF Nos. 1-8,17-42, 54, 55, as if set forth herein. |

**Issue 13:** **Plaintiff's Fourth Cause Of Action Against LBCT For Failure To Engage In The Interactive Process In Violation Of The ADA And FEHA Fails As A**

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

**Matter Of Law Because LBCT Engaged In The Interactive Process And Provided Temporary Accommodations.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 57-67, as if set forth herein. | Defendant incorporates herein DMF Nos. 57-67, as if set forth herein. |

## PLAINTIFF'S FIFTH CAUSE OF ACTION

**Issue 14:  Plaintiff's Fifth Cause Of Action Against LBCT For Retaliation Fails As A Matter Of Law Because Plaintiff Cannot Establish A Causal Link Between His Alleged Protected Activity And Any Adverse Employment Action By LBCT.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 1-8, 17-47, as if set forth herein. | Defendant incorporates herein DMF Nos. 1-8, 17-47, as if set forth herein. |

**Issue 15:  Plaintiff's Fifth Cause Of Action Against LBCT For Retaliation Fails As A Matter Of Law Because LBCT Had A Legitimate, Non-Retaliatory Reason For The Alleged Adverse Employment Action, And Plaintiff Has No Specific Or Substantial Evidence Of Pretext.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 1-8, 17-47, as if set forth herein. | Defendant incorporates herein DMF Nos. 1-8, 17-47, as if set forth herein. |

## PLAINTIFF'S SIXTH CAUSE OF ACTION

**Issue 16: Plaintiff's Sixth Cause Of Action Against LBCT For Wrongful Termination In Violation Of Public Policy Fails As A Matter Of Law Because It Is Purely Derivative Of Plaintiff's Underlying Claims For Disability Discrimination And Retaliation, And Thus Fails For The Same Reasons.**

100

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 1-47, as if set forth herein. | Defendant incorporates herein DMF Nos. 1-47, as if set forth herein. |

**PLAINTIFF'S PRAYER FOR RELIEF—PUNITIVE DAMAGES**

**Issue 17:  Plaintiff's Request For Punitive Damages Fails As A Matter Of Law Because No LBCT Officer, Director, Or Managing Agent Personally Engaged In Oppressive, Fraudulent, Or Malicious Conduct Against Plaintiff.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 1-67, as if set forth herein. | Defendant incorporates herein DMF Nos. 1-67, as if set forth herein. |
| 70.     Eric Naefke has never been a member of LBCT's Board of Directors, or an officer or managing agent of LBCT. (Naefke Decl., ¶ 39.) | 70. DISPUTED  Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and is hearsay.  **Disputed;** Moving Party's assertion that Eric Naefke lacks the legal status of a managing agent to insulate the corporation from liability is factually false and directly refuted by his true executive standing. While Naefke's declaration downplays his authority, his actual, official corporate title is Director of Labor Relations at Long Beach Container Terminal. As the Director of Labor Relations, Naefke possessed ultimate, unreviewed command over the terminal's interactive process, union dispute resolutions, and employment actions. He personally drafted, signed, and executed Employer Complaint EC-0024-2023, utilizing his directorial authority to permanently strip Plaintiff of his livelihood via a "No Dispatch" order. Furthermore, Naefke exercised absolute corporate policy-making power when he completely locked out the State of California Department of Rehabilitation (DOR) and ignored Counselor Chaia Flores' requests for facility access to implement state-funded assistive tools. To claim that the chief executive directing labor operations does not bind the |

101

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | corporation under agency principles is factually false and legally invalid. Declaration of Nancyrose Hernandez ¶ 4, Ex. B, Naefke Depo. 254:1-16, |
| | Declaration of Enoch Greene ¶ 58, Ex. L |

70.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

| 71.    Eric Naefke has no authority or control over LBCT's corporate conduct. (Naefke Decl., ¶ 39.) | 71. DISPUTED |
| | Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and is hearsay. |
| | **Disputed;** Moving Party's assertion that Eric Naefke has no authority or control over LBCT's corporate conduct is an operational absurdity flatly contradicted by his executive title and actions. Eric Naefke is the Director of Labor Relations at Long Beach Container Terminal. By definition, the Director of Labor |

102

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Relations is the precise corporate official vested with the authority to control, execute, and direct corporate conduct regarding terminal employment policies and labor compliance. Naefke exercised this explicit corporate authority when he unilaterally drafted, signed, and enforced Employer Complaint EC-0024-2023, permanently revoking Plaintiffs dispatch rights and. locking him out of the maritime industry. Naefke further dictated corporate conduct by autonomously rejecting the State of California Department of Rehabilitation's (DOR) formal offers to fund and integrate low-vision assistive software at the worksite. LBCT cannot enforce a permanent, terminal-wide lockout driven entirely by its own Director of Labor Relations and then claim in summary judgment papers that he possesses no control over corporate conduct. |
| | Declaration of Nancyrose Hernandez ¶ 4, Ex. B, Naefke Depo. 254:1-16, |
| | Declaration of Enoch Greene ¶ 58, Ex. L, |
| | Declaration of Enoch Greene ¶ 57, Ex. K |

71.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal

103

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") | |
| Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 72.    Eric Naefke has never had authority to create, determine, deviate from, and/or guide LBCT's corporate policies. The authority to make decisions that ultimately determine corporate policy has always rested with executive employees at higher levels of the organization.<br><br>(Naefke Decl., ¶ 39.) | 72. DISPUTED<br><br>Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and is hearsay.<br><br>**Disputed;** Moving Party's assertion that Eric Naefke lacks the authority to determine, deviate from, or guide corporate policy is factually false and legally defective under California law. Eric Naefke is the Director of Labor Relations at Long Beach Container Terminal. As the Director of Labor Relations, Naefke possessed absolute, autonomous control over LBCT's interactive accommodation policies and union grievance proceedings under Article 18 of the CBA. Naefke actively created and dictated corporate policy when he chose to completely bypass the stationary medical clearances of Plaintiffs treating specialist, replaced them with a non-consensual shadow medical evaluation, and executed a permanent career lockout via Employer Complaint EC-0024-2023. He further established corporate policy by flatly refusing to cooperate with the State of California Department of Rehabilitation DOR). To claim a Director of Labor elations lacks policy-guiding authority over labor relations is an operational absurdity.<br><br>Declaration of Nancyrose Hernandez ¶ 4, Ex. B, Naefke Depo. 254:1-16,<br><br>Declaration of Enoch Greene ¶ 58, Ex. L,<br><br>Declaration of Enoch Greene ¶ 57, Ex. K |
| 72.    Defendant's Response:<br><br>Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca,* | |

104

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion."). Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). **Response to Plaintiff's Objections:** Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 73.    Eric Naefke has never had oversight of widespread or company-wide personnel decisions or resource allocation for LBCT. (Naefke Decl., ¶ 39.) | 73. DISPUTED Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and is hearsay. **Disputed;** Moving Party's assertion that Eric Naefke lacks oversight of companywide personnel decisions or resource allocation is an operational fiction directly refuted by his title and actions. Eric Naefke is the Director of Labor Relations at Long Beach Container Terminal. While he may not oversee non-labor assets,, he exercises absolute, company-wide discretionary oversight over LBCT's most vital resource: its entire labor workforce, union dispatch rules, and statutory ADA compliance tracks. Naefke executed an expansive corporate personnel decision when he signed and enforced Employer Complaint EC-0024-2023, implementing a permanent, terminal-wide "No Dispatch" block that entirely stripped Plaintiff of his |

105

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | livelihood. Furthermore, Naefke exercised absolute authority over corporate resource allocation when he rejected the State of California Department of Rehabilitation's (DOR) formal offers to fund and integrate low-vision assistive technology into the terminal's Security Center console structures. As the Director governing all terminal labor relations, Naefke's personnel choices bind the corporation. |
| | Declaration of Nancyrose Hernandez ¶ 4, Ex. B, Naefke Depo. 254:1-16, |
| | Declaration of Enoch Greene ¶ 58, Ex. L, |
| | Declaration of Enoch Greene ¶ 57, Ex. K |

73.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3

DATED:  July 2, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Dana L. Peterson*

Clifford D. Sethness
Dana L. Peterson
David J. Kim
Tabitha Kwon
Attorneys for Defendants
PACIFIC MARITIME ASSOCIATION, LBCT LLC, APM TERMINALS PACIFIC LLC, TOTAL TERMINALS INTERNATIONAL LLC, and SSA TERMINALS LLC

LBCT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326823914v.3