SEYFARTH SHAW LLP
Clifford 'Seth' Sethness (SBN 212975)
csethness@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:    (213) 270-9600
Facsimile:    (213) 270-9601

Dana L. Peterson (SBN 178499)
dpeterson@seyfarth.com
David J. Kim (SBN 349802)
dakim@seyfarth.com
Tabitha Kwon (SBN 365915)
tkwon@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:    (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendants
PACIFIC MARITIME ASSOCIATION, LBCT
LLC, APM TERMINALS PACIFIC LLC,
TOTAL TERMINALS INTERNATIONAL LLC,
and SSA TERMINALS LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOCH GREENE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LBCT LLC, a Limited Liability Company; PACIFIC MARITIME ASSOCIATION, a California Nonprofit Corporation; APM TERMINALS PACIFIC LLC, a Limited Liability Company; ILWU LOCAL 26, Union; TOTAL TERMINALS INTERNATIONAL LLC, a Limited Liability Company; SSA TERMINALS LLC, a Limited Liability Company; and DOES 1 through 50, inclusive;,<br><br>Defendants. | Case No. 5:25-cv-01359-KK-CTS<br><br>HON. KENLY KIYA KATO<br><br>**DEFENDANT APM TERMINALS PACIFIC LLC'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**<br><br>Date:      July 16, 2026<br>Time:      9:30 a.m.<br>Dept:      3<br><br>Complaint Filed:    June 2, 2025<br>FAC Filed:          June 20, 2025<br>Trial Date:         September 28, 2026 |

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

Pursuant to Local Rule 56-3, Defendant APM Terminals Pacific LLC ("Defendant" or "APMT") hereby submits its Response to Plaintiff's Statement of Genuine Disputes (Dkt. No. 103-4.)

Plaintiff does not dispute APMT's Uncontroverted Facts; instead, Plaintiff's Responses are riddled with legal arguments, legal conclusions, and evidentiary objections, which are not sufficient to create triable issue of material fact and need not be considered by the Court. *See Sernett v. Unum Grp.*, 787 F. Supp. 3d 1034, 1040-41 (C.D. Cal. 2025) ("Where the content would be admissible at trial, the Court therefore overrules evidentiary objections made on the grounds that the form of the evidence is inadmissible because there is a lack of personal knowledge, or it constitutes inadmissible lay opinion or hearsay."; "[o]bjections to evidence on the ground that it is irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself. The Court, therefore, need not entertain such objections.") (internal quotations and citations omitted); *see also The California Endowment v. Radnor Specialty Insurance Co.*, 2026 WL 1243672, at *3 (C.D. Cal. May 6, 2026) ("argumentative rejoinders to uncontroverted facts are, by and large, unresponsive and irrelevant.").

APMT responds to Plaintiff's evidentiary objections to preserve its rights. *See FDIC v. N.H. Ins. Co.*, 953 F.2d 478, 484 (9th Cir. 1991) ("[d]efects in evidence submitted in opposition to a motion for a summary judgment are waived absent a motion to strike or other objection.").

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

## PLAINTIFF'S FIRST CAUSE OF ACTION

**Issue 1:  Plaintiff's First Cause Of Action Against APMT For Disability Discrimination In Violation Of The ADA And FEHA Fails As A Matter Of Law Because Plaintiff Is Not A Qualified Individual With A Disability, As He Cannot Perform The Essential Functions Of A Watchman With Or Without A Reasonable Accommodation.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 1.     Marine terminals are heavily restricted areas under federal law.  As an international ocean-going cargo terminal, APMT is a port of entry into the United States.  U.S. Customs and Border Protection, U.S. Coast Guard, and the Department of Homeland Security monitor and regulate operations at the terminal and require APMT to protect the premises against suspicious or hazardous activity.  Access is restricted to individuals with Transportation Worker Identification Credentials ("TWIC"), and all individuals' TWICs must be visually inspected upon entrance.  The terminal must be patrolled regularly, both for security reasons and to ensure labor and outside truckers drive in a safe manner.  Security personnel must also drive dockworkers to and from vessels and other work locations throughout the terminal and are responsible for responding to on-terminal emergencies.<br><br>(Sulzbach Decl., [1] ¶ 5.) | Response to Fact No. 1: Disputed.<br><br>Plaintiff does not dispute that APMT is a regulated marine terminal subject to federal security requirements, that TWIC credentials are required for access, or that terminal security personnel perform security-related functions. Plaintiff disputes Defendant's characterization that every Watchman must continuously perform driving, roving patrol, transportation, and emergency-response duties throughout every shift or that Plaintiff was unable to perform available Watchman assignments with reasonable accommodation.<br><br>APMT's own PMK admitted that Plaintiff successfully worked at APMT from November 2022 through August 2023 and was capable of performing his work. Sulzbach Dep. 38:25-39:4. Sulzbach further admitted that Plaintiff's accommodation request concerned shuttle-bus assignments and that Plaintiff could perform duties at the ID-check post. Sulzbach Dep. 77:25-78:3. APMT also accommodated Plaintiff's request not to drive shuttle buses beginning in May 2023 and permitted him to continue working under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18. Accordingly, Plaintiff disputes any implication that the terminal's security |

[1] "Sulzbach Decl." refers to Declaration of Kurt Sulzbach in Support of APMT's Motion for Summary Judgment concurrently filed herewith.

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | requirements rendered him unable to perform available Watchman assignments with reasonable accommodation. |
| | Declaration of Enoch Greene ¶61 |
| | Ex.,O: **Article 2, Section E** of the **CBA 2019-2025**. |

1.      Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

| 2.      APMT employs "Watchmen" to perform these security functions. Watchmen are represented by ILWU Local 26 ("Local 26").  APMT does not have a collective bargaining agreement ("CBA") directly with ILWU Local 26. Rather, APMT is one of seventy-plus member companies of the Pacific Maritime Association ("PMA") that negotiates, bargains, and administers the CBAs it enters into with the ILWU on its members' behalf.  PMA negotiated the operative ILWU Local 26 Watchmen's Agreement (the "CBA") on behalf of its members who employ Watchman, including APMT.  The CBA was then voted on by the union members of Local 26.<br><br>(Sulzbach Decl., ¶ 6.) | Response to Fact No. 2: Undisputed in part; disputed in part.<br><br>Objection to UF: The UF improperly relies upon evidence that violates the Best Evidence Rule and hearsay.<br><br>Plaintiff does not dispute that APMT is a member of PMA, that PMA negotiated the operative Watchmen's Agreement with ILWU Local 26, or that Local 26 members voted on the agreement.<br><br>Plaintiff disputes any implication that the existence of the CBA establishes the essential functions of every Watchman assignment, precludes reasonable accommodations, or relieved APMT of its obligations under the ADA and FEHA. APMT's PMK admitted that the CBA did not contain a reasonable accommodation policy but acknowledged that APMT |

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | remained obligated under state law to engage in the interactive process. Sulzbach Dep. 18:11-16; 66:21-23. Sulzbach further admitted that APMT conducted an interactive process with Plaintiff on May 11, 2023 and accommodated Plaintiff's request not to drive shuttle buses. Sulzbach Dep. 66:8-18. |
| | Accordingly, while the structure of the labor relationship is not disputed, the legal significance of the CBA and its effect on Plaintiff's accommodation requests remain disputed. |
| | Declaration of Enoch Greene ¶61 Ex.O |

2.     Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

The Best Evidence Rule does not apply because APMT does not seek to prove the contents of a writing through Kurt Sulzbach's testimony. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content").

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

4

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 3.    Article 2 of the CBA enumerates the essential duties of every Watchman, including:<br><br>• Rover watchmen to travel within the confines of the terminal (also known as "the installation") to protect property against loss by theft or fire and against unauthorized person or persons gaining entrance to the property.<br><br>• Bus drivers and/or vehicle operators to transport authorized personnel to and from the vessels and/or other points as authorized by the company.<br><br>(Sulzbach Decl., ¶ 7, Ex. A.) | Response to Fact No. 3: Disputed.<br><br>Objection to UF: The UF improperly relies upon evidence that violates the Best Evidence Rule and hearsay.<br><br>Plaintiff does not dispute that Article 2 contains the cited language. Plaintiff disputes Defendant's characterization that the listed duties constitute essential functions of every Watchman assignment as a matter of law.<br><br>APMT's own PMK admitted that Plaintiff requested an accommodation exempting him from shuttle-bus assignments, that APMT granted the accommodation, and that the accommodation remained in place through Plaintiff's final day working at APMT. Sulzbach Dep. 66:8-18; 92:3-18. Sulzbach further admitted that Plaintiff was capable of performing his work while dispatched to APMT. Sulzbach Dep. 38:25-39:4.<br><br>Additionally, Sulzbach testified that Plaintiff could perform duties at the ID-check post because Plaintiff's accommodation request related only to buses and not to those duties. Sulzbach Dep. 77:25-78:3. These admissions create a genuine dispute regarding whether driving shuttle buses constituted an essential function of every Watchman assignment and whether Plaintiff could perform available assignments with reasonable accommodation.<br><br>Declaration of Enoch Greene ¶ 61, Ex.O |

3.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). **Response to Plaintiff's Objections:** The Best Evidence Rule does not apply because APMT does not seek to prove the contents of a writing through Kurt Sulzbach's testimony. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content"). Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 4.    The CBA also list specific Terminal duties spelled out in Addendum "M."  For APMT, the Terminal specific duties include ensuring that vehicular and equipment traffic on the terminal is flowing smoothly and at the proper speeds, controlling and securing parking and other areas as needed, and transporting longshoremen, clerks, and other persons on the terminal, and checking and verifying paperwork for all outgoing trucks. (Sulzbach Decl., ¶ 7, Ex. A.) | Response to Fact No. 4: Disputed. Objection to UF: The UF improperly relies upon evidence that violates the Best Evidence Rule and hearsay. Plaintiff does not dispute that Addendum "M" contains the cited language. Plaintiff disputes Defendant's characterization that the listed duties constitute essential functions of every Watchman assignment or that every Watchman must perform all such duties during every shift. The cited duties are assignment-specific and terminal-specific. APMT's own PMK admitted that Plaintiff requested an accommodation exempting him from shuttle-bus assignments, that APMT granted the accommodation, and that the accommodation remained in place through Plaintiff's final day working at APMT. Sulzbach Dep. 66:8-18; 92:3-18. Sulzbach further admitted that Plaintiff was capable of performing his work while dispatched to APMT. Sulzbach Dep. 38:25-39:4. |

6

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Most significantly, Sulzbach testified that Plaintiff could perform duties at the ID-check post because Plaintiff's accommodation request related only to buses and not to those duties. Sulzbach Dep. 77:25-78:3. APMT continued assigning Plaintiff to work after granting the accommodation and allowed him to work under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18. |
| | Accordingly, Plaintiff disputes that the cited Addendum "M" provisions establish that transporting personnel, traffic-control duties, parking enforcement, or every other listed terminal-specific duty constituted essential functions of every Watchman assignment or demonstrate that Plaintiff could not perform available Watchman assignments with reasonable accommodation. |
| | Declaration of Enoch Greene ¶61 ,Ex.O (CBA 2019-2025, Article 2, Section D (Pages 3–4), Article 3, Section C (Page 7), Article 7, Section C (Page 13)) |

4.     Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash*., 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| **Response to Plaintiff's Objections:**<br><br>The Best Evidence Rule does not apply because APMT does not seek to prove the contents of a writing through Kurt Sulzbach's testimony. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content").<br><br>Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept*., 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 5.    Plaintiff does not dispute that driving a bus equivalent to the size of a Greyhound bus is one of the job duties of a Watchman.<br><br>(Pl. Dep. 102:6-12, 102:25-103:7.) | Response to Fact No. 5: Undisputed in part; disputed in part.<br><br>Plaintiff does not dispute that driving a bus equivalent in size to a Greyhound bus is one of the duties that may be performed by certain Watchmen. Plaintiff disputes any implication that bus driving<br><br>constitutes an essential function of every Watchman assignment or that inability to drive a Greyhound-sized bus rendered Plaintiff unable to perform available Watchman work.<br><br>Plaintiff's treating ophthalmologist specifically restricted Plaintiff from operating oversized vehicles such as vans and buses. Coleman Dep. 17:6-18:6. In response, Plaintiff requested an accommodation exempting him from shuttle-bus assignments. APMT's PMK admitted that APMT granted that accommodation and that the accommodation remained in place through Plaintiff's final day working at APMT. Sulzbach Dep. 66:8-18; 92:3-18.<br><br>Sulzbach further admitted that Plaintiff was capable of performing his work while dispatched to APMT and testified that Plaintiff could perform duties at the ID-check post because Plaintiff's accommodation request related only to buses and not to those duties. Sulzbach Dep. 38:25-39:4; 77:25-78:3. APMT continued assigning Plaintiff to work after |

8

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | granting the accommodation and permitted him to work under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18. |
| | Accordingly, Plaintiff disputes that the cited testimony establishes bus driving as an essential function of every Watchman assignment or demonstrates that Plaintiff could not perform available Watchman assignments with reasonable accommodation. |

5. Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

| | |
|---|---|
| 6. Watchman may be reassigned to a different post or job during their shift as needed. For example, a Watchman may be pulled from a rover assignment to do traffic control, or may be reassigned from their original post to respond to an emergency at a different location on the terminal.<br><br>(Sulzbach Decl., ¶ 12.) | Response to Fact No. 6: Undisputed in part; disputed in part.<br><br>Objection to UF: The UF improperly lacks foundation and hearsay.<br><br>Plaintiff does not dispute that rover patrol assignments involve operation of a pickup truck or that break-rover assignments may involve driving duties. Plaintiff specifically testified, however, that rover patrol is "one specific assignment" and is "totally different than other security assignments." Pl. Dep. 97:21-98:3.<br><br>Plaintiff disputes any implication that rover patrol duties define the essential functions of every Watchman assignment or establish that Plaintiff was unable to perform available Watchman work with reasonable accommodation. APMT's own PMK admitted that Plaintiff requested an accommodation |

9

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | exempting him from shuttle-bus assignments, that APMT granted the accommodation, and that the accommodation remained in place through Plaintiff's final day working at APMT. Sulzbach Dep. 66:8-18; 92:3-18. Sulzbach further admitted that Plaintiff was capable of performing his work while dispatched to APMT. Sulzbach Dep. 38:25-39:4. |
| | Most significantly, Sulzbach testified that Plaintiff could perform duties at the ID-check post because Plaintiff's accommodation request related only to buses and not to those duties. Sulzbach Dep. 77:25-78:3. APMT continued assigning Plaintiff to work after granting the accommodation and permitted him to work under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18. |
| | Accordingly, while certain rover assignments involved driving duties, Plaintiff disputes that rover patrol duties define the essential functions of every Watchman assignment or establish that Plaintiff could not perform available Watchman assignments with reasonable accommodation. |
| | Declaration of Enoch Greene ¶61 ,Ex.O (CBA 2019-2025, Article 2, Section D (Pages 3–4), Article 3, Section C (Page 7), Article 7, Section C (Page 13)) |

6.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F.

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). **Response to Plaintiff's Objections:** Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept*., 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 7. Plaintiff has primary open-angle glaucoma in both eyes and testified that sometime in 2022, he began experiencing episodes of blurry vision in both eyes. (Pl. Dep. 18:19-19:13, 42:22-43:12, 45:12-15.) | Response to Fact No. 7: Undisputed in part; disputed in part. Objection to UMF: The UMF improperly relies upon evidence that violates the Best Evidence Rule, lacks foundation, calls for a medical opinion, and is hearsay. Plaintiff does not dispute that he was diagnosed with primary open-angle glaucoma in both eyes or that he experienced episodes of blurry vision beginning in 2022. Plaintiff disputes any implication that the existence of those conditions rendered him unable to perform Watchman duties with reasonable accommodation. The medical evidence reflects that Plaintiff's treating ophthalmologist repeatedly identified accommodations and restrictions intended to permit continued employment rather than exclusion from work. Dr. Coleman subsequently opined that Plaintiff could verify identification, conduct visual inspections with appropriate assistive devices, identify unauthorized individuals, and function safely and effectively at work if provided appropriate accommodations. Coleman Dep. 27:1-11; 54:15-20; 54:23-55:3. |

11

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Moreover, APMT's own PMK admitted that Plaintiff was capable of performing his work while dispatched to APMT. Sulzbach Dep. 38:25-39:4. Sulzbach further admitted that APMT accommodated Plaintiff's request not to drive shuttle buses and allowed him to continue working under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18. Accordingly, while Plaintiff's diagnosis and symptoms are not disputed, the effect of those conditions on Plaintiff's ability to perform available Watchman assignments with reasonable accommodation remains disputed. |
| | Declaration of Enoch Greene ¶ 48-50, Ex. B, C, D |

7.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

The Best Evidence Rule does not apply because APMT does not seek to prove the contents of a writing through Kurt Sulzbach's testimony. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content").

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

12

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). Plaintiff's "calls for a medical opinion" objection does not apply because APMT is not seeking a diagnosis from Plaintiff or asking Plaintiff to establish a prognosis. | |
| 8.    These episodes of blurry vision occur without warning once or twice a week, and last anywhere from a few minutes to hours. (Pl. Dep. 43:13-21, 44:3-45:11.) | Response to Fact No. 8: Undisputed in part; disputed in part. Objection to UMF: The UMF improperly relies upon evidence that violates the Best Evidence Rule, lacks foundation, calls for a medical opinion, and is hearsay. Plaintiff does not dispute that he testified he experienced episodes of blurry vision that could occur without warning and vary in duration. Plaintiff disputes any implication that such episodes rendered him unable to perform Watchman duties with reasonable accommodation or created an unavoidable safety risk requiring exclusion from work. The record reflects that Plaintiff disclosed his condition, requested accommodations, and continued working after disclosure. Plaintiff's treating ophthalmologist repeatedly identified accommodations and restrictions intended to permit continued employment rather than exclusion from work. Dr. Coleman subsequently opined that Plaintiff could verify identification, conduct visual inspections with appropriate assistive devices, identify unauthorized individuals, and function safely and effectively at work if provided appropriate accommodations. Coleman Dep. 27:1-11; 54:15-20; 54:23-55:3. Moreover, APMT's own PMK admitted that Plaintiff was capable of performing his work while dispatched to APMT. Sulzbach Dep. 38:25-39:4. Sulzbach further admitted that APMT accommodated Plaintiff's request not to drive shuttle buses and allowed him to continue working under that accommodation through August 2023. |

13

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Sulzbach Dep. 66:8-18; 92:3-18. Accordingly, while Plaintiff's testimony regarding occasional blurry-vision episodes is not disputed, the significance of those episodes and their effect on Plaintiff's ability to perform available Watchman assignments with reasonable accommodation remain disputed. |
| | Declaration of Enoch Greene ¶ 48-50, Ex. B, C, D |

8.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash*., 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

The Best Evidence Rule does not apply because APMT does not seek to prove the contents of a writing through Kurt Sulzbach's testimony. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content").

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept*., 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

14

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff's "calls for a medical opinion" objection does not apply because APMT is not seeking a diagnosis from Plaintiff or asking Plaintiff to establish a prognosis. | |
| 9.    In December 2022, Plaintiff underwent glaucoma surgery and was excused from work during his postoperative period from December 2022 to April 2023.<br><br>(Pl. Dep. 21:2-25, 24:2-8) | Response to Fact No. 9:<br><br>Undisputed in part; disputed in part.<br><br>Plaintiff does not dispute that he underwent glaucoma surgery in December 2022 or that he was excused from work during his postoperative recovery period. Plaintiff disputes any implication that his temporary postoperative leave establishes that he was unable to perform Watchman duties with reasonable accommodation after he returned to work.<br><br>The cited testimony concerns a temporary recovery period following surgery. After returning to work, Plaintiff resumed dispatching and subsequently requested reasonable accommodations relating to his visual limitations. APMT's own PMK admitted that Plaintiff was capable of performing his work while dispatched to APMT. Sulzbach Dep. 38:25-39:4. Sulzbach further admitted that APMT accommodated Plaintiff's request not to drive shuttle buses and allowed him to continue working under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18.<br><br>Accordingly, while Plaintiff's surgery and temporary postoperative leave are not disputed, the significance of those facts with respect to Plaintiff's ability to perform available Watchman assignments after returning to work remains disputed.<br><br>Declaration of Enoch Greene ¶ 48-50, Ex. B, C, D |

9.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

15

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). | |
| 10.    Plaintiff's treating ophthalmologist, Dr. Coleman, in a letter dated April 15, 2023, explained that as of that date, Plaintiff had "low vision in his left eye and meets the requirements for legal blindness in the state of California, with a best corrected vision acuity of 20/250 in the left eye and a visual field of 10 degrees or less."<br><br>(Pl. Dep. 59:25-60:8, 23:19-24:25; Ex. 2.) | Response to Fact No. 10:<br><br>Undisputed in part; disputed in part.<br><br>Plaintiff does not dispute that Dr. Coleman's April 15, 2023 letter contains the quoted medical findings. Plaintiff disputes any implication that the cited language reflects Dr. Coleman's conclusion regarding Plaintiff's ability to work or perform Watchman duties with reasonable accommodation.<br><br>Dr. Coleman did not conclude that Plaintiff was unable to work. Rather, she identified accommodations and restrictions intended to permit continued employment. Dr. Coleman subsequently clarified that Plaintiff's driving restrictions related to oversized vehicles such as vans and buses and later opined that Plaintiff could verify identification, conduct visual inspections with appropriate assistive devices, identify unauthorized individuals, and function safely and effectively at work if provided appropriate accommodations. Coleman Dep. 17:6-18:6; 27:1-11; 54:15-20; 54:23-55:3.<br><br>The record further reflects that after disclosing his condition, Plaintiff returned to work and requested accommodations. APMT's own PMK admitted that Plaintiff was capable of performing his work while dispatched to APMT. Sulzbach Dep. 38:25-39:4. Sulzbach further admitted that APMT accommodated Plaintiff's request not to drive shuttle buses and allowed him to continue working under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18.<br><br>Accordingly, while Dr. Coleman's medical findings are not disputed, Defendant's characterization of the significance of those findings is disputed. |

16

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Declaration of Enoch Greene ¶ 48-50, Ex. B, C, D |

10.   Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

| 11.   A visual field of 10 degrees or less meant that Plaintiff had no peripheral vision.<br><br>(Coleman Dep. 15:6-10.) | Response to Fact No. 11:<br><br>Undisputed in part; disputed in part.<br><br>Plaintiff does not dispute Dr. Coleman's testimony that a visual field of 10 degrees or less reflects severe peripheral-vision loss. Plaintiff disputes any implication that this limitation rendered him unable to perform Watchman duties with reasonable accommodation.<br><br>Dr. Coleman was fully aware of Plaintiff's visual-field limitations when she evaluated his ability to work. Nevertheless, she subsequently opined that Plaintiff could verify identification, conduct visual inspections with appropriate assistive devices, identify unauthorized individuals, and function safely and effectively at work if provided appropriate accommodations. Coleman Dep. 27:1-11; 54:15-20; 54:23-55:3. Dr. Coleman further concluded that Plaintiff met the requirements for reasonable accommodation under the ADA. Coleman Dep. 54:15-20.<br><br>Moreover, APMT's own PMK admitted that Plaintiff was capable of performing his work while dispatched to APMT. Sulzbach Dep. 38:25-39:4. Sulzbach further admitted that APMT accommodated Plaintiff's request not to drive shuttle buses and allowed him to |

17

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | continue working under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18. Sulzbach also testified that Plaintiff could perform duties at the ID-check post because Plaintiff's accommodation request related only to buses and not to those duties. Sulzbach Dep. 77:25-78:3. |
| | Accordingly, while Plaintiff's visual-field limitations are not disputed, the significance of those limitations and their effect on Plaintiff's ability to perform available Watchman assignments with reasonable accommodation remain disputed. |
| | Declaration of Enoch Greene ¶ 48-50, Ex. B, C, D |

11.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

| | |
|---|---|
| 12.    The April 15, 2023 letter further stated that "due to his low vision and decreased peripheral vision, it is not recommended that [Plaintiff] drive a passenger vehicle . . . [and] may not be able to maneuver an oversized vehicle such as a van or bus."<br><br>(Pl. Dep. 23:19-24:1, Ex. 2.) | Response to Fact No. 12:<br><br>Undisputed in part; disputed in part.<br><br>Objection to UMF: The UMF improperly relies upon evidence that violates the Best Evidence Rule, lacks foundation, calls for a medical opinion, and is hearsay.<br><br>Plaintiff does not dispute that Dr. Coleman's April 15, 2023 letter contains the quoted language. Plaintiff disputes Defendant's characterization of the significance of that statement and any implication that Dr. Coleman concluded Plaintiff was unable to perform Watchman duties or could not work with reasonable accommodation. |

18

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | The cited language identifies restrictions involving passenger vehicles and oversized vehicles such as vans and buses. It does not conclude that Plaintiff was unable to perform Watchman work. To the contrary, Dr. Coleman subsequently clarified that Plaintiff's driving restrictions related to oversized vehicles such as vans and buses. Coleman Dep. 17:6-18:6. Dr. Coleman later opined that Plaintiff could verify identification, conduct visual inspections with appropriate assistive devices, identify unauthorized individuals, and function safely and effectively at work if provided appropriate accommodations. Coleman Dep. 27:1-11; 54:15-20; 54:23-55:3. |
| | The record further reflects that APMT granted Plaintiff's request not to drive shuttle buses and permitted him to continue working under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18. APMT's own PMK admitted that Plaintiff was capable of performing his work while dispatched to APMT and testified that Plaintiff could perform duties at the ID-check post because Plaintiff's accommodation request related only to buses and not to those duties. Sulzbach Dep. 38:25-39:4; 77:25-78:3. |
| | Accordingly, while the contents of Dr. Coleman's April 15, 2023 letter are not disputed, Defendant's characterization of the significance of that letter is disputed. |
| | Declaration of Enoch Greene ¶ 48-50, Ex. B, C, D |

12. Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F.

19

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). | |

**Response to Plaintiff's Objections:**

The Best Evidence Rule does not apply because APMT does not seek to prove the contents of a writing through Kurt Sulzbach's testimony. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content").

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

Plaintiff's "calls for medical opinion" does not apply because Dr. Coleman is a medical doctor and Plaintiff's treating physician.

| 13.   In a letter dated May 25, 2023, Dr. Coleman clarified that Plaintiff's driving limitations applied to oversized vehicles such as vans or buses.<br><br>(Coleman Dep., 17:6-18:6; Pl. Dep. 246:18-24, Ex. 25.) | Response to Fact No. 13:<br><br>Undisputed for purposes of this motion.<br><br>Plaintiff does not dispute this fact. Dr. Coleman's May 25, 2023 clarification expressly limited Plaintiff's driving restrictions to oversized vehicles such as vans and buses. Coleman Dep. 17:6-18:6; Pl. Dep. 246:18-24, Ex. 25.<br><br>Plaintiff further notes that Dr. Coleman subsequently opined that Plaintiff could verify identification, conduct visual inspections with appropriate assistive devices, identify unauthorized individuals, and function safely and effectively at work if provided appropriate accommodations. Coleman Dep. 27:1-11; 54:15-20; 54:23-55:3. APMT's own PMK likewise admitted that APMT accommodated Plaintiff's request not to drive shuttle buses and allowed him to continue working under that |

20

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18. |
| | Declaration of Enoch Greene ¶ 48-50, Ex. B, C, D |
| | Declaration of Enoch Greene ¶61 ,Ex.O (CBA 2019-2025, Article 2, Section D (Pages 3–4), Article 3, Section C (Page 7), Article 7, Section C (Page 13)) |
| 14. Plaintiff's vision loss is permanent. There is no medical procedure for regaining vision that has already been lost due to primary open angle glaucoma.<br><br>(Coleman Dep. 12:3-13.) | Response to Fact No. 14:<br><br>Undisputed in part; disputed in part.<br><br>Objection to UMF: The UMF improperly relies upon evidence that violates the Best Evidence Rule, lacks foundation, calls for a medical opinion, and is hearsay.<br><br>Plaintiff does not dispute that vision loss caused by primary open-angle glaucoma is permanent and cannot presently be restored through available medical treatment. Plaintiff disputes any implication that the permanence of his condition rendered him unable to perform available Watchman assignments with reasonable accommodation.<br><br>The relevant inquiry is not whether Plaintiff's condition was permanent, but whether Plaintiff could perform the essential functions of available work with reasonable accommodation. Dr. Coleman repeatedly concluded that Plaintiff could continue working with accommodations and specifically opined that Plaintiff could verify identification, conduct visual inspections with appropriate assistive devices, identify unauthorized individuals, and function safely and effectively at work if provided appropriate accommodations. Coleman Dep. 27:1-11; 54:15-20; 54:23-55:3.<br><br>The record further reflects that after disclosing his condition, Plaintiff requested accommodations and continued working at APMT. APMT's own PMK admitted that Plaintiff was capable of performing his work while dispatched to APMT. Sulzbach Dep. 38:25-39:4. Sulzbach further admitted that APMT accommodated Plaintiff's request not |

21

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | to drive shuttle buses and allowed him to continue working under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18. Accordingly, while the permanence of Plaintiff's condition is not disputed, whether Plaintiff could perform available Watchman assignments with reasonable accommodation remains disputed. |
| | Declaration of Enoch Greene ¶ 48-50, Ex. B, C, D |
| | Declaration of Enoch Greene ¶61 ,Ex.O (CBA 2019-2025, Article 2, Section D (Pages 3–4), Article 3, Section C (Page 7), Article 7, Section C (Page 13)) |

14. Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**<u>Response to Plaintiff's Objections:</u>**

The Best Evidence Rule does not apply because APMT does not seek to prove the contents of a writing through Kurt Sulzbach's testimony. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content").

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept*., 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").<br><br>Plaintiff's "calls for medical opinion" does not apply because Dr. Coleman is a medical doctor and Plaintiff's treating physician. | |
| 15.    In an April 29, 2023 letter to the Joint Labor Relations Committee and other individuals, Plaintiff stated he had a "medical condition which limits my physical ability to perform some of my job duties safely and effectively." (He went on to state "I am seeking to have a dialogue in order to create solutions which will **avert any serious incident**. . ." and that one of the main purposes he was writing the letter was "to communicate with the Joint Labor Relations Committee and ILWU Local 26 Safety Representative of my disability and **safety concerns."**<br><br>(Pl. Dep. 174:16-175:5, Ex. 3.) | Response to Fact No. 15:<br>Undisputed for purposes of this motion.<br>Objection to UMF: The UMF improperly relies upon evidence lacks foundation, calls for a medical opinion, document is incomplete, and is hearsay.<br>Plaintiff does not dispute the contents of his April 29, 2023 correspondence. Plaintiff specifically advised the Joint Port Watchmen's Labor Relations Committee, Local 26, and the Employers that he had a medical condition affecting certain job duties, disclosed his disability, requested reasonable<br><br>accommodations, and sought a dialogue regarding solutions that would permit him to continue working safely and effectively.<br>Plaintiff further stated that he was seeking "to create solutions which will avert any serious incident" and identified communication regarding his disability and accommodation needs as a principal purpose of the correspondence. The letter therefore reflects Plaintiff's request for accommodations and participation in the interactive process, not an admission that he was unable to perform Watchman work with reasonable accommodation.<br>Consistent with that request, APMT subsequently conducted an interactive process meeting with Plaintiff on May 11, 2023, granted Plaintiff's request not to drive shuttle buses, and allowed Plaintiff to continue working under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18. APMT's own PMK further admitted that Plaintiff was capable of performing his work while |

23

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | dispatched to APMT. Sulzbach Dep. 38:25-39:4. |
| | Declaration of Enoch Greene ¶ 47, Ex. A |
| | Declaration of Enoch Greene ¶61, Ex.O (CBA 2019-2025, Article 2, Section D (Pages 3–4), Article 3, Section C (Page 7), Article 7, Section C (Page 13)) |

15.     Defendant's Response to Plaintiff's Objections:

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

Plaintiff's "calls for a medical opinion" objection does not apply because APMT is not seeking a diagnosis from Plaintiff or asking Plaintiff to establish a prognosis.

Plaintiff's objection that the "document is incomplete" does not apply because Plaintiff does not and cannot point to other parts of the document that contradict this fact.

| 16.     At the May 8 and May 22, 2023 JPWLRC meetings, Plaintiff requested that he be excused from driving a bus or shuttle-bus due to his poor vision, and he informed the JPWLRC that he had difficulty seeing in the rain, fog, and other low-visibility situations.<br><br>(Pl. Dep. 58:25-59:24, 60:9-15, 63:4-7.) | Response to Fact No. 16:<br>Undisputed in part; disputed in part.<br>Objection to UMF: The UMF improperly relies upon evidence lacks foundation, calls for a medical opinion, document is incomplete, and is hearsay.<br>Plaintiff does not dispute that he requested an accommodation related to bus and shuttle-bus assignments or that he discussed visibility concerns during the May 8 and May 22, 2023 JPWLRC meetings. Plaintiff disputes any implication that these requests constituted an admission that he was unable to perform Watchman work with reasonable accommodation. |

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
|  | The cited testimony reflects that Plaintiff disclosed his disability, identified specific job duties that presented concerns because of his visual limitations, and requested accommodations designed to permit him to continue working safely and effectively. Those requests were consistent with the recommendations of Plaintiff's treating ophthalmologist, who specifically restricted Plaintiff from operating oversized vehicles such as vans and buses. Coleman Dep. 17:6-18:6. |
|  | The record further reflects that APMT subsequently conducted an interactive process meeting with Plaintiff on May 11, 2023 and granted Plaintiff's request not to drive shuttle buses. Sulzbach Dep. 66:8-18. APMT's own PMK admitted that the accommodation remained in place through Plaintiff's final day working at APMT and that Plaintiff was capable of performing his work while dispatched there. Sulzbach Dep. 38:25-39:4; 92:3-18. Sulzbach further testified that Plaintiff could perform duties at the ID-check post because Plaintiff's accommodation request related only to buses and not to those duties. Sulzbach Dep. 77:25-78:3. |
|  | Accordingly, while Plaintiff's accommodation requests and visibility concerns are not disputed, Plaintiff disputes any characterization that those requests demonstrate he was unable to perform available Watchman assignments with reasonable accommodation. |
|  | Declaration of Enoch Greene ¶ 48, Ex.B, |
|  | Declaration of Enoch Greene ¶ 58, Ex.L, |
|  | Declaration of Enoch Greene ¶ 52, Ex.F, |
|  | Declaration of Enoch Greene ¶61, Ex.O (CBA 2019-2025, Article 2, Section D (Pages 3–4), Article 3, Section C (Page 7), Article 7, Section C (Page 13)) |

16.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir.

25

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion."). Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). **Response to Plaintiff's Objections:** Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). Plaintiff's "calls for a medical opinion" objection does not apply because APMT is not seeking a diagnosis from Plaintiff or asking Plaintiff to establish a prognosis. Plaintiff's objection that the "document is incomplete" does not apply because Plaintiff does not and cannot point to other parts of the document that contradict this fact. | |
| 17.    On May 10, 2023, Plaintiff sent an email to Clayton Brown, APMT's manager. In the email, Plaintiff stated that earlier that day, when dispatched to APMT, he requested a reasonable accommodation from Clayton Brown and Sergeant Antoine Weldon related to his disability and medical condition. Specifically, he requested to be accommodated from the shuttle bus assignment. (Pl. Dep. 206:10-207:3, Ex. 9.) | Response to Fact No. 17: Undisputed for purposes of this motion. Plaintiff does not dispute that he sent the referenced May 10, 2023 email to APMT manager Clayton Brown or that the email reflected Plaintiff's request for a reasonable accommodation related to his disability and medical condition. Plaintiff specifically requested accommodation from shuttle-bus assignments because of concerns arising from his visual limitations. The significance of the correspondence, however, is that it placed APMT on direct notice of |

26

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Plaintiff's disability and accommodation request. APMT's own PMK admitted that this communication led to APMT's subsequent interactive process meeting with Plaintiff on May 11, 2023. Sulzbach Dep. 66:8-18. Sulzbach further admitted that APMT granted Plaintiff's request not to drive shuttle buses and allowed Plaintiff to continue working under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18.

Accordingly, Plaintiff does not dispute the contents of the May 10, 2023 correspondence but disputes any characterization that the communication demonstrates Plaintiff was unable to perform Watchman work with reasonable accommodation. Instead, the communication reflects Plaintiff's disclosure of his disability and initiation of the interactive process contemplated by the ADA and FEHA.

Declaration of Enoch Greene ¶61, Ex.O (CBA 2019-2025, Article 2, Section D (Pages 3–4), Article 3, Section C (Page 7), Article 7, Section C (Page 13)) |
| 18.     On May 11, 2023, Plaintiff met with Steve Naumovski, APMT's Director of Labor Relations, and Matthew Fresenius, then-APMT's Labor Relations Manager to discuss his disability and request for accommodation.

(Pl. Dep. 207:10-208:2, Ex. 10.) | Response to Fact No. 18: Undisputed for purposes of this motion. Plaintiff does not dispute that on May 11, 2023, he met with Steve Naumovski and Matthew Fresenius to discuss his disability and request for accommodation.

Plaintiff further notes that APMT's own PMK admitted that this meeting constituted APMT's interactive process with Plaintiff regarding his accommodation request. Sulzbach initially testified otherwise but later corrected his testimony and acknowledged that APMT engaged in an interactive process with Plaintiff on May 11, 2023 and provided an accommodation by exempting Plantiff |

27

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | from shuttle-bus assignments. Sulzbach Dep. 66:8-18. |
| | The significance of this meeting is that APMT was fully aware of Plaintiff's disability, directly discussed his accommodation request, granted the requested accommodation, and thereafter permitted Plaintiff to continue working under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18. Accordingly, while the occurrence of the meeting is not disputed, Plaintiff disputes any characterization that APMT lacked knowledge of Plaintiff's disability or failed to understand the nature of his accommodation request. |
| 19.    At the May 11, 2023 meeting, Plaintiff stated that the shuttle bus assignment was his most serious challenge and safety concern due to his disability and medical condition.<br><br>(Pl. Dep. 207:10-208:2, Ex. 10.) | Response to Fact No. 19:<br><br>Undisputed for purposes of this motion.<br><br>Plaintiff does not dispute that he advised APMT during the May 11, 2023 meeting that shuttle-bus assignments presented his most significant safety concern because of his visual limitations.<br><br>Plaintiff disputes any implication that this statement constituted an admission that he was unable to perform Watchman work generally. To the contrary, Plaintiff identified a specific assignment that presented concerns because of his disability and requested an accommodation directed at that assignment. APMT's own PMK admitted that APMT granted Plaintiff's request not to drive shuttle buses and allowed Plaintiff to continue working under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18.<br><br>Sulzbach further admitted that Plaintiff was capable of performing his work while dispatched to APMT and testified that Plaintiff could perform duties at the ID-check post because Plaintiff's accommodation request related only to buses and not to those duties. Sulzbach Dep. 38:25-39:4; 77:25-78:3.<br><br>Accordingly, Plaintiff does not dispute that shuttle-bus assignments were his |

28

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | primary concern. Plaintiff disputes any characterization that his statement demonstrates an inability to perform available Watchman assignments with reasonable accommodation. Instead, the statement reflects Plaintiff's identification of a specific limitation and APMT's successful accommodation of that limitation. |
| | Declaration of Enoch Greene ¶61, Ex.O (CBA 2019-2025, Article 2, Section D (Pages 3–4), Article 3, Section C (Page 7), Article 7, Section C (Page 13)) |
| 20. On June 12, 2023, Plaintiff was involved in a motor vehicle accident at approximately 3:00 a.m. while driving a pick-up truck on the job at Long Beach Container Terminal (LBCT). (Pl. Dep. 86:14-23, 89:24-90:20, 183:23-184:3; Naefke Decl., ¶ 28, Ex. F.)[2] | Response to Fact No. 20: Undisputed in part; disputed in part. Plaintiff does not dispute that he was involved in a motor vehicle incident at Long Beach Container Terminal on June 12, 2023. Plaintiff disputes any implication regarding fault, the adequacy of the subsequent investigation, the conclusions drawn from the incident, or the significance of the incident with respect to Plaintiff's ability to perform Watchman duties with reasonable accommodation. Plaintiff testified that he challenged the employer's findings regarding the incident and identified multiple safety concerns, including inadequate lighting, the absence of reflective paint and reflectors, the location and operation of the AGV, and the denial of access to conduct an independent investigation. Greene Dep. 22:10-23:25. Moreover, the June 12, 2023 incident did not prevent Plaintiff from continuing to work. Following disclosure of his disability and accommodation requests, APMT conducted an interactive process with Plaintiff on May 11, 2023, granted Plaintiff's request not to drive shuttle buses, and permitted Plaintiff to continue working under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18. APMT's own PMK |

---

[2] "Naefke Decl." refers to Declaration of Eric Naefke concurrently filed herewith.

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | further admitted that Plaintiff was capable of performing his work while dispatched to APMT. Sulzbach Dep. 38:25-39:4. |
| | Accordingly, while the occurrence of the June 12, 2023 incident is not disputed, the causes, significance, and implications of that incident remain disputed. |
| | Declaration of Enoch Greene ¶ 48, Ex.B, |
| | Declaration of Enoch Greene ¶ 49, Ex.C, |
| | Declaration of Enoch Greene ¶ 62, Ex.P, |
| | Declaration of Enoch Greene ¶ 61, Ex.Q, |
| | Declaration of Enoch Greene ¶61, Ex.O (CBA 2019-2025, Article 2, Section D (Pages 3–4), Article 3, Section C (Page 7), Article 7, Section C (Page 13)) |

20.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

| 21.    Plaintiff was found guilty of the Employer Complaint filed by LBCT regarding the June 12, 2023 incident.<br><br>(Sulzbach Decl., ¶ 20, Williams Decl., ¶ 13.)[3] | Response to Fact No. 21:<br>Undisputed in part; disputed in part.<br>Objection to UMF: The UMF improperly lacks foundation and is hearsay.<br>Plaintiff does not dispute that the JPWLRC ultimately determined that Plaintiff was guilty of the Employer Complaint arising from the June 12, 2023 incident. Plaintiff disputes any implication that the committee's determination establishes the underlying facts of the incident, resolves disputed issues |

---

[3] "Williams Decl." refers to Declaration of Ryan Williams concurrently filed herewith.

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | regarding fault, or establishes to perform Watchman duties with reasonable accommodation. |
| | Plaintiff testified that he challenged the employer's findings regarding the incident and identified multiple safety concerns, including inadequate lighting, the absence of reflective paint and reflectors, the location and operation of the AGV, and the denial of access to conduct an independent investigation. Greene Dep. 22:10-23:25. Plaintiff further testified that relevant evidence concerning the incident and surrounding conditions was not fully considered. Greene Dep. 22:10-23:25. |
| | Moreover, despite the June 12, 2023 incident, APMT subsequently conducted an interactive process with Plaintiff, granted Plaintiff's request not to drive shuttle buses, and permitted Plaintiff to continue working under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18. APMT's own PMK admitted that Plaintiff was capable of performing his work while dispatched to APMT. Sulzbach Dep. 38:25-39:4. |
| | Accordingly, while the existence of the JPWLRC determination is not disputed, the factual correctness, significance, and legal implications of that determination remain disputed. |
| | Declaration of Enoch Greene ¶ 48, Ex.B, |
| | Declaration of Enoch Greene ¶ 49, Ex.C, |
| | Declaration of Enoch Greene ¶ 62, Ex.P, |
| | Declaration of Enoch Greene ¶ 61, Ex.Q, |

21.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

31

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). <br><br> **Response to Plaintiff's Objections:** <br><br> Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") <br><br> Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 22. On August 16, 2023, Plaintiff was in a motor vehicle accident at the APMT parking lot. <br><br> (Pl. Dep. 118:23-25; Gray Decl., [4] ¶¶ 3, 4) | Response to Fact No. 22: <br><br> Undisputed in part; disputed in part. <br><br> Plaintiff does not dispute that he was involved in a motor vehicle incident in the APMT employee parking lot on August 16, 2023. <br><br> Plaintiff disputes Defendant's characterization of the significance of the incident and any implication that the incident established Plaintiff's inability to perform Watchman duties with reasonable accommodation. Plaintiff testified that he had already been relieved from duty at approximately 9:45 p.m. and was off duty at the time of the incident. Greene Dep. 31:1-3. Plaintiff further testified that the incident occurred in the employee parking lot while he was operating his personal vehicle, not a company vehicle. Greene Dep. 32:1-22. <br><br> Plaintiff also testified that supervisors Angela West and Lisa Sullivan confirmed to Charles Gray that Plaintiff was off duty, that union representation was |

---

[4] "Gray Decl." refers to Declaration of Charles Gray in Support of APMT's Motion for Summary Judgment concurrently filed herewith.

32

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | requested, and that Charles Gray initially advised Plaintiff that there was nothing further to address and that Plaintiff could return to work. Greene Dep. 31:24-32:16. Despite those representations, APMT later pursued an employer complaint arising from the incident. Greene Dep. 20:7-11; 31:19-22. |
| | Accordingly, while the occurrence of the parking lot incident is not disputed, the significance of the incident, the circumstances surrounding it, and its relevance to Plaintiff's ability to perform available Watchman assignments remain disputed. |
| | Declaration of Enoch Greene ¶ 61, Ex.O, |
| | Declaration of Enoch Greene ¶ 65, Ex.S, |
| | Declaration of Enoch Greene ¶ 66, Ex.T, |
| | Declaration of Enoch Greene ¶ 67, Ex.U |

22. Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

| | |
|---|---|
| 23. The surveillance video footage showed that a vehicle driven by Plaintiff made a wide right turn into the wrong lane of traffic and proceeded toward Jason Wells' pickup truck. Mr. Wells came to a complete stop. Plaintiff's vehicle proceeded to move forward and struck Mr. Wells' truck head-on. Plaintiff admitted that he turned into the wrong lane. | Response to Fact No. 23: Disputed. |
| | Objection to UMF: The UMF improperly relies upon evidence lacks foundation, and is hearsay. |
| | Plaintiff disputes Defendant's characterization of the surveillance footage and the conclusions Defendant attempts to draw from it. |
| | Plaintiff does not dispute that he testified he turned into the wrong lane of traffic. |

33

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| (Gray Decl., ¶ 4, Ex. A; Pl. Dep. 130:9-12.) | Greene Dep. 130:9-12. Plaintiff does not concede, however, that the video conclusively establishes fault, that Jason Wells was entirely free from fault, or that the incident occurred exactly as characterized by Defendant. Plaintiff testified that another vehicle pulled directly in front of him with high-beam lights, blocking his path, and that he attempted to maneuver around the vehicle. Greene Dep. 32:1-16. Plaintiff further testified that he could not confirm whether Mr. Wells' vehicle was stopped at the precise moment of impact. Greene Dep. 33:1-22. |
| | Plaintiff additionally testified that the incident occurred after he had been relieved from duty, while he was off duty and operating his personal vehicle in the employee parking lot. Greene Dep. 31:1-3; 32:1-22. Supervisors Angela West and Lisa Sullivan confirmed to Charles Gray that Plaintiff was off duty, and Plaintiff was initially informed that there was nothing further to address and that he could return to work. Greene Dep. 31:24-32:16. |
| | Accordingly, while Plaintiff acknowledges the occurrence of the parking lot incident and his testimony that he entered the wrong lane of travel, Plaintiff disputes Defendant's characterization of the video evidence, the allocation of fault, and any implication that the incident established Plaintiff's inability to perform available Watchman assignments with reasonable accommodation. |
| | Declaration of Enoch Greene ¶ 61, Ex.O, |
| | Declaration of Enoch Greene ¶ 65, Ex.S, |
| | Declaration of Enoch Greene ¶ 66, Ex.T, |
| | Declaration of Enoch Greene ¶ 67, Ex.U |

23.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not

34

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion."). Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). **Response to Plaintiff's Objections:** Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 24.    On August 22, 2023, APMT filed an Employer Complaint , EC-0018-2023, as a result of the accident, and Plaintiff was placed on non-dispatch to APMT pending resolution of the Complaint. (Sulzbach Decl., ¶ 22; Pl. Dep. 232:15-233:3, Ex. 20.) | Response to Fact No. 24: Undisputed in part; disputed in part. Objection to UMF: The UMF improperly relies upon evidence lacks foundation, and is hearsay Plaintiff does not dispute that APMT filed Employer Complaint EC-0018-2023 on or about August 22, 2023 or that Plaintiff was subsequently placed on nondispatch to APMT pending resolution of that complaint. Plaintiff disputes any implication that the filing of the complaint or the nondispatch decision was justified by Plaintiff's inability to perform Watchman duties with reasonable accommodation. Plaintiff testified that the underlying incident occurred after he had been relieved from duty, while he was off duty and operating his personal vehicle in the employee parking lot. Greene Dep. 31:1-3; 32:1-22. Plaintiff further testified that supervisors |

35

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | confirmed he was off duty and that he was initially informed there was nothing further to address and that he could return to work. Greene Dep. 31:24-32:16. |
| | Moreover, prior to the filing of the complaint, APMT had conducted an interactive process with Plaintiff, granted Plaintiff's request not to drive shuttle buses, and allowed Plaintiff to continue working under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18. APMT's own PMK admitted that Plaintiff was capable of performing his work while dispatched to APMT. Sulzbach Dep. 38:25-39:4. Sulzbach further testified that he was not aware of any other Local 26 member who had received an employer complaint for a parking lot accident. Sulzbach Dep. 42:10-12. |
| | Accordingly, while the filing of the complaint and Plaintiff's nondispatch status are not disputed, the justification, significance, and implications of those actions remain disputed. |
| | Declaration of Enoch Greene ¶ 61, Ex.O, |
| | Declaration of Enoch Greene ¶ 65, Ex.S, |
| | Declaration of Enoch Greene ¶ 66, Ex.T, |
| | Declaration of Enoch Greene ¶ 67, Ex.U |

24.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

36

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| **Response to Plaintiff's Objections:**<br><br>Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")<br><br>Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 25.    According to Dr. Coleman's September 7, 2023 letter, Plaintiff's vision had deteriorated further and his best-corrected visual acuity was 20/25 in the right eye, 20/400 in the left eye and he had a visual field of 10 degrees or less in both eyes.  The note, again, confirmed that Plaintiff was legally blind in both eyes with a "severely constricted visual field," and recommended he not drive oversized vehicles, work in areas with uncontrolled high traffic, or climb gangways due to his impaired peripheral vision.<br><br>(Coleman Dep. 22:4-23:14.) | Response to Fact No. 25:<br>Undisputed in part; disputed in part.<br>Plaintiff does not dispute that Dr. Coleman's September 7, 2023 letter contains the quoted visual-acuity measurements, visual-field findings, and the identified restrictions concerning oversized vehicles, uncontrolled high-traffic areas, and gangways. Plaintiff disputes Defendant's characterization of the significance of the letter and any implication that Dr. Coleman concluded Plaintiff was unable to perform Watchman duties with reasonable accommodation.<br>The September 7, 2023 letter did not conclude that Plaintiff was unable to work. To the contrary, Dr. Coleman expressly stated that Plaintiff could verify identification, conduct visual inspections with appropriate eyeglasses or magnification, identify unauthorized individuals, and work in proximity to machinery in a safe and hazard-free environment. Coleman Dep. 27:1-11; 28:12-18. Dr. Coleman further opined that with the necessary accommodations implemented, Plaintiff should be able to function safely and effectively at work and specifically stated that Plaintiff met the requirements for reasonable accommodation under the ADA. Coleman Dep. 54:15-20; 54:23-55:3. |

37

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
| --- | --- |
| | The record further reflects that APMT had already granted Plaintiff's request not to drive shuttle buses and permitted him to continue working under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18. APMT's own PMK admitted that Plaintiff was capable of performing his work while dispatched to APMT and testified that Plaintiff could perform duties at the ID-check post because Plaintiff's accommodation request related only to buses and not to those duties. Sulzbach Dep. 38:25-39:4; 77:25-78:3. |
| | Accordingly, while the medical findings and restrictions identified in Dr. Coleman's September 7, 2023 letter are not disputed, Defendant's characterization of the significance of that letter is disputed. |
| | Declaration of Enoch Greene ¶ 61, Ex.O, Declaration of Enoch Greene ¶ 48, Ex.B, Declaration of Enoch Greene ¶ 49, Ex.C, Declaration of Enoch Greene ¶ 50, Ex.D, Declaration of Nancyrose Hernandez ¶ 10, Ex.H |

25. Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

| | |
| --- | --- |
| 26.    On October 12, 2023, Dr. Deutsch issued his medical opinion on Plaintiff's ability to safely perform the essential functions of the Watchman position based upon his review of Dr. Coleman's letters | Response to Fact No. 26:<br>Undisputed in part; disputed in part.<br>Objection to UMF: The UMF improperly relies upon evidence lacks foundation, |

38

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| dated April 15, 2023, May 25, 2023, September 7, 2023, and his knowledge of terminal operations.<br><br>(Williams Decl., ¶ 44.) | violates Plaintiff's right to privacy, and is hearsay.<br><br>Plaintiff does not dispute that Dr. Deutsch issued a written opinion dated October 12, 2023 after reviewing certain medical records and information concerning terminal operations. Plaintiff disputes any implication that Dr. Deutsch's opinions are undisputed, medically controlling, or establish Plaintiff's ability to perform Watchman duties as a matter of law.<br><br>The record reflects that Dr. Deutsch was not Plaintiff's treating physician and was not an ophthalmologist. Sulzbach Dep. 121:7-12. APMT's own PMK further admitted that he did not know whether Plaintiff was physically examined by Dr. Deutsch and did not know whether Plaintiff consented to any such examination. Sulzbach Dep. 122:17-19; 123: Moreover, Plaintiff's treating ophthalmologist, Dr. Coleman, reached materially different conclusions regarding Plaintiff's work capabilities. Dr. Coleman opined that Plaintiff could verify identification, conduct visual inspections with appropriate assistive devices, identify unauthorized individuals, and function safely and effectively at work if provided appropriate accommodations. Coleman Dep. 27:1-11; 54:15-20; 54:23-55:3. Dr. Coleman further testified that Plaintiff met the requirements for reasonable accommodation under the ADA. Coleman Dep. 54:15-20.<br><br>Accordingly, while the existence of Dr. Deutsch's October 12, 2023 opinion is not disputed, the validity, weight, and significance of that opinion remain disputed.<br><br>Declaration of Nancyrose<br>Hernandez ¶ 10, Ex.H, Coleman<br>Depo 29:23-30:10, 44:9-12,<br>Declaration of Nancyrose<br>Hernandez ¶ 11, Ex.I,<br>Declaration of Nancyrose<br>Hernandez ¶ 12, Ex.J, |

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Declaration of Enoch Greene ¶ 48, Ex.B, Declaration of Enoch Greene ¶ 49, Ex.C, Declaration of Enoch Greene ¶ 50, Ex.D 20-21. |

26.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

Plaintiff's objection that it violates his right to privacy is nonsensical and unfounded. Plaintiff's medical condition is squarely at issue in this case, and Plaintiff has waived his right to privacy concerning his purported disability.

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 27.    Dr. Deutsch determined that Plaintiff is "precluded from working in any capacity that requires peripheral vision," including, "driving any vehicles on terminal property[,]" "performing any tasks that require verification of identification and conducting visual | Response to Fact No. 27: Disputed. Objection to UMF: The UMF improperly relies upon evidence lacks foundation, violates Plaintiff's right to privacy, and is hearsay. Plaintiff disputes this fact to the extent it presents Dr. Deutsch's conclusions as |

40

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| inspections[,]" and "climbing ladders or gangways." (Williams Decl., ¶ 44.) | undisputed or establishes Plaintiff's inability to perform Watchman duties as a matter of law. |

Plaintiff does not dispute that Dr. Deutsch expressed the quoted opinions in his October 12, 2023 report. Plaintiff disputes the validity, weight, and accuracy of those conclusions. The record reflects that Dr. Deutsch was not an ophthalmologist, was not Plaintiff's treating physician, and that APMT's own PMK did not know whether Plaintiff was physically examined by Dr. Deutsch or whether Plaintiff consented to any such examination. Sulzbach Dep. 121:7-12; 122:17-19; 123:20-21.

Most importantly, Plaintiff's treating ophthalmologist, Dr. Coleman, expressly disagreed with portions of Dr. Deutsch's conclusions. Dr. Coleman testified that Plaintiff could verify identification and conduct visual inspections because he retained usable central vision in his right eye and could perform those tasks with appropriate eyeglasses, magnification, and accommodations. Coleman Dep. 32:17-33:15; 27:1-11. Dr. Coleman further opined that Plaintiff could function safely and effectively at work if provided appropriate accommodations and that Plaintiff met the requirements for reasonable accommodation under the ADA. Coleman Dep. 54:15-20; 54:23-55:3.

The record further reflects that APMT accommodated Plaintiff's request not to drive shuttle buses and permitted him to continue working under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18. APMT's own PMK admitted that Plaintiff was capable of performing his work while dispatched to APMT and testified that Plaintiff could perform duties at the ID-check post because Plaintiff's accommodation request related only to buses and not to those duties. Sulzbach Dep. 38:25-39:4; 77:25-78:3.

Accordingly, while Dr. Deutsch's opinions are not disputed as a historical

41

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | matter, the correctness, significance, and legal effect of those opinions remain genuinely disputed. |
| | Declaration of Nancyrose Hernandez ¶ 10, Ex.H, Coleman Depo 29:23-30:10, 44:9-12, |
| | Declaration of Nancyrose Hernandez ¶ 11, Ex.I, |
| | Declaration of Nancyrose Hernandez ¶ 12, Ex.J, |
| | Declaration of Enoch Greene ¶ 48, Ex.B, |
| | Declaration of Enoch Greene ¶ 49, Ex.C, |
| | Declaration of Enoch Greene ¶ 50, Ex.D |

27.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash*., 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept*., 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff's objection that it violates his right to privacy is nonsensical and unfounded. Plaintiff's medical condition is squarely at issue in this case, and Plaintiff has waived his right to privacy concerning his purported disability. | |
| 28.    On December 18, 2023, just two months after Dr. Deutsch issued his medical opinion, Dr. Coleman approved and signed a Healthcare Professional Evaluation for the Riverside Transit Agency to have Plaintiff approved for ADA Dial-A-Ride service in which she stated:<br><br>• Plaintiff is unable to use the accessible fixed route city bus service due to "a lot of disorientation and burry vision."<br><br>• He could independently walk ¾ mile only sometimes because "If too dark or too bright disorientation and blurry vision worsen."<br><br>• He is sometimes unable to independently cross streets, explaining "If at night or when very bright, patient cannot make out road signs, cars, crosswalks, etc." and,<br><br>• Plaintiff has the following barriers preventing him from using the fixed route city bus:  "Smog, hills, unable to transfer buses, night blindness, lack of sidewalks, rain, light sensitivity (bright sun) and rough terrain."<br><br>(Dr. Coleman Dep. 37:3-40:7, Ex. G.) | Response to Fact No. 28:<br><br>Undisputed in part; disputed in part.<br><br>Objection to UMF: The UMF improperly relies upon evidence lacks foundation, violates Plaintiff's right to privacy, and is hearsay.<br><br>Plaintiff does not dispute that Dr. Coleman completed and signed the referenced Riverside Transit Agency form on December 18, 2023 or that the form contains the quoted statements regarding Plaintiff's difficulties using fixed-route public transportation. Plaintiff disputes Defendant's characterization of the significance of the form and any implication that the form constitutes an opinion that Plaintiff was unable to perform Watchman duties with reasonable accommodation.<br><br>The Riverside Transit Agency evaluation concerned Plaintiff's eligibility for Dial-A-Ride transportation services and addressed Plaintiff's ability to utilize fixed-route public transportation. It did not evaluate whether Plaintiff could perform Watchman duties with reasonable accommodation, nor did it purport to withdraw or supersede Dr. Coleman's prior work-capacity opinions.<br><br>Indeed, Dr. Coleman continued to maintain that Plaintiff could verify identification, conduct visual inspections with appropriate assistive devices, identify unauthorized individuals, and function safely and effectively at work if provided appropriate accommodations. Coleman Dep. 27:1-11; 54:15-20; 54:23-55:3. Dr. Coleman further testified that Plaintiff met the requirements for reasonable accommodation under the ADA. Coleman Dep. 54:15-20.<br><br>Moreover, APMT's own PMK admitted that Plaintiff was capable of performing his work while dispatched to APMT. |

43

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Sulzbach Dep. 38:25-39:4. Sulzbach further admitted that APMT accommodated Plaintiff's request not to drive shuttle buses and allowed Plaintiff to continue working under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18. Sulzbach also testified that Plaintiff could perform duties at the ID-check post because Plaintiff's accommodation request related only to buses and not to those duties. Sulzbach Dep. 77:25-78:3. |
| | Accordingly, while the contents of the Riverside Transit Agency form are not disputed, Defendant's characterization of the significance of that form and its effect on Plaintiff's ability to perform available Watchman assignments with reasonable accommodation is disputed. |
| | Declaration of Enoch Greene ¶ 61, Ex.O, Declaration of Enoch Greene ¶ 50, Ex.D |

28.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange*

44

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| *Cty. Sheriff's Dept*., 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). Plaintiff's objection that it violates his right to privacy is nonsensical and unfounded. Plaintiff's medical condition is squarely at issue in this case, and Plaintiff has waived his right to privacy concerning his purported disability. | |
| 29.    By April 2024, Dr. Coleman had formed the opinion that Plaintiff should not be driving *any* vehicle. (Coleman Dep. 9:17-10:4, 18:7-14) | Response to Fact No. 29: Undisputed in part; disputed in part. Objection to UMF: The UMF improperly lacks foundation and is hearsay. Plaintiff does not dispute that by April 2024 Dr. Coleman had formed the opinion that Plaintiff should not be driving any vehicle. Plaintiff disputes any implication that Dr. Coleman thereby concluded Plaintiff was unable to perform Watchman duties with reasonable accommodation. Dr. Coleman's opinion regarding vehicle operation did not alter her separate opinions regarding Plaintiff's ability to perform other work-related functions. Dr. Coleman testified that Plaintiff could verify identification, conduct visual inspections with appropriate eyeglasses, magnification, or assistive devices, identify unauthorized individuals, and function safely and effectively at work if provided appropriate accommodations. Coleman Dep. 27:1-11; 54:15-20; 54:23-55:3. Dr. Coleman further testified that Plaintiff met the requirements for reasonable accommodation under the ADA. Coleman Dep. 54:15-20. Moreover, APMT's own PMK admitted that Plaintiff was capable of performing his work while dispatched to APMT and testified that Plaintiff could perform duties at the ID-check post because Plaintiff's accommodation request related only to buses and not to those duties. Sulzbach Dep. 38:25-39:4; 77:25-78:3. APMT further accommodated |

45

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
| --- | --- |
| | Plaintiff's request not to drive shuttle buses and permitted him to continue working under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18. Accordingly, while Dr. Coleman's April 2024 opinion regarding vehicle operation is not disputed, Defendant's characterization of the significance of that opinion and its effect on Plaintiff's ability to perform available Watchman assignments with reasonable accommodation is disputed. Declaration of Enoch Greene ¶ 48, Ex.B, Declaration of Enoch Greene ¶ 49, Ex.C, Declaration of Enoch Greene ¶ 50, Ex.D Declaration of Enoch Greene ¶ 68, Ex.V |

29.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact.  *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3.  *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

46

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 30.    Dr. Coleman does not recall Plaintiff telling her that he was involved in two motor vehicle accidents on the job. After reviewing the surveillance footage Dr. Coleman testified that had she known about the accidents Plaintiff caused at LBCT and APMT, she would have implemented the work restriction of no driving any motor vehicle at work in September 2023.<br><br>(Coleman Dep. 19:5-18, 23:15-26:4.) | Response to Fact No. 30:<br>Undisputed in part; disputed in part.<br><br>Objection to UMF: The UMF improperly lacks foundation and is hearsay.<br><br>Plaintiff does not dispute that Dr. Coleman testified she did not recall Plaintiff informing her about the June 2023 LBCT incident or the August 2023 APMT parking lot incident before her deposition. Plaintiff further does not dispute that, after being shown video footage of the incidents during her deposition, Dr. Coleman testified that she would have imposed a restriction against Plaintiff operating motor vehicles at work. Plaintiff disputes any implication that Dr. Coleman's testimony establishes Plaintiff was unable to perform Watchman duties with reasonable accommodation. Dr. Coleman's testimony concerned vehicle operation. She did not withdraw her opinions that Plaintiff could verify identification, conduct visual inspections with appropriate eyeglasses, magnification, or assistive devices, identify unauthorized individuals, and function safely and effectively at work if provided appropriate accommodations. Coleman Dep. 27:1-11; 54:15-20; 54:23-55:3. Dr. Coleman further continued to maintain that Plaintiff met the requirements for reasonable accommodation under the ADA. Coleman Dep. 54:15-20.<br><br>Moreover, APMT's own PMK admitted that Plaintiff was capable of performing his work while dispatched to APMT. Sulzbach Dep. 38:25-39:4. Sulzbach further admitted that APMT accommodated Plaintiff's request not to drive shuttle buses and permitted Plaintiff to continue working under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18. Sulzbach also testified that |

47

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Plaintiff could perform duties at the ID-check post because Plaintiff's accommodation request related only to buses and not to those duties. Sulzbach Dep. 77:25-78:3. |
| | Accordingly, while Dr. Coleman's testimony concerning vehicle operation is not disputed, Defendant's characterization of the significance of that testimony and its effect on Plaintiff's ability to perform available Watchman assignments with reasonable accommodation is disputed. |
| | Declaration of Enoch Greene ¶ 50, Ex.D |

30.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

/ / /

/ / /

48

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

**Issue 2:  Plaintiff's First Cause Of Action For Disability Discrimination In Violation Of The ADA And FEHA Fails As A Matter Of Law Because Plaintiff Cannot Safely Perform The Essential Functions Of A Watchman And Poses A Direct Threat To The Safety Of Himself And Others.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 1-30, as if set forth herein. | Response:<br><br>Plaintiff incorporates by reference his responses to SSUF Nos. 1-30.<br><br>Plaintiff disputes that he cannot safely perform the essential functions of a Watchman or that he poses a direct threat as a matter of law. Genuine disputes of material fact exist regarding the essential functions of available Watchman assignments, Plaintiff's ability to perform those assignments with reasonable accommodation, the availability and effectiveness of accommodations, and the significance of the medical evidence relied upon by Defendant.<br><br>APMT's own PMK admitted that Plaintiff was capable of performing his work while dispatched to APMT.  Sulzbach Dep. 38:25-39:4. Sulzbach further admitted that APMT conducted an interactive process with Plaintiff on May 11, 2023, granted Plaintiff's request not to drive shuttle buses, and permitted Plaintiff to continue working under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18. Sulzbach also testified that Plaintiff could perform duties at the ID-check post because Plaintiff's accommodation request related only to buses and not to those duties. Sulzbach Dep. 77:25-78:3.<br><br>The medical evidence likewise presents disputed issues of fact. Plaintiff's treating ophthalmologist, Dr. Coleman, opined that Plaintiff could verify identification, conduct visual inspections with appropriate assistive devices, identify unauthorized individuals, and function safely and effectively at work if provided appropriate accommodations. Coleman Dep. 27:1-11; 54:15-20; 54:23-55:3. Dr. Coleman further testified that Plaintiff |

49

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | met the requirements for reasonable accommodation under the ADA. Coleman Dep. 54:15-20. By contrast, Dr. Deutsch reached more restrictive conclusions. The conflict between those opinions presents a classic dispute of fact that cannot be resolved on summary judgment. |
| | Moreover, the record reflects that APMT actually implemented the accommodation Plaintiff requested, allowed Plaintiff to continue working, and acknowledged that Plaintiff was capable of performing his work while accommodated. A reasonable jury could therefore conclude that Plaintiff was qualified to perform available Watchman assignments with reasonable accommodation and did not pose a direct threat requiring exclusion from employment. |
| | Accordingly, summary adjudication of Issue No. 2 is improper. |

Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Issue 3:  Plaintiff's First Cause Of Action For Disability Discrimination In Violation Of The ADA And FEHA Fails As A Matter Of Law Because APMT Had A Legitimate, Non-Discriminatory Reason For The Alleged Adverse Employment Action, And Plaintiff Has No Specific Or Substantial Evidence Of Pretext.**

50

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 1-30, as if set forth herein. | Response: |
| | Plaintiff incorporates by reference his responses to SSUF Nos. 1-30. |
| | Plaintiff disputes that APMT has established a legitimate, nondiscriminatory reason for the challenged actions as a matter of law or that Plaintiff lacks evidence of pretext. The record contains substantial evidence from which a reasonable jury could conclude that APMT's stated justification is inconsistent with its own conduct and that genuine disputes of material fact remain. |
| | APMT's own PMK admitted that Plaintiff requested an accommodation relating to shuttle-bus assignments, that APMT granted the accommodation, and that the accommodation remained in place through Plaintiff's final day working at APMT. Sulzbach Dep. 66:8-18; 92:3-18. Sulzbach further admitted that Plaintiff was capable of performing his work while dispatched to APMT. Sulzbach Dep. 38:25-39:4. He also testified that Plaintiff could perform duties at the ID-check post because Plaintiff's accommodation request related only to buses and not to those duties. Sulzbach Dep. 77:25-78:3. |
| | A reasonable jury could conclude that APMT's later position is inconsistent with its earlier conduct. After engaging in the interactive process and permitting Plaintiff to continue working under accommodation, APMT placed Plaintiff on nondispatch following an off-duty parking lot incident involving personal vehicles.  Plaintiff testified that he had already been relieved from duty at the time of the incident and that supervisors confirmed he was off duty. Greene Dep. 31:1-3; 31:24-32:16. Despite initially being informed that there was nothing further to address, APMT later pursued an employer complaint and nondispatch status. Greene Dep. 20:7-11; 31:19-22. |
| | The record further reflects that Sulzbach was not aware of any other Local 26 member who had received an employer |

51

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
|  | complaint for a parking lot accident. Sulzbach Dep. 42:10-12. A reasonable jury could view this evidence as supporting an inference of disparate treatment and pretext. |
|  | Finally, the medical evidence is sharply disputed. Dr. Coleman repeatedly opined that Plaintiff could perform multiple Watchman functions and could function safely and effectively at work with appropriate accommodations, while Dr. Deutsch reached more restrictive conclusions. Coleman Dep. 27:1-11; 54:15-20; 54:23-55:3. The existence of these competing opinions further precludes summary judgment. |
|  | Accordingly, Plaintiff has presented more than sufficient evidence to create a genuine dispute of material fact regarding Defendant's stated reasons and whether those reasons were pretextual. |

Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

| | |
|---|---|
| 31.    On March 25, 2024, Plaintiff appeared before the JPWLRC to discuss the unresolved APMT Employer Complaint (EC-0018-2023).  The JPWLRC found Plaintiff guilty of the Complaint.<br><br>(Williams Decl., ¶ 16, Ex. O.) | Response to Fact No. 31: Undisputed in part; disputed in part.<br><br>Objection to UMF: The UMF improperly lacks foundation and is hearsay.<br><br>Plaintiff does not dispute that he appeared before the JPWLRC on March 25, 2024 regarding Employer Complaint EC-0018-2023 or that the JPWLRC ultimately determined that Plaintiff was guilty of the complaint. Plaintiff disputes any |

52

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | implication that the committee's determination establishes the underlying facts of the August 2023 parking lot incident, resolves disputed issues regarding fault, or establishes that Plaintiff was unable to perform Watchman duties with reasonable accommodation. |
| | Plaintiff testified that the underlying incident occurred after he had been relieved from duty, while he was off duty and operating his personal vehicle in the employee parking lot. Greene Dep. 31:1-3; 32:1-22. Plaintiff further testified that supervisors confirmed he was off duty and that he was initially informed there was nothing further to address and that he could return to work. Greene Dep. 31:24-32:16. Plaintiff disputes Defendant's characterization of the incident, the allocation of fault, and the significance of the committee's findings. |
| | Moreover, prior to the parking lot incident, APMT had conducted an interactive process with Plaintiff, granted Plaintiff's request not to drive shuttle buses, and permitted Plaintiff to continue working under that accommodation. Sulzbach Dep. 66:8-18; 92:3-18. APMT's own PMK admitted that Plaintiff was capable of performing his work while dispatched to APMT. Sulzbach Dep. 38:25-39:4. Accordingly, while the existence of the JPWLRC determination is not disputed, the factual correctness, significance, and legal implications of that determination remain disputed. |
| | Declaration of Enoch Greene ¶ 65, Ex.S |
| | Declaration of Enoch Greene ¶ 66, Ex.T |
| | Declaration of Enoch Greene ¶ 67, Ex.U |
| | Declaration of Enoch Greene ¶ 69, Ex.W |

31.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir.

53

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion."). Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). **Response to Plaintiff's Objections:** Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 32.    The JPWLRC found Plaintiff guilty of the Complaint. (Williams Decl., ¶ 16, Ex. O.) | Response to Fact No. 32: Undisputed in part; disputed in part. Objection to UMF: The UMF improperly lacks foundation and is hearsay. Plaintiff does not dispute that the JPWLRC ultimately determined that Plaintiff was guilty of Employer Complaint EC-0018-2023. Plaintiff disputes any implication that the committee's determination establishes the underlying facts of the August 2023 parking lot incident, resolves disputed issues regarding fault, or establishes that Plaintiff was unable to perform Watchman duties with reasonable accommodation. Plaintiff consistently disputed the legitimacy of the underlying findings and maintained that the incident was not properly investigated. Greene Dep. 31:17-22; 22:16-25. Plaintiff further testified that the incident occurred after he had been relieved from duty, while he was off duty and operating his personal vehicle in |

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | the employee parking lot. Greene Dep. 31:1-3; 32:1-22. Supervisors confirmed that Plaintiff was off duty, and Plaintiff was initially informed that there was nothing further to address and that he could return to work. Greene Dep. 31:24-32:16. |
| | Moreover, APMT's PMK admitted that he had no personal knowledge whether Plaintiff was provided witness statements, afforded an opportunity to question witnesses, or provided the accident video during the complaint proceedings. Sulzbach Dep. 124:6-12; 124:14-125:1; 125:12-16. Sulzbach further admitted that he did not view the accident video until more than two years after the incident and had never seen photographs of the vehicles involved until his deposition. Sulzbach Dep. 44:22-23; 78:23; 79:11-12. |
| | Finally, prior to the parking lot incident, APMT had conducted an interactive process with Plaintiff, granted Plaintiff's request not to drive shuttle buses, and permitted Plaintiff to continue working under that accommodation. Sulzbach Dep. 66:8-18; 92:3-18. APMT's own PMK admitted that Plaintiff was capable of performing his work while dispatched to APMT. Sulzbach Dep. 38:25-39:4. Accordingly, while the existence of the JPWLRC determination is not disputed, the factual correctness, significance, and legal implications of that determination remain disputed. |
| | Declaration of Enoch Greene ¶ 65, Ex.S |
| | Declaration of Enoch Greene ¶ 66, Ex.T |
| | Declaration of Enoch Greene ¶ 67, Ex.U |
| | Declaration of Enoch Greene ¶ 69, Ex.W |

32.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

55

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). <br><br> **Response to Plaintiff's Objections:** <br><br> Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") <br><br> Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |

## PLAINTIFF'S SECOND CAUSE OF ACTION

**Issue 4:  Plaintiff's Second Cause Of Action Against APMT For Disability-Based Harassment In Violation Of The ADA And FEHA Fails As A Matter Of Law Because The Alleged Conduct Does Not Rise To The Level Of Severe Or Pervasive Harassment.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 1-30, as if set forth herein. | Response: <br> Plaintiff incorporates by reference his responses to SSUF Nos. 1-30. <br> Plaintiff disputes that the alleged conduct fails to rise to the level of severe or pervasive harassment as a matter of law. Whether conduct is sufficiently severe or pervasive must be evaluated based upon the totality of the circumstances rather than by viewing each incident in isolation. <br> The record reflects evidence that, following Plaintiff's disclosure of his |

56

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | disability and request for accommodations, Plaintiff was subjected to repeated conduct that he perceived as hostile, stigmatizing, and disability-related. Plaintiff testified that management personnel and union representatives discussed his medical condition with others, publicly associated him with workplace accidents, questioned his ability to perform his job because of his vision impairment, subjected him to increased scrutiny, and relied upon a medical evaluation process that Plaintiff contends occurred without his knowledge or participation. Greene Dep. 19:13-16; 20:3-18; 20:19-25; 21:1-20; 22:1-25. |
| | With respect to APMT specifically, Plaintiff testified that Charles Gray told him he had "a history of getting in accidents" during discussions surrounding the August 2023 parking lot incident. Greene Dep. 32:12-23. Plaintiff further testified that he believed the complaint process, the handling of the parking lot incident, and the subsequent nondispatch decision were part of a broader pattern of disability-related treatment that began after he requested accommodations. Greene Dep. 20:7-18; 31:19-22. |
| | Additionally, APMT's PMK admitted that APMT never spoke directly with Plaintiff regarding his harassment and privacy complaints, concluded that Plaintiff's allegations lacked merit without interviewing him, and instead relied upon conversations with the individuals accused of the conduct.  Sulzbach Dep. 50:6-23; 53:1-24; 55:5-6. A reasonable jury could consider those facts when evaluating the nature and impact of the conduct Plaintiff experienced. |
| | Accordingly, genuine disputes of material fact exist regarding the nature, frequency, severity, and cumulative effect of the alleged conduct, making summary adjudication inappropriate. |
| | Declaration of Enoch Greene ¶ 65, Ex.S |
| | Declaration of Enoch Greene ¶ 66, Ex.T |
| | Declaration of Enoch Greene ¶ 67, Ex.U |

57

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Declaration of Enoch Greene ¶ 69, Ex.W |

Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

| | |
|---|---|
| 33. Plaintiff alleges that he was subject to "harassment" because while Plaintiff was working at APMT on August 16, 2023, Charles Gray, APMT's Safety Manager, Sergeant Angela West and Lisa Sullivan approached him to interview Plaintiff to ask questions regarding Plaintiff's accident at the parking lot, and Mr. Gray allegedly stated to Plaintiff, "You have a history of getting in accidents" <br><br> (Pl. Dep. 123:17-124:8, 125:20-126:17). | Response to Fact No. 34: Disputed. <br><br> Plaintiff disputes the characterization because APM is trying to reduce the harassment claim to a single interview and a single comment. <br><br> The testimony is broader than that. <br><br> The cited testimony does not fully characterize Plaintiff's harassment allegations. Plaintiff does not dispute that Charles Gray, Angela West, and Lisa Sullivan spoke with him regarding the August 2023 parking lot incident or that Charles Gray stated, "You have a history of getting in accidents." Greene Dep. 125:20-126:17. <br><br> Plaintiff disputes Defendant's characterization that this was the entirety of the alleged harassment. Plaintiff testified that he considered the comment inappropriate, misleading, and related to the broader treatment he experienced after disclosing his disability and requesting accommodations. Greene Dep. 32:12-23. Plaintiff further testified that the parking lot incident was used to initiate an employer complaint and nondispatch process despite the fact that he had already been relieved from duty, was off duty, and was operating his personal |

58

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | vehicle at the time of the incident. Greene Dep. 31:1-3; 31:19-22; 32:1-25. |
| | Moreover, Plaintiff's harassment allegations are not limited to the August 2023 interaction. Plaintiff testified that after disclosing his disability and requesting accommodations, he was subjected to increased scrutiny, disclosure of medical information, public discussion of his condition, and conduct that he believed questioned his ability to perform his job because of his disability. Greene Dep. 19:13-16; 20:3-25; 21:1-20; 22:1-25. |
| | Accordingly, while the August 2023 conversation is not disputed, Plaintiff disputes Defendant's characterization of the scope and nature of the alleged harassment. |
| | Declaration of Enoch Greene ¶ 65, Ex.S |
| | Declaration of Enoch Greene ¶ 66, Ex.T |
| | Declaration of Enoch Greene ¶ 67, Ex.U |
| | Declaration of Enoch Greene ¶ 69, Ex.W |

33.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

| | |
|---|---|
| 34.    On August 16, 2023, Charles Gray, APMT's Safety Manager reviewed the video footage of the incident and became concerned for Plaintiff's safety and his ability to work his assigned shift.<br><br>(Gray Decl., ¶¶ 3, 4, 5.) | Response to Fact No. 34: Disputed.<br><br>Plaintiff does not dispute that Charles Gray reviewed video footage of the August 2023 parking lot incident or that Mr. Gray may have formed concerns regarding Plaintiff's safety. Plaintiff disputes Defendant's characterization that Mr. Gray's subjective concerns establish that Plaintiff could not safely perform |

59

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Watchman duties or posed a direct threat as a matter of law. |
| | The underlying facts and significance of the August 2023 incident remain disputed. Plaintiff testified that he had already been relieved from duty, was off duty at the time of the incident, and was operating his personal vehicle in the employee parking lot. Greene Dep. 31:1-3; 32:1-22. Plaintiff further testified that supervisors confirmed he was off duty and that he was initially informed there was nothing further to address and that he could return to work. Greene Dep. 31:24-32:16. |
| | Moreover, APMT's own PMK admitted that Plaintiff was capable of performing his work while dispatched to APMT. Sulzbach Dep. 38:25-39:4. Sulzbach further admitted that APMT had already conducted an interactive process with Plaintiff, granted Plaintiff's request not to drive shuttle buses, and permitted Plaintiff to continue working under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18. Sulzbach also testified that Plaintiff could perform duties at the ID-check post because Plaintiff's accommodation request related only to buses and not to those duties. Sulzbach Dep. 77:25-78:3. |
| | Accordingly, while Mr. Gray's concerns are not disputed as a matter of subjective belief, the basis, reasonableness, and significance of those concerns remain disputed. |
| | Declaration of Enoch Greene ¶ 65, Ex.S |
| | Declaration of Enoch Greene ¶ 66, Ex.T |
| | Declaration of Enoch Greene ¶ 67, Ex.U |
| | Declaration of Enoch Greene ¶ 69, Ex.W |

34.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary

60

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion."). Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). | |
| 35.     Plaintiff alleges that he was subject to "harassment" because Plaintiff was asked to be evaluated by the Joint Port Medical Specialist (Pl. Dep. 82:15-83:5, 297:10-13, 297:10-13.) | Response to Fact No. 35: Disputed. The cited testimony does not fully characterize Plaintiff's allegations. Plaintiff does not dispute that he was referred to or evaluated by the Joint Port Medical Specialist. Plaintiff disputes Defendant's characterization that his harassment allegations are based merely on the fact that an evaluation occurred. Plaintiff testified that he objected to the circumstances surrounding the evaluation, including his understanding that the employers and Local 26 obtained and relied upon a medical opinion without his knowledge, participation, or consent, and thereafter used the resulting report in decisions concerning his ability to work and obtain accommodations. Greene Dep. 21:1-25; 22:1-25; 82:15-83:5. Moreover, APMT's own PMK admitted that he did not know whether Plaintiff consented to the evaluation and did not know whether Plaintiff was physically examined by Dr. Deutsch. Sulzbach Dep. 122:17-19; 123:20-21. The PMK further acknowledged that Dr. Deutsch was not an ophthalmologist. Sulzbach Dep. 121:7-12. Accordingly, Plaintiff disputes Defendant's characterization of the scope and nature of the alleged harassment and disputes any implication that his allegations are limited to the mere fact that a medical evaluation occurred. Declaration of Enoch Greene ¶ 53, Ex.G Declaration of Enoch Greene ¶ 54, Ex.H Declaration of Enoch Greene ¶ 55, Ex.I |

61

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Declaration of Enoch Greene ¶ 56, Ex.J |

35.   Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

| | |
|---|---|
| 36.   Mr. Gray explained that the primary reason for speaking with Plaintiff was to check and see if he was okay to work.<br><br>(Pl. Dep. 125:5-9; Gray Decl., ¶ 5.) | Response to Fact No. 36: Undisputed in part; disputed in part.<br><br>Plaintiff does not dispute that Charles Gray stated that the primary reason he came to speak with Plaintiff was to determine whether Plaintiff was okay to work following the August 2023 parking lot incident. Greene Dep. 32:8-9.<br><br>Plaintiff disputes any implication that this statement resolves the disputed issues regarding the nature of the interaction, Defendant's motives, or Plaintiff's harassment allegations. Plaintiff testified that he believed management's involvement was inappropriate because the incident occurred after he had been relieved from duty, while he was off duty and operating his personal vehicle in the employee parking lot. Greene Dep. 31:1-3; 32:1-22. Plaintiff further testified that he considered the interaction part of a broader pattern of disability-related treatment and harassment that followed his disclosure of his disability and requests for accommodation. Greene Dep. 32:5-7.<br><br>Moreover, Plaintiff testified that during the interaction Mr. Gray stated, "You have a history of getting in accidents," a comment Plaintiff considered inaccurate and inappropriate. Greene Dep. 125:20- |

62

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | 126:17. Plaintiff further testified that despite initially being informed that there was nothing further to address and that he could return to work, APMT later pursued an employer complaint arising from the incident. Greene Dep. 31:19-22; 31:24-32:16. |
| | Accordingly, while Mr. Gray's statement regarding his stated purpose is not disputed, the significance of that statement and the nature of the interaction remain disputed. |
| | Declaration of Enoch Greene ¶ 66, Ex.W |

36.     Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

| | |
|---|---|
| 37.     Gray interviewed Plaintiff during a legitimate safety inquiry following an accident, after Mr. Gray watched the security footage where Plaintiff drove into the wrong lane of traffic and collided head-on with a stationary vehicle.<br><br>(Gray Decl., ¶¶ 4, 5, 6, Ex. B.) | Response to Fact No. 37: Disputed.<br><br>Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and is hearsay.<br><br>Plaintiff disputes Defendant's characterization of the August 2023 interaction as a "legitimate safety inquiry" and disputes Defendant's characterization of the underlying incident.<br><br>While Plaintiff does not dispute that Charles Gray spoke with him following the August 2023 parking lot incident and that Mr. Gray reviewed video footage of the incident, Plaintiff disputes Defendant's characterization of the video evidence, the allocation of fault, and the conclusions Defendant attempts to draw from the incident. Plaintiff testified that |

63

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | he had already been relieved from duty, was off duty at the time of the incident, and was operating his personal vehicle in the employee parking lot. Greene Dep. 31:1-3; 32:1-22. Plaintiff further testified that another vehicle pulled directly in front of him with high-beam lights and that he attempted to maneuver around the vehicle. Greene Dep. 32:1-16. Plaintiff also testified that he could not confirm whether the other vehicle was stopped at the precise moment of impact. Greene Dep. 33:1-22. |
| | Plaintiff further disputes Defendant's characterization of the interaction as a routine safety inquiry. Plaintiff testified that he believed management's involvement was inappropriate because the incident occurred off duty in his personal vehicle and that he viewed the interaction as part of a broader pattern of disability-related treatment following his accommodation requests. Greene Dep. 32:5-7. Plaintiff further testified that during the interaction Mr. Gray stated, "You have a history of getting in accidents." Greene Dep. 125:20-126:17. |
| | Moreover, APMT's own PMK admitted that Plaintiff was capable of performing his work while dispatched to APMT and that APMT had already granted Plaintiff's request not to drive shuttle buses. Sulzbach Dep. 38:25-39:4; 66:8-18; 92:3-18. Accordingly, the characterization, purpose, and significance of the August 2023 interaction remain disputed. |
| | Declaration of Enoch Greene ¶ 66, Ex.W |

37.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). **Response to Plaintiff's Objections:** Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 38.    APMT permitted Plaintiff to continue working his shift.. (Pl. Dep. 125:5-9; Gray Decl., ¶ 5.) | Response to Fact No. 38: Undisputed in part; disputed in part. Plaintiff does not dispute that APMT permitted him to continue working following the August 2023 interaction with Charles Gray. Plaintiff disputes any implication that this fact supports Defendant's position that Plaintiff posed a direct threat or was unable to perform Watchman duties with reasonable accommodation. To the contrary, Plaintiff testified that after speaking with management, he was informed there was nothing further to address and that he could return to work. Greene Dep. 31:24-32:16. Plaintiff was not removed from duty at that time despite the concerns APMT now claims existed. This fact is consistent with other evidence in the record demonstrating that APMT permitted Plaintiff to continue working after disclosure of his disability and accommodation requests. APMT's own PMK admitted that Plaintiff was capable of performing his work while dispatched to APMT. Sulzbach Dep. 38:25-39:4. Sulzbach further admitted that APMT |

65

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | granted Plaintiff's request not to drive shuttle buses and allowed him to continue working under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18. |
| | Accordingly, while Plaintiff does not dispute that he was permitted to continue working, Plaintiff disputes Defendant's characterization of the significance of that fact. |
| | Declaration of Enoch Greene ¶ 66, Ex.W |

38.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

| | |
|---|---|
| 39.    APMT regularly issues employer complaints against personnel who cause accidents at APMT.<br><br>(Sulzbach Decl., ¶ 19.) | Response to Fact No. 39: Disputed.<br><br>Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and is hearsay.<br><br>Plaintiff disputes this fact. The assertion that APMT "regularly" issues employer complaints against personnel who cause accidents is contradicted by APMT's own PMK testimony.<br><br>Mr. Sulzbach admitted that he was not aware of any other Local 26 member who had received an employer complaint arising from a parking lot accident besides Plaintiff. Sulzbach Dep. 42:10-12. He further testified that APMT does not typically issue employer complaints for personal-vehicle accidents and that Plaintiff's situation was the only comparable incident he could recall. Sulzbach Dep. 43:12-17. |

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | When questioned about another employer complaint involving a watchman, Sulzbach acknowledged that the incident involved materially different circumstances, namely an employee operating a company vehicle while actively performing work duties. Sulzbach Dep. 40:24-41:23. Sulzbach further could not recall whether that complaint was resolved or whether any discipline was imposed. Sulzbach Dep. 41:24-42:9. |
| | Sulzbach also testified that there is no "typical" response to accidents and that each matter is evaluated individually on its own facts. Sulzbach Dep. 102:11-18. Accordingly, Plaintiff disputes Defendant's characterization that APMT "regularly" issues employer complaints under circumstances comparable to those presented here. |
| | At a minimum, the record presents a genuine dispute regarding whether Plaintiff was treated consistently with other similarly situated employees and whether the employer complaint process was applied uniformly. A reasonable jury could consider this evidence when evaluating Defendant's stated justification for the complaint and subsequent nondispatch decision. |

39.    Defendant's Response:

Plaintiff attempts to dispute the fact by egregiously mischaracterizing the deposition testimony.  The actual testimony reads as follows:

Q.  Okay.  And does APM typically get involved when there's accidents in the APM parking lot?

THE WITNESS:  So we will -- APMT, we will get involved in items or issues at times, not necessarily just an accident, that do happen in the parking lot when labor's involved.  It's not uncommon.

* * *

Q.  Do you know of any other Local 26 members that have been issued an employer complaint for accidents that occur on the parking lot?

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| THE WITNESS:  I'm not aware of anybody having an accident in the parking lot besides Mr. Greene.<br><br>* * *<br><br>Q.   And does APM typically issue employer complaints when Local 26 members get in motor vehicle accidents in their personal vehicles?<br><br>THE WITNESS:  I would say that no, because we don't really usually have anybody getting into accidents similar to this situation. So I don't recall that many -- this occurring that many times, but this is the only time I recall this happening, so --<br><br>(Dkt. No. 103-2, p. 40-43, Sulzbach Dep. 41:7-21, 41:25-42:12, 42:18-43:17.)<br><br>This deposition testimony does not confirm Plaintiff's characterization. The witness testified that APMT does not usually have anybody getting into accidents similar to one Plaintiff was involved in, and that Plaintiff's incident was the only time the witness recalled this occurring. | |

**Issue 5:  Plaintiff's Second Cause Of Action For Disability-Based Harassment In Violation Of The ADA And FEHA Fails As A Matter Of Law Because The Alleged Conduct Is Not Attributable To APMT.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 40.     Plaintiff alleges that he was subject to "harassment" because Luisa Gratz put out a posting on APMT's bulletin board stating that Plaintiff was involved in an accident.<br><br>(Pl. Dep. 76:20-77:10.) | Response to Fact No. 40: Disputed.<br><br>Plaintiff does not dispute that he testified that Luisa Gratz posted information concerning Plaintiff's accident on a bulletin board at APMT. Greene Dep. 76:20-77:10. Plaintiff disputes Defendant's implication that the alleged conduct cannot be attributed to APMT as a matter of law.<br><br>The record reflects that Plaintiff complained that information concerning his disability, work history, and accidents was being shared with others and that false or misleading information concerning him was being disseminated in the workplace. Sulzbach Dep. 50:1-9. APMT's PMK admitted that APMT never spoke directly with Plaintiff regarding those complaints, |

68

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | conducted no meaningful investigation into them, and nevertheless concluded that Plaintiff's allegations lacked merit. Sulzbach Dep. 50:6-23; 53:1-24; 55:5-6. |
| | APMT's PMK further testified that APMT's anti-harassment policies apply to watchmen and others with whom APMT interacts in the workplace. Sulzbach Dep. 109:1-5. A reasonable jury could conclude that APMT's knowledge of the alleged conduct, its failure to investigate, its failure to take corrective action, and the occurrence of the alleged posting on APMT property are relevant to whether the conduct may be attributed to APMT. |
| | Accordingly, Plaintiff disputes Defendant's characterization of both the scope of the alleged conduct and the issue of attribution. |

40.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

| | |
|---|---|
| 41.    Based on Plaintiff's testimony, it was Luisa Gratz, President of ILWU Local 26, who posted the notice on APMT's bulletin board, not any APMT employee, supervisor, or manager.<br><br>(Pl. Dep. 76:20–77:10.) | Response to Fact No. 41: Undisputed in part; disputed in part.<br><br>Plaintiff does not dispute that he testified that Luisa Gratz posted a notice on an APMT bulletin board concerning Plaintiff's accident. Greene Dep. 76:20-77:10. Plaintiff further testified that he personally observed the posting. Greene Dep. 76:20-77:10.<br><br>Plaintiff disputes the remainder of the fact because the cited testimony does not |

69

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | establish that no APMT employee, supervisor, or manager was involved in, aware of, approved, ratified, or failed to address the posting. The cited testimony identifies the individual whom Plaintiff observed posting the notice, but it does not establish the absence of knowledge, involvement, ratification, or responsibility on the part of APMT personnel. |
| | Moreover, APMT's PMK admitted that Plaintiff complained that information concerning him was being shared with others and that false or misleading information about him was being disseminated in the workplace. Sulzbach Dep. 50:1-9. Sulzbach further admitted that APMT never spoke directly with Plaintiff regarding those complaints, conducted no meaningful investigation into them, and nevertheless concluded that Plaintiff's allegations lacked merit. Sulzbach Dep. 50:6-23; 53:1-24; 55:5-6. |
| | Accordingly, Plaintiff does not dispute that Luisa Gratz posted the notice, but disputes Defendant's broader characterization regarding attribution and responsibility. |

41.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

| | |
|---|---|
| 42.    Plaintiff admitted that, upon learning of this alleged postings by Gratz at APMT, APMT's Labor Relations Director Steve Naumovski immediately instructed security sergeants to remove them and ordered that any future materials | Response to Fact No. 42: Undisputed in part; disputed in part. Plaintiff does not dispute that, after complaints were made regarding the postings, Steve Naumovski directed that |

70

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| sent by Gratz to be posted at the terminal must first go through management.<br><br>(Pl. Dep. 180:5–25.) | the materials be removed and instructed that future materials submitted by Luisa Gratz for posting at APMT be reviewed by management before being posted. Greene Dep. 180:5-25.<br><br>Plaintiff disputes any implication that the subsequent removal of the postings eliminates the underlying conduct, resolves Plaintiff's harassment allegations, or establishes that no actionable conduct occurred. The fact that APMT management directed the postings to be removed and required future postings to be screened by management demonstrates that APMT exercised authority over what could be posted on its bulletin boards.<br><br>Accordingly, while Plaintiff does not dispute that APMT ultimately directed that the postings be removed, Plaintiff disputes Defendant's characterization of the significance and legal effect of that fact. |

42.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash*., 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Issue 6:  Plaintiff's Second Cause Of Action For Disability-Based Harassment In Violation Of The ADA And FEHA Fails As A Matter Of Law Because The Alleged Conduct Constitutes Legitimate Personnel Management Actions And Safety-Driven Decisions That Do Not Constitute Harassment As A Matter Of Law.**

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 1-30, 32-39 as if set forth herein. | Response:<br><br>Plaintiff incorporates by reference his responses to SSUF Nos. 1-30 and 32-39.<br><br>Plaintiff disputes that all of the challenged conduct constitutes legitimate personnel management actions or safety-driven decisions as a matter of law. While certain actions identified by Defendant involved workplace investigations, accommodation discussions, or disciplinary proceedings, Plaintiff's harassment claim is not limited to those actions and must be evaluated based upon the totality of the circumstances.<br><br>The record contains evidence that, after Plaintiff disclosed his disability and requested accommodations, he was subjected to comments concerning his ability to perform his job because of his vision impairment, public dissemination of information concerning his accidents and medical condition, heightened scrutiny, and conduct that Plaintiff believed stigmatized him because of his disability. Greene Dep. 19:13-16; 20:3-25; 21:1-25; 32:12-23; 76:20-77:10.<br><br>Moreover, a reasonable jury could conclude that the challenged actions were not purely routine personnel decisions. APMT's own PMK admitted that APMT never spoke directly with Plaintiff regarding his complaints that information about him was being shared with coworkers, conducted no meaningful investigation into those complaints, and nevertheless concluded that Plaintiff's allegations lacked merit. Sulzbach Dep. 50:6-23; 53:1-24; 55:5-6. The PMK further admitted that he was not aware of any other Local 26 member who had received an employer complaint arising from a parking lot accident and testified that such incidents were not typically the subject of employer complaints. Sulzbach Dep. 42:10-12; 43:12-17.<br><br>Additionally, APMT's own conduct creates factual disputes regarding its stated safety rationale. APMT conducted an interactive process with Plaintiff, |

72

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | granted Plaintiff's request not to drive shuttle buses, allowed Plaintiff to continue working under that accommodation, and admitted that Plaintiff was capable of performing his work while dispatched to APMT. Sulzbach Dep. 38:25-39:4; 66:8-18; 92:3-18. A reasonable jury could conclude that the later complaint and nondispatch decisions were not solely routine personnel actions but were intertwined with disputed issues concerning Plaintiff's disability and accommodation requests. |
| | Accordingly, genuine disputes of material fact exist regarding the nature of the challenged conduct, Defendant's motives, and whether the conduct constitutes actionable harassment under the ADA and FEHA. |

Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

| | |
|---|---|
| 43.    Plaintiff alleges that he was subject to "harassment" because Plaintiff received write-ups from LBCT and PMA. Plaintiff later clarified that the write-ups were Employer Complaints he received for accidents at LBCT and APMT.<br><br>(Pl. Dep. 78:11-79:6.) | Response to Fact No. 43: Undisputed in part; disputed in part.<br><br>Plaintiff does not dispute that he testified that the employer complaints arising from the LBCT and APMT incidents were among the actions he considered harassing. Plaintiff further does not dispute that he clarified that the referenced "write-ups" were employer complaints. Greene Dep. 78:11-79:6.<br><br>Plaintiff disputes any implication that the employer complaints were routine, undisputed personnel actions or that their existence defeats his harassment claim as |

73

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | a matter of law. Plaintiff testified that he disputed the findings underlying the complaints and believed that the incidents were not properly investigated. Greene Dep. 22:16-25; 22:24-23:25; 31:17-22. |
| | With respect to the APMT complaint, Plaintiff testified that he had already been relieved from duty, was off duty, and was operating his personal vehicle when the parking lot incident occurred. Greene Dep. 31:1-3; 32:1-22. Plaintiff further testified that he was initially informed that the matter was resolved and that he could return to work, only to later learn that an employer complaint had been filed. Greene Dep. 31:24-32:16; 35:7-15. |
| | Moreover, APMT's own PMK admitted that he was not aware of any other Local 26 member who had received an employer complaint arising from a parking lot accident and testified that such incidents were not typically the subject of employer complaints. Sulzbach Dep. 42:10-12; 43:12-17. Accordingly, while Plaintiff does not dispute that he viewed the employer complaints as part of the conduct he considered harassing, Plaintiff disputes Defendant's characterization of the significance and legitimacy of those complaints. |

43.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

| 44. Plaintiff alleges that he was subject to "harassment" because Plaintiff was asked | Response to Fact No. 44: Undisputed in part; disputed in part. |

74

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| to be evaluated by the Joint Port Medical Specialist.<br><br>(Pl. Dep. 82:15-83:5, 297:10-13, 297:10-13.) | Plaintiff does not dispute that he testified that the referral to and evaluation by the Joint Port Medical Specialist was among the actions he considered harassing. Greene Dep. 82:15-83:5; 297:10-13.<br><br>Plaintiff disputes Defendant's characterization that his allegations are based solely on the fact that an evaluation occurred. Plaintiff testified that he objected to the manner in which the evaluation was conducted and the subsequent use of the resulting report. Plaintiff contends that the employers and Local 26 obtained and relied upon a medical opinion without his meaningful participation and thereafter used that opinion to challenge his ability to work and obtain accommodations. Greene Dep. 21:1-25; 22:1-25.<br><br>Moreover, APMT's own PMK admitted that he did not know whether Plaintiff consented to the evaluation, did not know whether Plaintiff was physically examined by Dr. Deutsch, and did not know the details of any such examination. Sulzbach Dep. 122:17-19; 123:20-21. Sulzbach further acknowledged that Dr. Deutsch was not an ophthalmologist. Sulzbach Dep. 121:7-12.<br><br>Plaintiff further notes that his treating ophthalmologist, Dr. Coleman, disagreed with significant portions of Dr. Deutsch's conclusions and testified that Plaintiff could verify identification, conduct visual inspections with appropriate assistive devices, and function safely and effectively at work with reasonable accommodations. Coleman Dep. 27:1-11; 32:17-33:15; 54:15-20; 54:23-55:3.<br><br>Accordingly, while Plaintiff does not dispute that the Joint Port Medical Specialist evaluation was among the conduct he considered harassing, Plaintiff disputes Defendant's characterization of the nature and significance of that conduct. |

75

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 44.    Defendant's Response:<br><br>Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").<br><br>Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). | |

## PLAINTIFF'S THIRD CAUSE OF ACTION

**Issue 7:  Plaintiff's Third Cause Of Action Against APMT For Failure To Accommodate In Violation Of The ADA And FEHA Fails As A Matter Of Law Because Plaintiff Cannot Perform The Essential Functions Of The Watchman Position With Or Without Reasonable Accommodation.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 1-30, as if set forth herein. | Response:<br><br>Plaintiff incorporates by reference his responses to SSUF Nos. 1-30.<br><br>Plaintiff disputes that he could not perform the essential functions of the Watchman position with or without reasonable accommodation. Genuine disputes of material fact exist regarding the essential functions of available Watchman assignments, the scope and effectiveness of accommodations, and Plaintiff's ability to perform available work.<br><br>Most significantly, APMT's own PMK admitted that Plaintiff was capable of performing his work while dispatched to APMT. Sulzbach Dep. 38:25-39:4. Sulzbach further admitted that APMT conducted an interactive process with Plaintiff on May 11, 2023, granted |

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
|  | Plaintiff's request not to drive shuttle buses, and permitted Plaintiff to continue working under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:3-18. Sulzbach also testified that Plaintiff could perform duties at the ID-check post because Plaintiff's accommodation request related only to buses and not to those duties. Sulzbach Dep. 77:25-78:3. |
|  | The medical evidence likewise presents disputed issues of fact. Plaintiff's treating ophthalmologist, Dr. Coleman, repeatedly opined that Plaintiff could verify identification, conduct visual inspections with appropriate assistive devices, identify unauthorized individuals, and function safely and effectively at work if provided appropriate accommodations. Coleman Dep. 27:1-11; 54:15-20; 54:23-55:3. Dr. Coleman further testified that Plaintiff met the requirements for reasonable accommodation under the ADA. Coleman Dep. 54:15-20. While Dr. Deutsch reached more restrictive conclusions, the conflict between those opinions presents a classic factual dispute that cannot be resolved on summary judgment. |
|  | Moreover, APMT's own conduct undermines its position. Rather than concluding that Plaintiff could not work under any circumstances, APMT engaged in the interactive process, exempted Plaintiff from shuttle-bus assignments, and allowed him to continue working under that accommodation. Sulzbach Dep. 66:8-18; 92:3-18. A reasonable jury could conclude that Plaintiff was capable of performing available Watchman assignments with reasonable accommodation and that APMT's later position is inconsistent with its earlier conduct. |
|  | Accordingly, summary adjudication of Issue No. 7 is improper. |

77

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant's Response:<br><br>Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").<br><br>Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). | |

**Issue 8: Plaintiff's Third Cause Of Action Against APMT For Failure To Accommodate In Violation Of The ADA And FEHA Fails As A Matter Of Law Because Plaintiff's Requested Accommodation Is Unreasonable *Per Se* Because It Would Require APMT To Violate The Collective Bargaining Agreement.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 1-4, as if set forth herein. | Response:<br><br>Plaintiff incorporates by reference his responses to SSUF Nos. 1-4.<br><br>Plaintiff disputes that his requested accommodation was unreasonable per se or that providing the accommodation would have required APMT to violate the Collective Bargaining Agreement as a matter of law.<br><br>Most significantly, APMT's own PMK admitted that APMT conducted an interactive process with Plaintiff on May 11, 2023 and granted Plaintiff's request not to drive shuttle buses. Sulzbach Dep. 66:8-18. Sulzbach further admitted that the accommodation remained in place through Plaintiff's final day working at APMT. Sulzbach Dep. 92:3-18. APMT therefore did precisely what it now claims was unreasonable or prohibited. |

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | The record further reflects that APMT's PMK acknowledged that the Collective Bargaining Agreement does not contain a reasonable accommodation policy. Sulzbach Dep. 18:11-16. At the same time, APMT recognized that it remained obligated to engage in the interactive process and provide accommodations where required by law. Sulzbach Dep. 66:21-23. |
| | Moreover, APMT's own PMK admitted that Plaintiff was capable of performing his work while dispatched to APMT and testified that Plaintiff could perform duties at the ID-check post because Plaintiff's accommodation request related only to buses and not to those duties. Sulzbach Dep. 38:25-39:4; 77:25-78:3. A reasonable jury could therefore conclude that the accommodation was both feasible and effective. |
| | At a minimum, APMT's implementation of the accommodation, its decision to continue the accommodation for months, and its admission that Plaintiff was capable of performing his work create genuine disputes of material fact regarding whether the accommodation was reasonable and whether it would have violated the Collective Bargaining Agreement. |
| | Accordingly, summary adjudication of Issue No. 8 is improper. |

Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

79

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

**Issue 9: Plaintiff's Third Cause Of Action Against APMT For Failure To Accommodate In Violation Of The ADA And FEHA Fails As A Matter Of Law Because Plaintiff's Request That Defendant Remove Essential Job Functions As An Accommodation Is *Per Se* Unreasonable.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 1-30, as if set forth herein. | Response: <br> Plaintiff incorporates by reference his responses to SSUF Nos. 1-30. <br><br> Plaintiff disputes that his requested accommodation required the removal of an essential job function or was unreasonable as a matter of law. The premise of Defendant's argument— that driving shuttle buses constitutes an essential function of every Watchman assignment—is itself disputed. <br><br> APMT's own PMK admitted that Plaintiff requested an accommodation exempting him from shuttle-bus assignments, that APMT granted the accommodation, and that the accommodation remained in place through Plaintiff's final day working at APMT. Sulzbach Dep. 66:8-18; 92:3-18. Sulzbach further admitted that Plaintiff was capable of performing his work while dispatched to APMT. Sulzbach Dep. 38:25-39:4. <br><br> Most significantly, Sulzbach testified that Plaintiff could perform duties at the ID-check post because Plaintiff's accommodation request related only to buses and not to those duties. Sulzbach Dep. 77:25-78:3. A reasonable jury could conclude from this testimony that Plaintiff was not seeking the elimination of an essential function of every Watchman assignment, but rather reassignment away from a specific subset of duties involving shuttle-bus operation. <br><br> The medical evidence likewise supports Plaintiff's position. Dr. Coleman repeatedly identified driving oversized vehicles such as vans and buses as the primary restriction while continuing to opine that Plaintiff could verify identification, conduct visual inspections |

80

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | with appropriate assistive devices, identify unauthorized individuals, and function safely and effectively at work if provided appropriate accommodations. Coleman Dep. 17:6-18:6; 27:1-11; 54:15-20; 54:23-55:3. |
| | Moreover, APMT's own conduct undermines its argument. Rather than treating Plaintiff's request as per se unreasonable, APMT implemented the accommodation and allowed Plaintiff to continue working under it for months. Sulzbach Dep. 66:8-18; 92:3-18. A reasonable jury could conclude that Defendant's implementation of the accommodation is evidence that the accommodation was feasible, effective, and reasonable. |
| | Accordingly, genuine disputes of material fact exist regarding whether the requested accommodation removed an essential function, whether driving shuttle buses was an essential function of every Watchman assignment, and whether Plaintiff's requested accommodation was reasonable. |

Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

81

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

**Issue 10: Plaintiff's Third Cause Of Action Against APMT For Failure To Accommodate In Violation Of The ADA And FEHA Fails As A Matter Of Law Because APMT Provided Temporary Accommodations.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 45.    At the conclusion of the May 11, 2023 meeting, Mr. Naumovski allowed Plaintiff to not be assigned to the shuttle bus position while working at APMT, pending decision from the JPWLRC.<br><br>(Pl. Dep. 207:10-208:2, Ex. 10.) | Response to Fact No. 45: Undisputed in part; disputed in part.<br>Plaintiff does not dispute that, following the May 11, 2023 meeting with Steve Naumovski and Matthew Fresenius, APMT permitted Plaintiff to avoid shuttle-bus assignments while his accommodation request was under consideration. Plaintiff further does not dispute that he was not assigned to drive the shuttle bus while working at APMT from May 2023 until he was placed on nondispatch status. Greene Dep. 207:10-208:8.<br>Plaintiff disputes any implication that this accommodation was insignificant, ineffective, or resolves his failure-to-accommodate claim as a matter of law. APMT's own PMK admitted that APMT conducted an interactive process with Plaintiff, granted Plaintiff's request not to drive shuttle buses, and allowed Plaintiff to continue working under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:6-25. Sulzbach further admitted that Plaintiff was capable of performing his work while the accommodation was in place. Sulzbach Dep. 38:25-39:4.<br>The record further reflects that APMT held only one direct interactive-process meeting with Plaintiff and could not identify any subsequent interactive-process meetings. Sulzbach Dep. 67:4-7. A reasonable jury could conclude that while APMT initially provided an accommodation, it never engaged in a meaningful ongoing effort to determine whether that accommodation should continue or whether additional accommodations were available.<br>Moreover, Plaintiff's inability to continue dispatching to APMT arose after the |

82

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
|  | August 2023 parking lot incident and resulting nondispatch status, not because the accommodation proved ineffective. Sulzbach Dep. 73:24-74:18; 92:14-25. |
|  | Accordingly, while Plaintiff does not dispute that APMT provided the accommodation, Plaintiff disputes Defendant's characterization of the significance and legal effect of that fact. |
|  | Declaration of Hernandez ¶ 11, Ex.I |
|  | Declaration of Hernandez ¶ 12, Ex.J |
|  | Declaration of Hernandez ¶ 13, Ex.K |
|  | Declaration of Hernandez ¶ 14, Ex.L |
|  | Declaration of Hernandez ¶ 16, Ex.N |
|  | Declaration of Hernandez ¶ 17, Ex.O |

45. Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

| 46. Plaintiff admitted that from May 11, 2023 through the date he was placed on the non-dispatch list for APMT, he was not assigned to drive the shuttle bus. (Pl. Dep. 207:22-208:8; 280:17-21.) | Response to Fact No. 46: Undisputed in part; disputed in part. |
|  | Plaintiff does not dispute that from May 11, 2023 until he was placed on nondispatch status, he was not assigned to drive the shuttle bus while working at APMT. Greene Dep. 207:22-208:8; 280:17-21. Plaintiff further does not dispute that APMT accommodated his request not to drive shuttle buses during that period. Sulzbach Dep. 66:13-16; 92:6-13. |
|  | Plaintiff disputes any implication that this fact resolves his accommodation claims |

83

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | or demonstrates that APMT fully satisfied its obligations under the ADA and FEHA. The record reflects that the accommodation remained in place through Plaintiff's final day working at APMT and that Plaintiff continued dispatching to APMT throughout the accommodation period. Sulzbach Dep. 92:14-25. APMT's own PMK further admitted that Plaintiff was capable of performing his work while the accommodation was in place. Sulzbach Dep. 38:25-39:4. |
| | Moreover, APMT's PMK admitted that APMT held only one direct interactive-process meeting with Plaintiff and could not identify any subsequent interactive-process meetings. Sulzbach Dep. 67:4-7. A reasonable jury could conclude that while APMT initially implemented the accommodation, it failed to engage in an ongoing, good-faith effort to determine whether the accommodation should continue or whether additional accommodations were available. |
| | The record further reflects that Plaintiff's inability to continue dispatching to APMT arose after the August 2023 parking lot incident and resulting nondispatch status, not because the accommodation proved ineffective or because Plaintiff was unable to perform available work. Sulzbach Dep. 73:24-74:18. Indeed, as of the PMK deposition, Plaintiff remained unable to dispatch to APMT because APMT and Local 26 had not agreed upon a penalty, not because the accommodation had failed. Sulzbach Dep. 73:24-74:18. |
| | Accordingly, while Plaintiff does not dispute that he was not assigned shuttle-bus duties after May 11, 2023, Plaintiff disputes Defendant's characterization of the significance and legal effect of that fact. |
| | Declaration of Hernandez ¶ 11, Ex.I |
| | Declaration of Hernandez ¶ 12, Ex.J |
| | Declaration of Hernandez ¶ 13, Ex.K |
| | Declaration of Hernandez ¶ 14, Ex.L |

84

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Declaration of Hernandez ¶ 16, Ex.N<br>Declaration of Hernandez ¶ 17, Ex.O |

46.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

| | |
|---|---|
| 47.    Between May 12, 2023 and August 22, 2023, Plaintiff continued to accept dispatches to APMT, and APMT temporarily accommodated Plaintiff by not assigning him to the shuttle bus position.<br><br>(Sulzbach Dep. 92:3-18; Pl. Dep. 280:12-21.) | Response to Fact No. 47: Undisputed in part; disputed in part.<br><br>Plaintiff does not dispute that between May 2023 and August 22, 2023, he continued to accept dispatches to APMT and that APMT accommodated his request not to be assigned to shuttle-bus duties. Sulzbach Dep. 92:3-18; Greene Dep. 280:12-21.<br><br>Plaintiff disputes Defendant's characterization of the accommodation as legally sufficient to satisfy APMT's obligations under the ADA and<br><br>FEHA. The record reflects that the accommodation was effective in practice. APMT's own PMK admitted that Plaintiff was capable of performing his work while the accommodation was in place.<br><br>Sulzbach Dep. 38:25-39:4. Sulzbach further testified that Plaintiff could those duties. Sulzbach Dep. 77:25-78:3.<br><br>The record further reflects that APMT held only one direct interactive-process meeting with Plaintiff and could not identify any subsequent interactive-process meetings. Sulzbach Dep. 67:4-7. A reasonable jury could conclude that APMT implemented a temporary |

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
|  | accommodation but failed to engage in an ongoing, good-faith effort to determine whether that accommodation should continue or whether additional accommodations were available. |
|  | Moreover, Plaintiff's inability to continue dispatching to APMT arose after the August 2023 parking lot incident and resulting nondispatch status, not because the accommodation proved ineffective or because Plaintiff was unable to perform available work. Sulzbach Dep. 73:24-74:18. Indeed, APMT's own PMK admitted that Plaintiff remained unable to dispatch because APMT and Local 26 had not agreed upon a penalty, not because the accommodation had failed. Sulzbach Dep. 73:24-74:18. |
|  | Accordingly, while Plaintiff does not dispute that APMT accommodated his request not to drive shuttle buses during this period, Plaintiff disputes Defendant's characterization of the significance and legal effect of that fact. |
|  | Declaration of Hernandez ¶ 11, Ex.I |
|  | Declaration of Hernandez ¶ 12, Ex.J |
|  | Declaration of Hernandez ¶ 13, Ex.K |
|  | Declaration of Hernandez ¶ 14, Ex.L |
|  | Declaration of Hernandez ¶ 16, Ex.N |
|  | Declaration of Hernandez ¶ 17, Ex.O |

47.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

86

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

## PLAINTIFF'S FOURTH CAUSE OF ACTION

### Issue 11:  Plaintiff's Fourth Cause Of Action Against APMT For Failure To Engage In The Interactive Process In Violation Of The ADA And FEHA Fails As A Matter Of Law Because Plaintiff Cannot Perform The Essential Functions Of The Watchman Position With Or Without Reasonable Accommodation.

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
| --- | --- |
| Defendant incorporates herein SSUF Nos. 1-30, as if set forth herein. | Response: Disputed<br><br>Plaintiff incorporates by reference his responses to SSUF Nos. 1-30. Plaintiff disputes that he could not perform the essential functions of the Watchman position with reasonable accommodation. For the reasons set forth in Plaintiff's response to Issue No. 7, genuine disputes of material fact exist regarding the essential functions of available Watchman assignments, Plaintiff's ability to perform those assignments with accommodation, and the effectiveness of the accommodations that were actually implemented.<br><br>Moreover, Plaintiff disputes that APMT satisfied its obligations under the interactive-process requirements of the ADA and FEHA. APMT's own PMK admitted that APMT conducted an interactive process meeting with Plaintiff on May 11, 2023 and granted Plaintiff's request not to drive shuttle buses. Sulzbach Dep. 66:8-18. However, Sulzbach further admitted that he could not identify any subsequent interactive-process meetings between APMT and Plaintiff. Sulzbach Dep. 67:4-7.<br><br>The record reflects that the accommodation was effective in practice. APMT's own PMK admitted that Plaintiff was capable of performing his work while dispatched to APMT. Sulzbach Dep. 38:25-39:4. Sulzbach further testified that Plaintiff could perform duties at the ID-check post because Plaintiff's accommodation request related only to buses and not to those duties. Sulzbach Dep. 77:25-78:3. APMT continued the accommodation through Plaintiff's final |

87

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | day working at APMT. Sulzbach Dep. 92:14-25. |
| | A reasonable jury could conclude that APMT's obligation did not end after a single meeting and a temporary accommodation. The evidence would permit a finding that APMT failed to engage in a meaningful ongoing process to determine whether the accommodation should continue, whether additional accommodations were available, or whether Plaintiff could continue working in available assignments consistent with his restrictions. |
| | The medical evidence further creates factual disputes regarding the adequacy of APMT's process. Plaintiff's treating ophthalmologist repeatedly opined that Plaintiff could perform multiple Watchman functions and function safely and effectively at work with accommodations, while APMT later relied upon contrary opinions from Dr. Deutsch. Coleman Dep. 27:1-11; 54:15-20; 54:23-55:3. APMT's PMK admitted that he did not know whether Plaintiff consented to the examination, whether Plaintiff was physically examined, or the details of the examination itself. Sulzbach Dep. 121:7-12; 122:17-19; 123:20-21. |
| | Accordingly, genuine disputes of material fact exist regarding both Plaintiff's ability to perform available work with accommodation and whether APMT fulfilled its interactive-process obligations under the ADA and FEHA. Summary adjudication of Issue No. 11 is therefore improper. |
| | Declaration of Hernandez ¶ 11, Ex.I |
| | Declaration of Hernandez ¶ 12, Ex.J |
| | Declaration of Hernandez ¶ 13, Ex.K |
| | Declaration of Hernandez ¶ 14, Ex.L |
| | Declaration of Hernandez ¶ 16, Ex.N |
| | Declaration of Hernandez ¶ 17, Ex.O |

Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca,*

88

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").<br><br>Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). | |

**Issue 12:  Plaintiff's Fourth Cause Of Action Against APMT For Failure To Engage In The Interactive Process In Violation Of The ADA And FEHA Fails As A Matter Of Law Because Plaintiff Cannot Identify Any Actual, Available Accommodation That Could Have Arisen From The Interactive Process That Would Have Allowed Him To Perform All Of The Essential Job Duties Of A Watchman.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 1-30, as if set forth herein. | Response: Disputed<br><br>Plaintiff incorporates by reference his responses to SSUF Nos. 1-30. Plaintiff disputes that he could not perform the essential functions of the Watchman position with reasonable accommodation. For the reasons set forth in Plaintiff's response to Issue No. 7, genuine disputes of material fact exist regarding the essential functions of available Watchman assignments, Plaintiff's ability to perform those assignments with accommodation, and the effectiveness of the accommodations that were actually implemented.<br><br>Moreover, Plaintiff disputes that APMT satisfied its obligations under the interactive-process requirements of the ADA and FEHA. APMT's own PMK admitted that APMT conducted an interactive process meeting with Plaintiff on May 11, 2023 and granted Plaintiff's request not to drive shuttle buses. |

89

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Sulzbach Dep. 66:8-18. However, Sulzbach further admitted that he could not identify any subsequent interactive-process meetings between APMT and Plaintiff. Sulzbach Dep. 67:4-7. |
| | The record reflects that the accommodation was effective in practice. APMT's own PMK admitted that Plaintiff was capable of performing his work while dispatched to APMT. Sulzbach Dep. 38:25-39:4. Sulzbach further testified that Plaintiff could perform duties at the ID-check post because Plaintiff's accommodation request related only to buses and not to those duties. Sulzbach Dep. 77:25-78:3. APMT continued the accommodation through Plaintiff's final day working at APMT. Sulzbach Dep. 92:14-25. |
| | A reasonable jury could conclude that APMT's obligation did not end after a single meeting and a temporary accommodation. The evidence would permit a finding that APMT failed to engage in a meaningful ongoing process to determine whether the accommodation should continue, whether additional accommodations were available, or whether Plaintiff could continue working in available assignments consistent with his restrictions. |
| | The medical evidence further creates factual disputes regarding the adequacy of APMT's process. Plaintiff's treating ophthalmologist repeatedly opined that Plaintiff could perform multiple Watchman functions and function safely and effectively at work with accommodations, while APMT later relied upon contrary opinions from Dr. Deutsch. Coleman Dep. 27:1-11; 54:15-20; 54:23-55:3. APMT's PMK admitted that he did not know whether Plaintiff consented to the examination, whether Plaintiff was physically examined, or the details of the examination itself. Sulzbach Dep. 121:7-12; 122:17-19; 123:20-21. |
| | Accordingly, genuine disputes of material fact exist regarding both Plaintiff's ability to perform available work with |

90

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | accommodation and whether APMT fulfilled its interactive-process obligations under the ADA and FEHA. Summary adjudication of Issue No. 11 is therefore improper. |
| | Declaration of Hernandez ¶ 11, Ex.I |
| | Declaration of Hernandez ¶ 12, Ex.J |
| | Declaration of Hernandez ¶ 13, Ex.K |
| | Declaration of Hernandez ¶ 14, Ex.L |
| | Declaration of Hernandez ¶ 16, Ex.N |
| | Declaration of Hernandez ¶ 17, Ex.O |
| | Declaration of Enoch Greene ¶ 48, Ex.B, |
| | Declaration of Enoch Greene ¶ 49, Ex.C, |
| | Declaration of Enoch Greene ¶ 50, Ex.D |
| | Declaration of Enoch Greene ¶ 68, Ex.V |

Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Issue 13:  Plaintiff's Fourth Cause Of Action Against APMT For Failure To Engage In The Interactive Process In Violation Of The ADA And FEHA Fails As A Matter Of Law Because APMT Engaged In The Interactive Process And Provided Temporary Accommodations.**

91

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
| --- | --- |
| Defendant incorporates herein SSUF Nos. 45-47, as if set forth herein. | Response: Disputed<br><br>Plaintiff incorporates herein DMF Nos. 45-47, as if set forth herein.<br><br>Declaration of Hernandez ¶ 11, Ex.I<br><br>Declaration of Hernandez ¶ 12, Ex.J<br><br>Declaration of Hernandez ¶ 13, Ex.K<br><br>Declaration of Hernandez ¶ 14, Ex.L<br><br>Declaration of Hernandez ¶ 16, Ex.N<br><br>Declaration of Hernandez ¶ 17, Ex.O<br><br>Declaration of Enoch Greene ¶ 48, Ex.B,<br><br>Declaration of Enoch Greene ¶ 49, Ex.C,<br><br>Declaration of Enoch Greene ¶ 50, Ex.D<br><br>Declaration of Enoch Greene ¶ 68, Ex.V |

Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

## PLAINTIFF'S FIFTH CAUSE OF ACTION

**Issue 14: Plaintiff's Fifth Cause Of Action Against APMT For Retaliation Fails As A Matter Of Law Because Plaintiff Cannot Establish A Causal Link Between His Alleged Protected Activity And Any Adverse Employment Action By APMT.**

92

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 1-47, as if set forth herein. | Response: Disputed<br><br>Plaintiff incorporates by reference his responses to SSUF Nos. 45-47.<br><br>Plaintiff does not dispute that APMT engaged in an interactive process with Plaintiff on May 11, 2023 or that APMT initially provided an accommodation exempting Plaintiff from shuttle-bus assignments. Plaintiff disputes that those facts establish, as a matter of law, that APMT fully satisfied its obligations under the ADA and FEHA.<br><br>APMT's own PMK admitted that APMT conducted an interactive process meeting with Plaintiff, granted Plaintiff's request not to drive shuttle buses, and permitted Plaintiff to continue working under that accommodation through August 2023. Sulzbach Dep. 66:8-18; 92:6-25. However, Sulzbach further admitted that he could not identify any subsequent interactive-process meetings between APMT and Plaintiff. Sulzbach Dep. 67:4-7.<br><br>A reasonable jury could conclude that APMT's obligations did not end after a single meeting and a temporary accommodation. The record reflects that the accommodation was effective in practice. APMT's own PMK admitted that Plaintiff was capable of performing his work while accommodated. Sulzbach Dep. 38:25-39:4. Sulzbach further testified that Plaintiff could perform duties at the ID-check post because Plaintiff's accommodation request related only to buses and not to those duties. Sulzbach Dep. 77:25-78:3.<br><br>Moreover, the accommodation process effectively ended when Plaintiff was placed on nondispatch status following the August 2023 parking lot incident. Sulzbach admitted that Plaintiff unable to dispatch to APMT because APMT and Local 26 had not agreed upon a penalty, not because the accommodation had failed or because Plaintiff was unable to perform available work. Sulzbach Dep. 73:24-74:18. A reasonable jury could |

93

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | conclude that APMT failed to engage in any meaningful ongoing dialogue regarding accommodations after Plaintiff was removed from dispatch. |
| | The record also reflects disputed issues regarding the medical information relied upon by APMT. Plaintiff's treating ophthalmologist repeatedly opined that Plaintiff could perform multiple Watchman functions and function safely and effectively at work with accommodations. Coleman Dep. 27:1-11; 54:15-20; 54:23-55:3. By contrast, APMT later relied upon he opinions of Dr. Deutsch. APMT's own PMK admitted that he did not know whether Plaintiff consented to the examination, whether Plaintiff was physically examined, or the details of the examination itself. Sulzbach Dep. 121:7-12; 122:17-19; 123:20-21. |
| | Accordingly, while Plaintiff does not dispute that APMT initially engaged in the interactive process and provided an accommodation, genuine disputes of material fact exist regarding whether APMT fulfilled its continuing obligations under the ADA and FEHA and whether the interactive process was adequate under the circumstances. |

Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

/ / /

/ / /

/ / /

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

**Issue 15:  Plaintiff's Fifth Cause Of Action Against APMT For Retaliation Fails As A Matter Of Law Because APMT Had A Legitimate, Non-Retaliatory Reason For The Alleged Adverse Employment Action, And Plaintiff Has No Specific Or Substantial Evidence Of Pretext.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 1-47, as if set forth herein. | Response: Disputed<br><br>Plaintiff incorporates by reference his responses to SSUF Nos. 1-47. Plaintiff disputes that APMT has established a legitimate, nonretaliatory reason for its actions as a matter of law or that Plaintiff lacks specific and substantial evidence of pretext. The record contains ample evidence from which a reasonable jury could conclude that APMT's stated reasons are not the complete explanation for its actions.<br><br>The chronology itself creates a triable issue. Plaintiff disclosed his disability, requested accommodations, participated in the interactive process, and obtained an accommodation exempting him from shuttle-bus assignments. APMT's own PMK admitted that APMT granted the accommodation, maintained it through Plaintiff's final day working at APMT, and understood that Plaintiff was capable of performing his work while accommodated. Sulzbach Dep. 38:25-39:4; 66:8-18; 92:6-25.<br><br>A reasonable jury could conclude that APMT's later actions were inconsistent with its earlier conduct. After accommodating Plaintiff and permitting him to continue working, APMT placed Plaintiff on nondispatch following an off-duty parking lot incident involving personal vehicles. Plaintiff testified that he had already been relieved from duty, was off duty, and was operating his personal vehicle at the time of the incident. Greene Dep. 31:1-3; 32:1-22. Plaintiff further testified that he was initially informed that the matter was resolved and that he could return to work. Greene Dep.31:24-32:16; 35:7-15. |

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
|  | The record also contains evidence of disparate treatment and selective enforcement. APMT's PMK admitted that he was not aware of any other Local 26 member who had received an Employer complaint arising from a parking lot accident and testified that such incidents were not typically the subject of employer complaints. Sulzbach Dep. 42:10-12; 43:12-17. A reasonable jury could view this evidence as undermining APMT's asserted justification. |
|  | Moreover, substantial evidence calls into question the thoroughness and reliability of APMT's investigation and decision-making process. Sulzbach admitted that he did not view the accident video until more than two years after the incident, had never seen photographs of the vehicles until his deposition, and had no personal knowledge whether Plaintiff was provided witness statements, allowed to question witnesses, or provided the video during the complaint proceedings. Sulzbach Dep. 44:22-23; 78:23; 79:11-12; 124:6-12; 124:14-125:1; 125:12-16. |
|  | Finally, Plaintiff's protected activity and the challenged actions occurred within a continuous sequence beginning with Plaintiff's accommodation requests and continuing through the employer complaint and nondispatch process. A reasonable jury could conclude from the totality of the evidence that APMT's stated reasons are disputed and that retaliation was a motivating factor in the challenged actions. |
|  | Accordingly, summary adjudication of Issue No. 15 is improper. |

Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). | |

### PLAINTIFF'S SIXTH CAUSE OF ACTION

### Issue 16: Plaintiff's Sixth Cause Of Action Against APMT For Wrongful Termination In Violation Of Public Policy Fails As A Matter Of Law Because It Is Purely Derivative Of Plaintiff's Underlying Claims For Disability Discrimination And Retaliation, And Thus Fails For The Same Reasons.

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 1-47, as if set forth herein. | Disputed<br><br>Plaintiff incorporates by reference his responses to SSUF Nos. 1-47 and his responses to Issues 1 through 15. Plaintiff does not dispute that his wrongful-termination claim is based upon the same underlying public policies that support his disability discrimination, failure-to-accommodate, failure-to-engage-in-the-interactive-process, harassment, and retaliation claims. Plaintiff disputes, however, Defendant's assertion that those underlying claims fail as a matter of law.<br><br>As set forth above, genuine disputes of material fact exist regarding whether Plaintiff was capable of performing available Watchman assignments with reasonable accommodation, whether APMT fulfilled its accommodation and interactive-process obligations, whether APMT's stated reasons for its actions were pretextual, and whether Plaintiff was subjected to disability related discrimination, harassment, and retaliation.<br><br>The record contains evidence that APMT accommodated Plaintiff's request not to drive shuttle buses, permitted Plaintiff to continue working under that accommodation, and understood that Plaintiff was capable of performing his |

97

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | work while accommodated. Sulzbach Dep. 38:25- 39:4; 66:8-18; 92:6-25. The record further contains evidence of disputed medical opinions, disputed investigations, disputed disciplinary actions, and disputed motives underlying APMT's nondispatch decision. |
| | Because Plaintiff's underlying statutory claims present genuine disputes of material fact, Defendant is not entitled to summary adjudication of Plaintiff's derivative wrongful termination claim. |
| | Accordingly, summary adjudication of Issue No. 16 is improper. |

Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

## PLAINTIFF'S PRAYER FOR RELIEF—PUNITIVE DAMAGES

**Issue 17: Plaintiff's Request For Punitive Damages Fails As A Matter Of Law Because No APMT Officer, Director, Or Managing Agent Personally Engaged In Oppressive, Fraudulent, Or Malicious Conduct Against Plaintiff.**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant incorporates herein SSUF Nos. 1-47, as if set forth herein. | Response: Disputed |
| | Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and is hearsay. |
| | Plaintiff incorporates by reference his responses to SSUF Nos. 1-47 and his responses to Issues 1 through 16. |

98

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Plaintiff disputes that Defendant has established, as a matter of law, that no officer, director, or managing agent engaged in, authorized, ratified, or approved the conduct at issue. Genuine disputes of material fact remain regarding the authority exercised by APMT personnel involved in Plaintiff's accommodation requests, disciplinary proceedings, nondispatch status, and related decisions. |
| | The record reflects that Steve Naumovski, APMT's Director of Labor Relations, participated directly in the May 11, 2023 interactive process meeting, approved Plaintiff's accommodation, and exercised authority concerning Plaintiff's ability to continue working at APMT. Greene Dep. 207:10-208:8; Sulzbach Dep. 66:8-18. The record further reflects that APMT management personnel participated in the decisions surrounding Plaintiff's employer complaint, nondispatch status, and the handling of Plaintiff's complaints regarding harassment and dissemination of information concerning his disability. Sulzbach Dep. 50:6-23; 53:1-24; 73:24-74:18. |
| | Moreover, substantial factual disputes remain regarding Defendant's motives, the adequacy of its investigations, the treatment of Plaintiff's accommodation requests, the handling of Plaintiff's complaints, and whether Defendant's stated justifications were pretextual. A reasonable jury could conclude that APMT's conduct was not merely mistaken but reflected conscious disregard of Plaintiff's rights. |
| | At a minimum, the present record does not establish as a matter of law that punitive damages are unavailable. Because genuine disputes of material fact remain concerning the conduct of APMT's decisionmakers and the nature of the challenged actions, summary adjudication of Plaintiff's punitive-damages request is improper. |

99

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Defendant's Response: Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion."). Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). | |
| 48.    Charles Gray has never been a member of APMT's Board of Directors, or an officer or managing agent of APMT. (Gray Decl., ¶ 7.) | Response to Fact No. 48: Disputed. Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and is hearsay. Plaintiff disputes that Defendant has established this fact as a matter of law. The cited evidence consists solely of Charles Gray's self-serving declaration. The record contains little competent evidence regarding the scope of Mr. Gray's authority, responsibilities, discretionary decision-making authority, or role within APMT's management structure. APMT's own PMK testified that Mr. Gray served as APMT's Safety Manager and exercised substantial authority with respect to workplace safety matters, accident investigations, employee complaints, and decisions affecting employees. Sulzbach Dep. 50:6-23; 53:1-24. The record further reflects that Mr. Gray reviewed accident footage, conducted investigations, communicated with management regarding employee discipline, participated in decisions affecting Plaintiff's ability to continue working, and served as APMT's primary representative in addressing the August 2023 incident. Sulzbach Dep. 44:22-23; 50:6-23. Moreover, APMT relied upon Mr. Gray's account in evaluating and rejecting |

100

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
|  | Plaintiff's complaints concerning harassment and dissemination of information about Plaintiff. Sulzbach Dep. 50:6-23; 53:1-24; 55:5-6. A reasonable jury could conclude that Mr. Gray exercised significant discretionary authority on behalf of APMT.<br><br>Accordingly, Plaintiff disputes Defendant's characterization of Mr. Gray's status and authority and disputes that Defendant has conclusively established the absence of a managing-agent issue for purposes of summary adjudication. |

48.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact.  *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3.  *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**<u>Response to Plaintiff's Objections:</u>**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

| | |
|---|---|
| 49.    Charles Gray has no authority or control over APMT's corporate conduct. | Response to Fact No. 49: Disputed. |

101

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| (Gray Decl., ¶ 7.) | Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and is hearsay. |
| | Plaintiff disputes this fact. The cited evidence consists solely of Charles Gray's conclusory self-serving declaration and does not establish, as a matter of law, the scope of Mr. Gray's authority within APMT. |
| | The record reflects that Mr. Gray served as APMT's Safety Manager and exercised substantial authority with respect to workplace safety matters, accident investigations, employee complaints, and decisions affecting employees. Sulzbach Dep. 44:22-23; 50:6-23. APMT's own PMK testified that Mr. Gray reviewed accident footage, participated in investigations, communicated with management regarding employee discipline, and played a central role in the events leading to Plaintiff's employer complaint and nondispatch status. Sulzbach Dep. 44:22-23; 50:6-23; 53:1-24. |
| | The record further reflects that APMT relied upon information supplied by Mr. Gray in evaluating and rejecting Plaintiff's complaints concerning harassment and dissemination of information about Plaintiff. Sulzbach Dep. 50:6-23; 53:1-24; 55:5-6. A reasonable jury could conclude that Mr. Gray exercised significant discretionary authority on behalf of APMT in matters affecting employees and workplace operations. |
| | Accordingly, Plaintiff disputes Defendant's characterization of Mr. Gray's authority and disputes that Defendant has conclusively established the absence of meaningful managerial authority for purposes of summary adjudication. |

49.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion."). Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). **<u>Response to Plaintiff's Objections:</u>** Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 50.    Charles Gray has never had authority to create, determine, deviate from, and/or guide APMT's corporate policies. The authority to make decisions that ultimately determine corporate policy has always rested with executive employees at higher levels of the organization. (Gray Decl., ¶ 7.) | Response to Fact No. 50: Disputed. Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and is hearsay. Plaintiff disputes this fact. The cited evidence consists solely of Charles Gray's conclusory declaration regarding the scope of his authority and does not establish, as a matter of law, that Mr. Gray lacked authority to influence, implement, interpret, or carry out APMT policies affecting employees. The record reflects that Mr. Gray served as APMT's Safety Manager and exercised substantial discretion with respect to accident investigations, workplace safety matters, employee complaints, and matters affecting employees' ability to continue working. Sulzbach Dep. 44:22-23; 50:6-23. APMT's own PMK testified that Mr. Gray reviewed accident footage, participated in investigations, communicated with management |

103

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
|  | regarding disciplinary matters, and played a central role in the events leading to Plaintiff's employer complaint and nondispatch status. Sulzbach Dep. 44:22-23; 50:6-23; 53:1-24. |
|  | The record further reflects that APMT relied upon information supplied by Mr. Gray in evaluating and rejecting Plaintiff's complaints concerning harassment and dissemination of information about Plaintiff. Sulzbach Dep. 50:6-23; 53:1-24; 55:5-6. A reasonable jury could conclude that Mr. Gray exercised significant discretionary authority on behalf of APMT in implementing and carrying out company decisions affecting employees. |
|  | Accordingly, Plaintiff disputes Defendant's characterization of Mr. Gray's authority and disputes that Defendant has conclusively established the absence of managerial or policy-related authority for purposes of summary adjudication. |

50.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash*., 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

104

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept*., 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 51.    Charles Gray has never had oversight in widespread personnel decisions or resource allocation for APMT company-wide. (Gray Decl., ¶ 7.) | Response to Fact No. 51: Disputed. Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and is hearsay. Plaintiff disputes this fact. The cited evidence consists solely of Charles Gray's conclusory declaration and does not establish, as a matter of law, the scope of his authority, discretion, or managerial responsibilities within APMT. APMT's own PMK testified that Mr. Gray served as APMT's Safety Manager and exercised substantial discretion with respect to accident investigations, workplace safety matters, employee complaints, and decisions affecting employees. Sulzbach Dep. 44:22-23; 50:6-23. The record further reflects that Mr. Gray reviewed accident footage, controlled access to investigative materials, participated in investigations, communicated with management regarding employee discipline, and played a central role in the events leading to Plaintiff's employer complaint and nondispatch status. Sulzbach Dep. 44:22-23; 50:6-23; 53:1-24. Moreover, APMT has not produced organizational charts, job descriptions, delegation-of-authority documents, or other competent evidence establishing the actual scope of Mr. Gray's authority. Nor has APMT presented evidence sufficient to establish that Mr. Gray lacked substantial discretionary authority over significant aspects of APMT's business operations. Accordingly, Plaintiff disputes Defendant's characterization of Mr. Gray's authority and disputes that Defendant has conclusively established the absence of managerial or policy-level |

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | authority for purposes of summary adjudication. |

51. Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 52. Clayton Brown, Steve Naumovski, and Matt Fresenius, have never been a member of APMT's Board of Directors, or an officer or managing agent of APMT. (Sulzbach Decl., ¶ 25.) | Response to Fact No. 52: Disputed. Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and is hearsay. Plaintiff does not dispute that Clayton Brown, Steve Naumovski, and Matt Fresenius were not members of APMT's Board of Directors. Plaintiff disputes Defendant's assertion that these individuals were not officers or managing agents of APMT. The cited evidence consists solely of a conclusory declaration and does not establish, as a matter of law, the scope of |

106

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
|  | authority exercised by these individuals. The record reflects that Steve Naumovski served as APMT's Director of Labor Relations and personally participated in Plaintiff's meeting and the implementation of Plaintiff's accommodation. Greene Dep. 207:10-208:8; Sulzbach Dep. 66:8-18. The record further reflects that Naumovski exercised authority concerning employee accommodations, employee complaints, workplace investigations, and matters affecting Plaintiff's ability to continue working at APMT. Sulzbach Dep. 50:6-23; 53:1-24; 66:8-18; 73:24-74:18. |
|  | Similarly, Matt Fresenius participated directly in the interactive-process meeting concerning Plaintiff's accommodation request and exercised authority in labor-relations matters affecting employees. Greene Dep. 207:10-208:8; Sulzbach Dep. 67:1-3. |
|  | Moreover, APMT has not produced organizational charts, job descriptions, delegation-of-authority documents, or other competent evidence establishing the actual scope of authority exercised by these individuals. A reasonable jury could conclude that one or more of these individuals exercised substantial discretionary authority over significant aspects of APMT's business operations and employee relations. |
|  | Accordingly, Plaintiff disputes Defendant's characterization of the authority and status of these individuals and disputes that Defendant has conclusively established the absence of managing-agent status for purposes of summary adjudication. |

52.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

107

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").<br><br>**Response to Plaintiff's Objections:**<br><br>Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")<br><br>Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 53.   Clayton Brown, Steve Naumovski, and Matt Fresenius have no authority or control over APMT's corporate conduct.<br><br>(Sulzbach Decl., ¶ 25.) | Response to Fact No. 53: Disputed.<br><br>Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and is hearsay.<br><br>Plaintiff disputes this fact. The cited evidence consists solely of a conclusory declaration and does not establish, as a matter of law, that Clayton Brown, Steve Naumovski, and Matt Fresenius lacked authority or control over significant aspects of APMT's business operations.<br><br>APMT's own PMK testified that Steve Naumovski served as APMT's Labor Relations Director and reported directly to Sulzbach. Sulzbach Dep. 67:1-3. The record further reflects that Naumovski exercised authority over employee accommodations, labor-relations matters, workplace investigations, and employee complaints. Naumovski personally participated in Plaintiff's interactive-process meeting, approved Plaintiff's accommodation, represented APMT at LRC proceedings, and participated in decisions affecting Plaintiff's ability to continue working. Greene Dep. 207:10-208:8; Sulzbach Dep. 50:6-23; 53:1-24; 66:8-18. |

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Similarly, Matt Fresenius served as APMT's Labor Relations Manager, participated directly in Plaintiff's accommodation process, and represented APMT in proceedings concerning Plaintiff's employment status and accommodation requests. Sulzbach Dep. 67:1-3; 91:16-22. |
| | The record further reflects that Clayton Brown served as one of APMT's Safety Managers, received Plaintiff's accommodation-related communications, participated in matters concerning Plaintiff's accommodation requests, and exercised authority concerning workplace safety and employee conduct. Sulzbach Dep. 91:16-22. |
| | Moreover, APMT has not produced organizational charts, delegation-of-authority documents, job descriptions, or other competent evidence establishing the actual scope of authority exercised by these individuals. A reasonable jury could conclude that one or more of these individuals exercised substantial discretionary authority over significant aspects of APMT's business operations and employee relations. |
| | Accordingly, Plaintiff disputes Defendant's characterization of the authority exercised by these individuals and disputes that Defendant has conclusively established the absence of managing-agent status for purposes of summary adjudication. |

53.     Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to

109

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). | |

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties.").

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 54.    Clayton Brown, Steve Naumovski, and Matt Fresenius have never had authority to create, determine, deviate from, and/or guide APMT's corporate policies. The authority to make decisions that ultimately determine corporate policy has always rested with executive employees at higher levels of the organization.<br><br>(Sulzbach Decl., ¶ 25.) | Response to Fact No. 54: Disputed.<br><br>Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and is hearsay.<br><br>Plaintiff disputes this fact. The cited evidence consists solely of a conclusory declaration regarding the authority and responsibilities of Clayton Brown, Steve Naumovski, and Matt Fresenius. The declaration does not establish, as a matter of law, that these individuals lacked authority to implement, interpret, influence, or carry out APMT policies affecting employees.<br><br>APMT's own PMK testified that Steve Naumovski served as APMT's Labor Relations Director and reported directly to Sulzbach. Sulzbach Dep. 67:1-3. The record further reflects that Naumovski exercised substantial discretion regarding employee accommodations, labor-relations matters, workplace investigations, and employee complaints. Naumovski personally participated in Plaintiff's interactive-process meeting, approved Plaintiff's accommodation, represented APMT at LRC proceedings, and participated in decisions affecting Plaintiff's ability to continue working. Greene Dep. 207:10-208:8; Sulzbach Dep. 50:6-23; 53:1-24; 66:8-18. |

110

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Similarly, Matt Fresenius served as APMT's Labor Relations Manager, participated directly in Plaintiff's accommodation process, and represented APMT in proceedings concerning Plaintiff's employment status and accommodation requests. Sulzbach Dep. 67:1-3; 91:16-22. Clayton Brown likewise served as one of APMT's Safety Managers and participated in matters concerning Plaintiff's accommodation requests and workplace issues. Sulzbach Dep. 91:16-22. |
| | The record further reflects that APMT leadership relied upon information, recommendations, and conclusions generated by these individuals in making decisions affecting Plaintiff's employment. Sulzbach Dep. 50:6-23; 53:1-24; 73:24-74:18. A reasonable jury could conclude that one or more of these individuals exercised substantial discretionary authority over significant aspects of APMT's |
| | business operations and employee relations. |
| | Moreover, APMT has not produced organizational charts, delegation-of-authority documents, job descriptions, or other competent evidence establishing the actual limits of these individuals' authority. Accordingly, Plaintiff disputes Defendant's characterization of their authority and disputes that Defendant has conclusively established the absence of managing-agent status for purposes of summary adjudication. |

54.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

111

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles."). **Response to Plaintiff's Objections:** Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept.*, 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). | |
| 55.    Clayton Brown, Steve Naumovski, and Matt Fresenius have never had oversight in widespread personnel decisions or resource allocation for APMT company-wide. (Sulzbach Decl., ¶ 25.) | Response to Fact No. 55: Disputed. Objection to UMF: The UMF improperly relies upon evidence that lacks foundation and is hearsay. Plaintiff disputes this fact. The cited evidence consists solely of a conclusory declaration regarding the authority exercised by Clayton Brown, Steve Naumovski, and Matt Fresenius and does not establish, as a matter of law, the scope of their responsibilities within APMT. The record reflects that Steve Naumovski served as APMT's Labor Relations Director and reported directly to Sulzbach. Sulzbach Dep. 67:1-3. Naumovski exercised authority over employee accommodations, labor-relations matters, workplace investigations, employee complaints, and proceedings affecting employees' ability to continue working. Greene Dep. 207:10-208:8; Sulzbach Dep. 50:6-23; 53:1-24; 66:8-18. The record further reflects that Matt Fresenius served as APMT's Labor Relations Manager and participated |

112

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | directly in matters involving Plaintiff's accommodation requests, employment status, and labor-relations proceedings. Sulzbach Dep. 67:1-3; 91:16-22. Clayton Brown likewise served as one of APMT's Safety Managers and participated in matters concerning Plaintiff's accommodation requests, workplace safety issues, and employee conduct. Sulzbach Dep. 91:16-22. |
| | Moreover, APMT has not produced organizational charts, delegation-of-authority documents, job descriptions, or other competent evidence establishing the actual limits of these individuals' authority. A reasonable jury could conclude that one or more of these individuals exercised substantial discretionary authority over significant aspects of APMT's operations and employee relations. |
| | Accordingly, Plaintiff disputes Defendant's characterization of the authority exercised by these individuals and disputes that Defendant has conclusively established the absence of significant managerial authority for purposes of summary adjudication. |

55.    Defendant's Response:

Plaintiff does not dispute this fact. Plaintiff's response is improper conclusory legal argument, which does not create triable issue of material fact. *See Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) ("[l]egal memoranda ... are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat [a] summary judgment motion.").

Plaintiff fails to provide a citation to contradictory evidence in the record as required by Fed. R. Civ. P. 56(c) and L.R. 56-3. *See Indep. Towers of Wash. v. Wash.*, 350 F. 3d 925, 929 (9th Cir. 2003) (in ruling on summary judgment, courts are not required to do the work of the plaintiff to find supporting evidence; "judges are not like pigs hunting for truffles.").

**Response to Plaintiff's Objections:**

Plaintiff's objection based on lack of foundation is unfounded. Plaintiff provides no specific argument as to what foundation is lacking or why the declarant would not have

113

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | personal knowledge of the facts asserted. *See* Fed. R. Civ. P. 56(a)(4) ("an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")<br><br>Plaintiff's hearsay objection is unfounded. Plaintiff provides no specific argument as to why the UMF improperly relies on inadmissible hearsay. *See Montoya v. Orange Cty. Sheriff's Dept*., 987 F.Supp.2d 981, (C.D. Cal. Aug. 13, 2013) ("the Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies – all without guidance from the parties."). |

DATED:  July 2, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/Dana L. Peterson*
    Clifford D. Sethness
    Dana L. Peterson
    David J. Kim
    Tabitha Kwon

    Attorneys for Defendant
    PACIFIC MARITIME ASSOCIATION

114

APMT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326657443v.2