SEYFARTH SHAW LLP
Clifford 'Seth' Sethness (SBN 212975)
csethness@seyfarth.com
601 S. Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile:   (213) 270-9601

Dana L. Peterson (SBN 178499)
dpeterson@seyfarth.com
David J. Kim (SBN 349802)
dakim@seyfarth.com
Tabitha Kwon (SBN 365915)
tkwon@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendants
PACIFIC MARITIME ASSOCIATION; LBCT
LLC; APM TERMINALS PACIFIC LLC;
TOTAL TERMINALS INTERNATIONAL, LLC;
SSA TERMINALS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOCH GREENE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LONG BEACH CONTAINER TERMINAL, INC. a Corporation; PACIFIC MARITIME ASSOCIATION, a California Nonprofit Corporation; APM TERMINALS PACIFIC LLC, a Limited Liability Company; ILWU LOCAL 26, Union; TOTAL TERMINALS INTERNATIONAL LLC, a Limited Liability Company; SSA TERMINALS LLC, Limited Liability Company; MATSON NAVIGATION COMPANY INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 5:25-cv-01359-KK-CTS<br><br>HON. KENLY KIYA KATO<br><br>**DEFENDANT APM TERMINALS PACIFIC LLC'S OBJECTIONS TO PLAINTIFF'S DECLARATION IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT [DKT NO. 103-3]**<br><br>Date:        July 16, 2026<br>Time:        9:30 a.m.<br>Location:    Courtroom 3<br><br>Complaint Filed:  June 2, 2025<br>FAC Filed:        June 20, 2025 |

APMT'S OBJECTIONS TO GREENE DECL ISO OPPOSITION TO MSJ

326938395v.2

Defendant APM TERMINALS PACIFIC LLC ("Defendant" or "APMT") hereby submits its Objections to Plaintiff Enoch Greene's ("Plaintiff") Declaration in Support of Opposition to Defendant APMT's Motion for Summary Judgment [Dkt No. 103-3]. Defendants respectfully request that the Court rule on its objections.

Statements in declarations or other evidence which is not admissible may be stricken by the Court. *FDIC v. New Hampshire Ins. Co.*, 953 F.2d 478, 484 (9th Cir. 1991). "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

Courts may reject self-serving declarations that are uncorroborated or contradicted by other credible evidence. *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1061 (9th Cir. 2002) (self-serving declarations uncorroborated by other testimony do not create genuine issue of material fact)*; Stitt v. Williams*, 919 F.2d 516, 523–524 (9th Cir. 1990); *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999) (recognizing "sham affidavit" holdings); Fed. R. Civ. Proc. 56(c)(4) ("an affidavit or declaration used to support or oppose a motion for summary judgment must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is or declarant is competent to testify on the matters stated.").

Indeed, an opposition to a summary judgment motion must include "specific facts;" mere allegations of wrongful motive, without substantial factual evidence are insufficient. *See, e.g., Streckl v. Motorola*, 703 F.2d 392, 393 (9th Cir. 1983) (citations omitted); *Zeinali v. Raytheon Co.*, 2011 WL 2669459 at *4 (S.D. Cal., July 7, 2011) (granting summary judgment for employer and noting, "It is axiomatic that a conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.") (citations omitted.).

/ / /

/ / /

/ / /

1

APMT'S OBJECTIONS TO GREENE DECL ISO OPPOSITION TO MSJ

## APMT'S OBJECTIONS TO DECLARATION OF ENOCH GREENE IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| 1.    I am a qualified individual with physical disabilities and can perform the essential functions of my job with reasonable accommodations.<br><br>(Dkt. No. 103-3, ¶ 4, page 2, lines 12-13.)¶ | **Improper Legal Argument and Conclusions (Fed R. Evid. 701).** Plaintiff's conclusory statement that he is a "qualified individual" and "can perform the essential functions" are improper legal conclusions. *See, e.g., British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal argument cannot establish an admissible fact or create an issue of fact for purposes of summary judgment); *Nationwide Transport Finance v. Cass Information Systems, Inc.* 523 F.3d 1051, 1059-1060 (9th Cir. 2008 (no abuse of discretion in excluding legal conclusion that defendant violated UCC.)<br><br>**Improper Opinion Testimony (Fed. R. Evid. 701).** Plaintiff's conclusory statements that he is a "qualified individual" and "can perform the essential functions" are not rationally based on his personal perception and not helpful to determining a fact in issue. | \_\_Sustained<br><br>\_\_Overruled<br>\_\_ |
| 2.    As a Registered Watchman with ILWU, I was entitled to receive dispatches from any of the four PMA-represented Employers, including: TTI, SSA, APM, and LBCT. Each of these Employers simultaneously employs Watchmen under the | **Improper Legal Argument and Conclusions (Fed R. Evid. 701).** Plaintiff's statement that each of these Employers (TTI, SSA, APM, and LBCT) simultaneously | \_\_Sustained<br><br>\_\_Overruled<br>\_\_ |

APMT'S OBJECTIONS TO GREENE DECL ISO OPPOSITION TO MSJ

326938395v.2

| | | |
|---|---|---|
| joint dispatch hall system, and they collectively provide ILWU Members with employment benefits.<br><br>(Dkt. No. 103-3, ¶ 8, page 2, lines 18-22.)¶ | employ Watchmen is improper legal conclusion. *See, e.g., British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal argument cannot establish an admissible fact or create an issue of fact for purposes of summary judgment).<br><br>**Improper Opinion Testimony (Fed. R. Evid. 701).** Plaintiff's conclusory statement is not rationally based on his perception and helpful to understanding his testimony or determining a fact in issue..<br><br>**Lacks Personal Knowledge / Speculation (Fed. R. Evid. 602).** Plaintiff's statement is pure speculation. Plaintiff does not state facts laying a proper foundation to support a finding that he has personal knowledge of these matters. . | |
| 3.    CBA Article 2, Section C explicitly defines a Gangway Watchman as a person "employed at the gangway of a ship to control the boarding of persons and for the protection of property against loss by theft or other cause as directed by the Employer." The operational reality of this job is performing required access control identification checks (checking TWIC, port credentials, and gate passes) for all individuals seeking entry to or egress from the vessel. This task is executed statically at the foot of the vessel.<br><br>(Dkt. No. 103-3, ¶ 9, pages 2-3, lines 23-28; 1-2.)¶ | **Immaterial and Irrelevant (Fed. R. Evid. 401, 402).** Plaintiff's conclusory characterization and statement regarding "operational reality" is immaterial and irrelevant.<br><br>**Improper Opinion Testimony (Fed. R. Evid. 701).** Plaintiff's conclusory statement is not rationally based on his personal perception and not helpful to determining a fact in issue. | __Sustained<br><br>__Overruled |

3

APMT'S OBJECTIONS TO GREENE DECL ISO OPPOSITION TO MSJ

326938395v.2

| | | |
|---|---|---|
| | **Lacks Personal Knowledge / Speculation (Fed. R. Evid. 602).** Plaintiff's statement is pure speculation. Plaintiff does not state facts laying a proper foundation to support a finding that he has personal knowledge of these matters. | |
| 4.    CBA Article 1, Section G dictates that when monitoring is required of persons or property for security purposes, it is the exclusive jurisdiction of the union. The operational reality of this job is serving as a fixed-point visual deterrent at the base of the gangway structure to detect and prevent unauthorized perimeter breaches, transients, or stowaways. The gangway functions as a fixed, non-moving security boundary requiring a constant stationary guard presence.<br><br>(Dkt. No. 103-3, ¶ 10, page 3, lines 3-9.)¶ | **Immaterial and Irrelevant (Fed. R. Evid. 401, 402).** Plaintiff's conclusory characterization and statement regarding "operational reality" is immaterial and irrelevant.<br><br>**Improper Opinion Testimony (Fed. R. Evid. 701).** Plaintiff's conclusory statement is not rationally based on his personal perception and not helpful to determining a fact in issue.<br><br>**Lacks Personal Knowledge / Speculation (Fed. R. Evid. 602).** Plaintiff's statement is pure speculation. Plaintiff does not state facts laying a proper foundation to support a finding that he has personal knowledge of these matters. | __Sustained<br><br>__Overruled |
| 5.    CBA Article 20, Section W(2) explicitly mandates that "Gangway watchmen shall be stationed on the vessel at the top of the gangway or at the bottom of the gangway out of harms way, and shall be provided a chair." The operational reality of this job is maintaining a fixed position out | **Immaterial and Irrelevant (Fed. R. Evid. 401, 402).** Plaintiff's conclusory characterization and statement regarding "operational reality" is immaterial and irrelevant. | __Sustained<br><br>__Overruled |

4

APMT'S OBJECTIONS TO GREENE DECL ISO OPPOSITION TO MSJ

| | | |
|---|---|---|
| of line of active terminal yard traffic or overhead crane swings to oversee the safe passage of shipboard personnel.<br><br>(Dkt. No. 103-3, ¶ 11, page 3, lines 10-15.)¶ | **Improper Opinion Testimony (Fed. R. Evid. 701).** Plaintiff's conclusory statement is not rationally based on his personal perception and not helpful to determining a fact in issue.<br><br>**Lacks Personal Knowledge / Speculation (Fed. R. Evid. 602).** Plaintiff's statement is pure speculation. Plaintiff does not state facts laying a proper foundation to support a finding that he has personal knowledge of these matters. | |
| 6.     CBA Article 20, Sections A and H mandate that the Employer must provide a working communication device (two-way radio or cellular phone) kept in good working order. The operational reality of this job is maintaining continuous radio communication with terminal management, shift sergeants, and vessel crew via a designated facility emergency radio channel. Preparing and maintaining daily security logs, vessel operational logs, and reporting safety or security incidents (e.g., HAZMAT spills, accidents, broken seals). As shown in GW 5.png, this logging is performed entirely from a fixed seating platform inside the designated stationary post.<br><br>(Dkt. No. 103-3, ¶ 12, page 3, lines 16-24.) | **Immaterial and Irrelevant (Fed. R. Evid. 401, 402).** Plaintiff's conclusory characterization and statement regarding "operational reality" is immaterial and irrelevant.<br><br>**Improper Opinion Testimony (Fed. R. Evid. 701).** Plaintiff's conclusory statement is not rationally based on his personal perception and not helpful to determining a fact in issue.<br><br>**Lacks Personal Knowledge / Speculation (Fed. R. Evid. 602).** Plaintiff's statement is pure speculation. | __Sustained<br><br>__Overruled |
| 7.     CBA Article 20, Section W(4) states: "The Employers shall provide gangway watchmen a truck when positioned on the dock." The contract's choice of syntax: it requires the employer to provide a truck, not for the | **Improper Opinion Testimony (Fed. R. Evid. 701).** Plaintiff's conclusory statements immediately after the quote | __Sustained<br><br>__Overruled |

APMT'S OBJECTIONS TO GREENE DECL ISO OPPOSITION TO MSJ

326938395v.2

| | | |
|---|---|---|
| watchman to drive a truck. The vehicle is contractually mandated as a piece of safety equipment serving purely as a mobile guard shack, observation platform, and climate-controlled enclosure protected from terminal traffic and adverse weather. The vehicle remains entirely stationary for the duration of the watch shift while the essential duty of observation is performed.<br><br>(Dkt. No. 103-3, ¶ 13, pages 3-4, lines 25-28; 1-4.)¶ | beginning with "The contract's choice of syntax . . ." is not rationally based on his perception and helpful to understanding his testimony.<br><br>**Lacks Foundation (Fed. R. Evid. 602).** Plaintiff does not state facts laying a proper foundation to support a finding that he has personal knowledge of these matters or any other basis to provide lay-person opinion testimony starting with "The contract's choice of syntax" through line 18 "is performed." | |
| 8.    CBA "M" Language Addendums for LBCT, APMT, and TTI list ancillary tasks such as picking up or delivering mail/PMA payroll, connecting shipside telephones, inventorying terminal lights, and scanning gate passes. These functions are explicitly defined as "additional duties" or tasks that "include, but are not limited to". The mere presence of a logistical task within an auxiliary job description text does not automatically transform it into an un-restructurable essential function. These secondary tasks occupy less than 5% of a standard gangway shift and can easily be shared or reallocated without eroding terminal security operations.<br><br>(Dkt. No. 103-3, ¶ 14, page 4, lines 5-13.)¶ | **Immaterial and Irrelevant (Fed. R. Evid. 401, 402).**  Plaintiff's own characterization of the CBA language is immaterial and irrelevant.<br><br>**Improper Opinion Testimony (Fed. R. Evid. 701).**  Plaintiff's conclusory statement is not rationally based on his personal perception and is not helpful to determining a fact in issue or to understanding his testimony.<br><br>**Lacks Foundation (Fed. R. Evid. 602).** Plaintiff does not state facts laying a proper foundation to support a finding that he has personal knowledge of these matters or any other basis to provide lay-person opinion testimony on what constitutes "ancillary tasks" in the CBA. | __Sustained<br><br>__Overruled |

6

326938395v.2

| | | |
|---|---|---|
| 9. According to Article 1 and Article 2 of the CBA, the following are specific security classifications and core duties:<br><br>a) Gateman: A person stationed at an entrance to the Employer's place of business. Core Duties: Explicitly responsible for controlling the entrance and exit of persons and vehicles as directed by the Employer.<br><br>b) Dock and Cargo Watchmen/ Barge Watchmen/ Clockmen: Security personnel deployed directly on the pier, terminal, or barge. Core Duties: Tasked with either the routine protection of terminal property or the special protection of specific, high-value cargo assignments against loss by damage, theft, or other causes.<br><br>c) Gangway Watchmen: A stationary sentry stationed at the immediate access point (the gangway) of a maritime vessel. Core Duties: Responsible for controlling the physical boarding of persons and protecting property against loss by theft or other causes as directed by the Employer.<br><br>d) Rover Watchmen: Mobile or foot patrol units traveling within or outside the facility boundaries. Core Duties: Tasked with traveling within the confines of the installation to protect property against loss by theft or fire, and to prevent unauthorized persons from gaining entrance. When directed, they may travel outside terminal boundaries.<br><br>e) Bus Drivers and/or Vehicle Operators: Personnel assigned to mechanical transport within the facility. Core Duties: Specifically assigned to transport authorized personnel to and from the vessels and/or other points as authorized by the company. | **Misstates the Record** (**Fed. R. Evid. 106, 403**). Plaintiff misstates the evidence because he does not state the exact language of the CBA.<br><br>**Improper Opinion Testimony (Fed. R. Evid. 701).** Plaintiff's own description or characterization of the Job Duties in the CBA is not rationally based on his personal perception and helpful to determining a fact in issue or understanding his testimony.<br><br>**Best Evidence Rule (Fed. R. Evid. 1001, 1002).** The CBA speaks for itself. | __Sustained<br><br>__Overruled |

APMT'S OBJECTIONS TO GREENE DECL ISO OPPOSITION TO MSJ

326938395v.2

| | | |
|---|---|---|
| f)  Traffic Watchmen: Regulators of terminal transit flow. Core Duties: Assigned to travel outside terminal boundaries or within the facility specifically to regulate vehicular and pedestrian traffic.<br><br>g)  Detainee Watchmen/ Cabin Watchmen: Specialized security assigned directly to a vessel. Core Duties: Required when a secure detainee watch or cabin watch is mandated on the vessels or at the facilities of the Employers.<br><br>h)  Relief Watchmen: Scheduled operational support personnel. Core Duties: Deployed specifically to provide the contractually required 15-minute breaks and mid-shift meal periods to on-duty watchmen.<br><br>i)  Lead Sergeant/ Shift Sergeants: Supervisors and directors of the active workforce. Core Duties: Responsible for the direct oversight of the workforce under terminal management. Their extensive administrative duties include preparing daily payroll, placing daily orders in the Dispatch Hall, making shift schedules, ensuring security logs are maintained, evaluating probationary guards, and checking safety equipment.<br><br>(Dkt. No. 103-3, ¶ 15, pages 4-6, lines 14-28; 1-28; 1-4.)¶ | | |
| 10.    Essential functions of the Watchmen job duties include: Security Surveillance, Credential Verification, Radio Logs.<br><br>(Dkt. No. 103-3, ¶ 16, page 6, lines 5-6.) ¶ | **Improper Legal Argument and Conclusions (Fed R. Evid. 701).** Plaintiff's statement regarding the essential functions of the Watchmen job duties is improper legal conclusion. *See, e.g., British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal argument cannot establish an admissible fact or create an | __Sustained<br><br>__Overruled |

8

APMT'S OBJECTIONS TO GREENE DECL ISO OPPOSITION TO MSJ

326938395v.2

| | | |
|---|---|---|
| | issue of fact for purposes of summary judgment); *Nationwide Transport Finance v. Cass Information Systems, Inc.* 523 F.3d 1051, 1059-1060 (9th Cir. 2008 (no abuse of discretion in excluding legal conclusion that defendant violated UCC.)<br><br>**Improper Opinion Testimony (Fed. R. Evid. 701).**  Plaintiff's conclusory statement is not rationally based on his person perception and helpful to determining a fact in issue or understanding his testimony.<br><br>**Lacks Personal Knowledge / Speculation (Fed. R. Evid. 602).** Plaintiff's statement is pure speculation. Plaintiff does not state facts laying a proper foundation to support a finding that he has personal knowledge of these matters or any other basis to provide this testimony. | |
| 11.    Marginal functions of the Watchmen job duties include: Operating/Driving, Post Transit.<br><br>(Dkt. No. 103-3, ¶ 17, page 6, lines 7-8.)¶ | **Improper Legal Argument and Conclusions (Fed R. Evid. 701).** Plaintiff's statement regarding the marginal functions of the Watchmen job duties is improper legal conclusion.  *See, e.g., British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal argument cannot establish an admissible fact or create an issue of fact for purposes of summary judgment); ; *Nationwide Transport Finance v. Cass Information Systems, Inc.* 523 | __Sustained<br><br>__Overruled |

9

APMT'S OBJECTIONS TO GREENE DECL ISO OPPOSITION TO MSJ

326938395v.2

| | | |
|---|---|---|
| | F.3d 1051, 1059-1060 (9th Cir. 2008 (no abuse of discretion in excluding legal conclusion that defendant violated UCC.)<br><br>**Improper Opinion Testimony (Fed. R. Evid. 701).** Plaintiff's conclusory statement is not rationally based on his personal perception and helpful to determining a fact in issue or understanding his testimony.<br><br>**Lacks Personal Knowledge / Speculation (Fed. R. Evid. 602).** Plaintiff's statement is pure speculation. Plaintiff does not state facts laying a proper foundation to support a finding that he has personal knowledge of these matters or any other basis to provide this testimony. | |
| 12.   I am fully available to be dynamically deployed across LBCT's facility, provided my rotation stays limited to the terminal's stationary checkpoint networks, a protocol entirely feasible under the single-task liability framework mandated by Article 3, Section C (Page 7).<br><br>(Dkt. No. 103-3, ¶ 18, page 6, lines 9-12.)¶ | **Immaterial and Irrelevant (Fed. R. Evid. 401, 402).** Plaintiff's own opinion about what duties he can perform is immaterial and irrelevant.<br><br>**Improper Opinion Testimony (Fed. R. Evid. 701).** Plaintiff's conclusory statement is not rationally based on his personal perception and helpful to determining a fact in issue or to understanding his testimony. | __Sustained<br><br>__Overruled |
| 13.   To date, I have never been restricted from driving any vehicle, and in fact, I maintain a valid CA drivers' license and can drive a vehicle. | **Immaterial and Irrelevant (Fed. R. Evid. 401, 402).** The fact that Plaintiff maintains a valid CA drivers' license is immaterial and | __Sustained<br><br>__Overruled |

10

APMT'S OBJECTIONS TO GREENE DECL ISO OPPOSITION TO MSJ

| | | |
|---|---|---|
| (Dkt. No. 103-3, ¶ 19, page 6, lines 13-14.)¶ | irrelevant, especially given the fact that his license appears to have been issued in November 2022, before his December 2022 surgery, before Dr. Coleman's first work restrictions were issued in April 2023, before any of the motor vehicle incidents at the marine terminals, and given the fact that his eye sight has gotten progressively worse over time.<br><br>**Misstates the Record (Fed. R. Evid. 106, 403).** Plaintiff's treating physician, Dr. Anne Coleman's deposition testimony establishes that by April 2024, she was of the opinion that Plaintiff should not be driving any vehicle. (Dkt. No. 99-3, p. 82-83, Coleman Dep. 9:17-10:4, p. 87, Coleman Dep. 18:7-14) Prior to that, it is undisputed that Plaintiff was precluded from driving buses and shuttle buses.<br><br>**Improper Opinion Testimony (Fed. R. Evid. 701).** Plaintiff's conclusory statement is not rationally based on his perception and helpful to determining a fact in issue or to understanding his testimony. | |
| 14.    The Joint Port Watchmen's Labor Relations Committee (JPWLRC) is made up of Employer representatives from LBCT, APM, TTI, SSA, PMA, and Local 26. The Committee meets at LRC Meetings to discuss business, including without limitation Employer Complaints and general unfinished business. | **Immaterial and Irrelevant (Fed. R. Evid. 401, 402).** Plaintiff's conclusory statement regarding the makeup of the JPWLRC is immaterial and irrelevant. | __Sustained<br><br>__Overruled |

11

APMT'S OBJECTIONS TO GREENE DECL ISO OPPOSITION TO MSJ

326938395v.2

| | | |
|---|---|---|
| The Committee was involved in all LRC meetings held in response to my request for reasonable accommodation.<br><br>(Dkt. No. 103-3, ¶ 20, page 6, lines 15-20.)¶ | **Improper Opinion Testimony (Fed. R. Evid. 701).** Plaintiff's conclusory statement is not rationally based on his personal perception and helpful to determining a fact in issue or to understanding his testimony.<br><br>**Lacks Personal Knowledge / Speculation (Fed. R. Evid. 602).** Plaintiff's statement is pure speculation. Plaintiff does not state facts laying a proper foundation to support a finding that he has personal knowledge of these matters or any other basis to provide this testimony. | |
| 15.   Throughout my employment with the Employers, I successfully completed the job duties of checking IDs, monitoring and processing big rig trucks in and out of the terminals, checking labor workers, transporting individuals, and maintaining safety in the various terminals.<br><br>(Dkt. No. 103-3, ¶ 21, page 6, lines 21-24.)¶ | **Immaterial and Irrelevant (Fed. R. Evid. 401, 402).** Plaintiff's own opinion regarding his job performance is immaterial and irrelevant.<br><br>**Improper Opinion Testimony (Fed. R. Evid. 701).** Plaintiff's conclusory statement is not rationally based on his personal perception and not helpful to determine a fact in issue or to understand his testimony.<br><br>**Sham Affidavit.** Plaintiff's self-serving declaration is directly contradicted by his deposition testimony. Plaintiff admitted that he received employer complaints for accidents at LBCT and APMT (Dkt. No. 99-3, p. 31-32, Pl. Dep. 78:11-79:6.) Plaintiff admitted | __Sustained<br><br>__Overruled |

12

APMT'S OBJECTIONS TO GREENE DECL ISO OPPOSITION TO MSJ

326938395v.2

| | | |
|---|---|---|
| | that he was unable to drive the shuttle bus or bus in order to transport individuals, asked repeatedly to be relieved of that job duty and refused to accept bus driving assignments. (Dkt. No. 99-3, p. 25-27, Pl. Dep. 58:25-59:24, 60:9-15.)  Plaintiff cannot now contradict this sworn deposition testimony with a self-serving declaration in opposition to summary judgment.  *See Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) ("sham affidavit rule prevents a party who has been examined at length on deposition from rais [ing] an issue of fact simply by submitting an affidavit contradicting his own prior testimony"); *D'Amico v. Board of Medical Examiners*, 11 Cal. 3d 1, 21-22 (1974) (party cannot evade summary judgment by submitting evidence contradicting his or her own prior deposition testimony). | |
| 16.    I am familiar with the ILWU Local 26 Watchmen's Agreement between ILWU and PMA, and this agreement is discriminatory on its face and admittingly does not contain a written reasonable accommodation policy, nor at the relevant time, were Watchmen entitled to reasonable accommodation.<br><br>(Dkt. No. 103-3, ¶ 22, pages 6-7, lines 25-28; 1-2.)¶ | **Immaterial and Irrelevant (Fed. R. Evid. 401, 402).**  Plaintiff's own opinion regarding the CBA is immaterial and irrelevant.  It is further immaterial because the records show that Defendants engaged in the interactive process to explore reasonable accommodation.  (*See* UFs 1-30, 45-47.)<br><br>**Improper Legal Argument and Conclusions (Fed R. Evid. 701).**  Plaintiff's statement that the CBA | __Sustained<br><br>__Overruled |

13

APMT'S OBJECTIONS TO GREENE DECL ISO OPPOSITION TO MSJ

| | | |
|---|---|---|
| | is "discriminatory on its face" is improper legal conclusion. *See, e.g., British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal argument cannot establish an admissible fact or create an issue of fact for purposes of summary judgment); *Nationwide Transport Finance v. Cass Information Systems, Inc.* 523 F.3d 1051, 1059-1060 (9th Cir. 2008 (no abuse of discretion in excluding legal conclusion that defendant violated UCC.)<br><br>**Lacks Personal Knowledge / Speculation (Fed. R. Evid. 602).** Plaintiff's statement is pure speculation. Plaintiff does not state facts laying a proper foundation to support a finding that he has personal knowledge of these matters or any other basis to provide this testimony. | |
| 17.    After I request reasonable accommodations from the Defendants, I discovered that the ILWU has three other Local unions for longshoremen, clerks, and management with wholly separate collective bargaining agreements between the respective Local and PMA; all members work for the same Employers at the various terminals, performing different lines of work; and all other Local's Collective Bargaining Agreements contain a written policy for reasonable accommodations, except ILWU Local 26.<br><br>(Dkt. No. 103-3, ¶ 24, page 7, lines 6-12.)¶ | **Immaterial and Irrelevant (Fed. R. Evid. 401, 402).**  Any other collective bargaining agreements other than the Local 26 Watchmen's Agreement is not at issue in this case and thus, immaterial and irrelevant.<br><br>**Lacks Personal Knowledge / Speculation (Fed. R. Evid. 602).** Plaintiff's statement is pure speculation. Plaintiff does not state facts laying a proper foundation to support a finding that he has personal knowledge of | __Sustained<br><br>__Overruled |

14

APMT'S OBJECTIONS TO GREENE DECL ISO OPPOSITION TO MSJ

326938395v.2

| | | |
|---|---|---|
| | these matters or any other basis to provide this testimony. | |
| 18.    After submitting my medical note and requesting reasonable accommodation from Defendants, I successfully performed the job duties of a Watchmen at LBCT, APM, and SSA terminals without issue until December 26, 2023, which was his final date of employment.<br><br>(Dkt. No. 103-3, ¶ 25, page 7, lines 13-16.)¶ | **Immaterial and Irrelevant (Fed. R. Evid. 401, 402).** Plaintiff's own opinion regarding his performance of job duties is immaterial and irrelevant.<br><br>**Improper Opinion Testimony (Fed. R. Evid. 701).** Plaintiff's conclusory statement is not rationally based on his personal perception and not helpful to determine a fact in issue or to understand his testimony.<br><br>**Sham Affidavit.** Plaintiff's self-serving declaration is directly contradicted by his deposition testimony.  Plaintiff admitted that he received employer complaints for accidents at LBCT and APMT (Dkt. No. 99-3, p. 31-32, Pl. Dep. 78:11-79:6.)  Plaintiff cannot now contradict this sworn deposition testimony with a self-serving declaration in opposition to summary judgment. *See Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) ("sham affidavit rule prevents a party who has been examined at length on deposition from rais [ing] an issue of fact simply by submitting an affidavit contradicting his own prior testimony"); *D'Amico v. Board of Medical Examiners*, 11 Cal. 3d 1, 21-22 (1974) (party cannot evade summary judgment by submitting evidence | __Sustained<br><br>__Overruled |

15

APMT'S OBJECTIONS TO GREENE DECL ISO OPPOSITION TO MSJ

| | | |
|---|---|---|
| | contradicting his or her own prior deposition testimony). | |
| 19.    I refused to see this medical specialist because he was not an Ophthalmologist, nor was he familiar with my medical condition, and I had already submitted medical notes from my treating Ophthalmologist from the University of California, Los Angeles (UCLA), Department of Ophthalmology.<br><br>(Dkt. No. 103-3, ¶ 28, page 8, lines 3-7.)¶ | **Immaterial and Irrelevant (Fed. R. Evid. 401, 402).**  Plaintiff's proffered reason for refusing to see the Joint Port Medical Specialist is immaterial and irrelevant.<br><br>**Lacks Personal Knowledge / Speculation (Fed. R. Evid. 602).**  Plaintiff's statement "nor was he familiar with my medical condition" is pure speculation. Plaintiff does not state facts laying a proper foundation to support a finding that he has personal knowledge of this matters or any other basis to provide this testimony. | __Sustained<br><br>__Overruled |
| 20.    On July 22, 2023, I wrote a correspondence to PMA indicating that the request to participate in Special Medical Examination/Opinion by the Committee's choice of doctor was a violation of the ADA. I explained that the Enforcement Guidance on Disability Related Inquiries and Medical Examination under the ADA, and under the EEOC's Enforcement Guidance about the ADA rules for when an employer may and may not obtain medical information about their employees was being violated by the Committee's requests for a Special Medical Examination/ Opinion.<br><br>(Dkt. No. 103-3, ¶ 29, page 8, lines 8-15.)¶ | **Immaterial and Irrelevant (Fed. R. Evid. 401, 402).**  Plaintiff's own explanation for why he refused to see the Joint Port Medical Specialist is immaterial and irrelevant.<br><br>**Improper Opinion Testimony (Fed. R. Evid. 701).**  Plaintiff's conclusory statement is not rationally based on his personal perception and not helpful to determine a fact in issue or to understand his testimony.<br><br>**Improper Legal Argument and Conclusions (Fed R. Evid. 701).**  Plaintiff's statement that any act | __Sustained<br><br>__Overruled |

16

APMT'S OBJECTIONS TO GREENE DECL ISO OPPOSITION TO MSJ

326938395v.2

| | | |
|---|---|---|
| | was a "violation of the ADA" is improper legal conclusion. *See, e.g., British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal argument cannot establish an admissible fact or create an issue of fact for purposes of summary judgment); *Nationwide Transport Finance v. Cass Information Systems, Inc.* 523 F.3d 1051, 1059-1060 (9th Cir. 2008 (no abuse of discretion in excluding legal conclusion that defendant violated UCC.) | |
| 21. However, without my written consent, PMA, specifically Ryan Williams, sent Dr. Deutsch my medical notes, and Dr. Deutsch performed an examination of me, using the medical notes from Dr. Coleman. I did not attend the appointment, nor did I sign a release or consent for Dr. Deutsch to evaluate me. This was a violation of my HIPAA rights.<br><br>(Dkt. No. 103-3, ¶ 31, page 8, lines 18-22.)¶ | **Immaterial and Irrelevant (Fed. R. Evid. 401, 402).** The fact that Plaintiff did not provide "written consent" to be evaluated by Dr. Deutsch is immaterial and irrelevant for any claims in this action.<br><br>**Improper Opinion Testimony (Fed. R. Evid. 701).** Plaintiff's conclusory statement is not rationally based on his personal perception and is not helpful to understanding his testimony or determining a fact at issue.<br><br>**Improper Legal Argument and Conclusions (Fed R. Evid. 701).** Plaintiff's statement that any act "was a violation of [his] HIPAA rights" is improper legal conclusion. *See, e.g., British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal argument cannot establish an admissible fact or create an | __Sustained<br><br>__Overruled |

17

APMT'S OBJECTIONS TO GREENE DECL ISO OPPOSITION TO MSJ

326938395v.2

| | | |
|---|---|---|
| | issue of fact for purposes of summary judgment); *Nationwide Transport Finance v. Cass Information Systems, Inc.* 523 F.3d 1051, 1059-1060 (9th Cir. 2008 (no abuse of discretion in excluding legal conclusion that defendant violated UCC.) | |
| 22. On December 26, 2023, all terminal Employers determined that I could not perform the essential functions of my job with or without reasonable accommodation and have refused to authorize me to return to work.<br><br>(Dkt. No. 103-3, ¶ 34, page 9, lines 4-6.)¶ | **Misstates the Record** (**Fed. R. Evid. 106, 403**). Plaintiff misstates the evidence. The JPWLRC's decision to place Plaintiff on non-dispatch was made on December 10, 2024 meeting, not on December 26, 2023. (Dkt. No. 99-3, p. 237-239, Williams Decl., Ex. P.) | __Sustained<br><br>__Overruled |
| 23. On June 12, 2023, I was involved in a minor accident while working at LBCT.<br><br>(Dkt. No. 103-3, ¶ 35, page 9, lines 7-8.)¶ | **Improper Opinion Testimony (Fed. R. Evid. 701).** Plaintiff's conclusory statement and characterization that the accident was "minor" is not rationally based on his personal perception and helpful to understanding his testimony or determining a fact at issue. | __Sustained<br><br>__Overruled |
| 24. The AGV involved in the June 12, 2023 accident was moving in violation of regulations without an escort as required, there were no reflective lights, it was not well lit, and in fact, was foggy and dark.<br><br>(Dkt. No. 103-3, ¶ 36, page 9, lines 9-11.)¶ | **Immaterial and Irrelevant (Fed. R. Evid. 401, 402).** Plaintiff's description of the accident is immaterial, as there is a security video footage that speaks for itself.<br><br>**Best Evidence Rule (Fed. R. Evid. 1001, 1002).** The security | __Sustained<br><br>__Overruled |

APMT'S OBJECTIONS TO GREENE DECL ISO OPPOSITION TO MSJ

326938395v.2

| | | |
|---|---|---|
| | footage of the accident speaks for itself.  (*See* Dkt. No. 99-3, p. 328, Naefke Decl., ¶ 30, Ex. F.)<br><br>**Misstates the Record** (**Fed. R. Evid. 106, 403**).  Plaintiff misstates the evidence.  The security footage of the accident speaks for itself.  (*See* Dkt. No. 99-3, p. 328, Naefke Decl., ¶ 30, Ex. F.)<br><br>**Improper Legal Argument and Conclusions (Fed R. Evid. 701).**  Plaintiff's statement that the AGV was "moving in violation of regulations" is improper legal conclusion.  *See, e.g., British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal argument cannot establish an admissible fact or create an issue of fact for purposes of summary judgment); *Nationwide Transport Finance v. Cass Information Systems, Inc.* 523 F.3d 1051, 1059-1060 (9th Cir. 2008 (no abuse of discretion in excluding legal conclusion that defendant violated UCC.) | |
| 25.     After I disclosed my medical condition and request for reasonable accommodations, my hours were reduced to seventy (70) hours per week for yearly pay of $160,000.00.<br><br>(Dkt. No. 103-3, ¶ 38, page 9, lines 13-15.)¶ | **Immaterial and Irrelevant (Fed. R. Evid. 401, 402).**  Plaintiff's description of his hours worked is immaterial and irrelevant to the matters at issue in the subject motion. | __Sustained<br><br>__Overruled |
| 26.     Since February 12, 2024, I have been denied the opportunity | **Immaterial and Irrelevant (Fed. R. Evid. 401, 402).**  Plaintiff's | __Sustained |

19

APMT'S OBJECTIONS TO GREENE DECL ISO OPPOSITION TO MSJ

326938395v.2

| | | |
|---|---|---|
| to return to work, resulting in no income.<br><br>(Dkt. No. 103-3, ¶ 39, page 9, lines 16-17.)¶ | description of his hours worked is immaterial and irrelevant to the matters at issue in the subject motion.<br><br>**Improper Opinion Testimony (Fed. R. Evid. 701).** Plaintiff's conclusory statement is not rationally based on his personal perception and helpful to understanding his testimony or determining a fact at issue. | __Overruled |
| 27.    On January 20, 2025, I sent an email to Employers to formally renew my request for reasonable accommodations to enable me to perform the essential functions of his position as a Watchman at the Port of Los Angeles and Long Beach. I wrote that my initial request for accommodations was made in April 2023; however, no accommodations were implemented, and I have been unable to work since February 12, 2024. I made the following requests: 1) Worksite Assessment: The Department of Rehabilitation (DOR) is prepared to conduct a thorough assessment of [his] worksite to identify appropriate accommodations that will empower [him] to perform [his] essential job functions.<br><br>(Dkt. No. 103-3, ¶ 40, page 9, lines 18-27.)¶ | **Immaterial and Irrelevant (Fed. R. Evid. 401, 402).** The fact that Plaintiff sent an email to "formally renew" his request for accommodation is immaterial and irrelevant. It does not make it more or less probable that Plaintiff could perform all of the essential functions of the Watchman position with or without accommodation.<br><br>**Improper Legal Argument and Conclusions (Fed R. Evid. 701).** Plaintiff's broad definition of "Employers" is improper legal conclusion. *See, e.g., British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal argument cannot establish an admissible fact or create an issue of fact for purposes of summary judgment); *Nationwide Transport Finance v. Cass Information Systems, Inc.* 523 F.3d 1051, 1059-1060 (9th Cir. 2008 (no abuse of discretion in | __Sustained<br><br>__Overruled |

20

APMT'S OBJECTIONS TO GREENE DECL ISO OPPOSITION TO MSJ

326938395v.2

| | | |
|---|---|---|
| | excluding legal conclusion that defendant violated UCC.) | |
| 28.    I have suffered significant financial injuries from the Employers' refusal to accommodate, resulting in my termination from his employment.<br><br>(Dkt. No. 103-3, ¶ 42, page 10, lines 3-4.)¶ | **Immaterial and Irrelevant (Fed. R. Evid. 401, 402).**  Any alleged statement regarding Plaintiff's financial injuries are immaterial and irrelevant to create a triable issue of material fact.<br><br>**Improper Legal Argument and Conclusions (Fed R. Evid. 701).**  Plaintiff's broad definition of "Employers," as well as his statement "Employers' refusal to accommodate" are improper legal conclusion. *See, e.g., British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal argument cannot establish an admissible fact or create an issue of fact for purposes of summary judgment). | __Sustained<br><br>__Overruled |
| 29.    I suffer from severe emotional distress, sleepless nights, anxiety, depression, diarrhea, suicidal ideation, physical and emotional pain and suffering, resulting from the Employer's unlawful acts.<br><br>(Dkt. No. 103-3, ¶ 44, page 10, lines 8-10.)¶ | **Immaterial and Irrelevant (Fed. R. Evid. 401, 402).**  Plaintiff's alleged emotional distress symptoms are immaterial and irrelevant to create a triable issue of material fact.<br><br>**Improper Opinion Testimony (Fed. R. Evid. 701).**  Plaintiff's statement regarding his alleged emotional distress symptoms is not rationally based on his personal perception and helpful to understanding his testimony or determining a fact at issue. | __Sustained<br><br>__Overruled |

21

APMT'S OBJECTIONS TO GREENE DECL ISO OPPOSITION TO MSJ

326938395v.2

| | | |
|---|---|---|
| | **Improper Legal Argument and Conclusions (Fed R. Evid. 701).** Plaintiff's statement broad definition of "Employers," as well as his statement "Employers' unlawful acts" are improper legal conclusions. *See, e.g., British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal argument cannot establish an admissible fact or create an issue of fact for purposes of summary judgment); *Nationwide Transport Finance v. Cass Information Systems, Inc.* 523 F.3d 1051, 1059-1060 (9th Cir. 2008 (no abuse of discretion in excluding legal conclusion that defendant violated UCC.)* | |
| 30.    All Defendants obstructed and delayed the interactive process by (a) failing to timely respond to my accommodation requests; (b) demanding unnecessary, duplicative, or shifting medical documentation; (c) failing to provide clear information regarding the accommodation evaluation timeline or decision-making criteria; (d) postponing meetings or refusing to meet with me and/or my healthcare provider(s) as needed; (e) rejecting proposed accommodations without adequate explanation or without offering alternatives; and (f) taking adverse action against me by placing me on indefinite non-dispatch.<br><br>(Dkt. No. 103-3, ¶ 45, page 10, lines 11-19.)¶ | **Immaterial and Irrelevant (Fed. R. Evid. 401, 402).** Plaintiff's own characterization of the events are immaterial and irrelevant and do not create a triable issue of material fact.<br><br>**Improper Opinion Testimony (Fed. R. Evid. 701).** Plaintiff's conclusory statements are not rationally based on his personal perception and helpful to understanding his testimony or determining any fact at issue<br><br>**Improper Legal Argument and Conclusions (Fed R. Evid. 701).** Plaintiff's statements are improper legal conclusions. *See, e.g., British Airways Bd. v. Boeing* | __Sustained<br><br>__Overruled |

22

APMT'S OBJECTIONS TO GREENE DECL ISO OPPOSITION TO MSJ

326938395v.2

| | | |
|---|---|---|
| | *Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal argument cannot establish an admissible fact or create an issue of fact for purposes of summary judgment); *Nationwide Transport Finance v. Cass Information Systems, Inc.* 523 F.3d 1051, 1059-1060 (9th Cir. 2008 (no abuse of discretion in excluding legal conclusion that defendant violated UCC.) | |
| 31.    I maintain my Registered Watchmen status to date; therefore, if any Employer was willing to engage in the interactive process with me currently, I am ready, willing, and able to participate in this interactive process in good faith, and to cooperate with the Employer in identifying, evaluating, and implementing reasonable accommodations, if the Employer is agreeable.<br><br>(Dkt. No. 103-3, ¶ 46, page 10, lines 20-24.)¶ | **Immaterial and Irrelevant (Fed. R. Evid. 401, 402).**  Plaintiff's current willingness to participate in the interactive process is immaterial and irrelevant and does not create a triable issue of material fact. | __Sustained<br><br>__Overruled |
| 32.    A true and correct copy of the June 26, 2026 Grievance Documents from T. Blair Requesting Investigation to LBCT is attached hereto as **Exhibit Q**.<br><br>(Dkt. No. 103-3, ¶ 63, page 12, lines 19-20)¶ | **Immaterial and Irrelevant (Fed. R. Evid. 401, 402).**  This document is immaterial and irrelevant to create a dispute of material fact.  The security video footage of the accident speaks for itself.<br><br>**Improper/Lack of Authentication (Fed. R. Evid. 902.)**  Plaintiff has failed to introduce evidence to sustain a finding that the proffered documents are authentic and are what Plaintiff claims them to be. | __Sustained<br><br>__Overruled |

23

APMT'S OBJECTIONS TO GREENE DECL ISO OPPOSITION TO MSJ

| | | |
|---|---|---|
| | **Improper Hearsay (Fed. R. Evid. 802).** Plaintiff offers the statements of Ms. Blair in evidence to prove the truth of the matters asserted in her statements, specifically: Ms. Blair's June 26, 2023 letter to Bill Carson and Eric Naefke of LBCT regarding the alleged violations of Plaintiff's rights (Dkt. No. 103-3, pgs. 282-284, 302-304); Ms. Blair's June 21, 2023 letters to Bill Carson regarding the investigation into Plaintiffs June 12, 2023 accident (Dkt. No. 103-3, pgs. 285-286, 305-306); and Ms. Blair's July 1, 2023 letter to Ms. Gratz (Dkt. No. 103-3, pgs. 294-295.) | |

DATED: July 2, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Dana L. Peterson*
Clifford 'Seth' Sethness
Dana L. Peterson
David J. Kim
Tabitha Kwon
Attorneys for Defendant
PACIFIC MARITIME ASSOCIATION, LBCT LLC, APM TERMINALS PACIFIC LLC, TOTAL TERMINALS INTERNATIONAL, LLC, and SSA TERMINALS, LLC

24

APMT'S OBJECTIONS TO GREENE DECL ISO OPPOSITION TO MSJ

326938395v.2