Marc Coleman, Esq., State Bar #110358
LAW OFFICES OF MARC COLEMAN
100 Oceangate, Suite 1200
Long Beach, California 90802
Telephone: (562) 432-8188
marc@marccolemanlaw.com

Attorneys for Defendant ILWU LOCAL 26

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOCH GREENE, an individual;<br><br>Plaintiff,<br>v.<br><br>LBCT LLC, a Limited Liability Company; PACIFIC MARITIME ASSOCIATION, a California Nonprofit Corporation; APM TERMINALS PACIFIC LLC, a Limited Liability Company; ILWU LOCAL 26, Union; TOTAL TERMINALS INTERNATIONAL LLC, a Limited Liability Company; SSA TERMINALS LLC, a Limited Liability Company; MATSON NAVIGATION COMPANY INC., a Corporation; and DOES 1 through 50, inclusive;<br><br>Defendants | **CASE NO.: 5:25-cv-01359-KK (CTSx)**<br><br>[Assigned to the Honorable Kenly Kiya Kato– Courtroom #3]<br><br>**DEFENDANT ILWU LOCAL 26'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT**<br><br>**Date:  July 16, 2026**<br>**Time: 9:30 a.m.**<br>**Place: Courtroom 3, 3rd Floor**<br><br>Complaint Filed: June 2, 2025<br>Trial Date:        September 28, 2026 |

Pursuant to F.R.C.P. §56(c)(2), Defendant ILWU Local 26 hereby objects to the following evidence presented by Plaintiff Enoch Greene (Dkt. No. 107) in connection with its Motion for Summary Judgment and/or Partial Summary Judgment set for hearing

1

DEFENDANT ILWU LOCAL 26'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT

on July 16, 2026, at 9:30 a.m. before this Court:

1.      Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 5, lines 16-17: "Throughout 2023, Dr. Coleman consistently maintained that Plaintiff could continue working if provided appropriate accommodations."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

2.      Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 5, lines 18-20: "Following disclosure of his condition, Plaintiff informed terminal supervisors of his restrictions and was reassigned. He successfully completed those assignments without incident."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern

2

California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

3.      Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 5, lines 21-24: "On April 29, 2023, Plaintiff formally notified PMA, ILWU, and the JPWLRC that he had already worked under reassignment following disclosure of his disability and requested accommodations that would permit him to continue performing Watchman duties."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

4.      Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 5, line 28 to page 6, line 1: "Gratz nevertheless testified that she did not assist Plaintiff with his accommodation requests"

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg

3

v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

5.      Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 6, lines 4-7: "On May 1, 2023, before either vehicle-related incident had occurred, Plaintiff reported that LBCT supervisors questioned his ability to work because of his vision, monitored his activities, discussed his medical condition, and stated that he should not be working on the waterfront because he was a liability."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

6.      Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 6, lines 7-9: "Plaintiff reported these concerns through labor-relations channels and requested investigation and review."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary

4

Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

7.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 6, lines 9-16: "On May 2, 2023, Plaintiff requested accommodation for a shuttle-bus assignment and was instructed to leave the assignment after the request was denied. On May 8, 2023, Plaintiff submitted a detailed accommodation request that included restrictions involving passenger vans and buses, transportation assistance, magnification devices, enlarged print materials, computer-reader technology, accessible communications, identification-verification assistance, and other accommodations directed toward his visual limitations."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

8.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 6, lines 16-17: "Two days later, Plaintiff was denied a work assignment."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International,

DEFENDANT ILWU LOCAL 26'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT

Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

9.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 6, lines 27-28 and page 7, line 1: "Gratz further acknowledged that none of Plaintiff's requested accommodations were ultimately approved through the JPWLRC process."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

10.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 7, lines 7-9: "Plaintiff sought review through the Safety Committee process and challenged both the conclusions reached and the manner in which the investigation was conducted."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction

DEFENDANT ILWU LOCAL 26'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT

Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

11.     Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 7, lines 9-11: "Plaintiff repeatedly requested witness statements, investigative materials, safety records, video footage, accident reports, and information concerning the conduct of AGV operator Marc Policastro."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

12.     Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 7, lines 12-14: "Plaintiff also presented evidence that he believed raised questions regarding visibility conditions, compliance with safety procedures, and the conduct of other participants involved in the incident."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International,

DEFENDANT ILWU LOCAL 26'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT

Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

13.     Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 7, line 14: "Plaintiff's requests were denied."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

14.     Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 7, lines 15-16: "Safety Committee Representative Tiyuana Blair sought to investigate the accident and later raised concerns regarding the handling of the investigation."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary

DEFENDANT ILWU LOCAL 26'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT

Judgment, non-movant most provide specific reference to supporting evidence); <u>Forsberg v. Pacific Northwest Bell Company</u> (9th Cir. 1988) 840 F.2d 1409, 1418; and <u>Southern California Gas Company v. City of Santa Ana</u> (9th Cir. 2003) 336 F.3d 885-889.

15. Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 7, lines 16-18: "Blair later reported that her investigation had been curtailed before completion and that evidence favorable to Plaintiff had not been fully considered."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. <u>Certain Underwriters at Lloyd's London v. Garmin International, Inc.</u> (10th Cir. 2015) 781 F.3d 1226, 1230-1231; <u>Gross v. Burggraf Construction Company</u> (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); <u>Forsberg v. Pacific Northwest Bell Company</u> (9th Cir. 1988) 840 F.2d 1409, 1418; and <u>Southern California Gas Company v. City of Santa Ana</u> (9th Cir. 2003) 336 F.3d 885-889.

16. Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 7, lines 18-20: "Blair filed a separate grievance alleging that ILWU President Luisa Gratz unilaterally halted the investigation and prevented completion of the Safety Committee review."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. <u>Certain Underwriters at Lloyd's London v. Garmin International, Inc.</u> (10th Cir. 2015) 781 F.3d 1226, 1230-1231; <u>Gross v. Burggraf Construction Company</u> (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary

9

DEFENDANT ILWU LOCAL 26'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT

Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

17.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 7, lines 20-23: "As accommodation discussions continued, ILWU's position regarding accommodations became increasingly clear and increasingly central to Plaintiff's ability to obtain work – ILWU overtly refused to accommodate Plaintiff."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

18.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 8, lines 13-15: "On June 29, 2023, PMA responded to Plaintiff's accommodation request and proposed accommodations that included assistance reviewing written materials and providing documents in digital format."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction

DEFENDANT ILWU LOCAL 26'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT

Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

19. Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 8, lines 17-20: "Plaintiff continued requesting accommodation updates, grievance assistance, dispatch information, and clarification regarding available accommodations, but contends many requests remained unanswered or were redirected among PMA, ILWU, participating employers, and the JPWLRC."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

20. Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 9, lines 8-11: "Following additional communications with PMA, however, Dr. Deutsch later issued a substantially broader report stating that Plaintiff could not perform duties involving peripheral vision, identification verification, visual inspections, or gangway work."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

11

The Court may disregard factual statements in briefs not supported by specific reference to the record. <u>Certain Underwriters at Lloyd's London v. Garmin International, Inc.</u> (10th Cir. 2015) 781 F.3d 1226, 1230-1231; <u>Gross v. Burggraf Construction Company</u> (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); <u>Forsberg v. Pacific Northwest Bell Company</u> (9th Cir. 1988) 840 F.2d 1409, 1418; and <u>Southern California Gas Company v. City of Santa Ana</u> (9th Cir. 2003) 336 F.3d 885-889.

21.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 9, lines 16-18: "The record reflected competing medical opinions. Dr. Coleman maintained Plaintiff could continue working with accommodations, while Dr. Deutsch later expanded his restrictions following additional communications with PMA."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. <u>Certain Underwriters at Lloyd's London v. Garmin International, Inc.</u> (10th Cir. 2015) 781 F.3d 1226, 1230-1231; <u>Gross v. Burggraf Construction Company</u> (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); <u>Forsberg v. Pacific Northwest Bell Company</u> (9th Cir. 1988) 840 F.2d 1409, 1418; and <u>Southern California Gas Company v. City of Santa Ana</u> (9th Cir. 2003) 336 F.3d 885-889.

22.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 9, lines 18-20: "Other employers subsequently accommodated Plaintiff and permitted him to continue working."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

12

DEFENDANT ILWU LOCAL 26'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

23.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 9, line 20: "Plaintiff later worked under accommodations at SSA."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

24.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 9, lines 24-25: "Throughout the accommodation process, ILWU repeatedly treated contractual concerns as dispositive."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International,

13

DEFENDANT ILWU LOCAL 26'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT

Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

25.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 9, lines 25-28: "Discussions repeatedly focused on whether accommodations constituted direct dealing, whether assignment modifications were permissible under the Watchmen's Agreement, and whether accommodations could exist within the dispatch system."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

26.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 10, lines 4-8: "ILWU repeatedly concluded that accommodations constituted direct dealing, impermissible modifications of the CBA, or favoritism toward Plaintiff without separately evaluating whether individual accommodations could be implemented without disrupting the dispatch system."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

14

DEFENDANT ILWU LOCAL 26'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

27.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 10 lines 16-17: "Plaintiff contends that the incident involved minor damage, no injuries, and no citations."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

28.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 10, lines 20-23: "Plaintiff requested that Union Representative Vince Ferrigno file grievances concerning disability discrimination, retaliation, harassment, denial of accommodation, and what Plaintiff viewed as double discipline arising from the same incident."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

15

DEFENDANT ILWU LOCAL 26'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

29.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 10, lines 25-27: "On September 18 and September 22, 2023, Plaintiff again requested temporary accommodations and accessible communications while the medical-review process remained pending."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

30.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 11, lines 2-4: "Plaintiff points to this work as evidence that accommodation-based employment remained possible even after the incidents."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

16

DEFENDANT ILWU LOCAL 26'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

31.     Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 11, lines 8-9: "On November 2, 2023, LBCT again placed Plaintiff on non-dispatch status, **not because of an employer complaint, but because of his disability**."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

32.     Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 11, lines 16-18: "ILWU grievance materials acknowledged that Plaintiff was eligible to dispatch to LBCT while simultaneously disputing the denial of work opportunities following his reinstatement."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

17

DEFENDANT ILWU LOCAL 26'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT

The Court may disregard factual statements in briefs not supported by specific reference to the record. <u>Certain Underwriters at Lloyd's London v. Garmin International, Inc.</u> (10th Cir. 2015) 781 F.3d 1226, 1230-1231; <u>Gross v. Burggraf Construction Company</u> (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); <u>Forsberg v. Pacific Northwest Bell Company</u> (9th Cir. 1988) 840 F.2d 1409, 1418; and <u>Southern California Gas Company v. City of Santa Ana</u> (9th Cir. 2003) 336 F.3d 885-889.

33.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 11, lines 18-22: "Plaintiff contends that these events reflected continuing disagreement regarding what assignments he could perform, whether accommodations remained available, and whether Defendants had already reached conclusions regarding his ability to work notwithstanding accommodations that had previously been implemented."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. <u>Certain Underwriters at Lloyd's London v. Garmin International, Inc.</u> (10th Cir. 2015) 781 F.3d 1226, 1230-1231; <u>Gross v. Burggraf Construction Company</u> (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); <u>Forsberg v. Pacific Northwest Bell Company</u> (9th Cir. 1988) 840 F.2d 1409, 1418; and <u>Southern California Gas Company v. City of Santa Ana</u> (9th Cir. 2003) 336 F.3d 885-889.

34.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 11, lines 24-28: "Although Gratz expressed concerns that accommodations created dissatisfaction among members and could create precedent for other workers seeking accommodations, she was unable to identify specific members who had been harmed by Plaintiff's

18

DEFENDANT ILWU LOCAL 26'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT

accommodations or specific instances in which Plaintiff had injured another employee."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

35.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 11, lines 28 to page 12, lines 1-2: "At the same time, she acknowledged that Plaintiff had worked for years with a vision condition and was unaware of any instance in which Plaintiff had killed or physically harmed another worker."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

36.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 12, lines 3-5: "In November 2023, LBCT acknowledged that it had accommodated Plaintiff

19

DEFENDANT ILWU LOCAL 26'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT

through gangway assignments but later withdrew or refused those accommodations and relied on the June 12 incident as justification."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. <u>Certain Underwriters at Lloyd's London v. Garmin International, Inc.</u> (10th Cir. 2015) 781 F.3d 1226, 1230-1231; <u>Gross v. Burggraf Construction Company</u> (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); <u>Forsberg v. Pacific Northwest Bell Company</u> (9th Cir. 1988) 840 F.2d 1409, 1418; and <u>Southern California Gas Company v. City of Santa Ana</u> (9th Cir. 2003) 336 F.3d 885-889.

37.     Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 12, lines 5-6: "Plaintiff continued working under accommodations at SSA until December 26, 2023."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. <u>Certain Underwriters at Lloyd's London v. Garmin International, Inc.</u> (10th Cir. 2015) 781 F.3d 1226, 1230-1231; <u>Gross v. Burggraf Construction Company</u> (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); <u>Forsberg v. Pacific Northwest Bell Company</u> (9th Cir. 1988) 840 F.2d 1409, 1418; and <u>Southern California Gas Company v. City of Santa Ana</u> (9th Cir. 2003) 336 F.3d 885-889.

38.     Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 12, lines 7-9: "Upon his return, accommodations that had previously permitted him to continue

20

working were no longer available."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

39.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 12, lines 9-11: "Plaintiff contends that previously granted accommodations were revoked and that he was effectively excluded from dispatch opportunities despite continuing requests for accommodation and reinstatement."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

40.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 12, lines 12-14: "Throughout 2024, Plaintiff continued participating in the process. He submitted

21

additional medical documentation, accommodation proposals, specialist evaluations, rehabilitation recommendations, and assistive technology requests."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

42. Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 12, lines 14-18: "On or about November 16, 2024, Plaintiff submitted additional recommendations involving screen magnification, text-to-speech technology, optical character recognition tools, digital note-taking assistance, and professional note-taking support."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

42. Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 12, lines

22

19-22: "On December 10, 2024, Plaintiff appeared before the JPWLRC concerning his accommodation request. Plaintiff requested accommodations including screen magnification, text-to-speech functionality, voice-command features, digital notetaking, optical character recognition technology, and a professional note-taker."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

43.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 13, lines 6-8: "Plaintiff further contends that ILWU's position hardened despite additional resources becoming available."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

23

DEFENDANT ILWU LOCAL 26'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT

44.     Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 13, lines 13-15: "**Plaintiff contends that this response reflects Gratz's personal categorical opposition to accommodations rather than an individualized assessment of available accommodations.**"

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

45.     Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 13, lines 19-21: "The DOR specifically expressed its willingness to collaborate regarding Plaintiff's return to work and stated its view that Plaintiff remained capable of performing his job duties with appropriate supports."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern

24

DEFENDANT ILWU LOCAL 26'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT

California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

46.     Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 14, lines 4-9: "Plaintiff contends that ILWU maintained no accommodation framework, approved none of Plaintiff's proposed accommodations, opposed accommodations implemented by other employers, rejected assistance offered by the CDR, and increasingly evaluated Plaintiff's requests through the lens of the CBA rather than the individualized accommodation analysis required by the ADA and FEHA, blatantly obstructing the interactive process."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

47.     Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 14, lines 9-11: "According to Plaintiff, that approach ultimately resulted in his exclusion from the dispatch system despite competing medical evidence and successful accommodated work."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International,

25

DEFENDANT ILWU LOCAL 26'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT

Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

48.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 14, lines 12-14: "To date, the Employers refuse to accommodate Plaintiff, refuse to authorize Plaintiff's return to work, have obstructed and delayed the good faith interactive process, and have ultimately terminated Plaintiff's employment."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

49.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 18, lines 2-4: "Following reassignment, Plaintiff successfully performed accommodated work, and participating employers implemented temporary accommodations while evaluating available assignments."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific

26

DEFENDANT ILWU LOCAL 26'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT

reference to the record. <u>Certain Underwriters at Lloyd's London v. Garmin International, Inc.</u> (10th Cir. 2015) 781 F.3d 1226, 1230-1231; <u>Gross v. Burggraf Construction Company</u> (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); <u>Forsberg v. Pacific Northwest Bell Company</u> (9th Cir. 1988) 840 F.2d 1409, 1418; and <u>Southern California Gas Company v. City of Santa Ana</u> (9th Cir. 2003) 336 F.3d 885-889.

50.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 18, lines 5-6: "Dr. Coleman, repeatedly concluded that Plaintiff could continue working if appropriate accommodations were implemented."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

The Court may disregard factual statements in briefs not supported by specific reference to the record. <u>Certain Underwriters at Lloyd's London v. Garmin International, Inc.</u> (10th Cir. 2015) 781 F.3d 1226, 1230-1231; <u>Gross v. Burggraf Construction Company</u> (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); <u>Forsberg v. Pacific Northwest Bell Company</u> (9th Cir. 1988) 840 F.2d 1409, 1418; and <u>Southern California Gas Company v. City of Santa Ana</u> (9th Cir. 2003) 336 F.3d 885-889.

51.    Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 18, lines 9-12: "Viewed in the light most favorable to Plaintiff, the record presents competing evidence regarding the actual duties performed by Watchmen, the flexibility of those assignments, and Plaintiff's ability to perform available work with reasonable accommodation."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

27

DEFENDANT ILWU LOCAL 26'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT

The Court may disregard factual statements in briefs not supported by specific reference to the record. Certain Underwriters at Lloyd's London v. Garmin International, Inc. (10th Cir. 2015) 781 F.3d 1226, 1230-1231; Gross v. Burggraf Construction Company (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); Forsberg v. Pacific Northwest Bell Company (9th Cir. 1988) 840 F.2d 1409, 1418; and Southern California Gas Company v. City of Santa Ana (9th Cir. 2003) 336 F.3d 885-889.

52.     Plaintiff Enoch Greene's Memorandum of Points and Authorities in Opposition to Defendant ILWU Local 26's Motion for Summary Judgment, page 19, lines 13-19: "Although Gratz testified that other members complained about Plaintiff's accommodations and believed they affected dispatch rights, she was unable to identify any specific contractual provision that prohibited every accommodation Plaintiff proposed, any individualized analysis evaluating whether particular accommodations could be implemented consistently with the CBA, or any accommodation that ILWU actually attempted to negotiate before concluding that accommodations were unavailable."

The evidence is objected to on the grounds that Plaintiff fails to cite to any record evidence.

///

///

///

28

DEFENDANT ILWU LOCAL 26'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT

The Court may disregard factual statements in briefs not supported by specific reference to the record. <u>Certain Underwriters at Lloyd's London v. Garmin International, Inc.</u> (10th Cir. 2015) 781 F.3d 1226, 1230-1231; <u>Gross v. Burggraf Construction Company</u> (10th Cir. 1995) 53 F.3d 1531, 1546 (to withstand Motion for Summary Judgment, non-movant most provide specific reference to supporting evidence); <u>Forsberg v. Pacific Northwest Bell Company</u> (9th Cir. 1988) 840 F.2d 1409, 1418; and <u>Southern California Gas Company v. City of Santa Ana</u> (9th Cir. 2003) 336 F.3d 885-889.

Dated: July 2, 2026

Respectfully submitted,

LAW OFFICES OF MARC COLEMAN


By:  _/s/ Marc Coleman_____
Marc Coleman
Attorney for Defendant
ILWU LOCAL 26, Union

29

DEFENDANT ILWU LOCAL 26'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT